# EXHIBIT B

ELECTRONICALLY FILED - 2022 Mar 24 11:35 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF HAMPTON ) <br> ) <br> Renee S. Beach, as Personal Representative of ) <br> the Estate of Mallory Beach, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> Gregory M. Parker, Inc. a/k/a Parker's ) <br> Corporation d/b/a Parkers 55, Richard ) <br> Alexander Murdaugh, Richard Alexander ) <br> Murdaugh, Jr.; John Marvin Murdaugh, as PR ) <br> of the Estate of Margaret Kennedy Branstetter ) <br> Murdaugh, and Randolph Murdaugh, IV, as ) <br> PR of the Estate of Paul Terry Murdaugh, ) <br> Defendants. ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br> FOURTEENTH JUDICIAL CIRCUIT <br><br> CASE NO.: 2019-CP-25-00111 <br><br><br><br> **CONSENT MOTION FOR COURT CONSIDERATION OF PROPOSED CONFESSION OF JUDGMENT BY RICHARD A. MURDAUGH TO MICHAEL SATTERFIELD AND BRIAN HARRIOTT IN THE AMOUNT OF $4,305,000 AND ASSOCIATED STIPULATION** |

Peter M. McCoy, Jr. and John T. Lay, Jr. ("Co-Receivers") and Defendant Richard Alexander Murdaugh hereby move the Court for consideration of the proposed confession of judgment by Richard A. Murdaugh ("Alex Murdaugh") in the amount of $4,305,000 in favor of Michael "Tony" Satterfield and Brian Harriott jointly ("Satterfield Plaintiffs") and the associated stipulation by these parties, attached as <u>Exhibit A</u> ("the Confession"). The Plaintiff Renee S. Beach, as Personal Representative of the Estate of Mallory Beach, consents to this Motion. Defendant Gregory M. Parker, Inc. a/k/a Parker's Corporation d/b/a Parkers 55, Luther's Rate and Well Done, LLC, Kristy C. Wood, James M. Wood, Richard Alexander Murdaugh, Jr., and Randolph Murdaugh, III, Individually and as Trustee of the Murdaugh Residence Trust 2, and the Murdaugh Residence Trust 2 have no interest in this filing. The Confession proposed by these parties would be provided for the settlement of claims brought by the Satterfield Plaintiffs

1

ELECTRONICALLY FILED - 2022 Mar 24 11:35 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

against Alex Murdaugh in *Michael "Tony" Satterfield and Brian Harriott vs. Richard Alexander "Alex" Murdaugh, Chad Westendorf, Palmetto State Bank, Corey Fleming, and Moss, Kuhn & Fleming, P.A.* Civil Action No. 2021-CP-25-00298 filed in Hampton County, South Carolina ("Satterfield Action"). Counsel for the Satterfield Plaintiffs, Counsel for Plaintiff Renee S. Beach, and Counsel for Alex Murdaugh approve and consent to the Confession.

The Co-Receivers do not intend to favor one creditor over another, but rather to ensure that the assets of the receivership estate are reasonably maintained for the potential benefit of any present and future creditors and/or for Alex Murdaugh personally if applicable. The Co-Receivers appreciate the benefit of resolving outstanding litigation and preserving the resources and time which otherwise would be committed to defending such actions. If approved by the Court and executed by these parties, the Confession does not preclude or limit other creditors or alleged victims of Alex Murdaugh from presenting their claims and reasons why they might be entitled to assets and the amount thereof. In fact, the Confession outlines a process through which the Judgment may be paid in whole or in part from the proceeds, if any, collected by the Receiver to the Satterfield Plaintiffs. Such process contemplates various factors to consider in determining the amount that may be paid pursuant to the Confession. Accordingly, the Confession as proposed in <u>Exhibit A</u> is consistent with and honors the terms and spirit of the Order Appointing the Co-Receivers and protects current and future claimants of the Receivership estate.

For the reasons described herein, the Co-Receivers ask that the Court review the proposed Confession attached as <u>Exhibit A</u> and make a determination as to whether or not Alex Murdaugh is permitted to execute the same.

ELECTRONICALLY FILED - 2022 Mar 24 11:35 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

**WE SO MOVE:**

**JOHN T. LAY, JR. AND PETER M. McCOY, JR.**

*s/Amy L.B. Hill*
Amy L.B. Hill, SC Bar No. 68541
Gallivan, White & Boyd, P.A.
P.O. Box 7368
Columbia, SC 29202-7368
ahill@gwblawfirm.com
(803) 779-1833 Ofc
*Counsel for Co-Receivers*

*s/John H. Tiller*
John H. Tiller, SC Bar No. 10174
Haynsworth Sinkler Boyd, PA
134 Meeting Steet, Third Floor
Charleston, SC 29401
jtiller@hsblawfirm.com
(843) 722-3366
*Counsel for Richard Alexander Murdaugh, Sr.*

**WITH CONSENT OF:**

GOODING AND GOODING, P.A.

*s/Mark B. Tinsley*
Mark B. Tinsley, SC Bar No. 15597
P.O. Box 1000
Allendale, SC 29810
803-584-7676
mark@goodingandgooding.com
*Counsel for Plaintiff*

March 24, 2022

3

ELECTRONICALLY FILED - 2022 Mar 24 11:35 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF HAMPTON ) | IN THE COURT OF COMMON PLEAS<br>FOR THE FOURTEENTH JUDICIAL CIRCUIT<br>CIVIL ACTION NO.: 2021-CP-25-00298 |
| Michael "Tony" Satterfield, Individually )<br>and in his Capacity as the Personal )<br>Representative of the Estate of Gloria )<br>Satterfield and Brian Harriott, )<br>   )<br>Plaintiffs, )<br>   )<br>vs. )<br>   )<br>Richard Alexander "Alex" Murdaugh, Sr. )<br>and Bank of America, N.A., )<br>   )<br>Defendants. ) | **CONFESSION OF JUDGMENT BY<br>RICHARD ALEXANDER MURDAUGH, SR.<br>AND<br>STIPULATION** |

Richard Alexander "Alex" Murdaugh, Sr., on behalf of himself, his Estate, heirs and/or assigns (hereinafter collectively referred to as "Debtor"), hereby jointly and severally confesses judgment to Michael "Tony" Satterfield and Brian Harriott (hereinafter collectively "Judgment Creditors") and their respective heirs in the amount of $4,305,000.00, inclusive of all pre-judgment interest, attorneys' fees, filing fees and service fees (the "Judgment") executed on the date even herewith and in accordance with South Carolina law at S.C. Code Ann. §§ 15-35-350 and 360 for a confession of judgment to be legally binding as set forth herein. By this Stipulation, the parties hereto accept and stipulate to the process set forth herein through which the Judgment may be paid in whole or in part from the proceeds, if any, collected by the Court appointed Receiver, John T. Lay.

1. Debtor is a citizen and resident of the State of South Carolina.

2. Debtor admits liability to the Judgment Creditors for the claims asserted against him in their complaint Civil Action No.: 2021-CP-25-00298.

3. Debtor and Judgment Creditors hereby acknowledge, agree and stipulate that this

ELECTRONICALLY FILED - 2022 Mar 24 11:35 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

Judgment is subject to and restricted by the Receivership implemented by the Court as to Debtor's assets in that certain Order in the case captioned *Renee S. Beach, as Personal Representative for the Estate of Mallory Beach v. Gregory M. Parker, et. al*, Case No. 2019-CP-25-00111 ("the Receivership Order").

4. Debtor confesses and authorizes the entry of judgment in favor of the Judgment Creditors in the amount of **$4,305,000.00** ("the Judgment"). Judgment Creditors and Debtor agrees and stipulates that the amount of payment, if any, from the monies recovered by the Receiver in full or partial satisfaction of the Judgment shall be determined according to the terms of this Confession of Judgment and Stipulation.

5. In determining the amount of payment, if any, to which the Judgment Creditor is entitled from the funds recovered by the Receiver, the parties hereby acknowledge, agree and stipulate as follows:

   a. The presiding judge who is charged with distribution of the receivership estate to current and future creditors ("the Receivership Court") shall determine in his or her sole discretion the amount of payment, if any, to which the Judgment Creditor is entitled from the proceeds recovered by the Receiver, at such reasonable time after the Receivership Court has determined that the Receiver has acquired and liquidated so much of Debtor's assets as is reasonably practical and the receivership estate, or portions thereof as the case may be, should be distributed.

   b. The amount of the Judgment is subject to set-off and shall be reduced by credits for all amounts that have been previously paid by or for the benefit of any defendant who is or was a party to this litigation at any time, reserving to the Judgment Creditor the right to advance arguments and evidence to the

2

ELECTRONICALLY FILED - 2022 Mar 24 11:35 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

Receivership Court as to the value of its claims. Judgment Creditors shall present such arguments and evidence as to the value of its claims to the presiding judge charged with distribution of the receivership estate prior to such distribution if Judgment Creditors intend to receive a distribution from the receivership estate.

c.  Other than the set-off requirement contained in Paragraph 5.b which Debtor and Judgment Creditors have expressly agreed to, the parties acknowledge and agree that the determination of the amount of payment, if any, to which the Judgment Creditor is entitled from the proceeds recovered by the Receiver shall be left to the sole discretion of the Receivership Court. Without limiting the Receivership Court's discretion in any way, Debtor and Judgment Creditors specifically acknowledge and consent to the Receivership Court considering the following factors in its determination of the amount of the Judgment: the value of assets in the receivership estate; the nature and amount of damage caused by Debtor to the Judgment Creditors; the remedies received by Judgment Creditors from or for the benefit of parties to this litigation other than Debtor; the likelihood of receipt of compensation for Judgment Creditors' damages from third persons in the future; the total number of Debtor's creditors; the total amount of Debtor's outstanding debts; the nature of such debts and other determined or alleged damages known to the Court at the time it makes its determination of the Judgment.

6.  Debtor and the Judgment Creditors agree and stipulate that this Confession of Judgment is not in any way an attempt to obtain or establish preferential rights for the payment of monies to Judgment Creditors in satisfaction of the Confession of Judgment relative to other

current and future claimants and creditors of Debtor.

7. Debtor and Judgment Creditors hereby consent to the jurisdiction and venue of the Receivership Court for the determination of the payment (if any) to which the Judgment Creditor is entitled from the receivership estate.

8. Debtor consents and agrees that this Judgment may be entered against Debtor in the Clerk of Court for any county in South Carolina or in any other appropriate jurisdiction. However, Judgment Creditors consent and agree that Judgment Creditors will waive any such attachment so long as a Receiver remains in place and the receivership estate is open.

9. Judgment Creditors also agree that they will not seek to enforce the execution of the Judgment so long as a Receiver remains in place.

10. Debtor hereby affirms and represents that this Judgment is legally binding and enforceable against him in any state throughout the United States of America and he will not contest its validity or enforcement so long the enforcement is pursuant to the terms set forth in this Confession of Judgment and Stipulation.

11. Debtor further agrees that in the event he files for protection under any chapter of the Federal Bankruptcy Code or any state debtor/creditor act, this Judgment shall not be dischargeable under any circumstances under the terms of the final bankruptcy plan or order and further, Debtor agrees to waive the automatic stay with respect to efforts to collect the same. Debtor further agrees that this confession contains an admission that the judgment is the result of the Debtor engaging in a defalcation while acting in a fiduciary capacity. Thus, in the event that the Debtor files for protection under any chapter of the Federal Bankruptcy Code or any state debtor/creditor act, this Judgment shall not be dischargeable under any circumstances under the terms of the final bankruptcy plan or order and pursuant to Section 523(a)6) of Title 11 of the United States Code of Laws.

ELECTRONICALLY FILED - 2022 Mar 24 11:35 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

12. Debtor has agreed to enter into this Judgment and any transfers contemplated herein and any transfers made pursuant to this Judgment are intended by him on behalf of himself, any of his heirs and assigns to be a contemporaneous exchange for new value given to the parties identified herein, and they are, in fact, such a contemporaneous exchange. Further, any transfer made or contemplated herein is made in exchange for the giving of new value, and the transactions contemplated herein are not preferential transfers pursuant to 11 U.S.C.A. § 547. The transfers contemplated and required by this Judgment are made for the settlement of a disputed present claim, and not an antecedent obligation, and are given in exchange for a release of further alleged liability.

13. Any allocation, if any, of any proceeds assimilated by the receiver used to satisfy any portion of this judgment, will be determined by the receivership court or, if the receivership court no longer has jurisdiction, any other court of competent jurisdiction.

14. By entering into this Confession of Judgment, Debtor is not consenting to the appointment of the receiver (and does not waive his right to challenge any action taken by the receiver) as it pertains to Alex Murdaugh's authority to renounce his interest in the Estate of Margaret Murdaugh.

15. The undersigned agrees and affirms that he will not challenge or contest in any way his capacity or authority to enter into and execute this Confession of Judgment and Stipulation.

16. Debtor has been represented by his own legal counsel in connection with this Confession of Judgement and Stipulation and has not relied on any representations of Judgment Creditors, their agents, servants, employees, or attorneys-at-law and enters into this agreement freely, under his own volition, without duress or coercion.

17. Debtor hereby attests that he was represented by counsel Richard A. Harpootlian, Esquire and James M. Griffin, Esquire in connection with the execution of this Confession of

5

ELECTRONICALLY FILED - 2022 Mar 24 11:35 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

Judgment and Stipulation and sought their advice.

      18.    Judgment Creditors hereby attest that they were represented by counsel Eric Bland, Esquire and Ronald Richter, Esquire, in connection with the execution of this Stipulation and sought their advice.

      WHEREFORE, the Debtor, having duly been sworn sets his hand and seals this \_\_\_\_ day of _____, 2022 in the presence of the below named witnesses:

WITNESSES:                                      **I SO CONFESS, AGREE AND STIPULATE**

_____      _____
                                                                       Richard Alexander "Alex" Murdaugh, Sr.

_____

SWORN TO BEFORE ME this
\_\_\_\_ day of _____, 2022

_____
Notary Public for _____
My Commission Expires:_____

6

ELECTRONICALLY FILED - 2022 Mar 24 11:35 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

ELECTRONICALLY FILED - 2022 Mar 24 11:35 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

**WE SO AGREE AND STIPULATE**

_____             Dated: _____
Michael Tony Satterfield, Individually and as Personal
Representative of the Estate of Gloria Satterfield


_____             Dated: _____
Brian Harriott

7