# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 2:22-1307-RMG |
| ) | |
| vs. ) | |
| ) | |
| Richard Alexander Murdaugh, *et al.*, ) | |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

This matter comes before the Court on a motion to quash a subpoena issued by a federal grand jury. (Dkt. No. 9). Plaintiff, an insurance carrier, indicates that it wishes to comply with the grand jury subpoena but one of its insureds, Defendant Richard Alexander Murdaugh, has asserted that the material is subject to his attorney-client privilege. Prior to filing the present motion to quash, Plaintiff requested in its complaint that the Court enter a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 regarding its obligation to comply with the subpoena. (Dkt. No. 8 at 7-8).

A motion to quash a federal grand jury subpoena should be made pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure and to the court supervising the grand jury. A party may move to quash a subpoena "if compliance would be unreasonable or oppressive." (*Id*.; *United States v. R. Enterprises, Inc*., 498 U.S. 292, 300 (1991). The motion should be captioned "In Re Grand Jury Subpoena" and include the subpoena number. This civil action is not an appropriate vehicle to move to quash a federal grand jury subpoena. Consequently, Plaintiff's motion to quash the federal grand jury subpoena (Dkt. No. 9) is denied without prejudice.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

May 12, 2022  
Charleston, South Carolina