# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Richard Alexander Murdaugh, Sr.; )<br>Cory Fleming; Moss & Kuhn, P.A.; )<br>Chad Westendorf; and Palmetto State )<br>Bank, )<br>)<br>Defendants. )<br>)<br>_____) | C.A. No. 2:22-1307-RMG<br><br><br><br><br><br><br><br>**ORDER** |

This matter comes before the Court on the motions of Defendants Richard Alexander Murdaugh, Sr. ("Murdaugh") and Cory Fleming ("Fleming") to stay this pending civil action because they are presently under indictment by the South Carolina State Grand Jury for the same conduct at issue in the civil case. (Dkt. Nos. 32, 35). None of the other defendants have requested a stay of the case. Plaintiff opposes the motion to stay. (Dkt. No. 36).

By way of background, Plaintiff, one of Defendant Murdaugh's liability insurance carriers, provided defense counsel and liability coverage to Murdaugh related to a wrongful death claim asserted by the estate of Murdaugh's family housekeeper, Gloria Satterfield, for fatal injuries suffered at the Murdaugh family residence. Defendant Fleming and Moss & Kuhn represented the Satterfield Estate and Defendant Westendorf, an officer of Defendant Palmetto State Bank, was the Personal Representative of the Satterfield Estate. Plaintiff alleges in its Amended Complaint that the defendants conspired with Murdaugh to defraud it by facilitating a

1

settlement in the case under the threat of a bad faith claim and allowing Murdaugh to convert a substantial portion of the settlement funds for his own use. (Dkt. No. 8).

The decision to stay or to deny a stay of civil litigation while parallel criminal proceedings are ongoing is left to the sound discretion of the trial court. In a widely cited authority, *Keating v. Off. Of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995), the trial court in the civil case is directed to consider the following factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice occasioned by a delay; (2) the burden placed on the defendant by the civil action going forward; (3) the convenience of the court in managing the case; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Murdaugh and Fleming center their argument for a stay on the potential prejudice they may experience by either choosing to respond to pleadings and discovery in the civil case, thereby waiving their Fifth Amendment right against self-incrimination, or asserting the privilege and suffering the negative inference which arises in the civil case. (Dkt. Nos. 32-1 at 6-7; 35 at 1). Plaintiff opposes the motion to stay, arguing that it is prejudiced by the staying of this civil action while a "multitude of claims against Mr. Murdaugh outside this litigation" would be ongoing and potentially advancing to judgment. (Dkt. No. 36 at 3). Plaintiff further asserts that the passage of time may lead to fading memories in a case already made challenging by an alleged secret conspiracy among the defendants in this suit. (*Id.*). Additionally, Plaintiff argues that Murdaugh waived his Fifth Amendment privilege against self-incrimination when he voluntarily executed a confession of judgment and admitted liability in a parallel civil case brought against him by the Satterfield Estate. (Dkt. No. 36 at 5-6).

The Court has carefully weighed the respective claims of prejudice raised by the moving and opposing parties to this motion.  There is certainly factual overlap between the civil and criminal cases, and Murdaugh and Fleming would undoubtedly have to weigh the benefits and consequences of asserting their Fifth Amendment rights in the civil case in responding in pleadings and discovery.  On the other hand, Plaintiff is confronted with the challenge of unraveling what they allege to be a secret scheme to defraud them of millions of dollars by the named defendants and the passage of time could make that task even more difficult.  Further, Plaintiff alleges that there are a multitude of other civil claims against Murdaugh and the other defendants in this action and a stay of this action while other lawsuits are ongoing would potentially prejudice them.  After carefully weighing all of the *Keating* factors, the Court finds that they decidedly fall against the grant of a stay.

Plaintiff further asserts that Murdaugh waived his Fifth Amendment right against self-incrimination by voluntarily executing a confession of judgment in a parallel civil lawsuit brought by the Satterfield Estate.  A party may waive his Fifth Amendment rights "provided the waiver is made voluntarily, knowingly and intelligently." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  The waiver of the right must be "the product of free and deliberate choice rather than intimidation, coercion, and deception," and with an awareness of the nature of the right being abandoned and the consequences of that decision. *Moran v. Burbine*, 475 U.S. 412, 421 (1986).

The confession of judgment executed by Murdaugh in favor of the Satterfield Estate in the amount of $4,305,000.00 was done with the benefit of legal advice and Murdaugh agreed he entered into the agreement "freely, under his own volition, and without duress or coercion." (Dkt. No. 36-1 at 6-7).  Murdaugh, a licensed attorney with extensive experience in civil and

criminal law, unambiguously admitted his liability for claims that directly overlap with allegations asserted by Plaintiff in this action. (*Id*. at 2).  By voluntarily, knowingly, and intelligently entering into a confession of judgment in a parallel lawsuit, Murdaugh has plainly waived his Fifth Amendment right against self-incrimination in this action.  The fact that the Satterfield Estate has now obtained a judgment against Murdaugh for overlapping conduct highlights the potential prejudice Plaintiff may experience if a stay were granted in this action.

Based on the foregoing, the Court denies the motions of Murdaugh and Fleming (Dkt. Nos. 32, 35) to stay this action.

    **AND IT IS SO ORDERED.**

                                                             <u>s/ Richard Mark Gergel</u>
                                                             Richard Mark Gergel
                                                             United States District Judge

June 23, 2022
Charleston, South Carolina