# EXHIBIT 1

ELECTRONICALLY FILED - 2021 Nov 04 12:02 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF HAMPTON ) <br> ) <br> Renee S. Beach, as Personal Representative of ) <br> the Estate of Mallory Beach, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> Gregory M. Parker, Inc. a/k/a Parker's ) <br> Corporation d/b/a Parkers 55, Richard ) <br> Alexander Murdaugh, and Richard Alexander ) <br> Murdaugh, Jr., ) <br> ) <br> Defendants. ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br> FOURTEENTH JUDICIAL CIRCUIT <br><br> CASE NO.: 2019-CP-25-00111 <br><br><br><br><br><br><br><br> **ORDER GRANTING <br> TEMPORARY INJUNCTION <br> AND <br> APPOINTING CO-RECEIVERS AND <br> CO-RECEIVERS' COUNSEL** |

Before the Court is Plaintiff's motion for a temporary injunction pursuant to Rule 65, SCRCP and the appointment of co-receivers John T. Lay, Jr., Esquire and Peter M. McCoy, Jr., Esquire ("the Co-Receivers") and their counsel, Amy L.B. Hill, Esquire of the law firm Gallivan, White & Boyd, P.A. ("Co-Receivers' Counsel"), pursuant to S.C. Code §15-65-10, the Court's equitable powers, and general principles of fraud and deceit under South Carolina law. Plaintiff's request for injunctive relief and appointment of the Co-Receivers and their counsel is made in regard to all of the Alex Murdaugh Assets, as that term is defined herein, and all of the Buster Murdaugh Assets, as defined herein. Plaintiff seeks an expedited ruling on this Motion, which this Court finds is appropriate given the circumstances.

The term "Alex Murdaugh Assets" as used in this Order shall mean all assets, future interests, beneficial interests, inherited assets, assets transferred, real property, securities, stocks, promissory notes, mortgages, partnership interests, interest in all limited liability companies and similar types of entities, options, bonds, rents, leases, annuities, contract rights, creditor rights,

0

ELECTRONICALLY FILED - 2021 Nov 04 12:02 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

easements, chattel, livestock, mineral rights, all useful things, liabilities capable of being re-characterized as assets, intellectual property, all rights to name, image or likeness, all publication rights to the events related in any way to Alex Murdaugh and contract rights and all other things, rights and interests without limitation that may be monetized for value, whether known or unknown, whether it is presently owned, held or controlled or was previously owned, held or controlled or will be owned, held or controlled in the future, whether actual or contingent, whether owned, held or controlled directly or indirectly and/or whether owned, held or controlled in whole or in part by Defendant Richard Alexander Murdaugh ("Alex Murdaugh"). For the avoidance of doubt, the term "Alex Murdaugh Assets" includes any and all assets transferred, concealed, hidden, sold, encumbered, or otherwise disposed of which previously were owned, held or controlled by Alex Murdaugh, directly or indirectly and in whole or in part.

The term "Buster Murdaugh Assets" as used in this Order shall mean any or all of the Alex Murdaugh Assets (as defined herein), as well as all intellectual property, all rights to name, image or likeness and all other publication and contract rights to the events related in any way to Alex Murdaugh and/or Buster Murdaugh, whether known or unknown, whether it is presently owned, held or controlled or was previously owned, held or controlled or will be owned, held or controlled in the future, whether actual or contingent, whether owned, held or controlled directly or indirectly and/or whether owned, held or controlled in whole or in part by Defendant Richard Alexander Murdaugh, Jr. ("Buster Murdaugh") and all other assets, interests, real property including any and all rents, profits or value derived therefrom, personal property, rights, chattel and any other thing whatsoever without limitation which has value or can be monetized for value that were or will be gifted, inherited by, sold or in any other manner transferred to Buster Murdaugh from Alex Murdaugh or any other person, whether such transfer was direct or indirect, whether such transfer

1

involved intermediary third persons that are alive, deceased, operating or defunct, and whether such transferred assets are held, owned and/or controlled by Buster Murdaugh directly or indirectly and in whole or in part.

## Temporary Injunction Granted

After careful consideration of the parties' written memoranda and arguments presented at the hearing, this Court finds that irreparable injury, loss or damage will result to Plaintiff in the absence of a temporary injunction prohibiting each of Defendant Alex Murdaugh and Defendant Buster Murdaugh from hiding, concealing, misappropriating, selling, encumbering, transferring, impairing the value of and otherwise disposing of any of the Alex Murdaugh Assets and any of the Buster Murdaugh Assets. Further, after careful consideration of all information presented to the Court, the Court finds that the balance of equities clearly weighs in favor of issuing a temporary injunction to prevent irreparable injury, damage or loss to Plaintiff's ability to recover damages from these Defendants for the wrongful death of her daughter. Therefore, this Court hereby issues a temporary injunction prohibiting each of Alex Murdaugh and Buster Murdaugh from hiding, concealing, misappropriating, selling, encumbering, transferring, impairing the value of and otherwise disposing of any of the Alex Murdaugh Assets and any of the Buster Murdaugh Assets, in whole or in part, during the pendency and through the final resolution of this lawsuit.

## Appointment of Co-Receivers and Counsel; Scope and Terms of Receivership

After careful consideration of all information and arguments presented by the parties, this Court finds that Plaintiff's application to appoint the Co-Receivers is meritorious under the S.C. Code §15-65-10, the Court's equitable powers, and general principles of fraud and deceit under South Carolina law. Therefore, the Court hereby appoints Mr. Lay and Mr. McCoy as Co-Receivers over all Alex Murdaugh Assets and all Buster Murdaugh Assets and grants them the

ELECTRONICALLY FILED - 2021 Nov 04 12:02 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

ELECTRONICALLY FILED - 2021 Nov 04 12:02 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

broad rights, powers and authority as set forth in this Order. In addition, the Court hereby appoints Amy L.B. Hill, Esquire of Gallivan, White & Boyd, P.A. as counsel for the Co-Receivers in this matter, as further set forth herein.

The Court hereby grants, vests, imbues and otherwise empowers the Co-Receivers with the exclusive power and authority as to all of the Alex Murdaugh Assets and all of the Buster Murdaugh Assets (collectively, "the Subject Assets"), with the exclusive power and authority: (i) to investigate, identify and attempt to locate all of the Subject Assets; (ii) to collect, marshal and administer all of the Subject Assets; (iii) to accept service on behalf of Alex Murdaugh and/or Buster Murdaugh with respect to Alex Murdaugh Assets and/or Buster Murdaugh Assets, as the case may be; (iv) to engage counsel on behalf of Alex Murdaugh and/or Buster Murdaugh as it relates to Alex Murdaugh Assets and/or Buster Murdaugh Assets, as the case may be;  and (v) to take any and all steps necessary to identify, recover, protect, collect, preserve, receive, manage, liquidate, sell, administer and marshal, and to do all things incidental, necessary and/or appropriate thereto, all of the Subject Assets during the pendency and final resolution of this lawsuit.

The Court's granting of rights, power and authority by this Order is intended to be as broad as possible for the Co-Receivers to manage and decide all matters related in any way to the Subject Assets, to the express exclusion of any other person(s), except as expressly retained by this Court herein or that the Court is otherwise required to retain under applicable rules or law. In that regard, the Court expressly invalidates all powers of attorney or other grants of authority by Alex Murdaugh to Buster Murdaugh or any other person to act in any capacity with respect to the Subject Assets.

Without limiting any other provision of this Order, the broad rights, powers and authority granted by this Order are inclusive of, but not limited to, the right, power and authority to act in

3

ELECTRONICALLY FILED - 2021 Nov 04 12:02 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

the following ways with respect to Alex Murdaugh's and Buster Murdaugh's interests in the Subject Assets, taking into consideration the cost benefit analysis and economic viability of performing the following acts, respectively: (a) collect all accounts receivable and all rents from any tenant of any Subject Asset; (b) change locks to all premises at which any of Alex Murdaugh Assets or any of Buster Murdaugh Assets are situated in order to secure Subject Assets; (c) open any mail addressed to any business or professional entity owned solely or in part by Alex Murdaugh or Buster Murdaugh with the exception that Co-Receivers will not open any mail associated with legal clients or legal cases handled by Alex Murdaugh; (d) redirect the delivery of any mail addressed to Alex Murdaugh or to any of his businesses or professional endeavors or to Buster Murdaugh as it may reasonably relate to Buster Murdaugh Assets, so that such mail may come directly to either Co-Receiver; (e) endorse and cash all checks and negotiable instruments payable to Alex Murdaugh, except paychecks for current wages; (f) endorse and cash all checks and negotiable instruments payable to Buster Murdaugh which may relate to the Subject Assets; (f) hire a real estate broker to sell any and all real property and interests in land which constitute an Alex Murdaugh Asset or an Buster Murdaugh Asset; (g) hire any person or company to move and store any and all physical or tangible Subject Assets; (h) insure any Subject Assets (but not the obligation to do so); (i) obtain from any financial institution, bank, credit union, savings and loan or title company, credit bureau, brokerage firm, custodian, investment adviser or any other third party, all financial records, bank statements, wire transfer records, checks and other financial documentation belonging or pertaining to Alex Murdaugh or concerning any Subject Asset of Alex Murdaugh or Buster Murdaugh; (j) obtain from any landlord, building owner or building manager where his or his business is a tenant, copies of the subject lease, lease application, credit application, payment history and copies of Alex Mudaugh's and Buster Murdaugh's checks, wire

4

ELECTRONICALLY FILED - 2021 Nov 04 12:02 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

transfer records, Venmo records or other records of payment related to any such lease; (k) hire any person or company necessary or appropriate to accomplish any right or power under this Order; (l) direct the liquidation, sale or transfer of any or all the Subject Assets;  (m) take all action necessary to gain access to all storage facilities, safety-deposit boxes, real property, and leased premises wherein any of the Subject Assets may be situated, and to review and obtain copies of all documents related to the same; (n) obtain copies of all tax records, financial records and any other documents and information provided to a certified public accountant (CPA) by Alex Murdaugh, Buster Murdaugh and/or concerning any of the Subject Assets; (o) obtain all tax returns and any other documents associated therewith filed or submitted by Alex Murdaugh, individually or jointly with another person, and by Buster Murdaugh with all local, state and federal governments;  (p) attempt to identify all Alex Murdaugh Assets already transferred by him to another person, including but not limited to the Buster Murdaugh Assets, and recover possession, custody, control and title to such assets for potential administration; (q) sign on behalf of Alex Murdaugh or Buster Murdaugh, as applicable, any and all documents related to the identification, collection, administration and disposition of any or all of Alex Murdaugh Assets and/or Buster Murdaugh Assets; (r) partition property owned by any group of persons which includes Alex Murdaugh or constitutes an Alex Murdaugh Asset and/or constitutes a Buster Murdaugh Asset; (s) institute, prosecute, compromise or defend civil suits and actions at law or equity related to any Alex Murdaugh Asset and/or to any Buster Murdaugh Asset in order to preserve such asset if such action is economically feasible considering the value of such Subject Asset; (t) pay from the Subject Assets all brokers, contractors, accountants, servants, administrators, representatives, process servers, consultants and attorneys considered by the Co-Receivers to be necessary or advisable in order for them to take the actions permitted and responsibilities under this Order; and

5

ELECTRONICALLY FILED - 2021 Nov 04 12:02 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

(u) take whatever other actions the Co-Receivers determine is incidental to, necessary or appropriate to protect and preserve Alex Murdaugh Assets and Buster Murdaugh Assets.

Based on the Court's experience in other receivership matters, and in an effort to streamline these proceedings, the Court expects the Co-Receivers to reasonably investigate the existence of all insurance coverages potentially available to Alex Murdaugh and Buster Murdaugh in receivership, including as an "additional insured" under coverage for another person.

The Court further orders that, as the Receiver Court, Alex Murdaugh and Buster Murdaugh, respectively, may not be sued in a civil matter outside this Court without obtaining the Co-Receivers' consent or an order of this Court prior to doing so. Likewise, Co-Receivers and Co-Receivers' Counsel may not be sued in their respective receivership capacities in a civil matter outside of this Court without obtaining the Co-Receivers' consent and/or the Co-Receivers' Counsel's consent, as the case may be, or an order of this Court prior to doing so.

The rights, powers and authority granted herein are in addition to, and not in lieu of, all powers vested in the Co-Receivers by applicable law or rule of the Court. The Co-Receivers shall be responsible only to the Court for the performance of the responsibilities as Co-Receivers. The Co-Receivers shall file reports with the Court only upon request of the Court or of a party to this action. The Co-Receivers and Co-Receivers' Counsel, as designated below, shall each serve without bond.

The Court further orders and hereby appoints Amy L.B. Hill, Esquire, of the law firm Gallivan, White & Boyd, P.A. to serve as counsel to the Co-Receivers in all matters associated with the Co-Receivers' duties, responsibilities, rights, powers and authority granted to them through this Order and any additional duties, rights, responsibilities, rights, power and authority vested in them under South Carolina law in regard to this matter.

6

ELECTRONICALLY FILED - 2021 Nov 04 12:02 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

This Court authorizes the Co-Receivers to, and expects that the Co-Receivers will, determine between them what, if any, division of actions they will permit to be undertaken by one of them and by Co-Receivers' Counsel. The Court does not require or expect that each and every action be undertaken by both Co-Receivers. The Co-Receivers may authorize or otherwise empower Co-Receivers' Counsel to do all things incidental to, necessary or appropriate to the duties, responsibilities, rights, power and authority granted to the Co-Receivers through this Order and any additional duties, rights, responsibilities, rights, power and authority vested in them under South Carolina law.

No bond was offered by Alex Murdaugh or Buster prior to entry of this Order; however, the Court will entertain a future request for bond by Alex Murdaugh or Buster in an amount commensurate with the gravity of the allegations against each Alex and Buster, the facts of this case, potentially aggravating circumstances, and similar verdicts awarded in comparable cases in the county in which this matter is pending.

The rights, powers, and authority granted or created herein are effective immediately and shall remain effective until the final resolution of this litigation, including all appeals, or until a subsequent order of this Court terminating the same upon a showing of just cause or other applicable standard under South Carolina law.

AND IT IS SO ORDERED this _____ day of _____ 2021.

_____
Daniel D. Hall, Circuit Court Judge

7

ELECTRONICALLY FILED - 2021 Nov 04 12:02 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111



Hampton Common Pleas

**Case Caption:**   Renee S. Beach , plaintiff, et al VS   Gregory M. Parker, Inc. , defendant, et al

**Case Number:**   2019CP2500111

**Type:**   Order/Appointment of Receiver

So Ordered

s/Daniel D. Hall  2753

Electronically signed on 2021-11-04 11:25:16     page 9 of 9