UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD ALEXANDER MURDAUGH, SR., CORY FLEMING, MOSS & KUHN, P.A., CHAD WESTENDORF, and PALMETTO STATE BANK,<br><br>    Defendants. | C/A No.: 2:22-cv-1307-RMG<br><br>NAUTILUS INSURANCE COMPANY'S LOCAL RULE 26.03 RESPONSES |

**1.     A short statement of the facts of the case:**

**ANSWER**:     Nautilus Insurance Company issued an insurance policy to Richard Alexander Murdaugh, Sr., that provided coverage related to, *inter alia*, his property in Moselle, South Carolina.  Mr. Murdaugh's housekeeper, Gloria Satterfield, fell at the property and later died. Mr. Murdaugh arranged for a legal claim to be made against him by the estate of Gloria Satterfield and arranged for Cory Fleming to represent the estate.  Nautilus contributed $3.8m toward a settlement of the claim.  Nautilus contends that Mr. Murdaugh misrepresented key facts relating to Ms. Satterfield's fall and ultimate demise in order to mislead Nautilus into contributing to a settlement that, but for the misrepresentations, would not have been covered. Further, Nautilus contends he did so with the intent of stealing any insurance proceeds paid by Nautilus.  To effect this scheme, he conspired with others to bring a claim against him, help steal the settlement proceeds, and help conceal the scheme from Nautilus and the world.

**2.     The names of fact witnesses likely to be called by the Plaintiff and a brief summary of their expected testimony:**
**ANSWER**:

Richard Alexander Murdaugh, Sr.
c/o James M. Griffin, Esquire and Richard A. Harpootlian, Esquire
Mr. Murdaugh is a Respondent in this case and is expected to testify regarding his knowledge, if any, of the facts and allegations in the Complaint.

Cory Fleming
c/o Thomas A. Pendarvis, Esquire
Mr. Fleming is a Respondent in this case and is expected to testify regarding his knowledge, if any, of the facts and allegations in the Complaint.

Brian Harriott
126 Airport Road, Varnville, SC 29944
Mr. Harriott is a family member of Gloria Satterfield and is expected to testify regarding his knowledge, if any, of the facts and allegations in the Complaint.

Michael Anthony Satterfield
56 Pelican Circle, Beaufort, SC 29906
Mr. Satterfield is a family member of Gloria Satterfield and is expected to testify regarding his knowledge, if any, of the facts and allegations in the Complaint.

Lynn Davidson
c/o Parker Law Group, LLP
101 Mulberry Street E, Hampton, SC 29924
Ms. Davidson was Mr. Murdaugh's paralegal during the period in question and is expected to testify regarding her knowledge, if any, of the facts and allegations in the Complaint.

Employees and representatives of Moss & Kuhn, P.A.
c/o Bobby H. Hood, Jr.
Moss & Kuhn, P.A. is a Respondent in this case, and its employees and representatives are expected to testify regarding their knowledge, if any, of the facts and allegations in the Complaint.

Chad Westendorf
c/o John A. Massalon, Esquire and Christy F. Allen, Esquire.  Mr. Westendorf is a Respondent in this case and was the personal representative of Gloria Satterfield during the period in question. Mr. Westendorf is expected to testify regarding his knowledge, if any, of the facts and allegations in the Complaint.

Employees and representatives of Palmetto State Bank
c/o G. Trenholm Walker, Esquire and James W. Clement, Esquire
Palmetto State Bank is a Respondent in this case, and its employees and representatives are expected to testify regarding their knowledge, if any, of the facts and allegations in the Complaint.

Plaintiff reserves the right to call any witnesses identified by other Parties to this action and reserves the right to supplement this response as the case develops during discovery.

     3.    **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered):**

**ANSWER**:    Plaintiff will identify its expert(s), if any, in accordance with the operative Scheduling Order.  Plaintiff reserves the right to supplement this response as the case develops during discovery.

     4.    **A summary of the claims or defenses with statutory and/or case citations supporting the same**:

**ANSWER**:    Plaintiff's Amended Complaint asserts claims of Fraud ( *Moseley v. All Things Possible, Inc.*, 388 S.C. 31, 35–36, 694 S.E.2d 43, 45 (Ct. App. 2010), *aff'd,* 395 S.C. 492, 719 S.E.2d 656 (2011)), Conspiracy to Commit Fraud (*Paradis v. Charleston Cnty. Sch. Dist.*, 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021), *reh'g denied* (Aug. 18, 2021)), Violation of the South Carolina Unfair Trade Practices Act (*Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 379 S.C. 181, 194, 666 S.E.2d 247, 254 (2008);  S.C. Code Ann. § 39-50-10 *et seq.)*, and for a Declaratory Judgment (28 U.S.C. § 2201;  Rule 57, Fed. R. Civ. P.).

     5.    **Absent special instructions from the assigned judge, the parties shall propose dates for the deadlines listed in Local Civil Rule 16.02.**

**ANSWER**:    The Parties have agreed on the deadlines reflected in the Consent Amended Scheduling Order filed contemporaneously herewith.

     6.    **The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.  *See generally* Local Civil Rule 16.02(c) (Content of Scheduling Order).**

**ANSWER**:    Given the unusual circumstances surrounding this action and the number of proceedings involving a number of the Defendants, the Parties anticipate that further adjustments

to the scheduling order may prove necessary. Should that be the case, the Parties will bring such issues before the Court and request an amendment to the scheduling order.

**7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Rule 16.01) or otherwise requested by the assigned judge:**

<u>**ANSWER**</u>:    None.

                    **Respectfully submitted:**

This 5th day of August, 2022  
Charleston, South Carolina

*/s/ Jaan Rannik*  
EPTING & RANNIK, LLC  
Jaan G. Rannik (Fed. ID No. 12621)  
Clinton T. Magill (Fed. ID No. 12459)  
46A State Street  
Charleston, SC 29401  
P: (843) 377-1871  
F: (843) 377-1310  
jgr@epting-law.com  
ctm@epting-law.com

*COUNSEL FOR NAUTILUS INSURANCE COMPANY*