**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Nautilus Insurance Company, ) | |
| ) | Civil Action No. 2:22-1307-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| Richard Alexander Murdaugh, Sr.; ) | **ORDER AND OPINION** |
| Cory Fleming; Moss & Kuhn, P.A.; ) | |
| Chad Westendorf; and Palmetto State ) | |
| Bank, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Before the Court is Defendant Richard Alexander Murdaugh, Sr. ("Murdaugh")'s motion to dismiss the amended complaint for lack of personal jurisdiction and subject matter jurisdiction. (Dkt. No. 40). For the reasons stated below, the motion is denied.

**I. Background**

Nautilus Insurance Company ("Nautilus") is one of Defendant Murdaugh's liability insurance carriers. Nautilus provided defense counsel and liability coverage to Murdaugh related to a wrongful death claim asserted by the Estate of Gloria Satterfield, the Murdaughs' family housekeeper for fatal injuries sustained at the Murdaugh family residence. Defendants Cory Fleming and Moss & Kuhn, P.A. represented the Satterfield Estate and Defendant Chad Westendorf, an officer of Defendant Palmetto State Bank, was the Personal Representative of the Satterfield Estate.

On May 11, 2022, Nautilus filed an amended complaint bringing claims that Defendants conspired to defraud Nautilus by facilitating a settlement in the case under a threat of a bad faith claim and allowing Murdaugh to convert a substantial portion of the settlement funds for his own use. (Dkt. No. 8). The amended complaint asserts claims for: (1) fraud against Murdaugh; (2)

-1-

conspiracy to commit fraud as to all Defendants; and (3) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA").  Nautilus seeks a declaratory judgment in connection with Counts I through III of the amended complaint.

Counsel for co-receivers appointed to manage and preserve Murdaugh's assets in a state court action, filed a motion to dismiss the amended complaint for lack of personal and subject matter jurisdiction, or in the alternative to remand the case to state court. (Dkt. No. 40).  Nautilus filed a response in opposition.  (Dkt. No. 43).  Murdaugh filed a reply.  (Dkt. No. 52).  Nautilus filed a sur-reply. (Dkt. No. 66).  The matter is ripe for the Court's adjudication.

**II.     Discussion**

Murdaugh argues the amended complaint should be dismissed because the Court lacks personal jurisdiction and subject matter jurisdiction because Murdaugh's assets are in receivership in state court.  On November 4, 2021, the Court of Common Pleas for Hampton County, South Carolina ("receivership court") entered an order that granted a temporary injunction and appointed co-receivers to take all actions necessary to maintain Murdaugh's assets in the action captioned, *Renee S. Beach, as Personal Representative for the Estate of Mallory Beach v. Gregory M. Parker*, *Inc. et al.*, Case No. 2019-CP-25-00111. ("receivership order").  (Dkt. No. 40-1).

The receivership order broadly authorizes the co-receivers to: (i) investigate and locate assets, (ii) collect and administer assets, (iii) accept service for Murdaugh with respect to his assets, (iv) engage counsel for Murdaugh with respect to his assets, and (v) do things necessary and appropriate to identify and preserve Murdaugh's assets pending resolution of the *Beach* matter. (Dkt. No. 40-1 at 3).  The receivership order vests "broad rights, powers, and authority" to the co-receivers to take actions the co-receivers determined is necessary to protect and preserve Murdaugh's assets including to "institute, prosecute, compromise or defend civil suits and actions

at law or equity related to any [of Murdaugh's] assets . . . ". (*Id.* at 4-9). In addition, the receivership order provides that Murdaugh may not be sued in a civil matter outside of the receivership court without obtaining the co-receivers' consent or an order from the receivership court. (*Id.* at 7).

On May 31, 2022, Murdaugh entered a stipulation and confession of judgment in the amount of $4,305,000.00 for the claims asserted against Murdaugh in the wrongful death of Gloria Satterfield in the state court matter captioned as, *Michael "Tony" Satterfield, Individually and in his Capacity as the Personal Representative of the Estate of Gloria Satterfield and Brian Harriott v. Richard Alexander "Alex" Murdaugh, Sr. and Bank of America, N.A.*, Civil Action No. 2021-CP-25-00298. (Dkt. No. 8-2). The judgment states the funds would be collected by the co-receivers and that the judgment was limited pursuant to the terms of the receivership order issued in the *Beach* matter, Civil Action No. 2019-CP-25-00111. Nautilus is not a party to either state court action.

In this case, Murdaugh argues this Court lacks personal and subject matter jurisdiction on the basis of the receivership order. Murdaugh focuses solely on the Court's subject matter jurisdiction and asserts no reasons why the Court lacks personal jurisdiction over him. The parties dispute whether Nautilus obtained the consent of the co-receivers prior to filing an amended complaint in this matter. (Dkt. No. 52-2); (Dkt. No. 66 at 1, fn 1). Murdaugh argues the amended complaint is "detrimental" to the proper administration of the receivership estate because Murdaugh confessed judgment to Gloria Satterfield's heirs as an apparent "recognition that he misappropriated settlement funds." (Dkt. No. 40 at 2); (Dkt. No. 52 at 2). Murdaugh argues that without Nautilus abiding by the receivership court's jurisdiction, Nautilus could "jump in line ahead of true victims to the circumstances." (Dkt. No. 52 at 3). Murdaugh requests for the Court

to "cede jurisdiction to [r]eceivership [c]ourts for *in personam* and *in rem* actions." (Dkt. No. 52 at 3). Nautilus argues that a state court does not have authority to restrict its right to sue Murdaugh *in personam* in federal court where diversity jurisdiction exists. (Dkt. No. 43 at 6). Nautilus argues the amended complaint seeks to establish its claim against Murdaugh, not to avoid the co-receivers' authority to "locate, collect administer, and preserve . . . Murdaugh's assets." (Dkt. No. 43 at 2). Nautilus acknowledges that any collection of judgment ordered by this Court would be administered by the co-receivers. (Dkt. No. 43 at 2).

When determining jurisdiction, a district court must look to "the sources of its power and not to the acts of states which have no power to enlarge or contract the federal jurisdiction." *Gross v. Weingarten*, 217 F.3d 208, 221 (4th Cir. 2000) (citing *Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir. 1961)). "The Supreme Court has repeatedly and unequivocally rejected the . . . receiver's contention that a state may oust the federal courts of jurisdiction by creating an exclusive forum for claims against an estate." *Gross*, 217 F.3d at 221 (citing *Clark v. Bever*, 139 U.S. 96 (1891); *Green's Adm'x v. Creighton*, 54 U.S. (1859); *Hyde v. Stone*, 61 U.S. (1857)). "The existence of federal jurisdiction is in no way affected by the potential for inconvenience to a . . . receiver." *Gross*, 217 F.3d at 221 (citing *Hess v. Reynolds*, 113 U.S. 73, 77 (1885) ("[N]either the principle of convenience nor the statutes of a state can deprive [the courts of the United States] of jurisdiction to hear and determine a controversy between citizens of different states when such controversy is distinctly presented, because the judgment may affect the administration or distribution in another forum of assets of the decedent's estate.").

"[S]tate courts are completely without power to restrain federal-court proceedings in *in personam* actions . . . ". *Donovan v. City of Dallas*, 377 U.S. 408, 412-413 (1964). "There is a necessary corollary to this rule for *in rem* and *quasi in rem* actions: the court first assuming

-4-

jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other courts." *Gross*, 217 F.3d at 221 (citing *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939)). "However, even if the initial state action is *in rem* or *quasi in rem*, there is no bar to jurisdiction in federal court in a case based upon diversity of citizenship, [where] the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of state court." *Id.* at 221. "There is no danger of conflict in such cases because the 'establishment of the existence and amount of a claim against the debtor in no way disturbs the possession of the liquidation court, in no way affects title to the property, and does not necessarily involve a determination of what priority the claim should have.'" *Id.* at 222 (citing *Morris v. Jones*, 329 U.S. 545, 549 (1947)). If a related action is brought in federal court and a party succeeds on those claims, the party still is required to present their judgments to the state court to direct the receiver to pay those judgments in accordance with the state's laws governing the priority of claims. *See Id.* at 222.

In this case, the parties do not appear to dispute that the Court has diversity jurisdiction over Nautilus' claims pursuant to 28 U.S.C. § 1332. Nautilus is an insurer organized under the laws of Arizona with its principal place of business in Arizona. (Dkt. No. 8 at ¶ 1). Defendants are alleged to be citizens and residents of South Carolina. (*Id.* at ¶¶ 2-6). Murdaugh in particular is alleged to be a citizen of Colleton County, South Carolina. (*Id.* at ¶ 2). The amended complaint alleges the amount in controversy exceeds $75,000.00. (*Id.* at ¶ 8).

Nautilus argues the pursuit of this action against Murdaugh does not create a conflict with the receivership court's order as it only applies to *in rem* actions concerning the administration of Murdaugh's assets. (Dkt. No. 43 at 3). Actions *in rem* are "prosecuted to enforce a right to things", whereas actions "*in personam* are those in which an individual is charged personally." *R.M.S.*

*Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (4th Cir. 1999) (citing *The Sabine*, 101 U.S. 384, 388 (1879)). Because *in rem* actions adjudicate rights in specific property before the court, judgments in them operate against anyone in the world claiming against that property. *Id.* (internal citations omitted). Consequently, judgments in *in rem* actions affect only the property before the court and possess and carry no *in personam* significance, other than to foreclose any person from later seeking rights in the property subject to the *in rem* action. *Id.* at 957 (citing *Pennoyer v. Neff*, 95 U.S. 714, 724 (1877))). The court's authority to exercise *in rem* jurisdiction does not carry with it a concomitant, derivative power to enter ancillary *in personam* orders. *Id.* (citing *The Sabine,* 101 U.S. at 388)). A receivership proceeding is an *in rem* action. *Cohen v. Stewart*, Civil No. WDQ-14-0611, 2014 WL 2574550, at * 3 (D. Md. June 5, 2014) (citing *Mills v. Roanoke Indus. Loan & Thrift*, 70 F.R.D. 448, 451 (W.D.Va. 1975)). *In personam* actions, on the other hand, adjudicate the rights and obligations of individual persons or entities. It is well established that due process precludes courts from adjudicating *in personam* the rights or obligations of persons in the absence of personal jurisdiction. *Haver*, 171 F.3d at 957 (internal citations omitted).

In this case, the amended complaint seeks for the Court to declare the rights and obligations of the parties arising out of the alleged misleading statements and actions upon which Nautilus relied that caused it to contribute funds under the insurance policy to a sham settlement intended to enrich Murdaugh and his co-conspirators. (Dkt. No.8 at p. 8-9). Nautilus pleads it is entitled to recover those funds. (*Id.* at p. 8). In addition, the amended complaint asserts personal liability against Murdaugh for fraud, conspiracy to commit fraud, and violation of the SCUTPA, thereby asserting claims against Murdaugh *in personam*. It is well settled that a federal court may exercise *in personam* jurisdiction in litigation concerning rights in property in the possession of another court so long as the judgment does not conflict with the latter court's authority to decide questions

relating to the control of that property." *Purcell v. Summers*, 126 F.2d 390, 295 (4th Cir. 1942); *Roller v. Richmond Indus. Loan & Thrifts*, 407 F. Supp. 1211, 1212 (E.D. Va. 1975)). As Nautilus seeks to impose personal liability against Murdaugh and the Court has diversity jurisdiction over the claims, Murdaugh's motion to dismiss is denied.[1]

### III.   Conclusion

For the foregoing reasons, Defendants' motions to dismiss are **DENIED**. (Dkt. No. 40)

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

August 23, 2022
Charleston, South Carolina

---

[1] Nautilus filed a sur-reply to Murdaugh's motion to dismiss that asks the Court to strike Murdaugh's Answer and Motion to Dismiss as not authorized by the receivership order or Murdaugh because those items were filed by counsel for the co-receivers. (Dkt. No. 66 at 2). Nautilus attaches an email correspondence between counsel for Nautilus and counsel for Murdaugh. (Dkt. No. 66-1). The email indicates that during the parties Rule 26(f) conference, Murdaugh's counsel indicated that Murdaugh intended to go into default in this action, and when counsel for the co-receivers filed an answer on Murdaugh's behalf, Murdaugh's counsel "expressed surprise and questioned whether counsel for the co-receivers was authorized to do so." (*Id.*). The Court declines to rule on this issue as it is not properly briefed for the Court's consideration. The parties are not precluded from filing an appropriate motion for the Court's consideration as to this issue.