IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> Richard Alexander Murdaugh, Sr.; ) <br> Cory Fleming; Moss & Kuhn, P.A.; ) <br> Chad Westendorf; and Palmetto State ) <br> Bank, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2:22-1307-RMG <br><br><br><br> **ORDER AND OPINION** |

Before the Court is Defendant Cory Fleming's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 44) and Defendant Moss & Kuhn, P.A.'s (Dkt. No. 45). motion to dismiss pursuant to Rule 12(b)(6), or in the alternative, motion for summary judgment pursuant to Rule 56. For the reasons stated below, the motions are denied.

**I.   Background**

Nautilus Insurance Company ("Nautilus") is one of Defendant Richard Alexander Murdaugh, Sr.'s liability insurance carriers. Nautilus provided defense counsel and liability coverage to Murdaugh related to a wrongful death claim asserted by the Estate of Gloria Satterfield, the Murdaughs' family housekeeper for fatal injuries sustained at the Murdaugh family residence. Defendants Cory Fleming and Moss & Kuhn, P.A. represented the Satterfield Estate and Defendant Chad Westendorf, an officer of Defendant Palmetto State Bank, was the Personal Representative of the Satterfield Estate. Nautilus filed an amended complaint on May 11, 2022, bringing claims that Defendants conspired to defraud Nautilus by facilitating a settlement in the case and allowing Murdaugh to convert a substantial portion of the settlement funds for his own use. (Dkt. No. 8). The amended complaint asserts claims for: (1) fraud against Murdaugh; (2)

1

conspiracy to commit fraud as to all Defendants; and (3) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA") as to all Defendants.

Defendants Fleming and Moss & Kuhn, move to dismiss Nautilus' amended complaint for failure to state a claim. (Dkt. Nos. 44; 45). Defendant Moss & Kuhn alternatively moves for summary judgment. (Dkt. No. 45). Nautilus filed a response in opposition to Defendants' motions. (Dkt. No. 57). The motions are ripe for the Court's review.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the

pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

In their motions to dismiss, Defendants Fleming and Moss & Kuhn argue the amended complaint fails to state a claim because there is no allegation these Defendants owed an independent duty to a third party or that Defendants acted in self-interest outside the scope of representation to the client causing damages. (Dkt. No. 44 at 5); (Dkt. No. 45-1 at 4-5). Defendants cite to the general rule that an attorney is immune from liability to third persons arising from the attorney's professional activities on behalf of and with the knowledge of the client, absent an independent duty to the third party as articulated by the South Carolina Supreme Court in *Stiles v. Ornato*, 457 S.E.2d 601 (S.C. 1995) and *Gaar v. North Myrtle Beach Realty Co., Inc.*, 339 S.E.3d 887, 889 (S.C. Ct. App. 1986). Defendants do not set forth any other pleading deficiencies with respect to the claims asserted against them in the amended complaint.

In *Gaar v. North Myrtle Beach Realty Co.*, the South Carolina Court of Appeals held that an "attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client. Accordingly, an attorney who acts in good faith with the authority of his client is not liable to a third party in an action for malicious prosecution." 339 S.E.2d 887, 889 (S.C. Ct. App. 1986). In *Stiles v. Ornato*, the South Carolina Supreme Court expanded this principle to an action for conspiracy. 457 S.E.2d 601, 602 (S.C. 1995). The *Stiles* court noted that a number of jurisdictions recognize that an attorney may be held liable where he acts in bad faith or for his own personal motivations. *Id*. at 602 (citing cases recognizing an attorney may be held liable for acts of conspiracy with his client, as well as for fraud and conversion in conjunction with representation of clients).

Upon a careful review of the allegations asserted in the amended complaint against Defendants Fleming and Moss & Kuhn, the Court finds the allegations plausibly set forth misconduct of these Defendants which furthered their own personal interests that would fall outside the purview of attorney immunity under South Carolina law.

The amended complaint alleges Defendant Fleming was retained to represent the Satterfield Estate to pursue claims for the death of Gloria Satterfield against the available insurance coverage. (Dkt. No. 8 at ¶ 11). It alleges Defendant Murdaugh and the other Defendants as "co-conspirators" engaged in irregularities and other actions in a coordinated effort to improperly gain insurance money and disburse the insurance proceeds for their personal gain and at the expense of Nautilus. (*Id.* at ¶ 15). For example, the amended complaint alleges that unknown to Nautilus, Defendant Murdaugh was coordinating the handling of the claim with Defendant Fleming. (*Id.* at ¶ 14(d)). It alleges the monies contributed by Nautilus to the settlement of the claims by the Satterfield Family were deposited by Defendant Fleming into Defendant Moss & Kuhn's trust account but were not received by the Satterfield Family; instead, Defendant Fleming disbursed the funds (minus $600,000) to an account created by Defendant Murdaugh and controlled by Murdaugh. (*Id.* at ¶ 14(g)). It alleges that no effort was made by Defendant Fleming or Defendant Moss & Kuhn to ensure the funds intended for the Satterfield Family were received by the Satterfield Family, which violated their obligations regarding escrow funds and disbursement. (*Id.* at ¶ 14(h)). It alleges that Defendant Murdaugh and his conspirators agreed to a scheme to deceive Nautilus into paying insurance proceeds purportedly to the Satterfield Estate by falsely representing to Nautilus the existence of an arm's length lawsuit against Defendant Murdaugh by the Satterfield Estate, covertly steering the lawsuit for the furtherance of their unlawful agreement, and covertly distributing the insurance proceeds amongst themselves. (*Id.* at ¶ 27).

Accepting all well-plead allegations as true and viewing the amended complaint in a light most favorable to Nautilus, the allegations appear to rise to the quality of bad faith noted in *Stiles*, which if established, would pierce the shield of immunity normally enjoyed by an attorney. *See In re Laad*, No. AP 12-80238-DD, 2013 WL4266856, at * 3 (Bankr. D.S.C. Aug. 9, 2013) ("[a]ssuming without deciding that [the law firm] was involved in the forgery alleged in the amended complaint or knew documents were forged when it filed the [recovery] action, the Court does not conclude at this stage of the proceedings that it is entitled to the immunity set forth in *Gaar*. Assuming such circumstances to be true, [the law firm] may not have been acting in good faith."). *See also Hunt v. Greenville Cnty. S.C.*, No. CIVA 608-HFF-BHH, 2008 WL 4844756, at * 9 (D.S.C. Nov. 7, 2008), *aff'd*, 322 F. App'x 308 (4th Cir. 2009). The allegations meet the pleading requirements necessary to survive a motion to dismiss.

Defendant Moss & Kuhn argues in the alternative that Nautilus' claims should be dismissed based on a variety of fact intensive reasons. (Dkt. No. 45-1 at 5-6). For example, Defendant Moss & Kuhn argues that "[Nautilus] was not the victim. The Satterfields did not pursue a claim against [Nautilus] for the stolen settlement funds. [Nautilus] was in no way damaged by the theft of the settlement money. The only funds diverted to [Defendant Moss & Kuhn] were attorney's fees and expense reimbursement[s] . . . ". (*Id.* at 6). Defendant argues that because Nautilus has offered no proof of damages its claims fail as a matter of law and must be dismissed. (*Id.* at 6). Defendant presents no evidence to the Court that would support this contention.

The Court finds that Defendants Fleming and Moss & Kuhn may attempt to clarify issues of attorney liability and damages upon submission of evidence on a motion for summary judgment, but a dispositve ruling at this juncture in the proceedings would be premature.

## IV. Conclusion

For the reasons stated above, Defendants Cory Fleming and Moss & Kuhn, P.A.'s motions to dismiss for failure to state a claim are **DENIED**. (Dkt. Nos. 44;45).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

August 23, 2022
Charleston, South Carolina