UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nautilus Insurance Company, | ) | *In re Grand Jury Subpoena 2022-0064* |
| | ) | |
| Petitioner, | ) | C/A No. 2:22-cv-1307-RMG |
| Versus | ) | |
| | ) | |
| Richard Alexander Murdaugh, Sr., Cory Fleming, Moss & Kuhn, P.A., Chad Westendorf, and Palmetto State Bank, | ) ) ) | **DEFENDANT MOSS & KUHN, P.A.'S ANSWER TO PETITIONER'S AMENDED COMPLAINT** |
| | ) | |
| Respondents. | ) | |

The Respondent, Moss & Kuhn, P.A., (hereinafter "this Respondent"), hereby answers the Petitioner's Amended Complaint subject to all affirmative defenses, motions, and any other pleadings, as follows:

1. This Respondent denies each and every allegation of the Petitioner's Amended Complaint which it does not specifically admit.

## AS TO PARTIES AND JURISDICTION

2. This Respondent is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 1 of the Petitioner's Amended Complaint, and therefore, denies the same.

3. The allegations contained in Paragraphs 2 and 3 of the Petitioner's Amended Complaint are not directed at this Respondent, and therefore, no response is required. To the extent that a response is required, this Respondent denies the allegations contained in Paragraphs 2 and 3 of the Petitioner's Amended Complaint.

4. In response to the allegations contained in Paragraph 4 of the Petitioner's Amended Complaint, this Respondent admits only that Moss & Kuhn, P.A., formerly known as Moss, Kuhn & Fleming, P.A., is a South Carolina professional association with its principal place of business located in Beaufort, South Carolina. This Respondent denies all remaining and inconsistent allegations contained in Paragraph 4 of the Petitioner's Amended Complaint.

5. The allegations contained in Paragraphs 5 and 6 of the Petitioner's Amended Complaint are not directed at this Respondent, and therefore, no response is required. To the extent a response is required, this Respondent denies the allegations contained in Paragraphs 5 and 6 of the Petitioner's Amended Complaint.

6. This Respondent is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 7 of the Petitioner's Amended Complaint, and therefore, denies the same.

7. The allegations contained in Paragraphs 8 and 9 of the Petitioner's Amended Complaint state conclusions of law to which no response is required from this Respondent. To the extent a response is required, this Respondent denies the allegations contained in Paragraphs 8 and 9 of the Petitioner's Amended Complaint.

## AS TO THE FACTUAL ALLEGATIONS

8. Upon information and belief, this Respondent admits the allegations contained in Paragraph 10 of the Petitioner's Amended Complaint.

9. This Respondent is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraphs 11, 12, and 13 of the Petitioner's Amended Complaint, and therefore, denies the same.

10. This Respondent denies the allegations contained in Paragraphs 14, including subparts a, b, c, d, e, f, g, and h, 15, 16, and 17, including subparts a, b, and c, of the Petitioner's Amended Complaint.

11. Upon information and belief, this Respondent admits the allegations contained in Paragraphs 18 and 19 of the Petitioner's Amended Complaint.

## AS TO THE FIRST CAUSE OF ACTION

12. In response to the allegations contained in Paragraph 20 of the Petitioner's Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

13. The allegations contained in Paragraphs 21, 22, including subparts a, b, i, c, and d, 23, 24, 25, and 26 of the Petitioner's Amended Complaint are not directed at this Respondent and therefore, no response is required. To the extent a response is required, this Respondent denies the allegations contained in Paragraphs 21, 22, including subparts a, b, i, c, and d, 23, 24, 25, and 26 of the Petitioner's Amended Complaint.

## AS TO THE SECOND CAUSE OF ACTION
### (Conspiracy to Commit Fraud – All Defendants Except the United States)

14. In response to the allegations contained in Paragraph 26 of the Petitioner's Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

15. This Respondent denies the allegations contained in Paragraphs 27, 28, 29, and 30 of the Petitioner's Amended Complaint.

## AS TO THE THIRD CAUSE OF ACTION
### (South Carolina Unfair Trade Practices Act – All Defendants Except the United States)

16. In response to the allegations contained in Paragraph 31 of the Petitioner's Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

17. This Respondent denies the allegations contained in Paragraphs 32, 33, 34, 35, and 36 of the Petitioner's Amended Complaint.

18. There are no Paragraphs 37, 38, 39, 40, and 41 of the Petitioner's Amended Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
**(Declaratory Judgment)**

19. In response to the allegations contained in Paragraph 42 of the Petitioner's Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

20. The allegations contained in Paragraphs 43, 44, 45, 46, 47, 48, 49, and 50 of the Petitioner's Amended Complaint are not directed at this Respondent and therefore, no response is required. To the extent a response is required, this Respondent denies the allegations contained in Paragraphs 43, 44, 45, 46, 47, 48, 49, and 50 of the Petitioner's Amended Complaint.

21. This Respondent denies the allegations contained in the WHEREFORE Paragraph of the Petitioner's Amended Complaint, those being the remaining allegations contained in the Petitioner's Amended Complaint.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
**(Statute of Limitations)**

22. That Petitioner's actions against this Respondent are barred by the applicable statute of limitations.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
**(No Damages)**

23. Petitioner has no damages whatsoever.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
**(No Duty)**

24. This Respondent is informed, believes, and thereon alleges, that the Plaintiff's Complaint, and each cause of action therein, is barred because Defendant did not owe any duty to Plaintiff.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(No Causation)

25.     That no acts or omissions on the part of this Respondence was the proximate cause, or the cause in fact, of the alleged injuries.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(Failure to Allege Fraud with Particularity)

26.     Any claims of fraud in the Amended Complaint are barred by the Petitioner's failure to allege the circumstances constituting fraud with particularity.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(Independent Act of Third Party)

27.     The causes of action and occurrences in the Petitioner's Amended Complaint were the result or acts of a third party independent of this Respondent, and as such, cannot be attributed to this Respondent, or liability assessed against this Respondent.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(Duplicative Relief)

28.     That civil conspiracy will not lie where Petitioner obtains relief through other avenues.  As Petitioner is merely realleging prior acts complained of in other causes of action and has failed to plead additional acts in furtherance of the alleged conspiracy, Petitioner is not entitled to maintain the conspiracy cause of action.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(Waiver, Estoppel, Laches)

29.     That Petitioner's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(Failure to Mitigate)

30. That the Petitioner has failed to take reasonable actions or adequately mitigate their damages, if any, by not undertaking proper preventative or curative measures. Therefore, the Petitioner is barred from recovery against this Respondent.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(Failure to State a Claim)

31. The allegations contained in the Petitioner's Amended Complaint fail in their entirety to state a claim upon which relief may be granted against this Respondent.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(Reasonableness and Good Faith)

32. This Respondent alleges it acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by it at the time he so acted.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(Punitive Damages Unconstitutional)

33. That any award or assessment of punitive damages as prayed for by Petitioner would violate this Respondent's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(Statutory Caps Damages)

34. This Respondent pleads all applicable statutory caps on punitive damages, including but not limited to, the caps described in S.C. Code Ann. §15-32-530, et seq., as amended.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS RESPONDENT ALLEGES:**
(Reservation and Non-Waiver)

35. This Respondent reserves any additional and further defenses as may be revealed by additional information during the course of discovery and investigation, and as is consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Petitioner's Amended Complaint, and having asserted these affirmative defenses, this Respondent, Moss & Kuhn, P.A., prays that the Petitioner's Amended Complaint be dismissed with prejudice and that it be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

>   HOOD LAW FIRM, LLC
>   172 Meeting Street
>   Post Office Box 1508
>   Charleston, SC  29402
>   Ph: (843) 577-4435 / Fax: (843) 722-1630
>   Email: Info@hoodlaw.com

**August 30, 2022**                         **/s/ Maryrose P. Williamson**
Charleston, South Caorlina          Robert H. Hood, Jr. (FED #6998)
                                    bobbyjr.hood@hoodlaw.com
                                    Maryrose P. Williamson (FED #12802)
                                    Maryrose.williamson@hoodlaw.com

                                    *Attorneys for the Respondent*
                                    *Moss & Kuhn, P.A.*