UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>Richard Alexander Murdaugh, Sr., Cory Fleming, MOSS & KUHN, P.A., Chad Westendorf, and PALMETTO STATE BANK,<br><br>　　　　　　　　　Respondents. | Civil Action No. 2:22-cv-1307-RMG<br><br><br>**RESPONDENT CORY FLEMING'S ANSWER TO PETITIONER'S AMENDED COMPLAINT** |

The Respondent, Cory Fleming (hereinafter "Mr. Fleming"), hereby answers the Amended Complaint filed on behalf of NAUTILUS INSURANCE COMPANY ("Nautilus" or "Petitioner") subject to all affirmative defenses, motions, and any other pleadings, as follows:

1.　Mr. Fleming denies each and every allegation of the Petitioner's Amended Complaint which he does not specifically admit.

## PARTIES AND JURISDICTION

2.　The allegations in Paragraphs 1 and 2 are admitted upon information and belief.

3.　The allegations in Paragraphs 3 and 4 are admitted.

4.　The allegations in Paragraphs 5 and 6 are admitted upon information and belief.

5.　Mr. Fleming does not have the information necessary to admit or deny the allegations in Paragraph 7 and therefore denies the same, demanding strict proof thereof.

6.　The allegations in Paragraphs 8 and 9 are legal conclusions requiring no response from Mr. Fleming. To the extent the Court requires a response, Mr. Fleming admits this Court has jurisdiction under 28 U.S.C. § 1332, provided the facts alleged in the Petitioner's jurisdictional

allegations are true.

## FACTUAL ALLEGATIONS

7. In response to the factual allegations in Paragraphs 10 – 19, Mr. Fleming invokes his rights under the Fifth Amendment to the United States Constitution not to respond to any of these allegations because there are pending criminal indictments against Mr. Fleming concerning these matters.

## FOR A FIRST CAUSE OF ACTION
### (Fraud – Murdaugh)

8. In response to the allegations in Paragraph 20, Mr. Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

9. In response to the allegations in Paragraphs 21 – 26 and notwithstanding the allegations are directed to another Defendant, Mr. Fleming invokes his rights under the Fifth Amendment to the United States Constitution not to respond to any of these allegations because there are pending criminal indictments against Mr. Fleming concerning these matters.

## FOR A SECOND CAUSE OF ACTION
### (Conspiracy to Commit Fraud – All Defendants Except the United States)

10. In response to the allegations in Paragraph 26.[1], Mr. Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

11. In response to the allegations in Paragraphs 27 – 30, Mr. Fleming invokes his rights under the Fifth Amendment to the United States Constitution not to respond to any of these allegations because there are pending criminal indictments against Mr. Fleming concerning these matters.

---

[1] Petitioner's Amended Complaint contains two paragraphs numbered "26." Mr. Fleming's responses are to each of the Paragraphs sequentially.

## FOR A THIRD CAUSE OF ACTION
### (South Carolina Unfair Trade Practices Act – All Defendants Except the United States)

12. In response to the allegations in Paragraph 31, Mr. Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

13. In response to the allegations in Paragraphs 32 – 36, Mr. Fleming invokes his rights under the Fifth Amendment to the United States Constitution not to respond to any of these allegations because there are pending criminal indictments against Mr. Fleming concerning these matters.

## FOR A FOURTH CAUSE OF ACTION
### (Declaratory Judgment)

14. In response to the allegations in Paragraph 42[2], Mr. Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

15. In response to the allegations in Paragraphs 43 – 50 and in the Petitioner's WHEREFORE paragraph, Mr. Fleming invokes his rights under the Fifth Amendment to the United States Constitution not to respond to any of these allegations because there are pending criminal indictments against Mr. Fleming concerning these matters.

## AS AN AFFIRMATIVE DEFENSE
### (Statute of Limitations)

16. Petitioner's actions against Mr. Fleming are barred by the applicable statute of limitations.

---

[2] The Amended Complaint does not contain any paragraphs numbered 37 – 41.

**AS AN AFFIRMATIVE DEFENSE**
**(No Damages)**

17. Petitioner's actions against Mr. Fleming are barred because Nautilus suffered no damages.

**AS AN AFFIRMATIVE DEFENSE**
**(No Duty)**

18. Petitioner's actions against Mr. Fleming are barred because Mr. Fleming owed no duty to Nautilus.

**AS AN AFFIRMATIVE DEFENSE**
**(No Causation)**

19. Petitioner's actions against Mr. Fleming are barred because Nautilus cannot show any damages causally related to any acts or omissions by Mr. Fleming, including lack of proximate cause and lack of cause-in-fact.

**AS AN AFFIRMATIVE DEFENSE**
**(Failure to Allege Fraud with Particularity)**

20. Petitioner's actions against Mr. Fleming for fraud are barred because the allegations in the Amended Complaint fail to allege the circumstances constituting fraud with particularity.

**AS AN AFFIRMATIVE DEFENSE**
**(Independent Act of Third Party)**

21. Petitioner's actions against Mr. Fleming are barred because claims and events in the Amended Complaint were the result of acts of a third party independent of Mr. Fleming, and as such cannot be attributed to Mr. Fleming.

**AS AN AFFIRMATIVE DEFENSE**
**(Civil Conspiracy Claim Defective)**

22.   Petitioner's actions against Mr. Fleming for civil conspiracy are barred because the Amended Complaint fails to allege specific acts in furtherance of the alleged conspiracy in addition to the allegations claimed to support other causes of action.

**AS AN AFFIRMATIVE DEFENSE**
**(Waiver, Estoppel, and Laches)**

23.   Petitioner's actions against Mr. Fleming are barred in whole or in part under the doctrines of waiver, estoppel, and laches.

**AS AN AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

24.   Petitioner's actions against Mr. Fleming are barred in whole or in part because Petitioner failed to take reasonable measures or otherwise adequately mitigate its alleged damages, if any damages exist.

**AS AN AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

25.   The allegations in the Amended Complaint fail to state a claim upon which relief may be granted against Mr. Fleming.

**AS AN AFFIRMATIVE DEFENSE**
**(Punitive Damages Unconstitutional)**

26.   Any award or assessment of punitive damages as prayed for by Petitioner would violate Mr. Fleming's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution.

## AS AN AFFIRMATIVE DEFENSE
### (Statutory Punitive Damages Cap)

27. Any award or assessment of punitive damages as prayed for by Petitioner must be capped and cannot exceed the amounts set forth in S.C. CODE ANN. §15-32-530, et seq., as amended.

WHEREFORE, having fully answered the Petitioner's Amended Complaint, and having asserted these affirmative defenses, Respondent, Cory Fleming, prays that Petitioner's Amended Complaint be dismissed with prejudice and that he be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Thomas A. Pendarvis
Thomas A. Pendarvis (Fed. Id. 5785)
PENDARVIS LAW OFFICES, P.C.
710 Boundary Street, Suite 1-A
Beaufort, SC 29902
843.524.9500 Tel.
Thomas@PendarvisLaw.com

*Counsel for Cory Fleming*

Beaufort, South Carolina
September 6, 2022