# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br>v.<br><br>RICHARD ALEXANDER MURDAUGH, Sr., CORY FLEMING, MOSS & KUHN, P.A., CHAD WESTENDORF, and PALMETTO STATE BANK,<br><br>　　　　　Defendants. | Case No. 2:22-cv-1307-RMG<br><br>**MOTION TO COMPEL DISCOVERY RESPONSES** |

Nautilus Insurance Company ("Nautilus") moves the Court, pursuant to Rule 37(a)(3)(B)(iv), to compel discovery responses from Defendant Richard Alexander Murdaugh, Sr. ("Defendant Murdaugh") as follows.[1]

## I.   Background

On August 19, 2022, Nautilus served requests for production on Defendant Murdaugh via his counsel of record, Mr. Jim Griffin. ECF 83-1. On September 15, 2022, Nautilus received a response from one of the Co-Receivers appointed to marshal Defendant Murdaugh's assets, producing no materials and stating that the Co-Receivers are not aware what materials Defendant Murdaugh has in his possession. ECF 83-3. Neither a discovery response nor objections to Nautilus' requests has been received from Defendant Murdaugh's counsel of record.

The respective obligations as between Mr. Murdaugh's counsel of record and the Co-Receivers are disputed,[2] the result being that Nautilus has received no substantive response to its

---

[1]  No supporting memorandum is included as a full explanation of Nautilus' request is contained within this motion. D.S.C. Local Rule 7.04.

[2]  Nautilus files a separate motion regarding that issue contemporaneously with this filing. ECF

1

discovery in this matter from Defendant Murdaugh. Nautilus consulted with counsel for Defendant Murdaugh and counsel for the Co-Receivers regarding discovery responses,[3] and this motion follows.

**II.      Legal Standard**

"Parties may obtain discovery regarding any non-privileged matters that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "A party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . items in the responding party's possession, custody, or control [including] any designated documents or electronically stored information . . . ." Fed. R. Civ. P. 34(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

"[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013). "To the extent that the items at issue are relevant and properly discoverable, taking into consideration the proportionality factors under Rule 26(b)(2)(C), and to the extent that they have not been produced, a court should grant a motion to compel . . . ." *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. 9:14-cv-00230-RMG, 2017 WL 1282012, *2 (D.S.C. Apr. 5, 2017).

---

83.

[3]   Counsel for Mr. Murdaugh consented to an extension of Nautilus' deadline to file its motion. ECF 83-2.

### III.     Argument

#### A.  The Requested Materials Are Relevant

Courts construe "relevance" for purposes of Rule 26(b) broadly. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992) ("[T]he discovery rules are given 'a broad and liberal treatment.'" (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Indeed, a matter is relevant if it "bears on" or "reasonably could lead to another matter that *could* bear on, any issue that is in or *may* be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (emphases added).

Nautilus requested materials from Defendant Murdaugh, including:

- Communications with other Defendants and third parties regarding the Satterfield claim and claims against clients of Defendant Murdaugh;
- Cell phone records of calls with other Defendants and third parties;
- Financial records, including of the account opened in the name of "Forge";

ECF 83-1. The requested materials are relevant to Nautilus' allegations, including for example:

- "That Murdaugh arranged for Fleming, his longtime close friend, and MKF to represent the Satterfield family in bringing a claim against his insurance." ECF 8 ¶ 14.b;
- "That Murdaugh and Fleming arranged for Westendorf to serve as the personal representative of the estate of Gloria Satterfield in exchange for a fee, as they had previously done with other officers and directors at Palmetto, effectively removing the Satterfield family from the proceedings." ECF 8 ¶ 14.c;
- "Through the Irregularities and other actions, Murdaugh and others—including Fleming, MKF, Westendorf, and Palmetto (collectively, "the Co-conspirators")—coordinated efforts to improperly obtain insurance money and disburse insurance proceeds for their own personal gain and at the expense of Nautilus." ECF 8 ¶ 15; and
- "Murdaugh and the Co-conspirators agreed to a scheme to deceive Nautilus into paying insurance proceeds purportedly to the Satterfield estate by falsely representing to Nautilus the existence of an arm's-length lawsuit against

3

>Murdaugh by the Satterfield estate, covertly steering the lawsuit for the furtherance of their unlawful agreement, and covertly distributing the insurance proceeds amongst themselves." ECF 8 ¶ 27.

The requested materials are relevant, and Defendant Murdaugh has lodged no objection to Nautilus' request, neither on relevance grounds nor on the basis that the materials it seeks are privileged, protected, or otherwise not discoverable.

### B. The Request for Materials Is Proportional to the Needs of the Case

In deciding proportionality of discovery requests, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In light of these factors, the circumstances of the case, and the absence of any objection by Defendant Murdaugh on proportionality grounds, Nautilus submits that its requests are proportional to the needs of the case and that Defendant Murdaugh is not able to carry his burden to show otherwise.

## IV.    Conclusion

Defendant Murdaugh is a party to this action and is required to respond to discovery. Nautilus has served discovery on him and is entitled to a substantive response. Accordingly, Nautilus respectfully requests this Court compel such a response from Defendant Murdaugh.

**[signature on following page]**

|  |  |
|---|---|
| | **Respectfully submitted:** |
| This 3rd day of November, 2022<br>Charleston, South Carolina. | */s/ Jaan Rannik*<br>EPTING & RANNIK, LLC<br>Jaan G. Rannik (Fed I.D. No. 12621)<br>Clinton T. Magill (Fed I.D. No. 12459)<br>46A State Street<br>Charleston, SC 29401<br>P: (843) 377-1871<br>F: (843) 377-1310<br>jgr@epting-law.com<br>ctm@epting-law.com<br><br>COUNSEL FOR PLAINTIFF NAUTILUS INSURANCE COMPANY |