# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Nautilus Insurance Company, | ) | Civ. No. 2:22-cv-1307-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **DEFENDANT RICHARD** |
| | ) | **ALEXANDER MURDAUGH, SR.'S** |
| Richard Alexander Murdaugh, Sr., Cory | ) | **MOTION TO STAY** |
| Flemming, Moss & Kuhn, P.A., Chad | ) | |
| Westendorf, and Palmetto State | ) | |
| Bank | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Richard Alexander Murdaugh, Sr., through his undersigned attorneys, hereby moves the Court for a stay of deadlines and discovery as to Mr. Murdaugh until 30 days after the conclusion of his murder trial, which starts January 23, 2023, in the Colleton County Court of General Sessions.

Mr. Murdaugh previously moved to stay this case based on a pending criminal prosecution for the same conduct alleged in this action, arguing that without a stay his Fifth Amendment privilege against self-incrimination would be prejudiced. Mot. Stay, ECF No. 32. The Court rejected that argument, holding Mr. Murdaugh waived his Fifth Amendment privilege regarding the conduct at issue in this case when he confessed judgment in *Satterfield v. Murdaugh*, 2021-CP-25-298 (S.C. Ct. Com. Pl. May 27, 2022). Order, ECF No. 38. Mr. Murdaugh abides the Court's ruling and does not repeat that argument here. But three weeks after that order issued, Mr. Murdaugh was indicted for the murder of his wife and son. Mr. Murdaugh will be tried starting on January 23, 2023—less than three months from today. This provides good cause for a short stay as to Mr. Murdaugh until shortly after pending completion of his upcoming murder trial.

-1-

When denying Mr. Murdaugh's previous motion to stay, the Court relied on "a widely cited authority": *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995), which set forth the following factors to consider:

> (1) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice occasioned by a delay; (2) the burden placed on the defendant by the civil action going forward; (3) the convenience of the court in managing the case; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Order at 2. The Ninth Circuit adopted those factors from *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). That case (and *Keating*) concerned parallel criminal proceedings or civil proceedings related to pending criminal proceedings. Here, the issue is an unrelated criminal proceeding that effectively makes Mr. Murdaugh temporarily unavailable and therefore provide good cause for a short stay. Nevertheless, the *Golden Quality Ice Cream* factors remain instructive and here, where applicable, favor the modest stay Mr. Murdaugh seeks.

First, the interest of the plaintiff in proceeding expeditiously weighs in favor of a stay. Nautilus is a division of a multibillion-dollar insurance company that seeks recovery of a single claim paid over three-and-a-half years ago, yet it first filed claims for damages against Mr. Murdaugh less than six months ago. Nautilus admits it became aware of the "of facts regarding the Satterfield claims, allegations of insurance fraud, conspiracy to commit insurance fraud, and allegations of criminal conduct" no later than July 2021, Am. Compl. ¶ 14, yet it waited 10 months after that to assert claims for damages against Mr. Murdaugh. Nautilus therefore cannot plausibly claim a need to expedite these proceedings by four months that outweighs Mr. Murdaugh's need to spend the next three months defending the murder charges against him.

Second, the burden going forward would place on the defendant weighs in favor of a stay. Mr. Murdaugh seeks a modest stay of about four months because it is simply impossible for him

to meaningfully participate in this litigation while defending the murder charges against him. Mr. Murdaugh vehemently denies the charges against him, has demanded a speedy trial, and will be tried starting on January 23, 2023. That is an aggressive schedule for a complex murder case with hundreds of gigabytes of discovery—so much that Mr. Murdaugh has asked the state court to relieve him from attendance at routine pretrial hearings because he needs the time to review discovery. If the Court declines to stay this case as to Mr. Murdaugh, the effect will be to force him to default. No one can be expected to focus on an insurance company's civil lawsuit about events occurring years ago on the eve of being tried for the murder of one's own wife and son.

The third factor—the convenience of the court—regarded the potential inefficiency of parallel civil and criminal cases regarding similar underlying facts and issues proceeding simultaneously before different judges of the same district court. *Golden Quality Ice Cream*, 87 F.R.D. at 57. This is inapplicable here because, as noted above, the murder criminal proceedings are not parallel or related to this civil proceeding.

The fourth factor—the interests of persons not parties to the civil litigation—specifically regarded the burden discovery would place on corporate employees of the defendant in the civil lawsuit who were not parties to the civil suit but who were facing individual criminal charges. *Id.* at 58. This is inapplicable here because Mr. Murdaugh is not a corporate defendant.

Fifth, the facts surrounding the Satterfield settlement which give rise to this lawsuit are the subject of intense public interest and public importance. The public interest is best served if this litigation uncovers the truth of the matter and the Court adjudicates on that basis, not on defaults forced by scheduling conflicts. The public interest therefore favors allowing Mr. Murdaugh a meaningful opportunity to be heard on the merits, rather than forcing him into a silent default

simply because his murder trial was coincidentally scheduled soon after Nautilus's dilatory assertion of claims against Mr. Murdaugh.

*   *   *

For the foregoing reasons, the Court should grant this motion to stay as to Mr. Murdaugh.

Respectfully submitted,

s/Phillip D. Barber
Richard A. Harpootlian (Fed. ID No. 1730)
Phillip D. Barber (Fed. ID No.12816)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, SC 29201
(803) 252-4848
(803) 252-4810 (facsimile)
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

James M. Griffin, Fed. ID No. 1053
Margaret N. Fox, Fed. ID No. 10576
GRIFFIN DAVIS, LLC
4408 Forest Dr., Suite 300 (29206)
P.O. Box 999 (29202)
Columbia, South Carolina
(803) 744-0800
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

ATTORNEYS FOR PLAINTIFF

November 8, 2022
Columbia, South Carolina