# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RICHARD ALEXANDER MURDAUGH, Sr., CORY FLEMING, MOSS & KUHN, P.A., CHAD WESTENDORF, and PALMETTO STATE BANK,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-1307-RMG<br><br>**NAUTILUS INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL** |

On November 3, 2022, Nautilus Insurance Company ("Nautilus") moved to compel as to Defendant Richard Alexander Murdaugh, Sr. ("Defendant Murdaugh") [ECF 84], seeking production of materials in response to Requests for Production served on August 19, 2022. This Court ordered that any oppositions be filed by November 10, 2022.

Neither Defendant Murdaugh nor the Co-Receivers purporting to act on his behalf have objected to the Requests for Production on the grounds of relevance, proportionality, or privilege, at any time or in any response or filing.

## I.     Responses to the Motion to Compel

The Co-Receivers filed no opposition to the Motion to Compel. Defendant Murdaugh's response did not interpose a merits opposition to the Motion to Compel but rather asked that the Motion be dismissed without prejudice because of his trial for murder scheduled to begin January 23, 2023. ECF 88 at 1. Defendant Murdaugh's response to the Motion to Compel:

1. acknowledges responsive documents in his or his counsel's possession, but claims the documents are subject to a protective order entered into with the State Attorney General. Defendant Murdaugh does not claim he requested the Attorney General release his own documents to him. As Nautilus does not have the protective order, it does not know if Mr. Murdaugh's documents (*e.g.*, his bank statements with Palmetto State Bank) are in fact subject thereto;

1

2. states that, as he is in jail, he has no documents within his possession. ECF 88 at 1. This is not the standard governing production, which is whether documents are within his "possession, *custody, or control*." Fed. R. Civ. P. 34(a)(1) (emphasis added). The documents requested *are* within his possession, custody, or control. *See* ECF 83-1. Tellingly, there is no claim by Defendant Murdaugh that he has ever attempted, for example, to obtain his banking records from his bank.

## II.     **Relief Requested**

The Co-Receivers, despite having responded to Nautilus' discovery requests on Defendant Murdaugh's behalf, have not opposed this Motion to Compel. If this Court finds they are authorized to act on Defendant Murdaugh's behalf, they should be ordered to produce all responsive documents within their possession, custody, or control.[1] As to Defendant Murdaugh, Nautilus requests this Court order the production of all responsive documents in his possession, custody, or control, and/or enter an appropriate sanction for non-compliance.[2]

|  | **Respectfully submitted:** |
|---|---|
| This 17th day of November, 2022<br>Charleston, South Carolina. | */s/ Jaan Rannik*<br>EPTING & RANNIK, LLC<br>Jaan G. Rannik (Fed I.D. No. 12621)<br>Clinton T. Magill (Fed I.D. No. 12459)<br>46A State Street<br>Charleston, SC 29401<br>P: (843) 377-1871<br>F: (843) 377-1310<br>jgr@epting-law.com<br>ctm@epting-law.com<br><br>COUNSEL FOR PLAINTIFF NAUTILUS INSURANCE COMPANY |

---

[1] The Co-Receivers' status and authority in this action is the subject of a separate motion by Nautilus. ECF 83.

[2] Defendant Murdaugh has not pled through his counsel of record, and his counsel of record has stated it was Defendant Murdaugh's intent to go into default. *See* ECF 66, 66-1. Default as a sanction is warranted.