IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company,<br><br>        Plaintiff,<br><br>vs.<br><br>Richard Alexander Murdaugh, Sr., Cory Fleming, Moss & Kuhn, P.A., Chad Westendorf, and Palmetto State Bank,<br><br>        Defendant. | C/A#: 2:22-cv-1307-RMG<br><br>**MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION CHALLENGING STANDING OF CO-RECEIVERS AND ITS COUNSEL TO APPEAR, PLEAD, OR RESPOND TO DISCOVERY** |

      Co-Receivers John T. Lay, Jr., Esq. and Peter M. McCoy, Jr., Esq., by and through undersigned counsel and pursuant to their appearance on behalf of Richard Alexander Murdaugh, Sr. ("Murdaugh"), submit this memorandum in response to Plaintiff's motion challenging the standing of the Co-Receivers and their counsel to appear, plead, or respond to discovery [ECF No. 83]. Plaintiff's motion seeks (i) to invalidate the Co-Receivers' filing of an answer to Plaintiff's complaint on behalf of Murdaugh in order to obtain a default judgment; and (ii) to force the Co-Receivers to produce financial and other records it does not have or is unable to produce in response to Plaintiff's discovery requests to Murdaugh.

      As a threshold matter, the Court should abstain from reviewing and invalidating the Co-Receivers' authority to defend Murdaugh in civil lawsuits as they were authorized to do by the order of the South Carolina Court of Common Pleas, Thirteenth Judicial Circuit on November 4, 2021 [ECF NO. 39-1] (the "Injunction and Receivership Order")[1] in the case captioned *Renee S.*

---

[1] Such order also granted a temporary injunction which prohibits Murdaugh from "hiding, concealing, misappropriating, selling, encumbering, transferring, impairing the value of and otherwise disposing of any of [his assets]." ECF No. 39-1, p. 2.

1

*Beach, as Personal Representative of the Estate of Mallory Beach v. Gregory M. Parker, Inc. a/k/a Parker's Corporation d/b/a Parkers 55, et al.*, Civil Action No. 2019-CP-25-00111 (the "Beach Lawsuit"). Alternatively, to the extent the Court undertakes a review of the state court Receivership Order, Plaintiff's motion fails because the Co-Receivers have standing and acted within the scope of their authority in filing an answer to Plaintiff's complaint. Likewise, Plaintiff's motion to force the Co-Receivers to produce records in their possession fails because the Co-Receivers are not a party to this lawsuit, obtained such records in the course of their investigation of Murdaugh's assets as receivers, and are restricted from producing the same by confidentiality and settlement agreements with third parties.

**I.     The Court should abstain from reviewing the Receivership Order pursuant to principles of federalism, comity and the *Younger* Doctrine.**

Plaintiff's motion is, in essence, a request for this Court to review the Injunction and Receivership Order and to invalidate certain authority granted by the South Carolina court to the Co-Receivers. Specifically, through its motion, Plaintiff ask this Court to invalidate the Co-Receivers' authority to defend Murdaugh in various civil lawsuits granted to them in the Receivership Order. ECF No. 39-1, pp. 5-6, ¶¶ (s) and (u). The Court should abstain from doing so pursuant to principles of federalism, comity, and the *Younger* abstention doctrine.

As has been recognized by the Court, "*Younger* abstention applies to three (3) 'exceptional' categories of cases: (1) 'ongoing state criminal prosecutions,' (2) 'civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Hawkins v. South Carolina Comm'n on Lawyer Conduct*, 586 F. Supp. 3d 493, 499 (D.S.C. 2022) (citing and quoting *Spring Comms. v. Jacobs,* 571 U.S. 69, 78, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013)). Here, the Receivership Order is in furtherance of the South Carolina Circuit Court's ability to

perform its judicial functions, as receivers are agents of the court appointing them and receivers' authority is derived entirely from the court. *Kirven v. Lawrence*, 244 S.C. 572, 137 S.E. 2d 764 (1964); 21 S.C. Jur. Receivers § 15.

"After the court determines that the underlying proceeding fits into one of these categories, it should then determine (1) whether the state proceeding is judicial in nature, (2) whether the proceeding implicates important state interests, and (3) whether there exists an adequate opportunity in the state proceeding to raise constitutional challenges." *Hawkins*, 586 F. Supp. 3d 493, 499 (citing *Middlesex Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982)). If these elements are satisfied, a district court should abstain from reviewing the state court order unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Ethics Comm'n*, 457 U.S. at 435, 102 S.Ct. 2515.

Here, the receivership and the injunction implemented in respect of Murdaugh through the Receivership Order is judicial in nature and implicates South Carolina's interests in preserving the *status quo* of Murdaugh's assets, marshaling Murdaugh's assets, and providing for the orderly and equitable distribution of the same among various of Murdaugh's creditors. In addition, the Beach Lawsuit is pending and there is adequate opportunity to raise challenges to the Co-Receivers' standing and authority to defend Murdaugh in civil lawsuits such as this instant action. Finally, Plaintiff has not – and cannot – put forth any evidence or credible argument that there are any extraordinary circumstances that would make abstention inappropriate. Therefore, *Younger* abstention, as well as general principles of federal and comity, should apply as to Plaintiff's motion seeking to invalidate the Co-Receivers' appearance in this action to defend Murdaugh, including the filing of an answer on his behalf.

II.  **The Co-Receivers have the requisite standing and acted within their authority to file responsive pleadings in this matter on behalf of Murdaugh.**

Alternatively, to the extent the Court does not abstain from reviewing the Injunction and Receivership Order as requested by Plaintiff, Plaintiff's motion should fail because under South Carolina law the Injunction and Receivership Order. Co-Receivers stand in the shoes of Murdaugh to serve the equity purposes of the receivership and, accordingly, the Co-Receivers have an interest in this lawsuit and corresponding standing to that extent. *Jeffcoat v. Morris*, 300 S.C. 526, 389 S.E. 2d 159 (Ct. App. 1989). The Co-Receivers likewise have standing and were expressly authorized the Receivership Order to defend Murdaugh in civil lawsuits.

The Co-Receivers' authority is derived entirely from the court appointing them. *Kirven*, 244 S.C. 572; *Peppertree Resorts, Ltd. V. Cabana Ltd. Ptnr.,* 315 S.C. 36, 431 S.E.2d 598 (Ct. App. 1993). The Receivership Order vested the Co-Receivers with broad rights, powers, and authority including but not limited to the authority to:

> . . .
>
> (s) institute, prosecute, compromise, or defend civil suits and actions at law or equity related to any Alex Murdaugh Asset[2] [] in order to preserve such asset if such action is economically feasible considering the value of the [Alex Murdaugh Assets at stake];
> . . .
>
> and (u) take whatever other actions the Co-Receivers determine is incidental to, necessary or appropriate to protect and preserve Alex Murdaugh Assets [].

ECF No. 39-1, p. 5, ¶ (s) and (u).

In accordance with this authorization, since their appointment on November 4, 2021 the Co-Receivers have regularly taken steps to defend Murdaugh in the various civil lawsuits against

---

[2] The term "Alex Murdaugh Asset" as defined in the Receivership Order includes all of his money and other assets and, therefore, necessarily includes those assets from which any judgment in this litigation could be recovered.

him, to the extent the Co-Receivers determined doing so was "necessary or appropriate to protect and preserve" Murdaugh's assets for the benefit of the receivership. *Id.* These activities include preventing Murdaugh from defaulting and taking other actions necessary or appropriate (i) to preserve Murdaugh's ability to mount a merit-based defense or, alternatively, (ii) to obtain a confession of judgment from Murdaugh, given by him voluntarily whereby the plaintiff agrees to submit to the distribution of receivership assets in satisfaction of their judgment (in full or in part) pursuant to equitable considerations among Murdaugh's judgment creditors. The Co-Receivers' actions in this regard are aimed at maintaining the *status quo* of the assets they have marshaled for the receivership estate, which necessarily requires attempting to prevent claimants from obtaining preferential judgments either in substance or in timing relative to other creditors and potential creditors, including the Estate of Mallory Beach. The Co-Receivers' actions on behalf of Murdaugh are consistent with an equity receivership generally and are also necessary to Murdaugh's specific circumstances because, based on the Co-Receivers' investigation of Murdaugh's assets, it is very unlikely the receivership will have sufficient funds to satisfy the sum of the judgments against Murdaugh in full.

The Co-Receivers' actions on behalf of Murdaugh to file an answer [ECF No. 39] in this lawsuit are expressly authorized by and wholly consistent with the Receivership Order. The Co-Receivers, standing in Murdaugh's shoes as a matter of law, indisputably have standing to file an answer by Murdaugh to Plaintiff's complaint. *See, supra, Jeffcoat v. Morris*. Further, the Co-Receivers were authorized to do so by and through the Receivership Order. *See* ECF No. 39-1, p. 5, ¶ (s) and (u). Further, the Injunction and Receivership Order also implemented a temporary injunction of Murdaugh whereby he is prohibited from "encumbering, transferring, impairing the value of and otherwise disposing" of his assets during the pendency and through final resolution

of the Beach Lawsuit. Therefore, Murdaugh is prohibited by the injunction from intentionally defaulting and allowing a default judgment this lawsuit which would encumber his assets, absent relief from the Injunction Order to do so.

That Plaintiff's counsel seeks to invalidate the Co-Receivers' standing and/or authority to answer Plaintiff's complaint is revealing of its true goal: to obtain a default judgment which could take priority over other existing creditors (*e.g.* the Gloria Satterfield family) and potential future creditors (*e.g.* the Estate of Mallory Beach). If Plaintiff's counsel does not in fact seek such priority position over other creditors through the motion, then the Co-Receivers posit that the Plaintiff will accept and not object to a confession of judgment containing a stipulation to substantially identical terms and conditions as contained in the Satterfield Confession of Judgment [ECF No. 8-2]. As discussed in Section IV below, the Co-Receivers are open to such a confession of judgment to the extent Murdaugh and Plaintiff agree and stipulate to do so.

**III.    The Co-Receivers' responses to Plaintiff's discovery requests to Murdaugh are proper given the scope of their authority and nature of their responsibilities under the Receivership Order.**

As for the Co-Receivers' authority to answer Plaintiff's discovery requests to Murdaugh, the Co-Receivers' authority to do so is provided by the Receivership Order. ECF No. 39-1, p. 5, ¶ (s) and (u). The Co-Receivers are in possession of certain of Murdaugh's financial records as a result of subpoenas sent by the Co-Receivers in order to determine and assess Murdaugh's assets. The Co-Receivers did not produce these financial records to Plaintiff as the Co-Receivers are not parties to this matter and, in addition, are restricted from providing certain records by confidentiality and settlement agreements with third parties. The financial and other records sought by Plaintiff are equally available to Plaintiff through subpoenas to third parties such as Murdaugh's financial institutions as they are to Co-Receivers. Therefore, in accordance with

6

Rule 26(c), counsel for the Co-Receivers' properly instructed Plaintiff's counsel to obtain these records through requests to these third-party financial institutions. The Co-Receivers have previously communicated to Plaintiff's counsel that they would provide them with a list of financial institutions they are aware of have Murdaugh's financial records. Pursuant to a subpoena issued to the Co-Receivers, the Co-Receivers have also provided the transcript of their deposition of Russell L. Laffitte to Plaintiff, which was not subject to confidentiality or other restrictions. In sum, Plaintiff may seek the information and documents directly from the original sources of the same, such as financial institutions and in the case of Murdaugh's e-mails, from Murdaugh's former employer – the law firm Peters, Murdaugh, Parker, Eltzroth & Dietrick or its successor.

**IV.     Plaintiff's agreement to a Confession of Judgment and Stipulation that permits the Receivership Court to determine the amount of Receivership assets Plaintiff may receive according to equitable considerations would moot Plaintiff's motion.**

The Co-Receivers would also like to note to the Court that, upon information, Murdaugh may be willing to confess judgment in favor of Plaintiff and, to the extent he does so, the Co-Receivers require any such confession to be on substantially identical terms as the Confession of Judgment Murdaugh provided to the family of Gloria Satterfield. [ECF No. 8-2]. Thus, such a confession of judgment in favor of Plaintiff would contain equitable conditions and considerations that would place Plaintiff on equal footing with other judgment creditors with respect to potential satisfaction of the judgment (in whole or in part) from Murdaugh's assets in the receivership. These equitable conditions and considerations are consistent with the purpose of the Co-Receivers' appointment and the receivership created by the Receivership Order. ECF No. 39-1. Any such confession in favor of Plaintiff, which the Co-Receivers are inclined to approve, would also require approval of Judge Daniel Hall, as the presiding judge over the

Receivership Court. The Co-Receivers are working with Murdaugh's attorneys, James Griffin and Richard Harpootlian, in regard to this confession of judgment and Murdaugh's consent thereto.

The Co-Receivers are hopeful that Plaintiff will agree to be placed on equal footing with other existing and future creditors of Murdaugh given the extraordinary circumstances these creditors are subject to. Plaintiff's agreement to any such confession would of course render Plaintiff's motion moot.

## CONCLUSION

For the foregoing reasons, the Court should abstain from ruling on Plaintiff's motion which requests that the Court invalidate the Co-Receiver's authority to appear and defend Murdaugh in this action. Alternatively, the Court should DENY Plaintiff's motion, as the Co-Receivers' have the requisite standing and authority to defend this lawsuit against Murdaugh as they determine to be necessary or appropriate in the interests of the receivership estate.

Respectfully submitted,

**John T. Lay, Jr. and Peter M. McCoy, Jr.**
*Co-Receivers appearing and answering on behalf of the Defendant Richard Alexander Murdaugh, Sr.*

s/Amy L.B. Hill
Amy L.B. Hill, Fed. Bar No. 7696
Richardson Thomas, LLC
1513 Hampton Street
Columbia, South Carolina 29201
Amy@richardsonthomas.com
(803) 281-8150 Ofc

*Counsel for Co-Receivers*

November 17, 2022