# EXHIBIT A

# EPTING & RANNIK

ATTORNEYS AT LAW
ANDREW K. EPTING, JR. · AKE@EPTING-LAW.COM
JAAN G. RANNIK · JGR@EPTING-LAW.COM
CLINTON T. MAGILL · CTM@EPTING-LAW.COM

October 21, 2022

**VIA EMAIL**

Jim Griffin, Esq.
Griffin Davis
4408 Forest Drive
P.O. Box 999 (29202)
Columbia, SC 29206
JGriffin@griffindavislaw.com

      RE:    *Nautilus Insurance Company v. Richard Alexander Murdaugh, Sr., et al.*
               Civil Action No.: 2:22-cv-1307-RMG

Dear Jim:

Thank you for your call yesterday and presumably you now have read the order [ECF No 16].

Let me start by referring to the subpoena served on Murphy & Grantland when Judge Gergel would not allow Nautilus to share the order [ECF No. 16] with Murphy & Grantland to break the impasse and release the records.

Secondly, I represent that the documents requested in the subpoena to Murphy & Grantland are records beyond what you agreed could be produced to third-parties and beyond those you claimed privilege over in which Judge Gergel found there was no privilege.

Third, I believe the records that Murphy & Grantland will produced in response to the subpoena will consist of two types:

1. Murphy & Grantland's bills to Nautilus; and

2. Certain documents Murphy & Grantland found that post-date the documents we provided to you which you did not object to or in which Judge Gergel held there was no privilege.

---

46A STATE STREET · CHARLESTON · SC · 29401
PHONE (843) 377-1871 · FAX (843) 377-1310

Jim Griffin, Esq.
October 21, 2022
Page 2 of 2

Fourth, I propose we agree that Murphy & Grantland, through its counsel, Jimmy Long, can produce the further documents the subject of the subpoena to each of us. This allows Murphy & Grantland to fulfill the obligations of the subpoena and both of us will have the documents with the ability to assert any and all privilege over them.

Fifth, accept this letter as my client's agreement.  You suggested it sounded reasonable, and if you remain of such opinion, would you advise me?  I will then advise Jimmy to produce the documents to me, and I will then provide them to you.

Lastly, I see you are busy so let's not try to detail further steps.  You presently have until October 28, 2022 to respond to our discovery requests (*attached*).   If you need more time to respond, please advise and we will work with you. We can agree into the future about limitations on releasing the documents that are forthcoming.

With kindest regards,

EPTING & RANNIK

Andrew K. Epting, Jr.
AKE,Jr./agg

Enclosures as stated