## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>              Plaintiff,<br>v.<br><br>RICHARD ALEXANDER MURDAUGH, SR., CORY FLEMING, MOSS & KUHN, P.A., CHAD WESTENDORF, and PALMETTO STATE BANK,<br><br>              Defendants. | Case No. 2:22-cv-1307-RMG<br><br>**NAUTILUS INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR A DETERMINATION OF THE CO-RECEIVERS' AUTHORITY** |

Nautilus Insurance Company ("Nautilus") replies in support of its Motion for a Determination of the Co-Receivers' Authority [ECF 83] as follows.

**I.**    ***Younger*** **Does Not Apply**

The *Younger* abstention doctrine[1] provides that federal courts should generally abstain from deciding constitutional challenges to state action when such a decision would interfere with certain, specific types of ongoing state proceedings. *See, e.g.*, *Spirit Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77–78 (2013); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989). That is not the present situation.

Nautilus does not challenge the validity or constitutionality of the Receivership Order in question [ECF 40-1], nor does it seek to have this Court enjoin, assume jurisdiction over, or otherwise interfere with a matter pending in state court. Instead, it asks whether the Co-Receivers have standing to plead on behalf of Defendant Richard Alexander Murdaugh, Sr. ("Murdaugh") in this action pursuant to the Federal Rules of Civil Procedure[2] or any other

---

[1] *See Younger v. Harris*, 401 U.S. 37 (1971).

[2] "Every pleading, written motion, and other paper must be signed by at lease one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Rule

1

authority. *Younger* abstention does not apply.

**II.     Conflicting Positions**

The Co-Receivers contend that they stand in Murdaugh's shoes as a matter of law (ECF 91 at 5) and equity (*id.* at 4), but also that they have no obligation to respond to discovery directed to Murdaugh. *Id.* at 6–7. Both cannot be correct. By taking the latter position, the Co-Receivers establish they do not stand in Murdaugh's shoes and do not act on his behalf in this action.

**III.    The Co-Receivers Are Not Authorized to Defend Murdaugh in an *In Personam* Action**

The Co-Receivers' authority is limited to *in rem* actions and does not extend to *in personam* actions against Murdaugh. ECF 77. The possibility of a future judgment against Murdaugh does not render this an *in rem* action:

> There is no danger of conflict in such cases because the establishment of the existence and amount of a claim against the debtor in no way disturbs the possession of the liquidation court, in no way affects title to the property, and does not necessarily involve a determination of what priority the claim should have.

*Gross v. Weingarten*, 217 F.3d 208, 221 (4th Cir. 2000) (quotation marks and citation omitted).

**IV.    Any Judgment Obtained Against Murdaugh Will Be Administered Through the Co-Receivers**

Nautilus has never and does not now contend that any judgment it might obtain against Murdaugh would be administered anywhere other than through the receivership court. Through this action, Nautilus merely attempts to establish its entitlement to a judgment against Defendants, including Murdaugh.[3]

---

11(a), Fed. R. Civ. P.

[3]  Co-Receivers advise they are attempting to effect a confession of judgment by Murdaugh. ECF 91 at 7–8. Nautilus was not aware of this effort, Murdaugh's counsel of record having

|  |  |
|---|---|
|  | **Respectfully submitted:** |
| This 28th day of November, 2022<br>Charleston, South Carolina. | */s/ Jaan Rannik*<br>EPTING & RANNIK, LLC<br>Jaan G. Rannik (Fed I.D. No. 12621)<br>Clinton T. Magill (Fed I.D. No. 12459)<br>46A State Street<br>Charleston, SC 29401<br>P: (843) 377-1871<br>F: (843) 377-1310<br>jgr@epting-law.com<br>ctm@epting-law.com<br><br>*COUNSEL FOR PLAINTIFF NAUTILUS INSURANCE COMPANY* |

---

previously communicated Murdaugh's intention to go into default in lieu of confessing judgment. However, Nautilus is prepared to work with Murdaugh's counsel of record on a confession of judgment.