# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, | C/A No.: 2:22-cv-1307-RMG |
| Plaintiff, | |
| v. | **ANSWER TO AMENDED COMPLAINT** |
| Richard Alexander Murdaugh, Sr.; Cory Fleming, Moss & Kuhn, P.A.; Chad Westendorf; *and* Palmetto State Bank, | |
| Defendants. | |

Defendant Richard Alexander Murdaugh, Sr., hereby answers Plaintiff Nautilus Insurance Company (Nautilus)'s Amended Complaint, filed on May 11, 2022 (ECF No. 8), as follows:

## FOR A FIRST DEFENSE

1.  Defendant admits the allegations of Paragraphs 1 to 8.

2.  Defendant denies the allegations of Paragraph 9.

3.  Defendant admits the allegations of Paragraphs 10 to 12.

4.  Defendant admits the allegations of Paragraph 13 insofar as it alleges Nautilus provided defense counsel for Defendant. Defendant does not know how much Nautilus paid defense counsel.

5.  Regarding the allegations of Paragraph 14, Defendant is unaware of when Nautilus became aware of "facts regarding the Satterfield claims, allegations of insurance fraud, conspiracy to commit insurance fraud, and allegations of criminal conduct" and therefore denies Nautilus became aware of them "[b]eginning in July 2021." Regarding the further allegations under Paragraph 14:

    a.  Defendant admits the allegations of Paragraph 14(a).

b. Defendant admits the allegations of Paragraph 14(b) insofar as he recommended Cory Fleming as counsel for the Satterfield family.

c. Defendant admits the allegations of Paragraph 14(c) insofar as it alleges Defendant asked Brian Harriott and Tony Satterfield to renounce their respective rights to be personal representative of the estate and asked Chad Westendorf to serve as the personal representative of the estate. Beyond that, Defendant does not recall the mechanics of how the necessary probate forms were filed over five years ago and therefore otherwise denies the allegations.

d. Defendant admits the allegations of Paragraph 14(d) insofar as he was not a bona fide insured seeking coverage because he invented the critical facts giving rise to a purported liability covered by Nautilus's insurance policy, and he acted to assist the Satterfield estate succeed in a claim on those facts, which the representatives of the Satterfield estate believed were true. Defendant does not recall the details of what letterhead appeared on correspondence from five years ago. The allegation that "Fleming and Murdaugh were effectively co-counsel" is not a factual allegation but rather a vague editorial comment requiring no answer; to the extent an answer is required, Defendant does not know what is meant by this statement and therefore denies it.

e. Defendant admits the allegations of Paragraph 14(e).

f. Defendant admits the allegations of Paragraph 14(f) insofar as it alleges Defendant demanded Nautilus pay its full policy limits and that Defendant

      threatened to admit liability at trial. Defendant does not know what is meant by the allegation that he was "abusive toward the Nautilus adjuster" and therefore denies that allegation.

    g.  Defendant admits the allegations of Paragraph 14(g) insofar as it alleges monies paid by Nautilus were deposited into an account Defendant created in the name of "Forge," which Defendant controlled. Defendant denies Cory Fleming or any person at Moss & Kuhn, P.A., had knowledge that the "Forge" account receiving the funds was controlled by Defendant. Defendant admits attorney's fees were deducted from the disbursement but does not recall the exact amount of the fees.

    h.  Defendant denies the allegations of Paragraph 14(h).

6.    Defendant denies the allegations of Paragraph 15. Cory Fleming, Moss & Kuhn, P.A., Chad Westendorf, and Palmetto State Bank did not conspire or collude with Defendant to cause Nautilus to pay a fraudulent claim.

7.    As to the allegations of Paragraph 16, Defendant admits he has been disbarred from the practice of law and that his conduct regarding the Satterfield settlement was one reason for his disbarment. Defendant otherwise is without sufficient knowledge to answer the allegations of Paragraph 16 and therefore denies them.

8.    The allegations of Paragraph 17 are editorial comments requiring no answer. Regarding the further allegations under Paragraph 17:

    a.  Defendant admits the allegations of Paragraphs 17(a) and 17(b). No dogs were involved in the fall of Gloria Satterfield on February 2, 2018. After Ms. Satterfield's death, Defendant invented Ms. Satterfield's purported

      statement that dogs caused her fall to force his insurers to make a settlement payment, and he stated that she was not on the property to perform work.

   b. Defendant admits the allegations of Paragraph 17(c) except that Defendant denies the existence of any conspiracy to improperly cause Nautilus to pay a fraudulent claim.

9. Defendant admits the allegations of Paragraph 18.

10. As to the allegations of Paragraph 19, Defendant admits co-receivers were appointed over his assets in a South Carolina state court proceeding. Nautilus's descriptions of the order appointing the co-receivers are editorial comments or conclusions of law requiring no answer. Defendant lacks knowledge of whether Nautilus obtained the co-receivers' consent to file the present action and therefore denies the same.

11. Responding to Paragraph 20, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

12. Defendant denies the allegations of Paragraph 21. Defendant admits his actions were reprehensible in that he misused vulnerable persons who trusted him. However, it is hyperbole to claim that stealing money from an insurance company is "depravity [] without precedent in Western jurisprudence." Defendant further denies acting in concert with any conspirators for the purpose of causing Nautilus to pay a fraudulent claim.

13. As to the allegations of Paragraph 22, Defendant admits he made false statements to Nautilus. Regarding the further allegations made under Paragraph 22:

   a. Defendant admits the allegations of Paragraphs 22(a) and 22(b).

  b. Defendant did state Ms. Satterfield was not on the property at the time of her fall to perform work for Defendant. He does not recall however why she was there that day over five years ago, and therefore denies the allegations of Paragraph 22(c).

  c. Defendant admits that he told counsel appointed by Nautilus for his defense to disburse settlement funds to the personal representative of the plaintiff estate and its lawyer, but otherwise denies the allegations of Paragraph 22(d). Defendant did not act in concert with any "co-conspirators" for the purpose of causing Nautilus to pay a fraudulent claim. Persons other than Defendant, including Mr. Westendorf and Mr. Fleming, were unaware Defendant converted to his own use money believed to be disbursed to the Satterfield estate.

14. Defendant admits the allegations of Paragraphs 23 and 24 to the extent they allege facts rather than conclusions of law to which no answer is required.

15. Defendant is without sufficient knowledge to answer the allegations in Paragraph 25 and the first Paragraph 26 therefore denies them.

16. Responding to the second Paragraph 26, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

17. Defendant denies the allegations of Paragraphs 27 and 28.

18. Defendant is without sufficient knowledge to answer the allegations in Paragraphs 29 and 30 and therefore denies them.

19. Responding to Paragraph 31, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

20. As to the allegations of Paragraph 32, Defendant admits his conduct was "immoral, unethical, oppressive, and/or offensive to public policy." Defendant expresses no opinion regarding the conduct of other persons referred to as "Co-conspirators."

21. Defendant admits Nautilus suffered damages due to Defendant's wrongful conduct, but otherwise denies the allegations of Paragraph 33 to 35. Defendant was not engaged in "trade practices," lawful or unlawful, because lying about the cause of Ms. Satterfield's fall was not "the conduct of any trade or commerce" under South Carolina Code § 39-5-20. Defendant is unaware of any conduct constituting an unlawful trade practice by any persons referred to as "Co-conspirators" that caused harm to Nautilus.

22. Defendant denies the allegations in Paragraph 36.

23. The Amended Complaint omits Paragraphs 37 to 41.

24. No answer is required to Paragraphs 42 to 50 because they assert a declaratory relief cause of action which the Court has already dismissed.

**FOR A SECOND DEFENSE**

25. Plaintiff has failed to join necessary parties under Rules 12(b)(7) and 19(b) of the Federal Rules of Civil Procedure, specifically Eric Bland; Ronnie Richter; Bland Richter, LLP; Tony Satterfield, individually and in his capacity as the Personal Representative of the Estate of Gloria Satterfield; and Brian Harriott.

26. On information and belief, none of Eric Bland; Ronnie Richter; Bland Richter, LLP; Tony Satterfield, individually and in his capacity as the Personal Representative of the Estate of Gloria Satterfield; or Brian Harriott are citizens of Arizona and so their joinder would not deprive the Court of subject-matter jurisdiction.

27. Eric Bland; Ronnie Richter; Bland Richter, LLP; Tony Satterfield, individually and in his capacity as the Personal Representative of the Estate of Gloria Satterfield; and Brian Harriott have recovered over $7.5 million by means of an action in South Carolina Court of Common Pleas for Hampton County, *Satterfield et al. v. Murdaugh et al.*, Case No. 2021-CP-25-00298, based on allegations that Defendant converted a payment from Nautilus (and a smaller payment from Lloyd's of London) that should have been paid to the Satterfield estate.

28. If Nautilus never should have made any payment to the Satterfield estate and only attempted to do so because it was the victim of fraud, then the parties in possession of a recovery of the money allegedly stolen from Nautilus are necessary parties to an action by Nautilus for recovery of that money because (a) the "court cannot accord complete relief among [the] existing parties" in their absence, and (b) those persons and entities "claim[] an interest relating to the subject of this action" and their absence will "leave [existing parties] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest." *See* Fed. R. Civ. P. 19(a)(1).

[signature block follows]

          s/Phillip D. Barber
          Richard A. Harpootlian, Fed. ID No. 1730
          Phillip D. Barber, Fed. ID No. 12816
          RICHARD A. HARPOOTLIAN, P.A.
          1410 Laurel Street (29201)
          Post Office Box 1090
          Columbia, South Carolina 29202
          (803) 252-4848
          Facsimile (803) 252-4810
          rah@harpootlianlaw.com
          pdb@harpootlianlaw.com

          James M. Griffin, Fed. ID No. 1053
          Margaret N. Fox, Fed. ID No. 10576
          GRIFFIN DAVIS, LLC
          4408 Forest Dr., Suite 300 (29206)
          P.O. Box 999 (29202)
          Columbia, South Carolina
          (803) 744-0800
          jgriffin@griffindavislaw.com
          mfox@griffindavislaw.com

          Attorneys for Richard Alexander Murdaugh

Columbia, South Carolina
May 1, 2023.