**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Nautilus Insurance Company,                )<br>                                                               )<br>                      Plaintiff,            )<br>                                                               )<br>      v.                                                   )<br>                                                               )<br>Richard Alexander Murdaugh, Sr.;      )<br>Cory Fleming; Moss & Kuhn, P.A.;      )<br>Chad Westendorf; and Palmetto State )<br>Bank,                                                    )<br>                                                               )<br>                      Defendants.         )<br>_____  ) | Civil Action No. 2:22-1307-RMG<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Nautilus Insurance Company's ("Nautilus") motion challenging the standing of co-receivers to appear, plead, or respond to discovery. (Dkt. No. 83). Defendant Richard Alexander Murdaugh, Sr. ("Murdaugh") responded in support. (Dkt. No. 89). The co-receivers opposed the motion. (Dkt. No. 91). Plaintiff replied. (Dkt. No. 93).

**I.     Background**

Nautilus is one of Defendant Murdaugh's liability insurance carriers. Nautilus provided defense counsel and liability coverage to Murdaugh related to a wrongful death claim asserted by the Estate of Gloria Satterfield, the Murdaughs' family housekeeper for fatal injuries sustained at the Murdaugh family residence. Defendants Cory Fleming and Moss & Kuhn, P.A. represented the Satterfield Estate and Defendant Chad Westendorf, an officer of Defendant Palmetto State Bank, was the Personal Representative of the Satterfield Estate.

Counsel for co-receivers, appointed to manage and preserve Murdaugh's assets in a state court action, filed a motion to dismiss the amended complaint for lack of personal and subject

1

matter jurisdiction, or in the alternative to remand the case to state court.[1] (Dkt. No. 40). On August 23, 2022, the Court denied the motion to dismiss. (Dkt. No. 77). In its briefing, Nautilus asked the Court to strike Murdaugh's Answer and Motion to Dismiss as not authorized by the receivership order or Murdaugh because those items were filed by counsel for the co-receivers. (Dkt. No. 66 at 2). The Court declined to rule on that issue as it was not properly briefed for the Court's consideration. Nautilus' motion challenging the standing of the co-receivers followed. (Dkt. No. 83). The matter is ripe for the Court's review.

## II. Discussion

Nautilus argues that "the Co-Receivers have no standing to appear, plead, or respond to discovery on behalf of the Defendant Murdaugh in this action." (Dkt. No. 83 at 2). Defendant Murdaugh responded in support. (Dkt. No. 89). Murdaugh argues that the co-receivers may make "appropriate motions as interested parties" but may not act for Murdaugh personally because "Murdaugh is a competent adult not under any conservatorship." (Dkt. No. 89 at 1). The co-receivers oppose the motion. (Dkt. No. 91). They argue that the Court should abstain from reviewing or invalidating the co-receivers' authority because they were authorized by the receivership order. (*Id.* at 1). Alternatively, the co-receivers argue that Nautilus' motion fails because the co-receivers "have standing and acted within the scope of their authority in filing an answer to Plaintiff's complaint." (*Id.* at 2).

---

[1] Nautilus initiated the instant action on April 22, 2022. On November 4, 2021, the Court of Common Pleas for Hampton County, South Carolina entered an order that granted a temporary injunction and appointed co-receivers to take all actions necessary to maintain Murdaugh's assets in the action captioned ("receivership order"), *Renee S. Beach, as Personal Representative for the Estate of Mallory Beach v. Gregory M. Parker, Inc. et al.*, Case No. 2019-CP-25-00111. ("receivership order"). (Dkt. No. 40-1).

As the Court has explained previously, a receivership proceeding is an *in rem* action. *Cohen v. Stewart*, Civil No. WDQ-14-0611, 2014 WL 2574550, at *3 (D. Md. June 5, 2014) (citing *Mills v. Roanoke Indus. Loan & Thrift*, 70 F.R.D. 448, 451 (W.D. Va. 1975)). Judgments in *in rem* actions affect only the property before the court and possess and carry no *in personam* significance. *Id.* at 957 (citing *Pennoyer v. Neff*, 95 U.S. 714, 724 (1877)).

The receivership order granted the co-receivers the authority to:

> (s) institute, prosecute, compromise or defend civil suits and actions at law or equity *related to any Alex Murdaugh Asset* and/or to any Buster Murdaugh Asset *in order to preserve such asset* if such action is economically feasible considering the value of such Subject Asset; . . . (u) take whatever other actions the Co-Receivers determine is incidental to, necessary or appropriate *to protect and preserve Alex Murdaugh Assets* and Buster Murdaugh Assets.

(Dkt. No. 40-1 at 5, 6) (emphasis added).

First, this is an action for declaratory judgment. Nautilus' suit does not create a conflict with the receivership court's order because that order only applies to *in rem* actions concerning the administration of Murdaugh's assets. *See Morris v. Jones*, 329 U.S. 545, 549 (1947) (The "establishment of the existence and amount of a claim against the debtor in no way disturbs the possession of the liquidation court, in no way affects title to the property, and does not necessarily involve a determination of what priority the claim should have."). In any event, "state courts are completely without power to restrain federal-court proceedings in *in personam* actions." *Donovan v. City of Dallas*, 377 U.S. 408, 412-413 (1964).

Second, the Federal Rules of Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." FED. R. CIV. P. 1. Rule 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented." Counsel for the co-

3

receivers is not an attorney of record for Murdaugh. Consequently, she is unauthorized to appear on his behalf.

Thus, the Court finds that the receivership order does not, and cannot, authorize the co-receivers to defend this *in personam* action on behalf of Murdaugh. Accordingly, the Court grants Plaintiff's motion (Dkt. No. 83) and finds that the co-receivers have no standing to appear, plead, or respond to discovery on behalf of Murdaugh in this action.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion is granted. (Dkt. No. 83).

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

May 9, 2023
Charleston, South Carolina

4