**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD ALEXANDER MURDAUGH, SR., CORY FLEMING, MOSS & KUHN, P.A., CHAD WESTENDORF, and PALMETTO STATE BANK,<br><br>Defendants. | Case No.: 2:22-cv-1307-RMG<br><br>**NAUTILUS INSURANCE COMPANY'S *SECOND AMENDED* NOTICE OF 30(B)(6) DEPOSITION OF PALMETTO STATE BANK** |

**TO:   G. TRENHOLM WALKER, ESQ., THOMAS P. GRESSETTE, JR., ESQ., AND JAMES W. CLEMENT, ESQ., COUNSEL FOR DEFENDANT PALMETTO STATE BANK**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the undersigned attorneys for Plaintiff will take the 30(b)(6) deposition of Palmetto State Bank on June 30, 2023, beginning at 10:00 am EDT at Gressette, Walker Linton, LLC, located at 66 Hasell Street, Charleston, South Carolina 29401. This deposition will be taken upon oral examination in accordance with Rule 30 of the Federal Rules of Civil Procedure before a notary public, or some other officer authorized to administer oaths in the State of South Carolina, and will continue from day to day until completed.

The designee(s) of Palmetto State Bank must be knowledgeable about and able to testify regarding the topics contained in "Exhibit A" attached hereto.

**[signature on following page]**

This 13th day of June, 2023
Charleston, South Carolina

/s/ *Jaan Rannik*
EPTING & RANNIK, LLC
Jaan G. Rannik (Fed. ID No. 12621)
Clinton T. Magill (Fed. ID No. 12459)
46A State Street
Charleston, SC 29401
P: (843) 377-1871
F: (843) 377-1310
jgr@epting-law.com
ctm@epting-law.com

COUNSEL FOR NAUTILUS INSURANCE COMPANY

## **EXHIBIT A**

Provide a witness informed, knowledgeable, and competent to discuss the following on behalf of Palmetto State Bank ("the Bank" or "you") with regard to the following topics for the period of 2011 to present:

1. The organizational structure and management hierarchy of the Bank, their geographic locations, their governing rules, and their functions;

2. The Bank's operating agreements, bylaws, and other governing documents, including Bank documents incorporated or referenced therein;

3. The Bank's financial reports, including their frequency, their uses, and their distribution;

4. How customer accounts and information is accessible and accessed by bank employees;

5. The names, functions, and composition of the Bank's various committees;

6. The Bank's policies, processes, and procedures for or relating to:
   a. lending money and issuing loans, including limitations on lending, controls, authorization levels, collateral requirements, and account monitoring;
   b. record keeping and preservation;
   c. internal supervision and management of bank personnel;
   d. supervision, investigation, and/or auditing of the Bank by state and federal regulators and others;
   e. serving in fiduciary roles appointed by a court or otherwise, including as a personal representative and/or conservator;
   f. establishing and/or handling of accounts related to deceased, incapacitated, or minor persons, including estate and conservator accounts;
   g. issuing checks and/or money orders from the Bank;
   h. complying with Anti-Money Laundering and related laws;
   i. conflicts of interest;
   j. Bank and/or other employee relationships with clients;

7. The means, methods, and materials used to train the Bank's employees;

8. The makeup of the Bank's clientele in Hampton County;

9. The Bank's relationship and experiences with Alex Murdaugh, including:
    a. as a client generally;
    b. with regard to any accounts opened at his direction;
    c. instances in which Alex Murdaugh or PMPED performed legal work for or otherwise in any matter involving the Bank and/or any officer or employee of the Bank, whether as counsel, co-counsel, opposing counsel, or otherwise;
    d. matters and/or clients referred to the Bank and/or any officer or employee of the Bank by Alex Murdaugh (directly, through PMPED, or otherwise);
    e. matters and/or clients referred to Alex Murdaugh (directly, through PMPED, or otherwise) by the Bank and/or any officer or employee of the Bank; and/or,
    f. payments made and/or any other funds exchanged between Alex Murdaugh and the Bank and/or any officer or employee of the Bank;

10. The Bank's relationship with Defendant M&K and any lawyer and/or employee of M&K (inclusive of Defendant Fleming), including:
    a. instances in which any of Defendant M&K's lawyers performed legal work for or otherwise in any matter involving the Bank and/or any officer or employee allegedly acting on behalf of the Bank, whether as counsel, co-counsel, opposing counsel, or otherwise;
    b. matters and/or clients referred to Defendant M&K and/or any lawyer or employee of M&K by the Bank (directly, through its officers and/or employees, or otherwise);
    c. matters and/or clients referred to the Bank and/or any officer or employee of the Bank by Defendant M&K (directly, through its lawyers and/or employees, or otherwise); and/or,
    d. payments made and/or any other funds exchanged between Defendant M&K (directly, through its lawyers and/or employees, or otherwise) and the Bank (directly, through its officers and/or employees, or otherwise);

11. The responses and defenses asserted in your Answer to the Amended Complaint;

12. Your knowledge of Nautilus Insurance Company;

13. Your knowledge regarding any wrongful death or survival claim arising out of the death of Gloria Satterfield, whether in Probate Court, Circuit Court, or otherwise ("the Satterfield Actions");

14. Your communications with any of the Defendants to this action regarding any of the Satterfields, the Estate of Gloria Satterfield, the Satterfield Actions, funds demanded or received in relation to any of the Satterfield Actions, Brit Syndicates Ltd./Lloyd's of London and/or Nautilus Insurance Company, court hearings, meetings, or appearances relating to any proposed settlement of a claim arising out of or otherwise relating to the death of Gloria Satterfield;

15. Your knowledge of the facts regarding any other claim(s) or action(s) filed by any person(s) and/or entity(ies) other than Nautilus which involve allegations of a fraud committed and/or a conspiracy entered into between or among you and any of the other Defendants to this action;

16. Any agreements between you and any other Defendants to this action which relate to this action;

17. Your insurance policies and any surety bonds, including with regard to any coverage for general, business, or commercial liability; acts, omissions, and/or other fault of directors, employees, officers, and/or fiduciaries; and any employee fidelity or similar bonds;

18. Your knowledge regarding any officer or employee of the Bank serving as a personal representative, conservator, and/or other court-appointed fiduciary for a non-family member.