

G. Trenholm Walker
Thomas P. Gressette, Jr.
John P. Linton, Jr.
Charles P. Summerall, IV
Jennifer Ivey
James W. Clement

JAMES W. ("JIM") CLEMENT
Direct: 843.727.2224
Email: Clement@WGLFIRM.com

June 15, 2023

**Via Email** (*jgr@epting-law.com*)
Jaan G. Raanik, Esq.
Epting & Rannik, LLC
46A State Street
Charleston, SC 29401

  Re: Objections to the Notice of the Rule 30(b)(6) Deposition of the Bank
    *Nautilus Ins. Co. v. Palmetto State Bank, et al.*
    Civil Action No. 2022-CV-01307-RMG (D.S.C.)
    WGL File No.: 8334-002

Dear Jaan:

I am writing on behalf of Palmetto State Bank, in response to the Second Amended Rule 30(b)(6) Deposition Notice served by your office on June 13, 2023. We have carefully reviewed the notice and have several concerns with and objections to the listed topics.

First and foremost, it is essential to begin with the claims asserted in the Amended Complaint, as they are the starting point of determining the proper scope of the deposition as well as discovery generally in this case. The primary cause of action alleged by Nautilus is a fraud claim against Alex Murdaugh, while the other causes of action include a vague claim of conspiracy and an alleged violation of the South Carolina Unfair Trade Practices Act against all the Defendants. All these claims are based on allegations related to the settlement of wrongful death and survival claims asserted by the Estate of Gloria Satterfield, who was injured on February 2, 2018, and died on February 26, 2018.

The Amended Complaint alleges that only one Defendant, Alex Murdaugh, made false statements to Nautilus. According to the Amended Complaint, the earliest of Mr. Murdaugh's false statements to Nautilus occurred on March 22, 2018, after Ms. Satterfield died. While its Amended Complaint is devoid of any substantive allegations against the Bank, there is an allegation of "a scheme to deceive Nautilus into paying insurance proceeds purportedly to the Satterfield estate." These claims, of course, did not arise, and in fact could not have arisen, prior to February 2, 2018, the date that Ms. Satterfield was injured. Nevertheless, the Deposition Notice seeks testimony on all topics from 2011 to present. Accordingly, PSB objects to all topics on the grounds that the topics are not properly limited in time and, therefore, are overbroad, unduly burdensome, and delve into matters that are not relevant to the claims or defenses of any party and violate the rule of proportionality. We request that the Deposition Notice be amended to narrow the time covered by the topics to February 2, 2018 (the date of the fall) to present.

June 15, 2023
Page 2 of 3

PSB also hereby objects to the following topics listed in the deposition notice:

**Topic No. 4: "How customer accounts and information is accessible and accessed by bank employees."**

It has not been alleged that Bank employees accessed customer accounts or information in connection with the Satterfield claims. In fact, neither the Satterfields nor the Estate were even customers of the Bank. Accordingly, we object on the grounds that Topic No. 4 seeks testimony not relevant to any party's claim or defense and violates the rule of proportionality. We ask that Nautilus amend the deposition notice to remove Topic No. 4 from the list.

**Topic No. 6: "The Bank's policies, processes, and procedures for or relating to [ten categories]," of which we object to the following:**

> (a) lending money and issuing loans, including limitations on lending, controls, authorization levels, collateral requirements, and account monitoring;

> (d) supervision, investigation, and/or auditing of the Bank by state and federal regulators and others;

> (f) establishing and/or handling of accounts related to deceased, incapacitated, or minor persons, including estate and conservator accounts;

> (g) issuing checks and/or money orders from the Bank;

> (h) complying with Anti-Money Laundering and related laws.

No claim or defense of *any* party in this case pertains to these subjects. There are no claims or defenses regarding lending or issuing loans; supervision, investigation, or auditing of the Bank; establishing or handling of accounts at the Bank; the issuance of checks or money orders from the Bank; or compliance with anti-money laundering or related laws. Consequently, the topics set forth in subparts (a), (d), (f), (g), and (h) of Topic No. 6 seek testimony that is not relevant and violates the rule of proportionality. We ask that Nautilus amend the deposition notice to remove these subparts from Topic No. 6.

Further, PSB also requests clarification as to subpart (j) of Topic No. 6, which covers the Bank's policies, processes, and procedures for or relating to:

> (j) Bank and/or other employee relationships with clients[.]

As it stands, PSB objects to subpart (j) of Topic No. 6 on the grounds that it is overbroad, vague, ambiguous, and lacks the reasonable particularity required for the Bank to designate an appropriate representative. Please specify the relationships that subpart (j) is intended to cover so that the Bank can respond, or amend the deposition notice to remove this category from the topics.

June 15, 2023
Page 3 of 3

**Topic No. 7: "The means, methods, and materials used to train the Bank's employees."**

PSB objects on the grounds that Topic No. 7 is overbroad, seeks testimony that is not relevant to any party's claim or defense, violates the rule of proportionality, and lacks the reasonable particularity required for the Bank to designate an appropriate representative. As you would expect, training depends on the position of the employee. Mr. Westendorf, the only Bank employee mentioned in the Amended Complaint, was a loan officer at the Bank during the period he served as personal representative of the Estate of Gloria Satterfield. Accordingly, we request that Nautilus amend Topic No. 7 to address "means, methods, and materials used to train the Bank's employees" as loan officers or as personal representatives.

**Topic No. 15: "Your knowledge of the facts regarding any other claim(s) or action(s) filed by any person(s) and/or entity(ies) other than Nautilus which involve allegations of a fraud committed and/or a conspiracy entered into between or among you and any of the other Defendants to this action[.]"**

PSB objects on the grounds that Topic No. 15 seeks testimony on "facts regarding any other claim(s) or action(s)" that is not relevant to any party's claim or defense in the instant case, violates the rule of proportionality, and lacks the reasonably particularity required for the Bank to designate an appropriate representative. See, e.g., Alvey v. State Farm Fire & Cas. Co., No. 517CV00023TBRLLK, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018) (granting the company's motion for protective order where the deposing party sought testimony on "facts" relating to the case's "allegations, claims, and denials"). Please amend the deposition notice to remove this category from the topics.

**Topic No. 16: "Any agreements between you and any other Defendants to this action which relate to this action."**

PSB objects on the grounds that Topic No. 16 is vague, ambiguous, and lacks the reasonable particularity required for the Bank to designate an appropriate representative. Please provide additional information sufficient for us to identify the agreements about which you seek testimony. Alternatively, please amend the deposition notice to remove this category from the topics.

The deposition is noticed for June 30, 2023. Therefore, we must ask you act promptly to address the objections and requests set forth in this letter. We are generally available for a call this afternoon or tomorrow afternoon. If we do not receive a satisfactory response by Monday, January 19, we will have no choice but to file a motion for a protective order.

Sincerely yours,

*James W. Clement*

James W. Clement

cc:    Andrew K. Epting (ake@epting-law.com)
       Clinton T. Magill (ctm@epting-law.com)