# EPTING & RANNIK

ATTORNEYS AT LAW
ANDREW K. EPTING, JR. · ake@epting-law.com
JAAN G. RANNIK · jgr@epting-law.com
CLINTON T. MAGILL · ctm@epting-law.com

June 19, 2023

**VIA EMAIL**

Thomas P. Gressette, Jr., Esquire
James W. Clement, Esquire
WALKER GRESSETTE LINTON LLC
66 Hasell Street
Charleston, SC 29401
gressette@wglfirm.com
clement@wglfirm.com

> RE:   *Nautilus Insurance Company v. Richard Alexander Murdaugh, Sr., et al.*
>       No. 2:22-cv-1307-RMG

Dear Tom and Jim:

Thank you for the call today. As promised, please find Nautilus' responses to your June 15th letter regarding the topics for the 30(b)(6) deposition on June 30.

## General Objection

PSB has objected to the scope of the topics set forth in the deposition notice served by Nautilus, generally contending they are not proportional to the needs of the case because they concern matters that occurred before the death of Gloria Satterfield and beyond the wrongful death and survival claims asserted by her Estate.

The scope of discovery under our federal rules is broad, and "relevance" must be liberally construed so as to allow parties to discover the information reasonably necessary to afford them a fair opportunity to develop their case. To this end, matter is considered relevant if it relates "to any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). As certain claims are compulsory, a party's inability to discover material illustrating the nature and existence of such a claim would cause it to be lost. Seeking to avoid this unjust outcome, courts give parties substantial latitude in discovery, so long as the requests at issue are proportional to the needs of the case.

T. Gressette, Jr., Esq.
J. Clement, Esq.
June 19, 2023
Page 2 of 4

Here, Nautilus seeks compensatory damages in excess of $3.8mm on the basis of a conspiracy that led to Nautilus contributing to a fraudulent claim, among other causes of action. Nautilus' understanding and legal theories as to this conspiracy continue to be developed as more information is learned through discovery, but it is at least known that Murdaugh was involved in a conspiracy that dated back to 2011 and was broader than the wrongful death claims that precipitated the fraud against Nautilus. Information relating to Murdaugh's actions outside of the narrow bounds prescribed by PSB is relevant and discoverable.

### Topic 4 - Customer Account Information

PSB objects to topic 4, which seeks information about how customer accounts and information is stored and may be accessed by bank personnel, on the basis that it is not relevant to Nautilus' claims (including its conspiracy claim). PSB has denied conspiring with Murdaugh. Russell Laffitte has been convicted of conspiring with Murdaugh since at least 2011, approving loans from, and facilitating the theft of, money from clients held in conservator accounts. To develop its case—including its conspiracy claim—Nautilus seeks to discover the mechanisms by which this was undertaken, including basic information about who has access to what customer data and account information in PSB's systems. This matter is relevant and discoverable.

### Topic 6 – The Bank's Policies and Procedures

PSB has objected to five subsections of topic 6, specifically bank policies regarding:

   a. lending money and issuing loans;
   d. supervision or auditing of the bank by regulators;
   f. handling of accounts of deceased, incapacitated, or minor persons;
   g. issuing checks or money orders;
   h. complying with Anti-Money Laundering and related laws.

PSB contends none of these topics pertains to a "claim or defense of *any* party" (emphasis on original). On the contrary, this case alleges a conspiracy between Murdaugh and PSB. The Bank's relationship and history with Murdaugh is entirely relevant. As it is known that Murdaugh had numerous loans and accounts with PSB, subpart (a) is relevant. As it is known that Murdaugh was consistently in overdraft, which the FDIC considers a red flag, subpart (d) is relevant. As Chad Westendorf was appointed as personal representative for the Estate of Gloria Satterfield, subpart (f) is relevant. As Murdaugh is known to have received the money from illegal loans via PSB checks and/or money orders subpart (g) is relevant.

T. Gressette, Jr., Esq.
J. Clement, Esq.
June 19, 2023
Page 3 of 4

Nautilus withdraws subpart (h) regarding anti-money laundering laws.

PSB inquired as to which relationships subpart (j) is intended to cover, which seeks policies regarding the bank's and its employees' relationships with clients. The relationships intended to be covered are the bank's or its employees' business relationships with customers of the bank.

### Topic 7 – Training of Bank Personnel

PSB objects that this topic is (i) overbroad, (ii) irrelevant to any claim or defense in the case, and (iii) insufficiently specific, as there are many types of employees at the bank with different training materials and regimens. Accordingly, PSB requests Nautilus narrow this topic to the "means, methods, and materials used to train the Bank's employees as loan officers or as personal representatives."

Nautilus seeks general information regarding the training of the bank's tellers, loan officers, committee members, and executives and cannot limit this topic in the way PSB requests. As to parts (i) and (ii), whether PSB' employees acted outside of the way they were trained with respect to Murdaugh is relevant and discoverable.

### Topic 15 – Other Fraud Claims Against the Bank

Topic 15 seeks information regarding any other instances in which PSB has been sued for fraud or conspiracy. PSB objects on the basis that learning the facts of each of these cases would be unduly burdensome and the facts of other cases are not relevant to this case. Nautilus does not intend to inquire in great depth about the particular facts and circumstances in such cases; rather, Nautilus seeks a witness able to identify such cases, generally describe the allegations against the Bank, and testify as to the resolution.

### Topic 16 -  Agreements with Other Defendants

PSB objects to this topic, which seeks information regarding any agreements PSB has entered into with Alex Murdaugh, Cory Fleming, Moss & Kuhn, or Chad Westendorf, on the basis that the request is vague and ambiguous. Nautilus disagrees. However, Nautilus will revise the topic to read: "Any agreements between you and any other Defendant to this action."

### Conclusion

We do not anticipate that this will be a long deposition, and we think the topics are proper and within the broad scope of discoverable information. To the extent PSB disagrees, it may of course move for a protective order, and Nautilus would request this is done

T. Gressette, Jr., Esq.
J. Clement, Esq.
June 19, 2023
Page 4 of 4

promptly so as not to delay the deposition. In the alternative, PSB could be instructed not to answer questions to the extent you believe they go beyond the permissible scope.

If you would like to discuss any of these items further, please do not hesitate to call.

With kindest regards,

EPTING & RANNIK

Jaan G. Rannik

Cc:   G. Trenholm Walker, Esquire