# EXHIBIT 2

# PSB'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

Claim: N900010096368

| Info | | Details |
|---|---|---|
| **Author** | **Amy Coryer-Miller** | Mar 26, 2019<br>1:22 PM |
| **Topic** | **Legal/Litigation** | Coverage counsel states that our signature is not needed or appropriate on mediation settlement agreement |
| **Related To** | **Claim** | I received an e-mail from coverage counsel stating that neither our signature nor Phelps Dunbar's signature are appropriate or needed for the mediation settlement agreement.  He communicated the same to the group. |
| **Author** | **Amy Coryer-Miller** | Mar 26, 2019<br>9:39 AM |
| **Topic** | **Legal/Litigation** | Received Estate's signature on mediator's settlement agreement |
| **Related To** | **Claim** | I received an e-mail from defense counsel with the Estate's counsel's signature on the mediator's settlement agreement. I forwarded it to coverage counsel. |
| **Author** | **Amy Coryer-Miller** | Mar 25, 2019<br>3:09 PM |
| **Topic** | **Negotiation** | Accepted mediator's proposal of $3.8 million |
| **Related To** | **Claim** | It was decided that we would accept the mediator's proposal of $3.8 million.  I attempted to call the mediator, Jon Austen, on his cell of 843-870-0123 and he did not answer.  HIs cell indicated no voice mail is set up.  I called defense counsel and left him a voice mail message.  He returned my call right away.  I informed him of our decision.  He will notify the mediator, the Estate's attorney and the policyholder.  I notified |

Claim: N900010096368

| Info | | Details |
|---|---|---|
| | | Marsi Kearns of Ringler as the Estate's attorney had indicated to her at mediation that he will likely need to structure a portion of the settlement for the decedent's special needs son in order to get court approval of any settlement. I notified coverage counsel that the mediator's proposal was accepted. |
| **Author** | **Kimberly Levensky** | Mar 25, 2019 2:45 PM |
| **Topic** | **Supervisor** | Authorized acceptance of Mediator's Proposal |
| **Related To** | **Claim** | Advised examiner ok to accept Mediator's Proposal. |
| **Author** | **Amy Coryer-Miller** | Mar 25, 2019 1:55 PM |
| **Topic** | **Legal/Litigation** | Secured extension through 2:00 p.m. Arizona time (5:00 p.m. EST) to respond to $3.8 million mediator's proposal |
| **Related To** | **Claim** | Extension secured through 2:00 p.m. Arizona time (5:00 p.m. EST) to respond to the mediator's proposal. |
| **Author** | **Amy Coryer-Miller** | Mar 25, 2019 9:25 AM |
| **Topic** | **Legal/Litigation** | Mediator states intent for the $3.8 million mediator's proposal was that Nautilus pay $3.8 million |
| **Related To** | **Claim** | I received an e-mail from defense counsel stating that he spoke to Lloyds' counsel and the mediator. They both confirmed that the mediator's intent |

Claim: N900010096368

| Info | | Details |
|---|---|---|
| | | loss.  He maintains that she was at his house to pick up a check that his father left for the decedent for work she did for his father. |
| **Author** | **Amy Coryer-Miller** | **Mar 20, 2019** |
| **Topic** | **Sensitive** | **5:42 PM** |
| **Related To** | **Claim** | Forwarded defense counsel's mediation statement to coverage counsel |
| | | I tried calling coverage counsel, but the office is already closed.  I forwarded defense counsel's mediation statement to coverage counsel.  In this statement, defense counsel states that the decedent was working at the hunting cabin on the date of loss.  I was going to address this at the mediation, but decided to alert coverage counsel now.  We were told that Ms. Satterfield had come to the Murdaugh home to pick up a check from Murdaugh's father for work that she had done for his father.  I asked how we should address the possibility that the decedent was working for Murdaugh on the date of loss. |
| **Author** | **Amy Coryer-Miller** | **Mar 19, 2019** |
| **Topic** | **Sensitive** | **7:40 AM** |
| **Related To** | **Claim** | Received defense counsel's mediation statement |
| | | I received a copy of an e-mail that defense counsel sent to the mediator with his confidential mediation statement. |
| **Author** | **Amy Coryer-Miller** | **Mar 18, 2019** |
| **Topic** | **Sensitive** | **4:54 PM** |
| | | Roundtable for discussion of settlement authority |

Claim: N900010096368

| Info | | Details |
|---|---|---|
| **Related To** | Claim | I participated in a roundtable to discuss settlement authority for the upcoming mediation. I have $2 million in authority, but will not offer in excess of $1 million unless there is an indication that we can resolve the claim at $2 million or less. The IBNR reserve will be addressed. |
| **Author** | Amy Coryer-Miller | Mar 18, 2019 2:48 PM |
| **Topic** | Sensitive | |
| **Related To** | Claim | Surveillance on 3/16/18<br><br>I received a report from the investigator. Surveillance on Saturday, 3/16/18, was conducted and video was obtained of multiple male subjects. At about 8:00 a.m., one male exited the residence with a golf bag and golf shoes and left the residence with another male. At 10:00 a.m., Michael Satterfield emptied trash and returned to the residence. He then left the residence and returned 3 hours later. The investigator wanted to know if I knew Brian's date of birth. I replied stating I don't. I asked him to send me still photographs of the men observed. |
| **Author** | Amy Coryer-Miller | Mar 18, 2019 11:38 AM |
| **Topic** | Sensitive | |
| **Related To** | Claim | Received and reviewed coverage counsel's updated coverage analysis and draft Mediation Position Paper<br><br>I received an updated coverage analysis from coverage counsel with a draft coverage Mediation Position Paper. The position paper addressed **REDAC** |

Claim: N900010096368

| Info | | Details |
|---|---|---|
| | | the reports and the invoice to the Lloyd's adjuster and requested reimbursement for 50% of the invoice, which is $379.52. |
| **Author** | **Mark Nestor** | **Apr 5, 2018 3:21 PM** |
| **Topic** | **Message** | Unusual circumstances may need SIU involvement |
| **Related To** | **Claim** | To Amy Coryer Miller: Hi, Mark. |
| | | Could you take a look at the claim notes and see if you have any ideas about how we can investigate this for purposes of SIU? |
| | | The Lloyd's adjuster and I believe this claim is very questionable.  The law firm representing the Estate is the policyholder's former law firm.  It is very rare that a partner of a law firm would represent a client adverse to a former partner.  He also said that he pulled an obituary for Ms. Satterfield that indicated the policyholder is a relative of Ms. Satterfield.  This is contrary to what the policyholder told him.  If the policyholder is a potential heir to the Estate, that would raise concerns.  We also have to question the policyholder's claim that Ms. Satterfield regained consciousness for a moment just long enough to tell the policyholder that one of his dogs jumped on her and knocked her over.  This appears to be extremely convenient.  He also states that the policyholder is adamant about accepting liability and is seeking an acknowledgement that the case |

Claim: N900010096368

| Info | | Details |
|---|---|---|
| Author | **Amy Coryer-Miller** | Mar 22, 2018 4:01 PM |
| Topic | **Sensitive** | SIU Referral |
| Related To | **Claim** | I referred the claim to SIU hoping Mark might have some ideas about how we can investigate the questionable aspects of this claim. |
| Author | **Amy Coryer-Miller** | Mar 22, 2018 3:52 PM |
| Topic | **Sensitive** | Questionable |
| Related To | **Claim** | The Lloyd's adjuster believes this claim is very questionable and "fishy."  He said the law firm representing the Estate is the policyholder's former law firm.  He said it is very rare that a partner of a law firm would represent a client adverse to a former partner.  He also said that he pulled an obituary for Ms. Satterfield that indicated the policyholder is a relative of Ms. Satterfield.  This is contrary to what the policyholder told him. The Lloyd's adjuster also questions whether Ms. Satterfield regained consciousness for a moment just long enough to tell the policyholder that one his dogs jumped on her and knocked her over.  He also states that the policyholder is adamant about accepting liability and is seeking an acknowledgement that the case is worth policy limit |
| Author | **Amy Coryer-Miller** | Mar 22, 2018 3:51 PM |
| Topic | **Investigation** | |