UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>RICHARD ALEXANDER MURDAUGH, SR., CORY FLEMING, MOSS & KUHN, P.A., CHAD WESTENDORF, and PALMETTO STATE BANK,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-1307-RMG<br><br>**PLAINTIFF'S MOTION TO AMEND PLEADING** |

Plaintiff Nautilus Insurance Company ("Nautilus") moves this Court pursuant to Rule 15(a)(2) for leave to amend its pleading. This motion is filed within the deadline set forth in the Third Amended Scheduling Order [ECF No. 112].

**I.     Legal Standard**

Rule 15 provides that, after the time to amend as of right has expired, a party may amend its pleading only with the other parties' written consent[1] or with leave of court, and that leave should be freely given when justice requires. Rule 15, Fed. R. Civ. P. Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). As stated by the United States Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility

---

[1] Nautilus sought consent of Defendants to amend its pleading prior to filing this motion, but consent was not forthcoming.

1

> of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  Further:

> Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

The type of prejudice envisioned in the context of a motion to amend is the lack of opportunity of a party to prepare a defense to the new matters raised in the amended pleading. *See Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006) ("Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.  An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." (internal quotations omitted));  *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) ("It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.").

Leave to amend may be denied as futile only "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

**II.**     **Background**

Nautilus filed this action on April 22, 2022 [ECF No. 1] seeking a declaration of the

rights of Nautilus and Mr. Murdaugh.  On May 11, 2022, Nautilus amended its pleading as of right, adding claims of fraud, conspiracy, and unfair trade practices in addition to a request for a declaration of the parties' rights.  ECF No. 8.

An initial conference and scheduling order was entered on July 1, 2022 [ECF No. 42], which was subsequently amended three times, on August 1, 2022 [ECF No. 73], December 22, 2022 [ECF No. 98], and April 20, 2023 [ECF No. 112].  The current scheduling order [ECF No. 112] provides that motions for leave to amend the pleadings must be filed on or before July 28, 2023, provides for discovery through November 28, 2023, and establishes a trial-not-before date of April 1, 2024.  Written discovery is underway, and three depositions have been convened by Nautilus.

### III.    Proposed Second Amended Pleading

Nautilus' proposed amendment is attached as **Exh. A** (clean) and **Exh. B** (in redline)[2] and reflects new causes of action based upon information learned since the Amended Complaint [ECF No. 8] was filed.  The amendment would not prejudice any Defendant.  The new claims relate to the same transaction or occurrence as the existing claims and rely on much the same evidence.  As discovery does not conclude until the end of November, 2023, all parties will have ample time to perform discovery and prepare their defenses to the new claims, and so no party will be prejudiced by the amendment.

Finally, the claims are supported by evidence discovered in this action, and the proposed amendment is not futile, let alone "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)

---

[2] Nautilus does not attach the exhibits to this proposed second amended pleading as they are the same as what was attached to Nautilus' current pleading.

## IV. Conclusion

Accordingly, Nautilus respectfully requests that its Motion to Amend be granted.

**Respectfully submitted:**

This 28th day of July 2023
Charleston, South Carolina.

/s/ *Jaan Rannik*
EPTING & RANNIK, LLC
Jaan G. Rannik (Fed I.D. No. 12621)
Clinton T. Magill (Fed I.D. No. 12459)
46A State Street
Charleston, SC 29401
P: (843) 377-1871
F: (843) 377-1310
jgr@epting-law.com
ctm@epting-law.com

COUNSEL FOR PLAINTIFF NAUTILUS INSURANCE COMPANY