# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Richard Alexander Murdaugh, Sr.; Cory Fleming, Moss & Kuhn, P.A.; Chad Westendorf; *and* Palmetto State Bank,<br><br>Defendants. | C/A No.: 2:22-cv-1307-RMG<br><br><br>Michael "Tony" Satterfield and Brian Harriott's Limited Appearance to Disavow Interest |

Third Parties Michael "Tony" Satterfield and Brian Harriott (the "Satterfields") hereby make a **limited** appearance in this action by and through their undersigned counsel to make clear that they do not (and have not) claimed any interest in this litigation. The Satterfields have been made aware that Defendant Richard Alexander Murdaugh, Sr. ("Murdaugh"), has moved this Honorable Court pursuant to Rules 12(b)(7), 12(c) and/or 19(a), FRCP to have the Satterfields declared as necessary and indispensable parties so as to necessitate their addition as parties to this action, or alternatively to obtain a dismissal of the action in their absence (the "Motion"). Central to Murdaugh's Motion is the false assertion that the Satterfields "claim an interest relating to the subject matter of [this] action." Motion, p. 7. Respectfully, Murdaugh fundamentally misconstrues the difference between "having" an interest (which the Satterfields would also debate) and "claiming" an interest in this litigation.

Under Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss a suit for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Federal Rule of Civil Procedure 19 sets out a two-step inquiry for courts to determine whether a party is "necessary" and "indispensable" to the litigation. *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 950 (4th Cir.

1

*2020)*. The first question under Rule 19(a) is "whether a party is necessary to a proceeding because of its relationship to the matter under consideration." *Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433 (4th Cir. 2014)* (citing *Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917 (4th Cir. 1999)*). Second, "[i]f the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc., 210 F.3d 246, 249 (4th Cir. 2000)*. In other words, "if the party is necessary but joining it to the action would destroy complete diversity, the court must decide under Rule 19(b) 'whether the proceeding can continue in that party's absence.'" *Hanna, 750 F.3d at 433* (quoting *Teamsters, 173 F.3d at 917*). "Neither prong of Rule 19 is to be applied merely as a 'procedural formula.'" *McKiver, 980 F.3d at 951* (quoting *Hanna, 750 F.3d at 433*). Instead, the "[d]ecisions must be made pragmatically, in the context of the substance of each case, and courts must take into account the possible prejudice to all parties, including those not before it." *Hanna, 750 F.3d at 433* (internal citations omitted). The moving party has the burden of showing that the absent party is necessary under Rule 19. *Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005)*.

The first step in the inquiry is determining whether the Satterfields are "necessary" parties under Rule 19(a). *McKiver, 980 F.3d at 950.* According to Rule 19(a), a party is necessary if (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) ***that person claims an interest relating to the subject of an action*** and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1).  Emphasis Added.

2

In this case, Murdaugh claims that the Satterfields are necessary parties under Rule 19(a)(1)(B) because they "claim" an interest in the litigation. Despite Murdaugh's naked assertion, however, he fails to demonstrate that the Satterfields "*claim* an interest relating to the subject" of this action. See Fed. R. Civ. P. 19(a)(1)(B)." As an initial matter, it appears that Defendant Murdaugh misunderstand[s] Rule 19(a)(1)(B) to require joinder if [the absent party] has an *interest* in the subject of this case, not if [the nonparty] *claims* one, as the plain language of the rule makes clear." *SS Richmond LLC v. Harrison, No. 3:22CV405, 2023 U.S. Dist. LEXIS 20016, 2023 WL 1469997, at \*3 (E.D. Va. Jan. 9, 2023)* (quoting *Polanco v. Hsbc Bank United States Nat'l Ass'n, No. 3:17-CV-00466, 2019 U.S. Dist. LEXIS 217949, 2019 WL 6999699, at \*1 (W.D.N.C. Dec. 19, 2019)* (emphases added)). Many courts in the Fourth Circuit have held that where the absent party has not affirmatively claimed an interest, Rule 19(a)(1)(B) does not apply. *See, e.g.*, *SS Richmond LLC, 2023 U.S. Dist. LEXIS 20016, 2023 WL 1469997, at \*3* (refusing to address the merits of Rule 19(a)(1)(B) where the nonparty did not claim an interest in the action); *Polanco, 2019 U.S. Dist. LEXIS 217949, 2019 WL 6999699, at* \*1 (finding joinder inappropriate when the nonparty has not explicitly requested to join the case); *Philips Med. Sys., Nederland, B.V. v. TEC Holdings, Inc., No. 3:19-CV-373, 2020 U.S. Dist. LEXIS 114882, 2020 WL 3511601,* at \*3 *(W.D.N.C. June 29, 2020)* (listing the absence of a nonparty's request to join the litigation as a reason to deny the motion to dismiss).

To be clear, the Satterfields have not "claim[ed] an interest relating to the subject of the action." See Fed. R. Civ. P. 19(a)(1)(B). Rather, it is the **Defendant Murdaugh** that has tried to claim that their interests are at stake - not the Satterfields. *McKiver v. Murphy-Brown, LLC, 980 F.3d 937, 951 (4th Cir. 2020)* ("Appellant insists that Kinlaw Farms needed to be made a party to this suit in order to protect its own interests. Yet Kinlaw Farms did not seek to join the suit or

3

otherwise 'claim[ ] an interest relating to the subject of the action' before the district court, and Appellate did not assert a claim against Kinlaw Farms to bring the grower into the suit.") (citation omitted); *Am. Gen. Life & Acc. Ins. Co., 429 F.3d at 93* (affirming district court holding that a third party "had not claimed an interest in the federal action, and therefore, joinder was not required under Rule 19(a)"); *Perkins v. Bennett, No. 7:14-cv-1057, 2015 U.S. Dist. LEXIS 36405, 2015 WL 1313247, at \*6-7 (D.S.C. Mar. 24, 2015)* (noting that "[t]he defendants have provided no indication that the absent parties have actually claimed any interest in this action," and holding that "[t]he absent parties' failure to actually claim an interest is sufficient grounds to deny the motion under Rule 19). Defendant has not, for instance, introduced an affidavit from either party attesting to their interest relating to the subject of the action. *See Gunvor SA v. Kayablian, 948 F.3d 214, 220 (4th Cir. 2020)* (defendant CEO of third-party corporation submitted affidavit on behalf of corporation asserting before the court an interest in the contracts at issue in the action).

     Even if Murdaugh takes the position that the Satterfields played a central role in related underlying matters, it does not substitute for the requirement that they claim an interest here. The Fourth Circuit has cautioned that a central role is often not enough, writing that "[e]ven if an absent party is alleged to have played a central role in the action at issue, and even if resolution of the action will require the court to evaluate the absent party's conduct," "in many cases," that will not be enough under Rule 19 (a)(1)(B)(i). *McKiver, 980 F.3d at 952* (cleaned up; internal quotation marks and citation omitted). The "interest in question should be more than a financial stake, and more than speculation about a future event." *Id.* To further emphasize the point, even if it could be argued that the Satterfields are akin to joint tortfeasors (and they are not), "it has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7, 111 S. Ct. 315, 112 L. Ed. 2d 263*

4

(1990) (citing *Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 329-30, 75 S. Ct. 865, 99 L. Ed. 1122 (1955)*). *See, e.g., Sky Cable, LLC v. Coley, No. 5:11-cv-48, 2012 U.S. Dist. LEXIS 40119, 2012 WL 1016112, at *9 (W.D. Va. Mar. 23, 2012)* (Urbanski, J.) ("It may well be that East Coast Cablevision, LLC is a joint tortfeasor in this action. But it is well settled that Rule 19 does not require the mandatory joinder of joint tortfeasors and coconspirators."); *Amari v. Griffin, 339 F.R.D. 91, 95-96 (W.D. Va. 2021)* (collecting authorities and holding that "under the parties' differing theories and allegations, Pollack may be a joint tortfeasor, but this status does not make him a 'necessary' party to this action under Rule 19").

The Satterfields claim no interest in this litigation, the Defendant's desire that they do so notwithstanding. In fact, the Satterfields are at a loss in understanding what theorical interest of theirs that they could claim. Their disputes with Murdaugh have been litigated to conclusion in the form of a Confession of Judgment from Murdaugh in favor of the Satterfields in the amount of $4,300,000.00.[1] The Satterfields are not necessary and/or indispensable parties as defined by Rule 19 and the caselaw interpreting the Rule.

| | |
|---|---|
| Lexington, South Carolina<br>August 3, 2023 | BLAND RICHTER, LLP<br>**Attorneys for Michael "Tony" Satterfield and Brian Harriott**<br><br>*s/Ronald L. Richter, Jr.*<br>Ronald L. Richter, Jr. (Federal Bar No. 6264)<br>*s/Scott M. Mongillo*<br>Scott M. Mongillo (Federal Bar No. 7436)<br>Peoples Building<br>18 Broad Street, Mezzanine<br>Charleston, South Carolina 29401<br>T: 843.573.9900 \| F: 843.573.0200<br>ronnie@blandrichter.com<br>scott@blandrichter.com |

---

[1] Pending in the South Carolina Court of Common Pleas is Murdaugh's Motion for Relief from Judgment under Rule 60 in which Murdaugh is attempting to claw back the judgment he confessed to the Satterfields.

*s/ Eric S. Bland*
Eric S. Bland (Federal Bar No. 5472)
105 West Main Street, Suite D
Lexington, South Carolina 29072
T: 803.256.9664 | F: 803.256.3056
ericbland@blandrichter.com

6