UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD ALEXANDER MURDAUGH, SR., CORY FLEMING, MOSS & KUHN, P.A., CHAD WESTENDORF, and PALMETTO STATE BANK,<br><br>Defendants. | C/A No.: 2:22-cv-1307-RMG<br><br>NAUTILUS INSURANCE COMPANY'S RESPONSE TO PALMETTO STATE BANK'S MOTION TO FILE UNDER SEAL |

Nautilus Insurance Company ("Nautilus") responds to the Motion to File Under Seal [ECF No. 130] filed by Palmetto State Bank ("PSB") as follows. Nautilus believes redacted versions of the documents in question will suffice to protect confidentiality, as discussed below.

**I.     Background**

The documents in question come from the file of Phelps Dunbar, Nautilus' coverage counsel, produced to PSB on July 7[1] pursuant to PSB's subpoena dated June 1. The materials were first provided to Nautilus by Phelps Dunbar on July 5 so Nautilus could review for privilege and designate any materials as "confidential" subject to the Confidentiality Order entered December 16, 2022 [ECF No. 97]. Given the short window Nautilus was afforded to review the materials and the volume of material provided, counsel for Nautilus suggested that the simplest way to resolve any issues would be for Nautilus to make *all* of the Phelps materials available for PSB's counsel to review so it could determine which documents it considered relevant, and thus streamline any dispute over privilege or confidentiality by narrowing the documents in question. **Exh. 1** (Epting email). Nautilus' counsel wrote:

---

[1] All dates herein are in the year 2023, unless otherwise noted.

1

> To effectuate a speedy resolution of the privileged documents, Nautilus is willing to provide all documents enumerated within the privilege log for an in-camera/counsel eyes only review, subject to an agreement unique to this set of documents. Under the terms of such an agreement, the documents could be used within the confines of this litigation, should it ultimately be determined they are relevant and not privileged.

*Id.* The following week, Nautilus' counsel sent a second letter on the subject and proposed the following:

- All documents not produced via Dropbox on Friday, July 14 [*sic*]will be provided for your *in camera* review.
- You should identify the document(s) you want to put in issue.
- As to these documents we will mark them as confidential or as privileged.
- As to these documents their use will be limited to this litigation and will not be shared with other parties unless they agree to the terms of the confidentiality agreement I will draft.
- In this fashion there should be no fight over what we can agree to and we reserve the right to claim privilege over a limited set of documents.
- We acknowledge that your argument for relevance has merit as does Nautilus' desire to protect its internal discussions, discussions with counsel, and decision-making concerning the "gap" issues.

**Exh. 2** (Epting July 12 letter). This was the same procedure Nautilus had suggested for narrowing the dispute about PSB's meeting minutes, which PSB rejected. *See* ECF No. 122 at 4.

## II.      Motion to File Under Seal

No response to Nautilus' proposal regarding the Phelps materials was received; rather, Nautilus received notice of PSB's Motion to File Under Seal [ECF No. 130] and Motion for Summary Judgment [ECF No. 131] filed on the afternoon of Friday, July 21. Nautilus recognizes that PSB acted in a manner to provide maximum protection to the documents in

2

question, but in doing so, PSB neglected to confer with Nautilus prior to filing.

Nautilus informed PSB of this oversight by email of July 21. **Exh. 3** (Rannik email), and the parties conferred about this issue specifically and about the Phelps materials generally on the morning of Tuesday, July 25. Nautilus understands PSB's position to be that the privilege as to all Phelps materials[2] had been waived and that a review would serve no useful purpose.

Having not obtained an agreement from PSB, Nautilus' counsel undertook a comprehensive review and provided revised confidentiality designations and certification on August 2.

### III. Confidentiality and Privilege Concerns

At the very outset of this litigation, Nautilus decided to assert attorney-client privilege as to a single issue. Nautilus wishes to explain that issue to the Court.

REDACTED

---

[2] Based on Nautilus' counsel interpretation during a telephonic meet and confer on July 25.

REDACTED

IV. **Documents Filed Under Seal by PSB**

PSB moved to file two documents under seal, combined as PSB's exhibit 3 to its Motion for Summary Judgment (ECF No. 131-3). The documents were marked confidential for reasons unrelated to the purpose for which PSB cites them. Accordingly, rather than sealing the documents, Nautilus attaches proposed redacted versions of those documents that address the confidentiality concerns. As to the first, the concern is of revealing sensitive medical information regarding Ms. Satterfield. The concern regarding the second document relates to R REDACTED.

V. **Conclusion**

Nautilus' proposal to have PSB identify what it viewed as relevant was an effort to minimize marking numerous duplicates, copies, and REDACTED, medical records and their contents, as confidential or privileged,[3] and then discuss the confidentiality concerns of any particular documents. As to the documents in question, Nautilus asks this Court consider its proposed redactions (**Exhs. 4**, **5**) in lieu of sealing the exhibits in their entirety.

**[signature on following page]**

---

[3] As Mr. Murdaugh has previously asserted, then waived, then reasserted privilege in this matter, Nautilus errs on the side of caution when confronting these issues.

|  | **Respectfully submitted:** |
|---|---|
| This 4th day of August, 2023<br>Charleston, South Carolina | */s/ Jaan Rannik*<br>EPTING & RANNIK, LLC<br>Jaan G. Rannik (Fed. ID No. 12621)<br>Clinton T. Magill (Fed. ID No. 12459)<br>46A State Street<br>Charleston, SC 29401<br>P: (843) 377-1871<br>F: (843) 377-1310<br>jgr@epting-law.com<br>ctm@epting-law.com<br><br>COUNSEL FOR NAUTILUS INSURANCE COMPANY |