# EPTING & RANNIK

ATTORNEYS AT LAW
ANDREW K. EPTING, JR. · AKE@EPTING-LAW.COM
JAAN G. RANNIK · JGR@EPTING-LAW.COM
CLINTON T. MAGILL · CTM@EPTING-LAW.COM

July 12, 2023

**VIA EMAIL**

Thomas P. Gressette, Jr., Esquire
WALKER, GRESSETTE & LINTON, LLC
66 Hasell Street
Charleston, SC 29401
Gressette@wglfirm.com

James W. Clement, Esquire
WALKER, GRESSETTE & LINTON, LLC
66 Hasell Street
Charleston, SC 29401
Clement@wglfirm.com

      RE:    *Nautilus Insurance Company v. Murdaugh, et al.*
                No. 2:22-cv-1307-RMG

Dear Tom:

Before drafting a document concerning the Phelps Dunbar subpoena production, I want to sketch the essential substance.

- This firm was provided the Phelps Dunbar Nautilus files to assert claims of privilege and/or confidentiality.
- Phelps Dunbar provided its own privilege log, attached, setting forth seven documents, five of which are their bills. We did not receive these documents but will request them. The other two documents were produced as part of our privilege log. Phelps Dunbar redacted two documents because they concern matters unrelated to Murdaugh and its role as Nautilus' coverage counsel. See Bates labels PHELPS 1017-1018 and PHELPS 945. Unless you advise otherwise I consider this a non-issue.
- Nautilus produced 178 documents without asserting privilege and logged 83 documents that relate to Nautilus' claims of privilege or confidentiality. It is this group of documents that Nautilus seeks agreement beyond the court approved confidentiality. I propose the following terms:

Thomas P. Gressette, Jr., Esquire
WALKER, GRESSETTE & LINTON, LLC

James W. Clement, Esquire
WALKER, GRESSETTE & LINTON, LLC
July 12, 2023
Page 2 of 2

- ❖ All documents not produced via Dropbox on Friday, July 14 will be provided for your *in camera* review.
- ❖ You should identify the document(s) you want to put in issue.
- ❖ As to these documents we will mark them as confidential or as privileged.
- ❖ As to these documents their use will be limited to this litigation and will not be shared with other parties unless they agree to the terms of the confidentiality agreement I will draft.
- ❖ In this fashion there should be no fight over what we can agree to and we reserve the right to claim privilege over a limited set of documents.
- ❖ We acknowledge that your argument for relevance has merit as does Nautilus' desire to protect its internal discussions, discussions with counsel, and decision-making concerning the "gap" issues.

I am mindful that document production is more difficult in the context of the "Murdaugh Sagas" and it is why we offered these terms regarding the bank's committee meeting minutes. What we would likely want/need would be a fraction of the whole. If what I outline is acceptable, I am prepared to give you access to the withheld set pending a final agreement with any dispute resolved by the judge. On a separate note, Jaan's paternity leave has me at a disadvantage on our production. I will follow-up today with an accounting of our miscellaneous production.

If this is a satisfactory way to proceed an email will suffice and I will turn a proposed agreement around in 24 hours. My client has agreed to this approach.

With kind regards,

EPTING & RANNIK

*Drew*

Andrew K. Epting, Jr., Esquire
AKEjr/rhm
Enclosure