UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, <br><br> Plaintiff, <br> v. <br><br> Richard Alexander Murdaugh, Sr.; Cory Fleming, Moss & Kuhn, P.A.; Chad Westendorf; *and* Palmetto State Bank, <br><br> Defendants. | C/A No.: 2:22-cv-1307-RMG <br><br> **REPLY TO NON-PARTIES' SATTERFIELD AND HARRIOTT'S LIMITED APPEARANCE TO DISAVOW INTEREST** |

Defendant Richard Alexander Murdaugh, Sr., through undersigned counsel, hereby replies to non-parties Michael "Tony" Satterfield and Brian Harriott's (the "Satterfield Parties") response in opposition to Mr. Murdaugh's Motion to Compel Joinder or to Dismiss for Failure to Join Necessary Parties (ECF No. 133), styled as a "Limited Appearance to Disavow Interest" (ECF No. 138).

The Satterfield Parties claim an interest in the subject matter of this litigation because they have sued Mr. Murdaugh for the same $3.8 million for which Plaintiff Nautilus Insurance Company sues. The Satterfield Parties have brought an action saying the $3.8 million was rightly owed to them but stolen by Mr. Murdaugh when he intercepted the payment from Nautilus and converted it for his personal use. Nautilus claims the $3.8 million was stolen by Mr. Murdaugh from Nautilus when he fraudulently caused Nautilus to pay a fictious claim, which never should have been paid to the Satterfield Parties or anyone else. The Satterfield Parties' complaint seeking to recover the same money Nautilus seeks to recover here, and their assertion of the judgment in their favor on that complaint—most recently asserted earlier this week when they successfully opposed a motion to set it aside—is their assertion of an interest in the subject-matter of this

litigation. It is impossible even to imagine how a judgment in Nautilus's favor for $3.8 million because Mr. Murdaugh tricked Nautilus into cutting a check for $3.8 million would not be a "double, multiple, or otherwise inconsistent obligation[]" with the judgment for $3.8 million against Mr. Murdaugh for not delivering that very same $3.8 million to the Satterfield Parties. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

Because that is impossible to explain, the Satterfield Parties do not even try. Making a "Limited Appearance" in this case merely to say "no we don't" when they obviously do is irrelevant and adds nothing to the Court's consideration of the issue raised in the motion—that a judgment for Nautilus would impose a double obligation on Mr. Murdaugh because the Satterfield Parties already have a judgment for the same theft. The issue before the Court is one of substance, not attorney *ipse dixit*.

Instead of engaging this issue substantively, the Satterfield Parties' attorneys have consistently engaged in unlawyerly ad hominem attacks on Mr. Murdaugh's counsel and inflammatory extrajudicial statements, openly flouting the Rules of Professional Conduct, as bluster to intimidate and as a smokescreen to obscure the fundamental lack of justice in their clients' cause—yes, the Satterfield Parties are victims who were cruelly abused by a man they trusted, but no, the fact that he used them as unknowing pawns in his insurance fraud scheme does not give them a legal entitlement to any proceeds of the fraud. The Satterfield Parties have received over $7.5 million (on information and belief, perhaps $10 million or more) from a fraud perpetrated by Mr. Murdaugh against an insurance company. It is outrageous that they should expect Mr. Murdaugh's other victims—who, unlike the Satterfield Parties, had payments for legitimate claims

stolen or who had to reimburse stolen legitimate claims—to reimburse the insurance company.[1] Yet that is the position they assert in their "Limited Appearance."

The assertion of that position is, however, premature. The Satterfield Parties lack standing to be heard regarding the motion for joinder. No claims have yet been asserted against the Satterfield Parties in this action, and the Satterfield Parties have not moved to intervene. Even if the Court grants Mr. Murdaugh's motion, Nautilus might accept dismissal of claims against Mr. Murdaugh instead of asserting claims against the Satterfield Parties. If, however, Nautilus or some other party ultimately does assert claims against the Satterfield Parties, they then would have the opportunity in a motion to dismiss to explain why those claims lack merit. Unless and until that happens, there is no reason for them to be heard.

Respectfully submitted,

s/Phillip D. Barber
Richard A. Harpootlian, Fed. ID No. 1730
Phillip D. Barber, Fed. ID No.12816
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, SC 29201
(803) 252-4848
(803) 252-4810 (facsimile)
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

---

[1] As explained in his motion for joinder, all Mr. Murdaugh's assets are in receivership. Aside from the receivership estate, Mr. Murdaugh is a penniless prisoner serving multiple life sentences. The court-appointed receivers have recently reported that the receivership estate contains approximately $1.75 million, and they have requested disbursement of an additional $250,000 for their fees and costs (in addition to the approximately $408,000 they have already disbursed to themselves), leaving about $1.5 million for Mr. Murdaugh's victims and creditors, and well as for fees for the mediator and the special referee the receivers have asked the receivership court to appoint. *See* Co-Receivers' Fourth Status Report, *Beach v. Parker*, Case No. 2019-CP-25-000111 (Hampton Cnty. Ct. Com. Pl.) (attached as **Exhibit A**). Mr. Murdaugh's victims' losses are reported to exceed $26 million. Callie Lyons, *Murdaugh Saga: An Accounting Of Alex Murdaugh's Assets*, FITSNews (Aug. 9, 2023).

        James M. Griffin, Fed. ID No. 1053
        Margaret N. Fox, Fed. ID No. 10576
        GRIFFIN DAVIS, LLC
        4408 Forest Dr., Suite 300 (29206)
        P.O. Box 999 (29202)
        Columbia, South Carolina
        (803) 744-0800
        jgriffin@griffindavislaw.com
        mfox@griffindavislaw.com

        ATTORNEYS FOR DEFENDANT RICHARD ALEXANDER MURDAUGH, SR.

August 10, 2023
Columbia, South Carolina.