*Nautilus Insurance Company v. Richard Alexander Murdaugh, et al.*
C/A No. 2:22-cv-1307-RMG
Richard Alexander Murdaugh's Reply to Non-Parties' Satterfield and Harriott's Limited Appearance to Disavow Interest

# EXHIBIT A

# (Co-Receivers' Fourth Status Report, *Beach v. Parker*, Case No. 2019-CP-25-000111)

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF HAMPTON )<br>)<br>)<br>Renee S. Beach, as Personal Representative of )<br>the Estate of Mallory Beach, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>Gregory M. Parker, Inc. a/k/a Parker's )<br>Corporation d/b/a Parkers 55, Luther's Rate )<br>and Well Done, LLC, Kristy C. Wood, James )<br>M. Wood, Richard Alexander Murdaugh, )<br>Richard Alexander Murdaugh, Jr.; Randolph )<br>Murdaugh, III, Individually and as Trustee of )<br>the Murdaugh Residence Trust 2; and The )<br>Murdaugh Residence Trust 2, )<br>)<br>    Defendants. )<br>_____ ) | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT<br><br>CASE NO.: 2019-CP-25-00111<br><br><br><br><br><br>**CO-RECEIVERS' FOURTH STATUS REPORT AND SECOND MOTION FOR COURT CONSIDERATION AND APPROVAL OF CO-RECEIVERS' AND THEIR COUNSEL'S FEES** |

Peter M. McCoy, Jr. and John T. Lay, Jr. ("Co-Receivers") respectfully submit this fourth status update and hereby also move the Court for consideration and approval of the disbursement of monies from the receivership estate to the Co-Receivers and the Co-Receiver's attorneys for payment of their fees and reimbursement of expenses incurred. Currently, the Co-Receivers have amassed $2,163,396.08 in the Receivership Estate which, net of the attorneys' fees and expenses disbursed to date, totals $1,755,242.50 as detailed below. The Co-Receivers respectfully request an order of this Court permitting an interim disbursement of attorneys' fees and receivership fees to Gallivan White & Boyd, P.A. If approved by the Court, the Co-Receivers estimate the total disbursement requested pursuant to this instant Motion to be approximately $242,295.75 in partial satisfaction of the Co-Receivers' fees incurred to date. Additionally, as detailed below,

the Co-Receivers have also incurred an additional $10,998.42 in out-of-pocket expenses and request a disbursement in that amount for reimbursement of those incurred expenses. The grounds for this Motion are as follows:

**STATUS REPORT**

The Co-Receivers were appointed by this Court by order dated November 2, 2021. Since their appointment, the Co-Receivers and their counsel have devoted nearly 2,700 hours in furtherance of the obligations bestowed on them by this Court. Applying standard hourly rates, this equates to over $865,000 in legal fees incurred in furtherance of the purpose of the receivership and for the benefit of the receivership estate. To date, approximately twenty-one (21) months since the Court's implementation of the receivership, the Co-Receivers and their counsel have received $401,396.39 in fees and reimbursement of $6,757.19[1] in costs.

Significant status updates are as follows:

**A. The Estate of Margaret Murdaugh**

The Co-Receivers' settlements with Palmetto State Bank and the Estate of Margaret Murdaugh – both of which were presented to and approved by this Court – represent significant progress since the last status report. As this Court knows, the Co-Receivers initiated a fraudulent conveyance lawsuit against the Estate of Margaret Murdaugh related to Alex Murdaugh's purported transfer of that property to his wife in 2015. The Co-Receivers settled that claim in coordination with and during joint mediation with the claimants to Margaret Murdaugh's estate – including the claims against Margaret Murdaugh in the above captioned action. This settlement yielded multiple benefits. Primarily, Moselle was able to be sold, thereby funding the Estate and

---

[1] Per this Court's Order dated June 29, 2022, the Co-Receivers received $6,108.74 in reimbursement of costs directly from the closing of the Edisto Beach house and, thus, have been reimbursed in total for $12,865.93 in costs to date. Since the $6,108.74 did not accrue to the receivership fund and was not reimbursed therefrom, it does not appear in the gross totals or gross disbursements below.

2

the waterfall distributions listed in the settlement document. The Co-Receivers received $275,000 from Margaret Murdaugh's Estate in resolution of its Fraudulent Conveyance claim. The remainder primarily went to joint creditors or joint claimants of Margaret Murdaugh and Alex Murdaugh, including the Plaintiff in the above-captioned lawsuit, thereby ultimately reducing the extent of claims to be made against the receivership funds. Further, as a result of the settlement the Co-Receivers reached with Palmetto State Bank in 2022, the Bank assigned the Co-Receivers (1) $150,000 of its mortgage loan principal and (2) the outstanding interest and late fees associated with their mortgage loans against Moselle. The receivership received this distribution directly from the closing of Moselle in the amount of $443,173.89.

### B. Nautilus

Nautilus has sued Murdaugh, among other defendants, related to Nautilus' distribution of insurance proceeds in settlement of a wrongful death claim by the Estate of Gloria Satterfield. The Co-Receivers filed an Answer to Nautilus' Complaint and intended to defend the claim to protect the receivership from non-meritorious claims.[2] On May 9, 2023, United States District Court Judge Richard Gergel issued an order upon Nautilus's motion holding that "the receivership order does not, and cannot, authorize the co-receivers to defend this *in personam* action on behalf of [Alex] Murdaugh." As a result, the Co-Receivers are not permitted to defend that action on behalf of Mr. Murdaugh. Prior to that Order, Alex Murdaugh filed an Answer admitting that "he invented the critical facts giving rise to a purported liability covered by Nautilus's insurance policy and he acted to assist the Satterfield estate succeed in a claim on those facts." The Nautilus litigation is on-going, and it is not currently clear whether any claim against the receivership funds may ultimately arise as a result of that litigation.

---

[2] The Co-Receivers' interest in originally appearing in the action was to ensure the action was properly defended.

ELECTRONICALLY FILED - 2023 Aug 04 4:49 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

### C. Peters, Murdaugh, Parker, Eltzroth & Dietrich, PA

The Co-Receivers are actively engaged in discussions with the law firm to analyze and determine the nature and extent of both the firm's claim against Mr. Murdaugh and, potentially, the receivership estate and any claim the Co-Receivers may have for sums owed to Mr. Murdaugh under the firm's compensation policies and contracts. Based on information reviewed to date, it is clear the sums the law firm has paid to victims of Mr. Murdaugh exceed any sums the firm may owe Mr. Murdaugh. The Co-Receivers will update the court with the results of this analysis and hope to propose a resolution of the claims to this Court for approval.

### D. Anticipated Remaining Activities

Having liquidated Murdaugh's primary assets at this point, the Co-Receivers are actively liquidating a litany of other smaller assets including, but not limited to, Mr. Murdaugh's fifty percent (50%) stake in various islands, Mr. Murdaugh's one-sixth interest in timber property, a war-eagle boat with Yamaha motor, a Scout boat, and guns. The Co-Receivers anticipate that these remaining assets will result in less than $100,000 in additional funds to the receivership estate. The Co-Receivers intend to conclude the disposition of all known assets within sixty (60) days of this report. Finally, the Co-Receivers in conjunction with the filing of this Motion, have filed a Motion requesting the Court's consideration and approval of a process to receive and process claims and to disburse the available receivership funds.

## ACCOUNTING

The Co-Receivers present the following accounting of sums received to date:

4

ELECTRONICALLY FILED - 2023 Aug 04 4:49 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

| Assets Recovered | |
|---|---|
| Amount | Description |
| $359,921.87 | Alex Murdaugh portion of Edisto Beach House Proceeds |
| $521,549.60 | Berkeley County Property Proceeds |
| $101,996.37 | Williams Island Sale |
| $424,941.34 | Alex Murdaugh 401K Liquidation |
| $443,173.89 | Moselle Interest and Late Fees per Agreement with PSB |
| $275,000.00 | Fraudulent Conveyance Settlement with Estate of Maggie Murdaugh |
| $33,813.01 | (PENDING Motion for Correction) One-Sixth Interest in Timber Sale |
| $3,000.00 | Sale of 1993 International Dump Truck |
| $2,163,396.08 | ASSET SUBTOTAL |

| Expenses Paid | |
|---|---|
| $6,757.19 | Reimbursement of out of pocket expenses incurred by Gallivan White & Boy... |
| $264,899.70 | Attorney and Receiver Fees |
| $136,496.69 | Attorney and Receiver Fees |
| $408,153.58 | EXPENSE SUBTOTAL |

| $1,755,242.50 | BALANCE |
|---|---|

## MOTION FOR ATTORNEY FEES

**I.     STANDARD**

The compensation for a receiver is left to the sound discretion of the trial judge. *Ex parte Simons*, 289 S.C. 1, 2, 344 S.E.2d 151, 152 (1986). In doing so, the trial judge should base the fee on the value of the receiver's services which is determined by consideration of eight factors:

(1) the nature, extent and value of the administered property;

(2) the complexity and difficulty of the work;

(3) the time spent;

(4) the knowledge, experience, labor and skill required of, or devoted by the receiver;

(5) the diligence and thoroughness displayed;

(6) the results accomplished;

(7) the amount of money coming into the receiver's hands; and

5

ELECTRONICALLY FILED - 2023 Aug 04 4:49 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

(8) the fair value of the services rendered measured by conservative, private business standards.

*Id*., 289 S.C. at 3, 344 S.E.2d 151, 152.

## II.     ARGUMENT

The facts and arguments presented in the Co-Receivers' first request for attorneys' fees and receiver fees remain relevant and pertinent to this request. Therefore, rather than restating such facts and arguments here, the Co-Receivers' incorporate that first motion herein by reference. Additionally, the Co-Receivers highlight the following:

1.     <u>Palmetto Bank Settlement Agreement</u>. The hard-earned settlement agreement with Palmetto State Bank that was the culmination of months of work by the Co-Receivers and their counsel involving negotiation, mediation and drafting with the Bank continues to bear fruit for the receivership fund. Specifically, when Moselle was sold by the Estate of Maggie Murdaugh, the receivership received $443,173.89 in proceeds that would, but for the agreement between the Bank and the Co-Receivers, have been paid to Palmetto State Bank. As discussed below, this permitted more of the equity in Moselle to be paid to a variety of co-claimants of Maggie Murdaugh and Alex Murdaugh, further reducing potential claimants and claims against the receivership.

2.     <u>Maggie Murdaugh Settlement Agreement</u>.

Following a complex mediation with all claimants of the Maggie Murdaugh Estate, a far-reaching settlement agreement was reached and ultimately approved by this Court. The Receivership received $275,000 directly from the Estate. However, other benefits have accrued to the receivership. As noted above, Moselle was permitted to be sold allowing the Receivership to receive the sums it had previously negotiated with Palmetto State Bank in regard to that

6

property and the loans associated therewith. In addition, other potential claimants to the receivership also received monies as a result of the settlement. Specifically, the Plaintiff in the above captioned matter received a remainder interest valued at approximately $517,892.03 and Connor Cook received $100,000. Therefore, between the sums received by the receivership and those received by potential claimants nearly $893,000 of Maggie Murdaugh's Estate will accrue directly or indirectly to the benefit of Alex Murdaugh's creditors, claimants, and potential claimants.

The foregoing activities demonstrate the complexity and disparate nature of the issues presented to and handled by the Co-Receivers. These issues range from litigating a fraudulent conveyance claim, to tracing financial transactions through thousands of pages of financial records across several bank accounts, to managing and liquidating real estate. The complexity and disparate nature of these matters have required 2,700 work hours from the Co-Receivers and their counsel and, as noted above, the value of those hours equates to over $865,000. Having received $401,396.39 to date, the Co-Receivers have floated a significant burden on behalf of the Court and the victims to date. However, at this point and having aggregated a gross total over $2,000,000 to the Receivership Estate, the Co-Receivers submit that compensation is appropriate and respectfully request the same.

### III.     AMOUNT OF FEES AND EXPENSES REQUESTED

The Co-Receivers have determined the requested fees as follows:

| | |
|---|---|
| Total Assets Recovered | $2,163,396.08 |
| Expenses Reimbursed | $6,757.19 |
| Expenses Accrued | $10,998.42 |
| Subtotal | $2,145,640.47 |
| 30% | $643,692.14 |
| Less Fees Disbursed to Date | $401,396.39 |
| Requested Fee Disbursement | $242,295.75 |

Additionally, the Co-Receivers refer the Court to Exhibit A detailing the $10,998.42 in fees incurred.

## CONCLUSION

For the reasons described herein, the Co-Receivers respectfully request that the Court order an interim disbursement of $242,295.75 from the Receivership Estate to Gallivan White & Boyd in partial satisfaction of its fees to date and $10,998.42 in satisfaction of expenses incurred to date. This motion is supported by applicable state and federal law, any memoranda or other written submissions, and other arguments presented to the Court by the Co-Receivers.

<br>

**CO-RECEIVERS JOHN T. LAY, JR. AND PETER M. McCOY, JR.**

s/Jordan M. Crapps
Jordan M. Crapps, SC Bar No. 100580
Kate Mettler, SC Bar No. 103762
Gallivan, White & Boyd, P.A.
P.O. Box 7368
Columbia, SC  29202-7368
jcrapps@gwblawfirm.com
kmettler@gwblawfirm.com
(803) 779-1833 Ofc

*Counsel for Co-Receivers*

August 4, 2023