# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>                  Plaintiff,<br><br>v.<br><br>RICHARD ALEXANDER MURDAUGH, SR., CORY FLEMING, MOSS & KUHN, P.A., CHAD WESTENDORF, and PALMETTO STATE BANK,<br><br>                  Defendants. | C/A No.: 2:22-cv-1307-RMG<br><br>**NAUTILUS INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT MURDAUGH'S MOTION TO COMPEL JOINDER OR TO DISMISS** |

Plaintiff Nautilus Insurance Company ("Nautilus") opposes the Motion to Compel Joinder or to Dismiss for Failure to Join Necessary Parties [ECF No. 133] (the "Motion") filed by Defendant Richard Alexander Murdaugh, Sr. ("Mr. Murdaugh") on procedural and substantive grounds.[1] Mr. Murdaugh requests this Court either (i) compel Nautilus to join the Tony Satterfield and Brian Harriot ("the Satterfields") to this action or (ii) dismiss this action.[2] For the reasons that follow, Nautilus requests the Court deny the Motion.

---

[1] Mr. Murdaugh references Rule 12(c) in the first line of his Motion, but he makes no argument that he is entitled to judgment on the pleadings. As Mr. Murdaugh advances no specific grounds in support of a 12(c) dismissal and does not request relief in the form of a judgment on the pleadings in his Motion, Nautilus does not independently respond to the unarticulated Rule 12(c) argument here. To the extent the Court considers it as raised to any extent, Nautilus opposes the request for the same general reasons set forth herein.

[2] Mr. Murdaugh's Motion may be untimely to the extent it seeks dismissal, as a motion under Rule 12(b)(7) for failure to join a party pursuant to Rule 19 "must be made *before pleading* if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). This language from Rule 12(b) appears to be in conflict with that of Rule 12(h)(2), which states that the failure "to join a person required by Rule 19(b)" may be raised as late as at trial. One way to harmonize these provisions is to understand Rule 12(h)(2) as allowing a party to argue only that a non-joined party is *indispensable* per Rule 19(b) (which is the only subpart cited in Rule 12(h)(2)) up and through trial, but not to argue that a party is *necessary* per Rule 19(a) (which is not referenced in Rule 12(h)(2)) except in a pre-answer motion. If so, Mr. Murdaugh's contention that the Satterfields are *necessary* parties is untimely because it was not raised in a motion prior to answering per the plain language of Rule 12(b).

## I. Rule 19(a) — The Satterfields Are Not Necessary Parties.

Mr. Murdaugh contends that, because *he* confessed judgment to the Satterfields, they are a necessary party to this action because: (i) they claim an interest in this action (they do not); and (ii) their absence will subject Mr. Murdaugh to a double obligation if a judgment is entered against him in favor of Nautilus (it would not). Mr. Murdaugh's contention fails for numerous reasons.

### A. Rule 19(a)(1)(B) — The Satterfields Do Not Claim an Interest in This Litigation.

Mr. Murdaugh's contention that the Satterfields "claim an interest" in this litigation is likewise unsupportable, as the Satterfields expressly disavowed any interest in this action in a filing with this Court. ECF No. 138 at, *e.g.*, 5 ("The Satterfields claim no interest in this litigation, the Defendant's desire that they do so notwithstanding.").

The "claiming" of an interest for purposes of FRCP 19(a)(1)(B) is an affirmative act by the party in question:

> Rule 19(a)(1)(B) applies only where the non-party to be joined "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B) . . . .

*Atrium Corp. Cap. Ltd. v. Williams*, No. 9:22-CV-03427-DCN, 2023 WL 2613542, at *3 (D.S.C. Mar. 23, 2023) (additional internal citations omitted). As recently articulated by a District Court in the Fourth Circuit:

> "As an initial matter, it appears that Defendants misunderstand Rule 19(a)(1)(B) to require joinder if [the absent party] *has* an interest in the subject of this case, not if [the nonparty] *claims* one, as the plain language of the rule makes clear." *Polanco v. HSBC Bank USA Nat'l Ass'n*, 2019 WL 6999699, at *1 (W.D.N.C. Dec. 19, 2019) (emphasis in original) (finding joinder inappropriate under Rule 19(a)(1)(B) when absent party has not claimed an interest); *see also Philips Med. Sys., Nederland, B. V. v. TEC Holdings, Inc.*, 2020 WL 3511601, at * 3 (W.D.N.C. June 29, 2020) (finding a nonparty need not be joined when that nonparty does not claim an interest in the litigation nor suggest it would suffer harm if not named as a party). Thus,

> "[i]mportantly, the nonjoined party must be the one claiming an interest. It is well established that where the absent party has not claimed an interest, Rule 19(a)(1)(B) does not apply." *Sunbelt Rentals Inc. v. Guzman*, 2020 WL 5522997, at *1 (W.D.N.C. Aug. 27, 2020) (citations omitted).

*SS Richmond LLC v. Harrison*, No. 3:22CV405 (DJN), 2023 WL 1469997, at *3 (E.D. Va. Jan. 9, 2023).

Here, not only have the non-party subjects of the Motion *not* claimed an interest, they have expressly *disclaimed* any interest in Nautilus' action. ECF No. 138. Mr. Murdaugh—who does not and cannot represent the Satterfields—is not entitled to claim a perceived interest on their behalf on order to support his own Motion. *See, e.g.*, *Sunbelt Rentals Inc. v. Guzman*, 2020 WL 5522997, at *2 (W.D.N.C. Aug. 27, 2020) ("Rule 19(a)(1)(B) does not apply . . . when *a defendant* attempts to assert an interest on an absent party's behalf." (emphasis added)). Because the Satterfields do not claim any interest in this action, they are not necessary parties. Accordingly, Mr. Murdaugh's Motion should be denied for his failure to show the absence of any necessary party.

### B. Rule 19(a)(1)(B)(ii) — Mr. Murdaugh Concedes He Will Not Face a Double Obligation.

> "Under Rule 19(a), the risk of being subject to multiple obligations must be real; an unsubstantiated or speculative risk will not suffice."

*In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, No. 2:11-CV-00167-DCN, 2012 WL 6675053, at *2 (D.S.C. Dec. 21, 2012) (quoting *Diaz Contracting, Inc. v. Lisbon Contractors, Inc.,* No. 88–9203, 1991 WL 53663, at *6 (E.D. Pa. Apr. 2, 1991)).

Mr. Murdaugh expressly represents and concedes that the Satterfields cannot collect from him because he is entitled to a setoff of the more than $7.5 million that the Satterfields have already

collected in connection with their pending state-court action[3] against Murdaugh and others:

> Mr. Murdaugh and the Satterfield Parties agreed to a $4.305 million confession of judgment with setoffs for amounts previously paid by other defendants, which at that time was already more than the amount of the confessed judgment. Thus, the confession would not actually require Mr. Murdaugh to pay anything.

ECF No. 133 at 5. Accordingly, for this reason alone, any judgment Nautilus obtains against him would carry *no* risk of a double obligation. This is both procedurally and substantively significant on multiple levels, as explained below.

### 1. *Procedural Significance — Standing*

While acknowledging that it makes no real difference to him, Murdaugh implies that the other Defendants may risk a double obligation if the Satterfields are not made parties to this suit. ECF No. 133 at 8–9. As of this filing, none of the other Defendants—all of whom are ably represented by counsel—has advanced this argument or otherwise joined in the Motion (and for good reason). To the extent Mr. Murdaugh is claiming some purported risk of potential double obligations on the part of *other* Defendants,[4] he lacks standing to request relief on their behalf.[5]

---

[3] *See* Civil Action No. 2021-CP-25-00298, which is pending in the Court of Common Pleas for the Fourteenth Judicial Circuit in Hampton County, South Carolina and is currently captioned *Michael "Tony" Satterfield, Individually and in his Capacity as the Personal Representative of the Estate of Gloria Satterfield, et al. v. Richard Alexander "Alex" Murdaugh, Sr., et al.*

[4] Or, for that matter, potential harm to his victims, *see* ECF No. 133 at 8 ("the only effect will be to reduce funds available for Mr. Murdaugh's many other victims"), for which he likewise has no standing.

[5] Further, if any other Defendant *were* to claim that they face a double obligation should they be found liable to Nautilus, the argument would fail as Defendants voluntarily settled the tort claims brought against them by the Satterfields. That they may not have appreciated, for example, that the underlying settlement was void or that they may subsequently be liable Nautilus is likely not a ground to undo those settlements; it is likewise not a defense to liability as to Nautilus or a reason to join the Satterfields to this action. The cause of the double obligation would be their voluntary settlement with the Satterfields, not the nonjoinder of the Satterfields to this action.

### 2. *Substantive Significance — The Satterfields Are Not Necessary Parties*

As Mr. Murdaugh represents that he cannot be forced to pay the Satterfields, he demonstrates that he is at no risk of any "double" obligation. He thus fails to satisfy the second prong of Rule 19(a)(1)(B), in addition to the first, and so cannot carry his burden to demonstrate that the Satterfields are necessary parties.

### C. Rule 19(a)(1)(A) — Complete Relief Can Be Accorded Among the Existing Parties.

Mr. Murdaugh does not contend (pursuant to Rule 19(a)(1)(A)) that complete relief cannot be accorded among the existing parties as a basis for seeking to join the Satterfields to this action. Nevertheless, Nautilus notes this argument would fail as well.

The Fourth Circuit has explained:

> *Complete relief refers to relief as between the persons already parties*, not as between a party and the absent person whose joinder is sought.

*United States v. County of Arlington, Virginia*, 669 F.2d 925, 929 (4th Cir. 1982) (emphasis added and internal quotation marks omitted). Nautilus asserts no claim against the Satterfields. Nautilus alleges that it was defrauded by Mr. Murdaugh with the aid and cooperation of the other Defendants named in this suit, that Defendants collectively conspired to harm Nautilus, and that Defendants' unfair acts deceived and further damaged Nautilus.[6] Complete relief can be accorded to Nautilus on these claims against the named Defendants, and no relief or portion thereof is sought by Nautilus against or on behalf of the Satterfields or anyone else. In other words, Nautilus is the real party in interest to its claims, which seek relief on account of the liability of Defendants for damages incurred by Nautilus.

---

[6] Nautilus alleges additional wrongs and harms in its proposed amended complaint. ECF No. 134-1.

Again, the Fourth Circuit's explanation that "complete relief" does not refer to relief "as between a party and the absent person whose joinder is sought" is significant here. *Id.* It means that the Satterfields would not be rendered "necessary parties" simply because Mr. Murdaugh or some other Defendant might hypothesize about filing some claim against them. The proper question is whether complete relief can be reached as between the existing parties on the existing claims. It can, and joinder is therefore unnecessary on this ground as well.

II. **Mr. Murdaugh Cannot Escape His Voluntary Acts and Undo His Prior Admissions.**

In the state-court action brought by the Satterfields, Nautilus understands that Mr. Murdaugh has been unsuccessful in his attempt to rescind his voluntary confession of judgment entered in favor of the Satterfields. His effort to circumvent that confession by joinder of the Satterfields to this action should likewise fail. Mr. Murdaugh was represented by counsel when he entered into that confession, and as a former attorney, he understood the significance of confessing judgment for liability on the Satterfields' claims.[7] Mr. Murdaugh was aware of this action at the time that his voluntary confession of judgment was entered. And, Mr. Murdaugh knew what he now admits—that he defrauded Nautilus—at the time he voluntarily confessed judgment to the Satterfields. He did so in spite of all of these things.

If Mr. Murdaugh faces a double obligation,[8] it is because of his confessions to the Satterfields and his admissions to Nautilus, not because of the nonjoinder of the Satterfields to this

---

[7] Notably, the Satterfields' allegations included assertions that wrongful death and survival settlements required court approval, that a public record was required, and that no orders were filed. Mr. Murdaugh cannot claim surprise as to Nautilus' ownership of its funds when he admitted key facts establishing why its interest in the funds never relinquished.

[8] He does not for yet another reason, namely that in his confession of judgment, he expressly made the "admission that the judgment is the result of [Mr. Murdaugh] engaging in a defalcation while acting in a fiduciary capacity," which is a separate basis of liability than the claims against him in this action, which do not include a breach of fiduciary duty owed by him to Nautilus. **Exh. 1**.

6

action. Even if one were to take his argument seriously, the circumstances suggest flawed gamesmanship rather than earnestness. Rather than raise his (albeit, unmeritorious) joinder argument prior to entering his confession, he waited until eighteen months after his confession was entered to file a motion in this Court that relies on his confession as purported evidence of a conflict of interest and risk of double recovery. After all that has transpired because of his actions, the fact that Mr. Murdaugh now claims that the Satterfields are a necessary party to Nautilus' action on the basis of his own informed and voluntary confession of judgment is seemingly manipulative, brazen, tone-deaf, or perhaps some combination thereof. Whatever the case may be, his strategy should be rejected.

**III.** **Rule 14 vs. Rule 19**

Mr. Murdaugh argues that if he is liable to Nautilus, he will be exposed to a double obligation in light of his (voluntary) confession of judgment to the Satterfields. According to Mr. Murdaugh, any judgment against him in favor of Nautilus must therefore be paid from the settlement proceeds obtained by the Satterfields from their tort claims in their state-court case against Mr. Murdaugh and those who were supposed to representing their interests after the death of their mother.

Stated another way, Mr. Murdaugh's argument is essentially that if he is adjudged to be liable to Nautilus, then the non-party Satterfields should be liable to reimburse him for that judgment. If this were his belief, a more appropriate vehicle would be a motion by Mr. Murdaugh under Rule 14(a) to bring third-party claims against them.[9] But Mr. Murdaugh cannot force Nautilus to do it for him, especially against non-parties who expressly claim no interest whatsoever in this action.

---

[9] Nautilus takes no position on whether such a motion has any merit whatsoever.

**IV.        The Factual Predicate of Murdaugh's Argument Fails.**

Mr. Murdaugh seeks to characterize Nautilus' claims as an effort to rescind a settlement agreement of which the Satterfields were the intended beneficiaries. This characterization is predicated upon the notion that there is a valid settlement and that Nautilus unconditionally paid $3.8 million to settle the claims which were purportedly asserted against Mr. Murdaugh on behalf of the Satterfields. This is not so.

The Nautilus funds should still be in trust, because no order approving a settlement agreement has ever been filed by an appropriate court and the underlying case has already been dismissed. Because no order approving a settlement was filed, there was no court approval of the settlement as required by statute, such that no legal settlement exists. Because the approval and formation of an enforceable settlement can never occur now (and for the reasons set forth in Nautilus' Opposition to Palmetto State Bank's and Chad Westendorf's Motions for Summary Judgment, ECF No. 142), the settlement is void. Something which is void cannot be rescinded.

Any recovery Nautilus obtains would not be from the Satterfields, because the funds belonging to Nautilus never reached the Satterfields — Mr. Murdaugh and the other Defendants diverted them. What the Satterfields recovered from Defendants was in settlement of the Satterfields' tort claims against those Defendants.[10]

---

[10]   By way of example only as it relates to Mr. Murdaugh (the only Defendants' purported "interests" that he has standing to argue), his confession of judgment was entered on May 31, 2022 when the operative pleading in the Satterfield action was (and currently still is) a second amended complaint filed on December 9, 2021. In that pleading, the Satterfields alleged three claims against Murdaugh: (1) Accounting (which did not seek any monetary damages); (2) Civil Conspiracy between Mr. Murdaugh and Bank of America ("BOA"); and (3) Legal Malpractice/Breach of Fiduciary Duty. Unlike that action, Nautilus has not alleged any accounting action in its pleadings. Further, Nautilus has not alleged any legal malpractice claim, nor has it asserted a claim for the breach of some fiduciary duty owed to it by Murdaugh. Finally, while Nautilus does assert a civil conspiracy claim, its conspiracy claim does not involve BOA and does not seek to recover any "legal expenses" *incurred by the Satterfields* in an effort to stop the unlawful actions of Mr.

Ultimately, Nautilus' money remains in trust by operation of law, not in the hands of the Satterfields, and the tortious actions of Defendants towards Nautilus have increased its damages significantly.

V. **Rule 19(b) — Because the Satterfields Are Not Necessary Parties, the Court Need Not Reach Whether They Are Indispensable Parties for Purposes of Rule 19(b)**

As an initial matter,

> courts are extremely reluctant to grant motions to dismiss based on nonjoinder, and dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result.

*RPR & Assocs. v. O'Brien/Atkins Assocs., P.A.*, 921 F. Supp. 1457, 1463 (M.D.N.C. 1995), *aff'd*, 103 F.3d 120 (4th Cir. 1996).

An analysis under Rule 19 first asks whether a party is a "necessary party" in the manner set forth in Rule 19(a). *Home Buyers Warranty Cor. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014). If so, they should be joined if feasible. If a necessary party cannot feasibly be joined, then the Court must consider whether they are an "indispensable party" in the manner set forth in Rule 19(b). *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc.*, 210 F.3d 249, 249 (4th Cir. 2000). If so, the Court should consider how best to proceed, including whether the case should be dismissed.

Here, for the reasons above, the Satterfields are not "necessary parties," so the inquiry ends after Rule 19(a) and does not reach 19(b). Nor has there been any showing that, were they found to be necessary parties, their joinder would not be feasible. To the contrary, Mr. Murdaugh sates "[b]ecause their joinder is feasible, the Court need not determine whether they are

---

Murdaugh and BOA, which were alleged as the Satterfields' conspiracy damages and which Mr. Murdaugh has admitted (through his confession to the Satterfields' claims) were damages that were "different and unique." **Exh. 1**.

9

indispensable . . . ." ECF 133 at 7. Accordingly, no Rule 19(b) "indispensability" inquiry is required. As the only means of obtaining a dismissal through Rule 19 is through Rule 19(b), this case is not subject to dismissal on this basis.

## VI.     Conclusion

Mr. Murdaugh's motion is procedurally and substantively defective, and Nautilus respectfully requests it be denied.

**Respectfully submitted:**

This 11th day of August, 2023  
Charleston, South Carolina

*/s/ Jaan Rannik*  
EPTING & RANNIK, LLC  
Jaan G. Rannik (Fed. ID No. 12621)  
Clinton T. Magill (Fed. ID No. 12459)  
46A State Street  
Charleston, SC 29401  
P: (843) 377-1871  
F: (843) 377-1310  
jgr@epting-law.com  
ctm@epting-law.com  

*COUNSEL FOR NAUTILUS INSURANCE COMPANY*