UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, | C/A No.: 2:22-cv-1307-RMG |
| Plaintiff, | |
| v. | **Michael "Tony" Satterfield and Brian Harriott's Sur-Reply** |
| Richard Alexander Murdaugh, Sr.; Cory Fleming, Moss & Kuhn, P.A.; Chad Westendorf; *and* Palmetto State Bank, | |
| Defendants. | |

While non-parties Michael "Tony" Satterfield and Brian Harriott (the "Satterfields") are sensitive to the discouragement of Reply briefing under Local Rule 7.07, they feel compelled to respond to the misinformation and inconsistencies in Defendant Murdaugh's Reply to Non-Parties' Satterfield and Harriott's Limited Appearance to Disavow Interest ("Murdaugh's Reply"). Respectfully, the Satterfields will be brief, but call the Court's attention to the following issues:

1. While Murdaugh claims now that the Satterfields are necessary and indispensable parties to the Nautilus / Murdaugh litigation, he failed to assert that Nautilus was a necessary and indispensable party to the Satterfield / Murdaugh litigation. Obviously, the constellation of parties is the same, as are the concerns that Murdaugh now addresses to the Court. To the extent that Murdaugh now claims a concern about inconsistent rulings or double exposure to liability, the exact same dynamics existed in the Satterfield / Murdaugh litigation. The timeline here is compelling. Murdaugh accepted service of the Complaint in the Nautilus case on May 3, 2022. He then entered into the Confession of Judgment with the Satterfields on May 27, 2022, after five months of intense negotiation on the

1

language and post-execution restrictions with the court appointed Receivers, Murdaugh's current counsel and the undersigned.  The Confession was later entered of record in the Satterfield action on May 31, 2022, by the Honorable Daniel Hall.  To the extent that the Satterfields are necessary and indispensable parties to the present litigation (and we urge the Court that they are not), one must argue that so too was Nautilus a necessary and indispensable party to the Satterfield case.[1]  Not only did Murdaugh fail to move for the joinder of Nautilus in the Satterfield litigation to protect himself from the risk of double recovery that now pre-occupies him, he failed also to negotiate for any indemnity or hold harmless protection from the Satterfields when settling with them to protect against him the risk of double exposure for his theft (the types of protection which are routinely negotiated in settlement settings).[2]  It is not the Court's place to aid Mr. Murdaugh in renegotiating the terms of his settlement, but rather it is the Court's place to honor and give effect to its finality – which is especially true following Murdaugh's failed efforts in the State Court to upset the same. [3]

2. Murdaugh's Reply insists that the Satterfields claim an interest in the present action because they "have sued Mr. Murdaugh for the same $3.8 million" of Nautilus funds that he stole in 2019.  Murdaugh's position reflects a fundamental misunderstanding of English tense.  Yes, the Satterfields once sued Murdaugh, which action was resolved with finality against Murdaugh *vis a vis* a court approved Confession of Judgment.  The fact that the Satterfields once sued Mr. Murdaugh in a prior piece of litigation (past tense), does not in

---

[1] Of course, it is reasonable to speculate that in response Nautilus would likely say that they never claimed an interest in the Satterfield / Murdaugh litigation – which would seem to be a valid point of view.
[2] This is not to suggest, however, that indemnity was available, but rather that the time to seek it has passed.
[3] On Tuesday August 8, 2023 following a hearing on Murdaugh's Motion to Vacate the Confessed Judgement he gave to the Satterfields, the Honorable Bentley Price denied the relief requested and reaffirmed the validity of the Confessed Judgment.

any way suggest that they **claim** (present tense) an interest in the ongoing dispute between Nautilus and Murdaugh.  Still, Murdaugh's Reply blurs the lines of tense by suggesting that somehow the Satterfields are pursuing an active interest against Murdaugh or others: "The Satterfield Parties' complaint **seeking to recover** the same money Nautilus seeks to recover here, and their assertion of the judgment in their favor on that complaint …"  To be certain, the Satterfields' legal disputes with Mr. Murdaugh were long ago resolved despite Murdaugh's repeated efforts to take back his promise of finality with them.

3. In both the Satterfield litigation and in the present action, Murdaugh has repeatedly disavowed his own standing by urging the Courts that he is motivated by concerns for either the Receiver in the Satterfield action or for Murdaugh's other uncompensated financial victims.  Murdaugh lacks standing to advance the interests of either the Receiver and/or his other victims.  Respectfully, Murdaugh's only true interest is his concern for being exposed to double liability, and yet he is the author of his own problem by confessing now to have defrauded his insurance company (if that is to be believed),[4] by then stealing the money that was the product of his fraud and by settling with the Satterfields through a Confession of Judgment knowing of the existence of the contingent Nautilus liability.  The doctrines of res judicata, collateral estoppel and/or judicial estoppel preclude Murdaugh's continued attempts to litigate with the Satterfields and/or to take back his settlement and confessed judgment.

4. Finally, we respectfully ask the Court in the interest of judicial economy to permit the Satterfields to be heard on these issues in a limited appearance rather than go through the time and expense of being added to this action only to make the same arguments for

---

[4] In both the filings before this Court and in the Satterfield Court, Murdaugh's filings lack even so much as a verification, let alone an affidavit or an under oath deposition admission.

3

dismissal later in either a motion to dismiss or motion for summary judgment. Murdaugh's continued harassment and forcing the Satterfield sons to spend attorney's fees and costs in having to defend against his naked attempt to shift his liability for his fraud and theft should end here now.

| | |
|---|---|
| Charleston, South Carolina<br>August 14, 2023 | **BLAND RICHTER, LLP**<br>**Attorneys for Michael "Tony" Satterfield and Brian Harriott**<br><br>*s/Ronald L. Richter, Jr.*<br>Ronald L. Richter, Jr. (Federal Bar No. 6264)<br>*s/Scott M. Mongillo*<br>Scott M. Mongillo (Federal Bar No. 7436)<br>Peoples Building<br>18 Broad Street, Mezzanine<br>Charleston, South Carolina 29401<br>T: 843.573.9900 \| F: 843.573.0200<br>ronnie@blandrichter.com<br>scott@blandrichter.com<br><br>*s/ Eric S. Bland*<br>Eric S. Bland (Federal Bar No. 5472)<br>105 West Main Street, Suite D<br>Lexington, South Carolina 29072<br>T: 803.256.9664 \| F: 803.256.3056<br>ericbland@blandrichter.com |