UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, | C/A No.: 2:22-cv-1307-RMG |
| Plaintiff, | |
| v. | **MOTION TO STRIKE UNAUTHORIZED SUR-REPLY** |
| Richard Alexander Murdaugh, Sr.; Cory Fleming, Moss & Kuhn, P.A.; Chad Westendorf; *and* Palmetto State Bank, | |
| Defendants. | |

Defendant Richard Alexander Murdaugh, Sr., hereby moves to strike the unauthorized sur-reply filed by non-parties Michael "Tony" Satterfield and Brian Harriott (the "Satterfield Parties") without leave of the Court (ECF No. 151).

Before the "limited" appearance by Ronnie Richter, Esq., and Eric Bland, Esq., on behalf of the Satterfield Parties,[1] all counsel conducted this litigation in conformity with well-established rules regarding sur-replies: "The District of South Carolina Local Rules make no provision for sur-replies, and courts in this circuit generally only allow sur-replies when fairness dictates that a party be provided the opportunity to address an issue that was raised for the first time in a responsive briefing." *Koppers Performance Chemicals, Inc. v. Travelers Indem. Co.*, No. 2:20-CV-2017-RMG, 2021 WL 5906112, at *3 (D.S.C. Nov. 5, 2021); *see also FDIC v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013) (finding the district court did not abuse its discretion in granting a

---

[1] The Satterfield Parties are listed on the docket of this action as intervenors, but they have not moved to intervene. While they certainly appear to Mr. Murdaugh to be interested parties, they claim they do not have an interest in this litigation. The basis for their appearance therefore is obscure. They say they appear to say that they do not have an interest in this litigation, but if ***not*** being interested party were a basis to appear and file briefs, any litigation could become a "Hyde Park Speakers' Corner." The truth, of course, is that they are very much interested parties and they have appeared and filed briefs to defend their interest.

1

motion to strike a sur-reply because the district court's local rules made no provision for sur-replies, the reply brief did not raise a new legal theory or new evidence, and the court's decision was not inequitable). Thus, when a party desired to file a sur-reply, it consulted with other parties pursuant to Local Civil Rule 7.02, and then filed a motion for leave of the Court. *E.g.*, ECF No. 60 (motion for leave to file a sur-reply); ECF No. 125 (motion for leave to file a sur-reply). The Court then ruled on those motions in due course, typically granting them. *E.g.*, ECF No. 62 (text order granting motion to file sur-reply).

Instead of following the collegial and orderly process established in this litigation, the Satterfield Parties simply filed another brief, apparently for no reason other than wanting to have the last word. If everyone treats the rules governing litigation with such cavalier disregard, the Court will be caught in the middle of a ping-pong match and inundated with repetitive paper.

Mr. Murdaugh's reply to the Satterfield Parties' response to his motion to compel joinder did not advance any "new legal theory or new evidence" in support of the motion. Mr. Murdaugh's response did question the Satterfield Parties' standing to be heard on the motion. In theory, defending their standing to be heard could be a basis for a sur-reply. But that does not obviate the need to consult and then seek leave of the Court.

More importantly, the unauthorized sur-reply does not meaningfully address the question of the Satterfield Parties' standing. Instead, the Satterfield Parties only argue that judicial economy is better served by hearing them now rather than later. That argument is not responsive to the question of standing, and, regardless, is obviously wrong. Judicial economy is best served by letting Nautilus—the party against whom relief is sought—explain why it should not be compelled to do something it does not want to do. The Satterfield Parties are relevant only if the Court grants the motion for joinder and Nautilus thereafter decides to join them rather than have claims against

Mr. Murdaugh be dismissed.  The efficient course of action is to hear from the Satterfield Parties if and only if those potential future events come to pass.

In truth, the purpose of the Satterfield Parties' unauthorized sur-reply merely is to toss out new arguments that occurred to their counsel over the weekend.  *E.g.*, ECF No. 151 ¶ 1 (Mr. Murdaugh did not argue Nautilus was an essential party in the state-court action the Satterfield Parties brought); *id.* ¶ 3 (Mr. Murdaugh purportedly lacks standing to point out that his assets are in receivership and so a judgment against him would reduce funds available for receivership estate beneficiaries).  The sur-reply therefore is unnecessary as well as unauthorized.

As the great jurist Thurgood Marshall often said, "Rules is rules."  Spencer R. Crew, Thurgood Marshall: A Life in American History 156 (2019).  Any Murdaugh-related litigation is emotionally charged.  Maintaining good order in the conduct of such litigation requires attorneys to comply with the rules even when they would prefer not to.  For that reason, Mr. Murdaugh respectfully asks the Court to strike the Satterfield Parties' unauthorized sur-reply.

        Respectfully submitted,

        <u>s/Phillip D. Barber</u>
        Richard A. Harpootlian (Fed. ID No. 1730)
        Phillip D. Barber (Fed. ID No.12816)
        RICHARD A. HARPOOTLIAN, P.A.
        1410 Laurel Street (29201)
        Post Office Box 1090
        Columbia, SC 29201
        (803) 252-4848
        (803) 252-4810 (facsimile)
        rah@harpootlianlaw.com
        pdb@harpootlianlaw.com

        James M. Griffin, Fed. ID No. 1053
        Margaret N. Fox, Fed. ID No. 10576
        GRIFFIN DAVIS, LLC
        4408 Forest Dr., Suite 300 (29206)
        P.O. Box 999 (29202)
        Columbia, South Carolina

(803) 744-0800
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

ATTORNEYS FOR PLAINTIFF

August 14, 2023
Columbia, South Carolina.