IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, | |
| Plaintiff, | |
| v. | C.A. No. 2:22-1307-RMG |
| Richard Alexander Murdaugh, Sr.; Cory Fleming; Moss & Kuhn, PA; Chad Westendorf; and Palmetto State Bank, | **ORDER** |
| Defendants. | |

The Court conducted a status conference with counsel in this action on August 15, 2023, to address the numerous pending motions which have recently been filed in this case. Among the recently filed motions is Plaintiff's motion to amend its complaint. (Dkt. No. 134). Defendant Palmetto State Bank ("PSB") opposed the motion. Defendant PSB argued that the motion to amend should have been filed earlier and that PSB would be prejudiced by an amendment at this stage of the litigation. (Dkt. No. 149). Defendant PSB also argued that Plaintiff's prosecution of the new claims would be futile. (*Id.*). Plaintiff's motion to amend was filed within the timeline for amendment of pleadings under the scheduling order (Dkt. No. 112), and Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires." Further, the proposed amendments to the complaint (Dkt. No. 134-1) do not appear on their face to be frivolous or futile. Consequently, Plaintiff's motion to amend (Dkt. No. 134) is granted.

1

A number of the pending motions are based upon the allegations set forth in the earlier filed Amended Complaint. (Dkt. No. 8). These motions are now rendered moot by Plaintiff's now authorized Second Amended Complaint. The following motions are denied without prejudice on the basis of mootness: Dkt. Nos. 118, 122, 124, 125, 130 131, 135, 140.

Plaintiff argued as part of its response to Defendant PSB's motion for a protective order that PSB had waived its attorney client privilege. (Dkt. No. 132). Defendant PSB addressed the alleged waiver of the attorney privilege in a reply. (Dkt. No. 136). The Court has denied the original motion for a protective order as moot. (Dkt. No. 124). If Plaintiff intends to assert that Defendant PSB waived, in whole or in part, its attorney client privilege, Plaintiff must make a specific motion and set forth in detail its factual and legal basis for such a claim and the scope of the alleged waiver. Defendant PSB can then make a focused and complete reply to this claim.

Defendant Murdaugh has moved to compel the joinder of Tony Satterfield and Brian Harriott as necessary parties under Rule 19(a) of the Federal Rules of Civil Procedure. (Dkt. No. 133). Plaintiff has filed a response in opposition to the motion, asserting that Satterfield and Harriott are not necessary parties since they claim no interest in this litigation and Murdaugh does not face the risk of double obligations. (Dkt. No. 150). The Court finds that Satterfield and Harriott are not necessary parties. Defendant Murdaugh's motion to compel joinder (Dkt. No. 133) is denied.

Satterfield and Harriot filed a sur-reply. (Dkt. No. 151). Defendant Murdaugh filed motion to strike the sur-reply because Satterfield and Harriott are not parties to this action. (Dkt. No. 152). Defendant Murdaugh's motion to strike the sur-reply (Dkt. No. 152) is granted.

After Plaintiff files its Second Amended Complaint, the parties are directed to meet and confer on a discovery schedule that first focuses on the liability of the Defendants regarding the

payment by Plaintiff of the claim arising out of the death of Gloria Satterfield. The parties shall advise the Court within 30 days of this Order of their jointly proposed discovery schedule or, if no agreement can be reached, the respective proposals of the parties. The Court anticipates that dispositive motions will be filed following the completion of this first stage of discovery to determine if there is legal liability of certain Defendants relating to Plaintiff's payment of funds on the Satterfield death claim.[1] Thereafter, the Court will consult with counsel concerning any additional discovery that may be needed regarding any alleged liability of Defendants for conduct or actions which preceded the Satterfield payment.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 15, 2023
Charleston, South Carolina

---

[1] Parties are certainly permitted to file motions to dismiss after the filing of the Second Amended Complaint if they believe that they are entitled to judgment as a matter of law based upon the face of the pleading.