## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

NAUTILUS INSURANCE COMPANY,

              Petitioner,

v.

RICHARD ALEXANDER MURDAUGH,
Sr., CORY FLEMING, MOSS & KUHN,
P.A., CHAD WESTENDORF, and
PALMETTO STATE BANK,

              Respondents.

Case No. 2:22-cv-1307-RMG

**PALMETTO STATE BANK'S
ANSWER TO SECOND
AMENDED COMPLAINT
AND COUNTERCLAIM**

 

NOW COMES THE DEFENDANT, PALMETTO STATE BANK ("PSB" or "Defendant"), appearing in the above-captioned matter and answering the Second Amended Complaint ("Complaint") filed in this matter on August 15, 2023, and assigned Docket Entry Number 154, as follows:

### FOR A FIRST DEFENSE

1. Defendant denies each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained that could be construed as allegations against Defendant, and strict proof thereof is demanded.

2. Defendant admits, upon belief and information known to Defendant at this time, the allegations of Paragraphs 1, 2, 3, 4, and 5 of the Complaint.

3. Defendant admits the allegations of Paragraph 6 of the Complaint.

4. The allegations of Paragraphs 7, and 8 of the Complaint express conclusions of law Defendant is required neither to admit nor deny.

5. The Complaint does not include a Paragraph 9.

6.  Defendant admits, upon belief and information known to Defendant at this time, the allegations of Paragraph 10.

7.  Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 11 and demands strict proof thereof.

8.  Defendant admits, upon belief and information known to Defendant at this time, the allegations of Paragraph 12 of the Complaint.

9.  As to Paragraph 13, Defendant admits Chad Westendorf was appointed to serve as Personal Representative of the Estate of Gloria Satterfield. The remaining allegations of Paragraph 13 are denied as stated. Defendant further states Chad Westendorf's service as Personal Representative of the Estate of Gloria Satterfield was done by him individually and not on behalf of PSB.

10. Defendant admits, upon belief and information known to Defendant at this time, that Nautilus made a payment of $3,800,000. Defendant cannot know the state of mind of Nautilus or "what it believed." To the extent a response is deemed required, Defendant denies the remaining allegations of Paragraph 14 of the Complaint.

11. Defendant denies the allegations in Paragraph 15, including subparts (a) through (s), of the Complaint, to the extent directed at PSB. Further responding, Defendant categorically denies that Plaintiff did not know or have reason to know facts described as "Irregularities" in Paragraph 15, at the time Plaintiff decided to make a payment under its liability coverage to resolve the Satterfield claims. Plaintiff is a sophisticated liability insurance company, retained defense counsel, and had a full opportunity to investigate all the facts and circumstances of the alleged claim of liability against its insured, including taking depositions and invoking the expansive scope of pretrial discovery before it negotiated a

settlement of that claim. Defendant further states Chad Westendorf's service as Personal Representative of the Estate of Gloria Satterfield was done by him individually and not on behalf of PSB. PSB did not receive any fee or compensation related to the administration of the Estate of Gloria Satterfield, nor did PSB render any services to the Estate of Gloria Satterfield. PSB did not communicate with Nautilus at any time.

12. Defendant denies the allegations of Paragraph 16, 17, and 18, including subparts (a) through (e), to the extent they are directed to PSB, further alleging that the facts alleged in subparts (a) through (e) are all ones that Plaintiff knew or could have discovered and known before Plaintiff made the decision to settle the claim.

13. Defendant admits, upon belief and information known to Defendant at this time, the allegations of Paragraph 19 of the Complaint.

14. Responding to Paragraph 20, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

15. Defendant is not required to respond to the allegations of Paragraphs 21, 22, 23, 24, 25, and 26 of the Complaint that pertain completely to other Defendants. To the extent a response is deemed necessary, Defendant denies the allegations.

16. Responding to Paragraph 27, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

17. Defendant denies the allegations of Paragraphs 28, 29, 30, 31, 32, 33, and 34 of the Complaint, and demands strict proof thereof.

18. Responding to Paragraph 35, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

19.    Defendant denies the allegations of Paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 of the Complaint, and demands strict proof thereof.

20.    Responding to Paragraph 48, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

21.    Defendant denies the allegations of Paragraphs 49, 50, 51, 52, 53, and 54 of the Complaint, and demands strict proof thereof.

22.    Responding to Paragraph 55, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

23.    Defendant denies the allegations of Paragraphs 56, 57, 58, 59, 60, 61, 62, 63, and 64 of the Complaint, and demands strict proof thereof.

24.    Responding to Paragraph 65, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

25.    Defendant denies the allegations of Paragraphs 66, 67, 68, 69, and 70 of the Complaint, and demands strict proof thereof.

26.    Responding to Paragraph 71, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

27.    Defendant denies the allegations of Paragraphs 72, 73, and 74 of the Complaint, and demands strict proof thereof.

28.    Responding to Paragraph 75, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

29.    Defendant denies the allegations of Paragraphs 76, 77, 78, 79, and 80 of the Complaint, and demands strict proof thereof.

30.    Responding to Paragraph 81, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

31.    Defendant denies the allegations of Paragraphs 82, 83, 84, 85, and 86 of the Complaint, and demands strict proof thereof.

32.    Responding to Paragraph 87, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

33.    Defendant denies the allegations of Paragraphs 88, 89, 90, 91, 92, 93, 94, 95, and 96 of the Complaint, and demands strict proof thereof.

34.    Responding to Paragraph 97, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

35.    Defendant denies the allegations of Paragraphs 98, 99, 100, and 101 of the Complaint, and demands strict proof thereof.

36.    Responding to Paragraph 102, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

37.    Defendant denies the allegations of Paragraphs 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, and 116 of the Complaint, and demands strict proof thereof.

38.    Responding to Paragraph 117, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

39.    Defendant denies the allegations of Paragraphs 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, and 133 of the Complaint, and demands strict proof thereof.

40.    Responding to Paragraph 134, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

41. Defendant states Plaintiff is not entitled to the declaratory relief as alleged in Paragraph 135 and, as such, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations and demands strict proof thereof.

42. Responding to the Paragraph of the Complaint beginning, "WHEREFORE," Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein and further states the Plaintiff is not entitled to any relief as to this Defendant.

## BY WAY OF FURTHER ANSWER AND DEFENSE TO ALL CAUSES OF ACTION, DEFENDANT PALMETTO STATE BANK ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES

### Assumption of the Risk

43. Plaintiff, a multibillion-dollar company, had available unlimited financial and legal means to conduct as much investigation as it wanted and to implement the expansive discovery mechanisms of the South Carolina Rules of Civil Procedure to learn every possible fact pertinent to the decision whether to settle the claims of the Estate of Gloria Satterfield and her heirs. Plaintiff was also on actual, implied, and constructive notice of all the facts in its claim file and public records as well as the files of its extremely capable lawyers whom it retained to defend the claims. Plaintiff assumed the risk that the facts may be different from what it may have believed them or should have known them to be at the time it decided to settle the claims in question. Plaintiff is barred from any recovery by virtue of its assumption of the risk.

### Comparative Negligence and Recklessness

44. If the Defendant were negligent or reckless, which is expressly and categorically denied, Plaintiff was negligent and reckless, and such negligence and recklessness combined and concurred with the alleged negligence of other parties hereto causing its own alleged

damages, in an amount greater than 50% of the total fault and is, therefore, barred from any recover herein.

## Unclean Hands

25. Plaintiff fully knew of the circumstances at the time it chose to settle, including its decision not to investigate or litigate further, was under no obligation to settle, and acquiesced in the alleged scheme of Defendants Murdaugh and Fleming including but not limited to not requiring that the order approving settlement be filed, paying the funds without normal protections, and engaging in other irregularities. Therefore, Plaintiff is barred from recovery herein under the doctrine of unclean hands.

## Voluntary Act

26. Plaintiff was not compelled to settle the claims against its insured on the terms and conditions it did at the time it did. Under the circumstances, even though Plaintiff is a liability insurer, it made the payment voluntarily without compulsion of a judgment or other legal obligation to pay; because Plaintiff was a volunteer in making payment under these facts and circumstances, it is barred from recovery herein.

## Actions of Other Defendants and Persons

27. The alleged injuries and damages to Plaintiff were caused solely by the actions of Plaintiff and Defendants, Richard Alexander Murdaugh ("Murdaugh"), Corey Fleming ("Fleming"), and Moss, Kuhn & Fleming, P.A. ("MKF").

## Advice and/or Direction of Counsel

28. Upon information and belief, Defendant Westendorf relied upon the advice and/or instruction of Fleming and MKF (the attorneys representing the Personal Representative of the Estate of Gloria Satterfield) who had the legal responsibility to advise him in accordance

with the law and any alleged failures or actions by him that are the basis for the Complaint were the result of the advice or lack of advice by Fleming and MKF.

### Reckless Disregard and No Right To Rely

29.   Upon information and belief, Plaintiff had no right to rely on the representations it allegedly relied upon and, further, acted with a reckless disregard of truth or falsity of those representations in deciding to make a multi-million-dollar payment with full knowledge the claim was likely concocted and fraudulent, thereby barring the Plaintiff from any recovery herein.

### Setoff and Credit

30.   Defendant is entitled to a setoff and credit for all amounts that Plaintiff may collect from other parties or persons.

### Actual Cause

31.   Defendant's conduct was not the actual cause of any losses, damages, or injuries allegedly suffered by Plaintiff.  Any losses, damages, or injuries allegedly suffered by Plaintiff were caused by the willful misconduct, negligence and gross negligence of Plaintiff and Defendants, Richard Alexander Murdaugh ("Murdaugh"), Corey Fleming ("Fleming"), and Moss, Kuhn & Fleming, P.A. ("MKF").

### Proximate Cause

32.   Defendant's conduct was not the immediate and direct proximate cause of any losses, damages, or injuries allegedly suffered by Plaintiff.

### Injured by Others

33.   Any damages sustained by Plaintiff were caused wholly or jointly by some person or persons for whom Defendant is not legally responsible.

## Intervening of Superseding Cause

34.  Any damages to Plaintiff were proximately caused by unforeseeable, independent, intervening, and/or superseding acts of third persons or parties beyond the control and unrelated to any actions or conduct of Defendant, which therefore bars any recovery from Defendant.

## Punitive Damages Unconstitutional

35.  Defendant denies that it is liable for any punitive and/or exemplary damages. Defendant avers that any award of punitive damages against it would violate the constitutional safeguards provided under the Constitution of the United States of America, and the Constitution of South Carolina, in that punitive damages violate due process and equal protection guarantees, place an undue burden on interstate commerce, violate the right to assembly and petition the government and violate the proscription against excessive fines.

## Punitive Damages Statutory Cap

36.  Defendants assert that any award of punitive damages is subject to and limited by the applicable provisions of S.C. Code Ann. § 15-32-530.

## No Duty Owed

37.  Defendant is informed, believes, and thereon alleges, that the Complaint, and each cause of action therein, is barred because Defendant did not owe any duty to Plaintiff.

## Statute of Limitations

38.  Plaintiff's causes of action against this Defendant are barred, having been brought outside the applicable statute of limitations.

## Equitable Estoppel

39.  Plaintiff had no right to rely on the representations allegedly made to it and had the means

and multibillion dollar wherewithal to learn the truth and satisfy itself as to the truth before deciding to settle the claims and is, therefore, equitably estopped from recovering on the causes of action and requests for relief as to this Defendant.

## Laches

40.    The claims of Plaintiff are barred by operation of the doctrine of laches.

## Failure to Mitigate Damages

41.    The Plaintiff had a duty to mitigate the damages it claims, including refusing to settle the claim at the time it chose to do the opposite.  Through due diligence the damages and injures complained of in the Complaint could have reasonably been avoided or reduced by actions that should have been taken by the Plaintiff.  The Plaintiff failed to take said actions to reasonably avoid or reduce the alleged damages and injuries and is, therefore, not entitled to recover said damages from this Defendant.

## Inapplicability of the Unfair Trade Practices Act

42.    Pursuant to South Carolina Code of Laws (1976), as amended, § 39-5-10 *et seq*., the provisions, remedies and penalties of the South Carolina Unfair Trade Practices Act are inapplicable to this Defendant because each and all of the alleged acts, omissions, or statutory violations as alleged in the Complaint to have been committed by this Defendant, which are specifically denied, are regulated under laws administered by a regulatory body or State officer acting under statutory authority of this State or as otherwise permitted by State law or otherwise outside the scope of the Act.  Consequently, the Plaintiff should be barred from recovery on its Unfair Trade Practice cause of action against this Defendant pursuant to South Carolina state statute.

**Reservation and Non-Waiver**

43. This Defendant reserves any additional and affirmative defenses as may be revealed or become available to it during the course of their investigation and/or discovery in the case and is consistent with the Federal Rules of Civil Procedure.

**BY WAY OF COUNTERCLAIM BY PALMETTO STATE BANK
AGAINST NAUTILUS INSURANCE COMPANY**

**Counterclaim - Frivolous Proceeding**

44. Defendant, Palmetto State bank, as Counterclaim Plaintiff, asserts and alleges the following Counterclaim against the Plaintiff, Nautilus Insurance Company.

45. Plaintiff is fully aware that there is no evidentiary basis to substantiate the allegations made against this Defendant in the First or Second Amended Complaints.

46. Plaintiff is fully aware that this Defendant had no communications with Plaintiff, nor engaged in any transaction with Plaintiff.

47. Plaintiff is fully aware of the filings in this action by Defendant Murdaugh that he did not disclose the falsity of his rendition of Mrs. Satterfield's accident to anyone nor did he disclose to anyone his intent to steal the money intended for the Satterfield beneficiaries, nor the method of his theft through his undisclosed "Forge" account at Bank of America.

48. Plaintiff is also aware of testimony of Russell Laffitte that he had no role in the Satterfield case and did not advise or instruct Chad Westendorf about it.

49. Nonetheless, Plaintiff has not only persisted in its groundless claims against this Defendant but Plaintiff has expanded them in its Second Amended Complaint to add legally invalid claims such as aiding and abetting fraud, negligence, breach of fiduciary duty, and RICO.

50. Plaintiff has caused this Defendant to spend significant sums defending these baseless claims.

51. This Defendant is entitled to an award of its attorneys' fees and costs under the South Carolina Frivolous Proceedings Act and any fee shifting provision applicable to the claims now being asserted against Defendant to cover for defending this groundless and frivolous case.

52. This Defendant asks this Court to order the Plaintiff Nautilus Insurance Company to this Defendant's attorney's fees and other costs, including, but not limited to, the time required of this Defendant to defend against this frivolous proceeding, travel expenses, mileage, parking, costs of reports, and any additional reasonable consequential expenses of the incurred by this Defendant as a result of this frivolous case.

## **PRAYER FOR RELIEF – JURY TRIAL DEMANDED**

WHEREFORE, having fully answered the Complaint herein and asserted the affirmative defenses listed herein, Defendant Palmetto State Bank prays that all claims against this Defendant be dismissed with prejudice, that all costs of this Defendant, including reasonable attorneys' fees, be awarded against Plaintiff, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Thomas P. Gressette, Jr.*
**Thomas P. Gressette, Jr. (Federal ID #7261)**
Email: Gressette@WGLFIRM.com
**G. Trenholm Walker (Federal ID #4487)**
Email: Walker@WGLFIRM.com
**James W. Clement (Fed ID# 12720)**
Email: Clement@WGLFIRM.com
**WALKER GRESSETTE & LINTON, LLC**
Mail: P.O. Drawer 22167, Charleston, SC 29413
Office: 66 Hasell Street, Charleston, SC 29401
Phone: (843) 727-2200

August 29, 2023
Charleston, South Carolina

**ATTORNEYS FOR DEFENDANT
PALMETTO STATE BANK**