UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, | C/A No. 2:22-cv-1307-RMG |
| Petitioner, | |
| Versus | |
| | **RESPONDENT MOSS & KUHN, P.A.'S ANSWER TO PETITIONER'S SECOND AMENDED COMPLAINT** |
| Richard Alexander Murdaugh, Sr., Cory Fleming, Moss & Kuhn, P.A., Chad Westendorf, and Palmetto State Bank, | |
| Respondents. | |

The Respondent, Moss & Kuhn, P.A. (hereinafter, "this Respondent"), hereby answers the Petitioner's Second Amended Complaint subject to all affirmative defenses, motions, and any other pleadings, as follows:

1.  This Respondent denies each and every allegation of the Petitioner's Second Amended Complaint which it does not specifically admit.

## AS TO PARTIES AND JURISDICTION

2.  This Respondent is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 1 of the Petitioner's Second Amended Complaint and therefore denies the same.

3.  The allegations contained in Paragraphs 2 and 3 of the Petitioner's Second Amended Complaint are not directed at this Respondent, and therefore, no response is required. To the extent that a response is required, this Respondent denies the allegations contained in Paragraphs 2 and 3 of the Petitioner's Second Amended Complaint.

4. In response to the allegations contained in Paragraph 4 of the Petitioner's Second Amended Complaint, this Respondent admit only that Moss & Kuhn, P.A., formerly known as Moss, Kuhn & Fleming, P.A., is a South Carolina professional organization with its principal place of business located in Beaufort, South Carolina. This Respondent denies all remaining and inconsistent allegations contained in Paragraph 4 of the Petitioner's Second Amended Complaint.

5. The allegations contained in Paragraphs 5 and 6 of the Petitioner's Second Amended Complaint are not directed at this Respondent, and therefore, no response is required. To the extent that a response is required, this Respondent denies the allegations contained in Paragraphs 5 and 6 of the Petitioner's Second Amended Complaint.

6. The allegations contained in Paragraphs 7 and 8 of the Petitioner's Second Amended Complaint state conclusions of law to which no response is required from this Respondent. To the extent that a response is required, this Respondent denies the allegations contained in Paragraphs 7 and 8 of the Petitioner's Second Amended Complaint.

7. (There is no Paragraph 9 in Petitioner's Second Amended Complaint.)

**AS TO THE FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. Upon information and belief, this Respondent admits the allegations contained in Paragraph 10 of the Petitioner's Second Amended Complaint.

9. This Respondent is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraphs 11, 12, 13, and 14 of the Petitioner's Second Amended Complaint and therefore denies the same.

10. This Respondent denies the allegations contained in Paragraphs 15, including subparts a, b, c, d, e, f, g, h, i, j, k, l, m, n, o, p, q, r, and s, 16, 17, and 18, including subparts a, b, c, d, and e, of the Petitioner's Second Amended Complaint.

11. Upon information and belief, this Respondent admits the allegations contained in Paragraph 19 of the Petitioner's Second Amended Complaint.

### AS TO THE FIRST CAUSE OF ACTION
### (Fraud – Murdaugh)

12. In response to the allegations contained in Paragraph 20 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

13. The allegations contained in Paragraphs 21, 22, including subparts a, b, i, and c, 23, 24, 25, and 26 of the Petitioner's Second Amended Complaint are not directed at this Respondent, and therefore, no response is required. To the extent that a response is required, this Respondent denies the allegations contained in Paragraphs 21, 22, including subparts a, b, i, and c, 23, 24, 25, and 26 of the Petitioner's Second Amended Complaint.

### AS TO THE SECOND CAUSE OF ACTION
### (Conspiracy – All Defendants)

14. In response to the allegations contained in Paragraph 27 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

15. This Respondent denies the allegations contained in Paragraphs 28, 29, 30, 31, 32, 33, and 34 of Petitioner's Second Amended Complaint.

### AS TO THE THIRD CAUSE OF ACTION
### (Negligence – Palmetto)

16. In response to the allegations contained in Paragraph 35 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

17. The allegations contained in Paragraphs 36, 37, 38, 39, 40, including subparts a, b, c, d, e, and f, 41, 42, 43, 44, 45, 46, and 47 of the Petitioner's Second Amended Complaint are not directed at this Respondent, and therefore, no response is required. To the extent that a response is required, this Respondent denies the allegations contained in Paragraphs 36, 37, 38, 39, 40, including subparts a, b, c, d, e, and f, 41, 42, 43, 44, 45, 46, and 47 of the Petitioner's Second Amended Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
**(South Carolina Unfair Trade Practices Act – All Defendants)**

18. In response to the allegations contained in Paragraph 48 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

19. This Respondent denies the allegations contained in Paragraphs 49, 50, 51, 52, 53, and 54 of Petitioner's Second Amended Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
**(Breach of Fiduciary Duty – Fleming, MKF, Westendorf, and Palmetto)**

20. In response to the allegations contained in Paragraph 55 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

21. This Respondent denies as written the allegations contained in Paragraphs 56, 57, 58, and 59 of the Petitioner's Second Amended Complaint.

22. This Respondent denies the allegations contained in Paragraphs 60, 61, 62, 63, and 64 of the Petitioner's Second Amended Complaint.

## AS TO THE SIXTH CAUSE OF ACTION
### (Breach of Agreement – Fleming, MKF, Westendorf, and Palmetto)

23. In response to the allegations contained in Paragraph 65 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

24. This Respondent denies the allegations contained in Paragraphs 66, 67, 68, 69, and 70 of the Petitioner's Second Amended Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION
### (Aiding and Abetting Breach of Fiduciary Duty – Murdaugh, Westendorf, and Palmetto)

25. In response to the allegations contained in Paragraph 71 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

26. The allegations contained in Paragraphs 72, including subparts a and b, 73, and 74 of the Petitioner's Second Amended Complaint are not directed at this Respondent, and therefore, no response is required. To the extent that a response is required, this Respondent denies the allegations contained in Paragraphs 72, including subparts a and b, 73, and 74 of the Petitioner's Second Amended Complaint.

## AS TO THE EIGHTH CAUSE OF ACTION
### (Aiding and Abetting Fraud – Flemming, MKF, Westendorf, and Palmetto)

27. In response to the allegations contained in Paragraph 75 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

28. This Respondent denies the allegations contained in Paragraphs 76, 77, 78, 79, and 80 of the Petitioner's Second Amended Complaint.

## AS TO THE NINTH CAUSE OF ACTION
### (Money Had and Received/Unjust Enrichment – Murdaugh, Fleming, MKF, Westendorf, Palmetto)

29. In response to the allegations contained in Paragraph 81 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

30. This Respondent denies as written the allegations contained in Paragraph 82 of the Petitioner's Second Amended Complaint.

31. This Respondent denies the allegations contained in Paragraphs 83, 84, including subparts a and b, 85, and 86 of the Petitioner's Second Amended Complaint.

## AS TO THE TENTH CAUSE OF ACTION
### (Conversion – All Defendants)

32. In response to the allegations contained in Paragraph 87 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

33. This Respondent denies as written the allegations contained in Paragraphs 88, 89, 90, 91, 92, 93, and 94 of the Petitioner's Second Amended Complaint.

34. This Respondent denies the allegations contained in Paragraphs 95 and 96 of the Petitioner's Second Amended Complaint.

## AS TO THE ELEVENTH CAUSE OF ACTION
### (Breach of Contract – Murdaugh)

35. In response to the allegations contained in Paragraph 97 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety

36. The allegations contained in Paragraphs 98, including subparts a, b, and c, 99, 100, and 101 of the Petitioner's Second Amended Complaint are not directed at this Respondent, and therefore, no response is required. To the extent that a response is required, this Respondent denies the allegations contained in Paragraphs 98, including subparts a, b, and c, 99, 100, and 101 of the Petitioner's Second Amended Complaint.

## AS TO THE TWELFTH CAUSE OF ACTION
**(Violation of the Racketeer Influenced and Corrupt Organization Act – All Defendants)**

37. In response to the allegations contained in Paragraph 102 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

38. This Respondent denies the allegations contained in Paragraphs 103, 104, 105, 106, 107, including subparts a, b, c, d, e, f, g, i, ii, iii, iv, h, and i, 108, 109, 110, 111, 112, 113, 114, 115, and 116 of the Petitioner's Second Amended Complaint.

## AS TO THE THIRTEENTH CAUSE OF ACTION
**(Negligence – MKF)**

39. In response to the allegations contained in Paragraph 117 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

40. This Respondent denies the allegations contained in Paragraphs 118, 119, 120, 121, and 122 of the Petitioner's Second Amended Complaint.

41. This Respondent denies as written the allegations contained in Paragraphs 123 and 124 of the Petitioner's Second Amended Complaint.

42. This Respondent denies the allegations contained in Paragraphs 125 and 126 of the Petitioner's Second Amended Complaint.

43. This Respondent denies as written the allegations contained in Paragraphs 127, 128, and 129 of the Petitioner's Second Amended Complaint.

44. This Respondent denies the allegations contained in Paragraphs 130, 131, 132, and 133 of the Petitioner's Second Amended Complaint.

### AS TO THE FOURTEENTH CAUSE OF ACTION
**(Declaratory Judgment)**

45. In response to the allegations contained in Paragraph 134 of the Petitioner's Second Amended Complaint, this Respondent incorporates all other responses as if fully set forth in this Paragraph in their entirety.

46. This Respondent denies the allegations contained in Paragraph 135 and the WHEREFORE Paragraph of the Petitioner's Second Amended Complaint, those being the remaining allegations contained in the Petitioner's Second Amended Complaint.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
**(Statute of Limitations)**

47. That Petitioner's actions against this Respondent are barred by the applicable statute of limitations.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
**(No Damages)**

48. The Petitioner has no damages whatsoever.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
**(No Duty)**

49. This Respondent is informed, believes, and thereon alleges, that the Petitioner's Second Amended Complaint, and each cause of action therein, is barred because this Respondent did not owe any duty to Petitioner.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
### (No Causation)

50. That no acts or omissions on the part of this Respondent was the proximate cause, or the cause in fact, of the alleged injuries.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
### (Failure to Allege Fraud with Particularity)

51. Any claims of fraud in the Second Amended Complaint are barred by the Petitioner's failure to allege the circumstances constituting fraud with particularity.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
### (Independent Act of Third Party)

52. The causes of action and occurrences in the Petitioner's Second Amended Complaint were the result or acts of a third party independent of this Respondent, and as such, cannot be attributed to this Respondent, or liability assessed against this Respondent.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
### (Duplicative Relief)

53. That civil conspiracy will not lie where Petitioner obtains relief through other avenues. As Petitioner is merely realleging prior acts complained of in other causes of action and has failed to plead additional acts in furtherance of the alleged conspiracy, Petitioner is not entitled to maintain the conspiracy cause of action.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
### (Waiver, Estoppel, Laches)

54. That Petitioner's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
### (Failure to Mitigate)

55. That the Petitioner has failed to take reasonable actions or adequately mitigate its damages, if any, by not undertaking proper preventative or curative measures. Therefore, the Petitioner is barred from recovery against this Respondent.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
### (Failure to State a Claim)

56. The allegations contained in the Petitioner's Second Amended Complaint fail in their entirety to state a claim upon which relief may be granted against this Respondent.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
### (Reasonableness and Good Faith)

57. This Respondent alleges it acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by it at the time he so acted.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
### (Punitive Damages Unconstitutional)

58. That any award or assessment of punitive damages as prayed for by Petitioner would violate this Respondent's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
### (Statutory Caps Damages)

59. This Respondent pleads all applicable statutory caps on punitive damages, including but not limited to, the caps described in S.C. Code Ann. §15-32-530, et seq., as amended.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS RESPONDENT ALLEGES:
**(Reservation and Non-Waiver)**

60. This Respondent reserves any additional and further defenses as may be revealed by additional information during the course of discovery and investigation, and as is consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Petitioner's Second Amended Complaint, and having asserted these affirmative defenses, this Respondent, Moss & Kuhn, P.A., prays that the Petitioner's Second Amended Complaint be dismissed with prejudice and that it be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

        HOOD LAW FIRM, LLC
        172 Meeting Street
        Post Office Box 1508
        Charleston, SC 29402
        Ph: (843) 577-4435 / Fax: (843) 722-1630
        Email: Info@hoodlaw.com

**August 29, 2023**         **/s/ Maryrose P. Williamson**
Charleston, South Carolina         Robert H. Hood, Jr. (FED #6998)
        bobbyjr.hood@hoodlaw.com
        Maryrose P. Williamson (FED #12802)
        Maryrose.williamson@hoodlaw.com

        *Attorneys for the Respondent*
        *Moss & Kuhn, P.A.*