UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD ALEXANDER MURDAUGH, SR., CORY FLEMING, MOSS & KUHN, P.A., CHAD WESTENDORF, and PALMETTO STATE BANK,<br><br>    Defendants. | C/A No.: 2:22-cv-1307-RMG<br><br><br>**PLAINTIFF NAUTILUS INSURANCE COMPANY'S MOTION TO DISMISS DEFENDANT PALMETTO STATE BANK'S COUNTERCLAIM** |

Nautilus Insurance Company ("Plaintiff") moves this Court pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss Palmetto State Bank ("Defendant PSB")'s counterclaim for "Frivolous Proceedings" contained within its Answer to Plaintiff's Second Amended Complaint and Counterclaim.[1] (*See* ECF No. 159 at 11-12, ¶¶ 44-52.)

**PERTINENT PROCEDURAL HISTORY**

On July 21, 2023, Defendant PSB filed a Motion for Summary Judgment and Memorandum in Support, wherein it "request[ed] that the Court grant summary judgment in its favor and issue an order dismissing PSB." (ECF No. 131 at 1.)[2] On July 28, 2023, Plaintiff filed a Motion to Amend Pleading (the "Motion to Amend"). (ECF No. 134 at 1.)

On August 16, 2023, the Court entered an Order wherein it granted Plaintiff's Motion to Amend, noting that "leave to amend should be freely given 'when justice so requires,'" and finding

---

[1] No supporting memorandum is included as a full explanation of Plaintiff's request is contained within this motion. *See* Local Civ. Rule 7.04 (D.S.C.).
[2] Chad Westendorf ("Defendant Westendorf") subsequently joined in Defendant PSB's motion for summary judgment and asserted additional arguments seeking summary judgement.

1

that "the proposed amendments to the complaint (Dkt. No. 134-1) do not appear on their face to be frivolous or futile." (ECF No. 155 at 1.) In its Order, the Court also denied, *inter alia*, the motions for summary judgment filed by Defendants PSB and Westendorf without prejudice, finding that they had been "rendered moot by Plaintiff's now authorized Second Amended Complaint." (*Id.* at 2.)

On August 29, 2023, in response to Plaintiff's Second Amended Complaint, Defendant PSB filed its Answer to Plaintiff's Second Amended Complaint and Counterclaim. (*See* ECF No. 159.) As a purported counterclaim against Plaintiff, Defendant PSB asserted one count for "Frivolous Proceedings," wherein it alleges that it "is entitled to an award of attorneys' fees and costs under the South Carolina Frivolous Proceedings Act" (hereinafter, the "FCPSA"). (*Id.* at 11-12, ¶ 51.) Plaintiff moves to dismiss Defendant PSB's counterclaim for the reasons set forth herein.

## APPLICABLE LEGAL STANDARD

A motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint [or comparable pleading]." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citation omitted). To survive a Rule 12(b)(6) motion to dismiss, the subject pleading must "state[] a plausible claim [or counterclaim] for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Importantly, a claim or counterclaim that is not ripe is subject to dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P. *See, e.g.*, *Doe v. Virginia Dep't of State Police*, 713 F.3d 745 (4th Cir. 2013) (affirming the dismissal of unripe claims under Rule 12(b)(6)); *see also Carson v. Emergency MD, LLC*, No. CV 6:20-1946-HMH, 2020 WL 6489528, at *3 (D.S.C. Nov. 3, 2020) (dismissing a frivolous proceeding counterclaim as unripe under Rule 12(b)(6)).

2

## ARGUMENT

Defendant PSB's purported counterclaim must be dismissed because the FCPSA does not provide any standalone cause of action that may be raised through a counterclaim, and because any such relief must be sought after trial. Specifically, a request for relief under the FCPSA may only be sought, if at all, "[a]t the conclusion of a trial and after a verdict for or a verdict against damages has been rendered or a case has been dismissed by a directed verdict, summary judgment, or judgment notwithstanding the verdict, upon motion of the prevailing party." S.C. Code Ann. § 15-36-10(C)(1). Indeed, "[u]nder the plain terms of the FCPSA . . . [any such] relief must be sought through a post-trial motion." *Walker-Davis v. Unique Caring Found., Inc.*, No. 9:23-CV-00156-DCN, 2023 WL 3061243, at \*2 (D.S.C. Apr. 24, 2023); *see also Holmes v. E. Cooper Cmty. Hosp., Inc.*, 758 S.E.2d 483, 495 (S.C. 2014) ("Motions made pursuant to the FCPSA are post-trial motions.").

In the matter *sub judice*, Plaintiff's claims against Defendant PSB remain pending, as Plaintiff's Motion to Amend was recently granted and Defendant PSB's Motion for Summary Judgment was recently denied. *Cf. Se. Site Prep, LLC v. Atl. Coast Builders & Contractors, LLC*, 713 S.E.2d 650, 656 (S.C. Ct. App. 2011). Ultimately, therefore, PSB's counterclaim for "Frivolous Proceeding" is not ripe. *See, e.g.*, *Walker-Davis*, 2023 WL 3061243, at \*2 ("Courts in this district have dismissed without prejudice counterclaims asserting a violation of the FCPSA as unripe."). Accordingly, because Defendant PSB's FCPSA request is unripe and no other authority is plausibly alleged, Defendant PSB's asserted counterclaim must be dismissed. *See, e.g.*, *State Farm Fire & Cas. Co. v. Lang*, No. CV 2:21-1063-RMG, 2021 WL 3856187, at \*7 (D.S.C. Aug. 27, 2021) ("[T]he Court finds that [the defendant]'s FCPSA [counterclaim] is unripe and dismisses it without prejudice."); *Carson*, 2020 WL 6489528, at \*3 ("The court finds Defendants'

counterclaim is not ripe. . . . Consequently, [the plaintiff]'s motion to dismiss Defendants' frivolous proceedings counterclaim is granted without prejudice."); *Walker-Davis*, 2023 WL 3061243, at *2 (same).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court dismiss Defendant PSB's purported counterclaim for "Frivolous Proceedings."

**Respectfully submitted:**

**EPTING & RANNIK, LLC**

This 19th day of September, 2023
Charleston, South Carolina

*/s/ Clinton T. Magill*
Jaan G. Rannik (Fed. ID No. 12621)
Clinton T. Magill (Fed. ID No. 12459)
46A State Street
Charleston, SC 29401
P: (843) 377-1871
F: (843) 377-1310
jgr@epting-law.com
ctm@epting-law.com

*COUNSEL FOR PLAINTIFF NAUTILUS INSURANCE COMPANY*