IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company,<br><br>   Plaintiff,<br>   v.<br><br>Richard Alexander Murdaugh, Sr.; Cory Fleming; Moss & Kuhn, PA; Chad Westendorf; and Palmetto State Bank,<br><br>   Defendants. | Case No. 2:22-cv-01307-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiff Nautilus Insurance Company's motion to depose Mr. Russell Laffitte ("Laffitte"), an incarcerated non-party, and Defendant Richard Alexander Murdaugh ("Murdaugh"), who is also incarcerated. (Dkt. No. 169). Murdaugh responded to the motion. (Dkt. No. 170). The Court grants in part and denies in part Plaintiff's motion.

By way of background, this action arises out of the payment by Plaintiff of $3.8 million to the Estate of Gloria Satterfield ("Estate") for a wrongful death claim in which its insured, Murdaugh, was a defendant. Cory Fleming ("Fleming") represented the Estate, and Chad Westendorf ("Westendorf") served as the court-appointed personal representative of the Estate. Plaintiff alleges that Defendants conspired to deceive it "into paying insurance proceeds" by falsely representing that there was an arm's length relationship between the Estate and Murdaugh and "distributing the insurance proceeds among themselves." (Dkt. No. 154 at ¶ 28). The stolen Estate funds by Murdaugh were deposited in a Bank of America account.

This Nautilus scheme differed from other criminal acts of Murdaugh involving the theft of his own clients' funds. In these other schemes, to which Murdaugh has pled guilty to before this Court, Murdaugh was the plaintiffs' attorney, Laffitte served as the personal representative or in

1

some other fiduciary capacity for Murdaugh's clients, and the stealing of client funds by Murdaugh was facilitated by Laffitte in both his capacity as a fiduciary and as an officer of Palmetto State Bank ("PSB"). The stolen client funds in the Murdaugh/Laffitte schemes were deposited in PSB, and Laffitte authorized the transfer of client settlement proceeds to pay Murdaugh's debts.

The Court conducted a hearing on multiple pending motions on August 15, 2023. One area of conflict between Plaintiff and PSB was Plaintiff's efforts to engage in extensive discovery relating to the Murdaugh/Laffitte schemes, most of which predated the payment of the Estate by Plaintiff, and none of which involved Plaintiff. The Court made it clear at the August 15, 2023 hearing, and in a subsequent order, that discovery in this case would be conducted in stages, with the first stage to focus on the involvement of Defendants in facilitating the payment of funds to the Estate arising out of the death of Ms. Satterfield. The Court explicitly ruled that discovery on the Murdaugh/Laffitte schemes would not be allowed at this time. (Dkt. No. 156 at 10-12, 22; Dkt. No. 155 at 2-3). The Court further ruled that discovery would not be permitted at this time on tracing money Murdaugh paid to PSB from the looted Satterfield settlement unless there was evidence that PSB was aware the funds were stolen by Murdaugh. (Dkt. No. 156 at 12-13). The Court ruled that any discovery beyond the circumstances leading to the payment by Plaintiff to the Estate would be considered only after the completion of the first phase of discovery and rulings on anticipated dispositive motions. (Dkt. No. 155 at 3; Dkt. No. 168).

With that background, the Court now addresses Plaintiff's motion to depose Murdaugh and Laffitte:

1. <u>Murdaugh Deposition</u>: Plaintiff seeks authorization to take the deposition of Murdaugh once his pending state criminal fraud trial is completed. (Dkt. No. 169 at 2). Murdaugh is presently incarcerated in state prison after conviction for two counts of first-degree murder.

Murdaugh has responded that he does not object to the taking of his deposition under these circumstances. (Dkt. No. 170).

Plaintiff makes no reference in its motion to the Court's earlier limitations on discovery. To avoid any confusion on this matter, Plaintiff may question Murdaugh regarding his knowledge of the death of Gloria Satterfield, any scheme to defraud Plaintiff, and steps he took to steal the settlement proceeds. Plaintiff may also question Murdaugh regarding any information he has that PSB was aware that any funds he used from the Satterfield settlement to pay debts at PSB were stolen funds from the Estate. Plaintiff may also question Murdaugh concerning whether the named defendants "covertly distribut[ed] the insurance proceeds among themselves," as alleged in its amended complaint. (Dkt. No. 154 at ¶ 28).

2.  Laffitte Deposition: Plaintiff sets forth in more detail in its motion the scope of questioning it seeks from Laffitte, who is not a party to this action. (Dkt. No. 169). Laffitte is presently incarcerated at a Bureau of Prisons facility following his conviction of various federal crimes. Plaintiff requests, and the Court authorizes, questioning Laffitte about (a) his knowledge regarding Murdaugh's scheme to defraud Nautilus; (b) his decision not to serve as the Personal Representative of the Estate of Gloria Satterfield; (c) any involvement he had with the appointment of Westendorf; (d) his knowledge of the Satterfield family and details regarding Ms. Satterfield's fall and subsequent death; and (e) any knowledge he or others at PSB had that funds paid to PSB by Murdaugh were stolen from the Satterfield Estate. Laffitte is not to be questioned at this time regarding the tracing of funds stolen by Murdaugh and used to pay off debts at PSB unless it is first shown that PSB had knowledge that the funds were stolen by Murdaugh from the Estate. Further, Laffitte is not to be questioned at this time regarding any Murdaugh-related activities in which Laffitte served as a fiduciary for Murdaugh's clients.

**AND IT IS SO ORDERED.**

                                                _s/ Richard Mark Gergel_
                                                Richard Mark Gergel
                                                United States District Judge

October 18, 2023
Charleston, South Carolina