**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Nautilus Insurance Company, | Case No. 2:22-cv-01307-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Richard Alexander Murdaugh, Sr.; Cory Fleming; Moss & Kuhn, PA; Chad Westendorf; and Palmetto State Bank, | |
| Defendants. | |

This matter is before the Court on Plaintiff Nautilus Insurance Company's motion to dismiss Defendant Palmetto State Bank's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 164). Defendant Palmetto State Bank did not oppose the motion. For the reasons set forth below, the Court grants Plaintiff's motion to dismiss.

## I. Background

On August 29, 2023, Defendant Palmetto State Bank answered Plaintiff's amended complaint and counterclaimed for frivolous proceedings under the South Carolina Frivolous Civil Proceedings Sanctions Act ("FCPSA"). (Dkt. No. 159). Plaintiff moved to dismiss the counterclaim, arguing that a party may only bring a claim under FCPSA through a post-trial motion. (Dkt. No. 164). This matter is ripe for the Court's review.

## II. Legal Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999).  While the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Relevant here, "the standards for evaluating a Rule 12(b)(6) motion apply when evaluating the sufficiency of counterclaims." *Walker-Davis v. Unique Caring Found., Inc.*, No. 9:23-CV-00156-DCN, 2023 WL 3061243, at *2 (D.S.C. Apr. 24, 2023).

### III. Discussion

The South Carolina Frivolous Civil Proceedings Sanctions Act provides:

> *At the conclusion of a trial* and after a verdict for or a verdict against damages has been rendered or *a case has been dismissed* by a directed verdict, summary judgment, or judgment notwithstanding the verdict, upon motion of the prevailing party, the court shall proceed to determine if the claim or defense was frivolous. An attorney, party, or pro se litigant shall be sanctioned for a frivolous claim or defense if the court finds the attorney, party, or pro se litigant failed to comply with one of the following conditions…

S.C. Code Ann. § 15-36-10(C)(1) (emphasis added).

"Under the plain terms of the FCPSA, [Plaintiff] is correct that relief must be sought through a post-trial motion." *Walker-Davis v. Unique Caring Found., Inc.*, No. 9:23-CV-00156-DCN, 2023 WL 3061243, at *2 (D.S.C. Apr. 24, 2023).  Accordingly, the Court grants Plaintiff's

motion to dismiss without prejudice. Defendant Palmetto State Bank is permitted to raise its FCPSA claim at the close of this case.

### IV.  Conclusion

Based on the reasons set forth above, the Court grants Plaintiff's motion to dismiss Defendant Palmetto State Bank's counterclaim for frivolous proceedings without prejudice.

**AND IT IS SO ORDERED.**

                                            s/ Richard Mark Gergel
                                            Richard Mark Gergel
                                            United States District Judge

October 19, 2023
Charleston, South Carolina