UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nautilus Insurance Company, | ) | *In re Grand Jury Subpoena 2022-0064* |
| | ) | |
| Petitioner, | ) | C/A No. 2:22-cv-1307-RMG |
| Versus | ) | |
| | ) | **DEFENDANT MOSS & KUHN, P.A.'S** |
| Richard Alexander Murdaugh, Sr., Cory | ) | **MOTION FOR SUMMARY JUDGMENT** |
| Fleming, Moss & Kuhn, P.A., Chad | ) | **AND MEMORANDUM IN SUPPORT** |
| Westendorf, and Palmetto State Bank, | ) | |
| | ) | |
| Respondents. | ) | |

The Respondent Moss & Kuhn, P.A. (hereinafter, "Moss & Kuhn" or "this Respondent"), by and through its undersigned counsel, hereby moves this Honorable Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." This Respondent respectfully requests that the Court grant summary judgment in its favor and issue an order dismissing Moss & Kuhn from all claims for the reasons stated herein.

In the Second Amended Complaint, filed August 15, 2023, Petitioner Nautilus Insurance Company (hereinafter, "Nautilus") asserted the following nine claims against this Respondent: (1) Conspiracy, (2) Violation of the South Carolina Unfair Trade Practices Act (SCUTPA), (3) Breach of Fiduciary Duty, (4) Breach of Agreement, (5) Aiding and Abetting Fraud, (6) Money Had and Received/Unjust Enrichment, (7) Conversion, (8) Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), and (9) Negligence. The parties have completed Phase 1 of discovery in this case, including the depositions of Moss & Kuhn pursuant to 30(b)(6), Exhibit A; Cory Fleming, Exhibit B; and John Grantland, Exhibit C. As to each of Nautilus's claims against

Moss & Kuhn, there is no genuine issue of material fact and this Respondent is entitled to judgment as a matter of law for the reasons outlined below.

### I. Conspiracy

The requisite elements for civil conspiracy are: (1) a combination between two or more persons; (2) to do a criminal or an unlawful act, or a lawful act by criminal or unlawful means; (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object; (4) which act results in damage to the plaintiff. *Paradis v. Charleston County Sch. Dist.*, 433 S.C. 562, 564 (2021). Nautilus cannot establish the essential elements of civil conspiracy because there is no evidence that Moss & Kuhn combined or agreed with any of the alleged co-conspirators for the purpose of injuring Nautilus.

Neither Cory Fleming nor Moss & Kuhn knew anything about Mr. Murdaugh fabricating the circumstances of Gloria Satterfield's fall. There is no evidence that this Respondent conspired to make up that claim. Further, Nautilus had an opportunity to fully investigate the allegations, which they did, then decided to settle the case. Nautilus wanted the Satterfield matter settled and got a Release in exchange for their payment. The settlement money was stolen from the Satterfields by Mr. Murdaugh. When Moss & Kuhn discovered approximately $113,800 in its trust account related to the Satterfield matter that did not belong to them, the firm immediately sent that money to the Satterfields' attorney. *Id*. at 25:11-26:4. Because there was no agreement between Moss & Kuhn and any alleged co-conspirator to cause harm to Nautilus, this Respondent is entitled to judgment as a matter of law as to Nautilus's claim for civil conspiracy.

### II. Violation of SCUTPA

To recover in an action under SCUTPA, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act

affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s). *Turner v. Kellett*, 426 S.C. 42, 45 (Ct. App. 2019).  Nautilus cannot establish that Moss & Kuhn engaged in an unfair or deceptive act that proximately caused the damages claimed by Nautilus.  Discovery has revealed that Mr. Murdaugh deceived multiple parties, including Cory Fleming and John Grantland, about the alleged structured settlement account set up for the Satterfield beneficiaries through Forge Consulting.  See Exhibit B, 55:20-56:2; Exhibit C, 113:21-114:17.  Mr. Fleming disbursed money from Moss & Kuhn's trust account directly to Forge Consulting based on this false understanding.  See Exhibit B, 54:13-56:2.

Additionally, Nautilus's decision to pay the $3.8 million settlement in the Satterfield matter was the proximate cause of its loss.  Nautilus paid a disputed claim that it suspected, even possibly knew, to be fraudulent before it decided to pay.  See Exhibit C, 56:22-57:15.  Neither Mr. Fleming nor Moss & Kuhn knew anything about Mr. Murdaugh making up that his dogs had caused Ms. Satterfield's fall.  Once the settlement money was in Moss & Kuhn's trust account, Moss & Kuhn had a duty to the Satterfield beneficiaries, not to Nautilus.  See Exhibit A, 26:7-17.  The fact that the money was stolen from the Satterfields after settlement has nothing to do with Nautilus.  Because Moss & Kuhn did not engage in an unfair or deceptive act that proximately caused injury to Nautilus, this Respondent is entitled to judgment as a matter of law as to Nautilus's claim for violation of SCUTPA.

### III.     Breach of Fiduciary Duty

A plaintiff in a breach of fiduciary duty action must prove (1) the existence of a fiduciary duty owed to the plaintiff, (2) a breach of that fiduciary duty by the defendant, and (3) damages proximately flowing from the breach. *Bennett v. Est. of King*, 436 S.C. 614, 617 (2022).  Moss & Kuhn did not owe a fiduciary duty to Nautilus.  Moss & Kuhn was representing the Satterfield

Estate and therefore had a duty to the Satterfield Estate, which was the party opposing Nautilus's insured Mr. Murdaugh. Even if Nautilus can establish that Moss & Kuhn had a duty to supervise Mr. Fleming's withdrawals and deposits from the law firm's trust account, Moss & Kuhn owed that duty to the Satterfield Estate, not to Nautilus. Because Nautilus cannot prove that Moss & Kuhn owed it a fiduciary duty, this Respondent is entitled to judgment as a matter of law as to Nautilus's claim for breach of fiduciary duty.

## IV.     Breach of Agreement

In an action for breach of contract, the burden is upon the plaintiff to prove the contract, its breach, and the damages caused by such breach. *Maro v. Lewis*, 389 S.C. 216, 218 (Ct. App. 2010). There is no evidence of an agreement, either written or verbal, between Moss & Kuhn and Nautilus. Further, there is no evidence that Moss & Kuhn breached such an agreement.

This Respondent anticipates Nautilus will argue that there was an agreement to hold the Satterfield settlement funds in trust until the order approving settlement was filed, which agreement was breached when Mr. Fleming disbursed the settlement money to Forge Consulting without a filed order. Mr. Grantland, the attorney for Nautilus, testified during his deposition that he *assumed* Mr. Fleming would file the order approving settlement. *See* Exhibit C, 121:8-13. On the other hand, Mr. Fleming testified it was his understanding that Mr. Grantland would file the order approving settlement. *See* Exhibit B, 51:4-52:1. Mr. Grantland also testified that Amy Miller, the Nautilus adjuster, instructed him to close his file on the Satterfield matter after she received the (unfiled) order approving settlement. *See* Exhibit C, 186:6-187:4. The Stipulation of Dismissal was eventually filed when the Satterfield case appeared on a trial docket in Hampton County. *See* Exhibit B, 66:21-67:7.

Regardless of the parties' understanding about who would file the order approving settlement, Mr. Fleming had authority to deposit and withdraw funds from Moss & Kuhn's trust account on his own accord. *See* Exhibit A, 13:17-25.  Mr. Fleming did not need approval from Moss & Kuhn to disburse the settlement money to Forge Consulting.  Furthermore, Nautilus had a full opportunity to investigate the circumstances surrounding Ms. Satterfield's fall, which they did, then decided to settle the claim.  The fact that the money was stolen from the Satterfields after settlement has nothing to do with Nautilus.  They wanted the case settled and got a Release in exchange for their payment.  Therefore, Nautilus cannot establish that Moss & Kuhn breached any agreement with Nautilus, and this Respondent is entitled to judgment as a matter of law as to Nautilus's claim for breach of agreement.

**V.     Aiding and Abetting Fraud**

There is no cause of action for aiding and abetting fraud in South Carolina.

**VI.    Money Had and Received/Unjust Enrichment**

To recover restitution in the context of unjust enrichment, a plaintiff must show: (1) it conferred a non-gratuitous benefit on the defendant; (2) the defendant realized some value from the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value.  *Inglese v. Beal*, 403 S.C. 290, 294 (Ct. App. 2013).  Nautilus cannot show that it conferred a non-gratuitous benefit on Moss & Kuhn.  Nautilus paid the $3.8 million in settlement proceeds to Moss & Kuhn's trust account for the Satterfields, which funds were unknowingly disbursed to a fraudulent company called Forge Consulting.  Once Moss & Kuhn discovered approximately $113,800 in their trust account related to the Satterfield matter that did not belong to them, the firm immediately sent that money to the Satterfields' attorney.  *See* Exhibit A, 25:11-26:4.  Moss & Kuhn did not reap any benefits of this transaction.  If anything, the

5

Satterfield matter has caused hardship to Moss & Kuhn by resulting in multiple investigations and lawsuits. Because Nautilus cannot show that it conferred a non-gratuitous benefit on Moss & Kuhn, this Respondent is entitled to judgment as a matter of law as to Nautilus's claim for money had and received/unjust enrichment.

### VII.     Conversion

Conversion is defined as the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights. *Moore v. Weinberg*, 383 S.C. 583, 589 (2009). Nautilus had an opportunity to fully investigate the allegations in the Satterfield matter. Nautilus's attorney Mr. Grantland testified that the mediator suggested $3.8 million to resolve the case, and the parties left mediation with the Nautilus adjuster Amy Miller trying to get that amount in settlement authority. *See* Exhibit C, 86:10-22. Thereafter, the parties settled the case for $3.8 million, and Nautilus wrote a check that was deposited into Moss & Kuhn's trust account for the Satterfields. This retention of settlement funds in Moss & Kuhn's trust account was fully authorized by Nautilus. Nautilus wanted the case settled and received a Release in exchange for their payment. In fact, according to Mr. Grantland, Ms. Miller was pleased with the settlement. *Id*. at 181:2-8.

Unbeknownst to either Mr. Fleming or Moss & Kuhn, this money was later disbursed—not to the Satterfields—but to a fraudulent account set up by Mr. Murdaugh. The fact that this money was stolen from the Satterfields after settlement has nothing to do with Nautilus; it was no longer Nautilus's money at that point. Because Moss & Kuhn did not unlawfully assume and exercise a right of ownership over Nautilus's property, this Respondent is entitled to judgment as a matter of law as to Nautilus's claim for conversion.

### VIII. Violation of RICO

In order to establish a RICO violation, 18 U.S.C.S. § 1961, a plaintiff is required to establish the following: (1) the commission of two or more "predicate acts" (2) constituting a "pattern" (3) of "racketeering activity" through which (4) the culpable person (5) invests in, maintains an interest in, participates in, or conspires to do any of the preceding in (6) an enterprise, and (7) such activities affect interstate commerce. *Gentry v. Yonce*, 337 S.C. 1, 4 (1999). There is no evidence that Moss & Kuhn engaged in two or more predicate acts constituting a pattern of racketeering activity. Therefore, this Respondent is entitled to judgment as a matter of law as to Nautilus's claim for violation of RICO.

### IX. Negligence

To prevail in an action founded in negligence, the plaintiff must establish three essential elements: (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by a negligent act or omission, and (3) damage proximately caused by a breach of duty. *Hinds v. Elms*, 358 S.C. 581, 583 (Ct. App. 2004). First and foremost, there is no evidence that Moss & Kuhn owed a duty to Nautilus. Moss & Kuhn was representing the Satterfield Estate and therefore had a duty to the Satterfield Estate, which was the party opposing Nautilus's insured Mr. Murdaugh. Even if Nautilus can establish that Moss & Kuhn had a duty to supervise Mr. Fleming's withdrawals and deposits from the law firm's trust account, Moss & Kuhn owed that duty to the Satterfield Estate, not to Nautilus. Nautilus's decision to pay the $3.8 million settlement in the Satterfield matter was the proximate cause of its loss. Once that money was in Moss & Kuhn's trust account, Moss & Kuhn owed a duty to the Satterfield beneficiaries, not to Nautilus. *See* Exhibit A, 26:7-17. Therefore, this Respondent is entitled to judgment as a matter of law as to Nautilus's claim for negligence.

## **CONCLUSION**

For the foregoing reasons, the Respondent Moss & Kuhn, P.A. respectfully requests that this Honorable Court grant its Motion for Summary Judgment as set forth above and dismiss all claims asserted by the Petitioner Nautilus Insurance Company.

        HOOD LAW FIRM, LLC
        172 Meeting Street
        Post Office Box 1508
        Charleston, SC  29402
        Ph: (843) 577-4435 / Fax: (843) 722-1630
        Email: Info@hoodlaw.com

        **s/ Robert H. Hood, Jr.**
        Robert H. Hood, Jr. (FED #6998)
        bobbyjr.hood@hoodlaw.com
        Maryrose P. Williamson (FED #12802)
        maryrose.williamson@hoodlaw.com

        *Attorneys for the Respondent*
        *Moss & Kuhn, P.A.*

**April 1, 2024**
Charleston, South Carolina