IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company,<br><br>   Plaintiff,<br> v.<br><br>Richard Alexander Murdaugh, Sr., *et al.*,<br><br>   Defendants. | Case No. 2:22-1307-RMG<br><br>**ORDER AND OPINION** |

  This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's June 18, 2024 Order (Dkt. No. 218) ("Summary Judgment Order") denying Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 187) and granting in part and denying in part Defendants' various motions for summary judgment (Dkt. Nos. 188, 190, 191, 193). (Dkt. No. 219). Defendants Palmetto State Bank and Chad Westendorf filed responses to Plaintiff's motion. (Dkt. Nos. 222, 223). Plaintiff replied. (Dkt. No. 228). For the reasons set forth below, the Court denies Plaintiff's motion.

  **I.**  **Background**

  In its Summary Judgment Order, this Court held that it did not have jurisdiction to invalidate the underlying state court settlement as urged by Nautilus and denied Plaintiff's motion for partial summary judgment. (Dkt. No. 218 at 4-5). The Court granted summary judgment to Defendants Chad Westendorf and Palmetto State Bank on all counts, holding that Plaintiff failed to demonstrate the existence of a genuine dispute of material fact in support of its claims of civil conspiracy, negligence, violation of the South Carolina Unfair Trade Practices Act (SCUTPA), breach of fiduciary duty, breach of agreement, aiding and abetting breach of fiduciary duty, aiding and abetting fraud, unjust enrichment, conversion and RICO as to those Defendants. Plaintiffs'

1

remaining causes of action pending against Defendants Cory Fleming, Moss & Kuhn and Alexander Murdaugh allege civil conspiracy, negligence, violation of SCUTPA, breach of fiduciary duty and breach of agreement.

Plaintiff requests this Court reconsider its Order on three grounds.  First, Plaintiff argues that the Court abstained from declaring the state settlement a legal nullity on faulty reasoning, and explains the *Rooker-Feldman* doctrine does not relieve this Court of subject-matter jurisdiction over the issue. (Dkt. No. 219 at 2).  Regarding Defendants' motions, Plaintiff requests this Court reconsider its holdings that (1) no genuine dispute of material fact exists supporting Chad Westendorf's involvement in a civil conspiracy, and (2) that Plaintiff may not advance a conversion claim where it unconditionally divested itself of the settlement funds upon delivering them into escrow.  (*Id.* at 6-7).

**II.     Legal Standard**

Rule 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (noting "an order

of partial summary judgment is interlocutory in nature"); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). "The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Career Counseling, Inc. d/b/a Snelling Staffing Servs., a S.C. corporation, individually & as the representative of a class of similarly situated persons, Plaintiff, v. Amerifactors Fin. Grp., LLC, & John Does 1-5, Defendants.*, No. 3:16-CV-03013-JMC, 2021 WL 1345627, at *4 (D.S.C. Apr. 12, 2021) (internal quotation marks omitted). "Without such express guidance, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance." *Id.* (citing *U.S. Home Corp. v. Settlers Crossing, LLC*, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012)); *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an[ ] interlocutory order.") (citing *Am. Canoe Ass'n*, 326 F.3d at 514).

### III. Discussion

Here, Plaintiff has not identified any change in controlling law or any new evidence not previously available. Instead, Plaintiff argues this Court committed clear error in its Summary Judgment Order.

#### A. The Underlying Settlement

Plaintiff contends that the underlying settlement "is a legal nullity under South Carolina law" and seeks to preclude Defendants from citing Nautilus' decision to pay to settle the claims as evidence of its own contributory negligence. (Dkt. No. 219 at 2). Per Plaintiff, the *Rooker-Feldman* doctrine relied upon by the Court in its summary judgment order is inapplicable because "there is and never has been a state court judgment to invalidate or otherwise overturn." (*Id.* at 3). Plaintiff also explains that it "does not seek to have this Court review *the merits* of any state court decision, but rather [it] challenges the legal existence—as a matter of South Carolina law—of an order that has never been filed in the record based upon a hearing that was not on the record or open to the public, and thus of a settlement that has never been formally approved as required by law." (*Id.* at 4). Plaintiff also emphasizes that it does not contend a state court judgment caused its injury, but rather that "it is made relevant because Defendants seek to rely on the putative judgment as an affirmative defense to Nautilus' claims." (*Id.* at 6). Finally, Plaintiff requests this Court certify to the South Carolina Supreme Court the question of whether the settlement was a legal nullity due to its procedural deficiencies. (*Id.*).

The Court declines to reconsider its decision to abstain from weighing in on the validity of the state court order approving the settlement. First and foremost, the validity of the state court order is irrelevant because the event Defendants argue contributed to Plaintiff's harm was Nautilus' payment to settle the Satterfield Estate's claims against its insured, Alexander

4

Murdaugh—not the settlement order itself. (*See* Dkt. No. 204 at 8). Nautilus' decision to make a settlement payment, which it reached following a March 22, 2019 mediation, predated any purported procedural deficiencies with the state court's entry of its order approving that settlement by nearly two months. (Dkt. No. 218 at 2). Nautilus delivered the settlement check to Cory Fleming on April 22, 2019 – weeks prior to the May 13, 2019 hearing before Judge Mullen to enter the final settlement order. (*Id.* at 2-3). Nautilus cannot have it both ways by arguing that the settlement order itself did not cause its injury (such that *Rooker-Feldman* should not apply) while simultaneously seeking to exculpate itself from any potential liability via attacking that order. This Court declines to render an advisory opinion regarding the validity of a state court order that does not alter the claims or defenses in this case. If Plaintiff seeks to challenge the validity of the state court order, it should move before the appropriate state court to obtain relief.

Second, as already explained in the Court's Summary Judgment Order, this Court does not have supervisory power over the procedures followed by a state court. *Nationwide Mut. Ins. Co. v. Burke*, 897 F.2d 734, 738 (4th Cir. 1990). The Court declines to certify the question of whether purported procedural deficiencies with the entry of the settlement order rendered the order ineffective to the South Carolina Supreme Court as this issue has no bearing on the decision before this Court. Nautilus has not moved to rescind the settlement on this basis. Nautilus' decision to pay the settlement funds—not the validity of the order approving that decision—is at issue in this case. The Court declines to reconsider its denial of Plaintiff's Motion for Partial Summary Judgment.

### B. Civil Conspiracy

Plaintiff requests this Court reconsider its holding that there is insufficient evidence to sustain its civil conspiracy charge against Chad Westendorf, and argues the Court committed error

by crediting Cory Fleming's testimony that Chad Westendorf knew nothing of the scheme against circumstantial evidence that could prove Chad Westendorf's knowledge and intent. (Dkt. No. 219 at 6-7). Plaintiff does not reference any circumstantial evidence in its motion that it contends supports Chad Westendorf's knowledge or intent, but instead relies on a citation to a report and recommendation where the Magistrate Judge determined that a plaintiff's receipt of "inexplicably large" payments for her work constituted circumstantial evidence of her involvement in a civil conspiracy, precluding an award of summary judgment in her favor. (*Id.* (citing *Fitzgibbons on behalf of Dir. of S.C. Dep't of Ins. v. Atkinson*, No. 817CV02092TMCJDA, 2019 WL 5856265, at *7 (D.S.C. Aug. 22, 2019), *report and recommendation adopted*, No. 8:17-CV-02092-DCC, 2020 WL 1065408 (D.S.C. Mar. 5, 2020)).

      This Court undertook an exhaustive review of the record and concluded that no evidence supported an inference that Chad Westendorf had knowledge of the scheme or acted with the specific intent to defraud the Satterfield Estate as part of a conspiracy with Murdaugh and Fleming. (Dkt. No. 218 at 7-10). That Chad Westendorf received two payments while serving as Personal Representative for the Satterfield Estate does not create a genuine dispute of material fact as to his knowledge of the object of the civil conspiracy nor his specific intent to further it. *See Moore v. Weinberg*, 644 S.E.2d 740, 750 (S.C. Ct. App. 2007), *aff'd*, 681 S.E.2d 875 (S.C. 2009). In its motion for reconsideration Plaintiff fails to draw the Court's attention to any circumstantial evidence that presents a genuine dispute of material fact as to Chad Westendorf's knowledge of or intent to further the civil conspiracy. The Court declines to reconsider its holding that insufficient evidence exists to support Plaintiff's civil conspiracy claim against Chad Westendorf.

6

### C. Conversion

Plaintiff argues that it "did not unconditionally divest itself of its funds" upon delivering the settlement funds into escrow, but rather retained an ownership interest in the funds until the escrow condition was satisfied. (Dkt. No. 219 at 9). This is relevant to Plaintiff's claim of conversion against all named Defendants, which requires a plaintiff to "show either title or right to possession of the property at the time of conversion." *Moore v. Weinberg*, 644 S.E.2d 740, 749 (S.C. Ct. App. 2007), *aff'd*, 681 S.E.2d 875 (2009) (quoting *Oxford Fin. Cos. v. Burgess*, 402 S.E.2d 480 (S.C. 1991)). As the Court explained in its Summary Judgment Order, the appropriate plaintiff to bring a conversion claim against Defendants Fleming and Moss & Kuhn is the Satterfield Estate. (Dkt. No. 218 at 25-26). The Court declines to reconsider its holding that Plaintiff may not bring a conversion claim as a matter of law.

### IV. Conclusion

In light of the foregoing, Plaintiff's motion to reconsider the Court's Summary Judgment Order is **DENIED**. (Dkt. No. 219).

**AND IT IS SO ORDERED.**

    s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

August 21, 2024
Charleston, South Carolina