IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, <br><br> Plaintiff, <br> v. <br><br> Richard Alexander Murdaugh, Sr., *et al.*, <br><br> Defendants. | Case No. 2:22-1307-RMG <br><br><br> **ORDER** |

I. **Background**

This matter comes before the Court on Plaintiff's motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. 1292(b) regarding the grant of summary judgment involving all claims against Defendants Palmetto State Bank ("PSB") and Chad Westendorf ("Westendorf") and certain claims against Defendants Cory Fleming ("Fleming") and Moss & Kuhn, P.A. ("Moss & Kuhn") and the denial of summary judgment on Plaintiff's claims regarding the validity of the underlying settlement. (Dkt. No. 230). By order dated June 18, 2024, the Court extensively addressed Plaintiff's claims against Defendants, concluding that Defendants PSB and Westendorf were entitled to summary judgment on each of Plaintiff's claims and Defendants Fleming and Moss & Kuhn were entitled to summary judgment on some of Plaintiff's claims. (Dkt. No. 218). The Court also explained that it was without jurisdiction to invalidate the underlying settlement as requested by Plaintiff in its motion for partial summary judgment. (*Id.*). On August 21, 2024, the Court again addressed in detail Plaintiff's claims in denying Plaintiff's motion to reconsider. (Dkt. No. 229). The litigation is ongoing regarding Plaintiff's claims against Defendants Richard Alexander Murdaugh, Cory Fleming, and Moss & Kuhn, P.A., with the case now ready for trial.

1

## II. Legal Standard

The standard for granting an interlocutory appeal is well-settled. To grant an interlocutory appeal, a district court must certify that the order to be appealed: "(1) involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of litigation . . . ." 28 U.S.C. §1292(b). This language has been construed as granting district courts "circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Swint v. Chambers County Commissioners*, 514 U.S. 35, 46 (1995). It is also well-settled that because § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Put differently, the certification of an interlocutory appeal requires "exceptional circumstances that justify departure from the basic policy limiting appellate review to final judgments." *Terry v. June*, 368 F.Supp.2d 538, 539 (W.D. Va. 2005) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 464, 498 (1978). And consistent with this principle, the Fourth Circuit has made clear that "certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583 at *5 (4th Cir. 1989) (unpublished).

## III. Discussion

The Court finds that Plaintiff's motion for leave to file an interlocutory appeal does not remotely meet the demanding standards for an interlocutory appeal. There is not a substantial ground for difference of opinion regarding the Court's rulings concerning Plaintiff's claims against PSB and Westendorf and an interlocutory appeal of the issues regarding PSB and Westerdorf

would not bring about the termination of this litigation. To the contrary, an interlocutory appeal would unnecessarily delay the disposition of the claims ready to proceed to trial and would promote the type of piecemeal litigation that § 1292(b) seeks to prevent.

### IV.   Conclusion

In light of the foregoing, Plaintiff's motion for leave to file an interlocutory appeal (Dkt. No. 230) is **DENIED**.

**AND IT IS SO ORDERED.**

          _s/ Richard Mark Gergel_
          Richard Mark Gergel
          United States District Judge

September 30, 2024
Charleston, South Carolina