UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nautilus Insurance Company, | ) | |
| | ) | |
| Petitioner, | ) | C/A No. 2:22-cv-1307-RMG |
| Versus | ) | |
| | ) | **MOSS & KUHN, P.A.'S RESPONSE IN** |
| Richard Alexander Murdaugh, Sr., Cory | ) | **OPPOSITION TO PLAINTIFF'S MOTION** |
| Fleming, Moss & Kuhn, P.A., Chad | ) | **FOR JUDGMENT ON THE PLEADINGS** |
| Westendorf, and Palmetto State Bank, | ) | **AND FOR SUMMARY JUDGMENT** |
| | ) | |
| Respondents. | ) | |

The Respondent, Moss & Kuhn, P.A., (hereinafter "this Respondent"), by and through its undersigned attorneys, respectfully submits this Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings and for Summary Judgment (ECF No. 240), respectfully showing to the Court as follows:

## I.     LEGAL STANDARD

### a.   Timing of Dispositive Motions

Federal Rule of Civil Procedure 16(b) governs scheduling for civil matters brought in federal court.  Rule 16 is meant to "prevent parties from disregarding the agreed-upon course of litigation." *Simmons v. Rite Aid of S.C., Inc.*, 9:23-cv-2290-RMG, 2024 U.S. Dist. LEXIS 207353, at *4 (D.S.C. Aug. 2024) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997).  Per Rule 16(b)(3)(A), a scheduling order must limit the time to file motions.  And Rule 16(b)(4) states that a scheduling order may be changed only for good cause and the judge's consent.  The "good cause" standard of Rule 16(b) for seeking to amend a scheduling order is not lenient like that of Rule 15(a); Rule 16(b) focuses on the diligence of the party seeking to amend the scheduling order. *Bucklew v. Derst Baking Co., LLC*, 2:24-148-RMG,

2024 U.S. Dist. LEXIS 207349, at *3-4 (D.S.C. Sept. 2024) (quoting *George v. Duke Energy Ret. Cash Balance Plan*, 560 F. Supp. 2d 444, 480 (D.S.C. 2008).

The moving party may satisfy the "good cause" standard only if the moving party shows the deadlines, as in the scheduling order, "could not reasonably be met despite the party's diligence." *Little v. Maine*, 0:23-cv-797-RMG, 2024 U.S. Dist. LEXIS 50367, at *7 (D.S.C. Mar. 2024) (quoting *Cook v. Howard*, 484 F. App'x 805, 814-15 (4th Cir. 2012).

**b.  Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial.  "A judgment on the pleadings is only warranted if 'the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Mt. Hawley Ins. Co. v. Carriage Hill Assocs. of Charleston*, 2:19-2550-RMG, 2020 U.S. Dist. LEXIS 172954, at *2 (D.S.C. Aug. 2020) (quoting *Lewis v. Excel Mech.*, 2:13-cv-281-PMD, 2013 U.S. Dist. LEXIS 122521, 2013 WL 458873 at *2 (D.S.C. Aug. 28, 2013) (quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)).  Motions for judgment on the pleadings limit a court's review to the pleadings and any documents or exhibits attached or incorporated there.  *Id.* (citing *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964); *Lewis*, 2013 U.S. Dist. LEXIS 122521, 2013 WL 458873 at *1).

Like a motion to dismiss under Rule 12(b)(6), a court must construe motions for judgment in the light most favorable to the non-movant; that is, the nonmovant's well plead factual allegations in its pleadings are deemed to be true and all inconsistent assertions in the moving party's pleadings are taken to be false.  *Selective Ins. Co. of Am. v. Johnson*, 9:23-cv-06458-RMG, 2024 U.S. Dist. LEXIS 1037556, at *3 (D.S.C. Jun. 2024).

### c. Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment should be granted only "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Courts should only grant summary judgment "when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Lott v. S.C. Farm Bureau Mut. Ins. Co.*, 2:22-cv-00529-RMG, 2024 U.S. Dist. LEXIS 129682, at *4 (D.S.C. Jul. 2024) (quoting *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The burden of showing the absence of genuine issues of material fact falls on the moving party's shoulders. *See Id.*

## II.    LAW AND ANALYSIS

For the reasons set forth below, this Court should dismiss this Respondent from Petitioner's Amended Complaint.

### a. **Plaintiff's motion is outside the time permitted and does not establish good cause for filing after the permitted deadline.**

On November 17, 2023, this Honorable Court entered the Fourth Amended Scheduling Order which mandated that the parties must file all dispositive motions relating to Phase 1 on or before April 1, 2024. (ECF No. 175). Then, on April 19, 2024, the Court entered the Fifth Amended Scheduling Order extending the deadline for oppositions and responses to any Phase 1 dispositive motions to or before May 1, 2024, and allowing parties to file replies to those filings on or before May 10, 2024. (ECF No. 199). The Fifth Order further provided that after resolution

of dispositive motions related to Phase 1, the Court would enter a new scheduling order for the rest of the case. *Id.* Plaintiff and Defendant filed motions and cross motions for summary judgment within the permitted time. (ECF Nos. 185, 187, 188, 189, 190, 191).

This Honorable Court then entered an Order and Opinion addressing those motions and the memoranda that followed. (ECF No. 218). This Honorable Court declared "[i]t is for the jury to determine whether Fleming acted within the scope of his employment, such that M&K is liable for his acts." (*Id.* at 7).

On October 7, 2024, this Court entered an order which allowed Plaintiff to conduct discovery into the Defendants' ability to satisfy a verdict, but the order did not specify a deadline for the filing of additional dispositive motions. (ECF No. 235). The Fourth Amended Scheduling Order is the last order to address the deadline for filing dispositive motions. Rule 16(b)(3)(A) mandates that scheduling orders must limit the time to file motions, so for the October order (ECF No. 235) to not specify a limit can only mean the time for dispositive motions has ended.

Plaintiff's motion does not address its timeliness, nor does it provide any explanation as to why the motion could not reasonably have been filed on or before April 1, 2024, in accordance with the Fourth Amended Scheduling Order. Additionally, the motion does not discuss the "good cause" requirement for amending the scheduling order to accommodate Plaintiff's tardiness nor does it make any request to the Court to allow for the filing of such a dispositive motion. As this Honorable Court has recognized in the past, good cause requires an examination of Plaintiff's diligence in bringing this motion before the Court, particularly, why the earlier deadline could not have been reasonably met despite Plaintiff's efforts. *Little*, 0:23-cv-797-RMG, 2024 U.S. Dist. LEXIS 50367, at *7 (D.S.C. Mar. 2024). Not only does Plaintiff's motion not address this

monumental requirement, but there are no facts that would support good cause for amending the scheduling order.

Plaintiff's current motion (ECF No. 240) references the same facts as the motion for partial summary judgment (ECF No. 187) and simply wraps these facts in an argument that Plaintiff could have and should have made in the earlier motion. There are no new facts mentioned in Plaintiff's current motion because there are none. Rather than adhering to the scheduling order and preparing to try the case on its merits, Plaintiff is trying to take this matter out of a jury's hands by belatedly making arguments that were known and should have been raised before the April 1, 2024, deadline. Plaintiff has not sought this Court's permission to file this delayed motion, but instead disregards Rule 16(b)(4) and the Fourth Amended Scheduling Order by filing this motion at this hour. This Honorable Court must not allow Plaintiff to toss aside the agreed-upon rules the Defendants have acquiesced to.

Because Plaintiff's motion for judgment on the pleadings and for summary judgment comes eight (8) months after the dispositive motion deadline and because Plaintiff's motion does not even attempt to address the Rule 16(b)(4) requirements, this Honorable Court must deny Plaintiff's motion.

### b.  <u>**Plaintiff has not clearly proven it is entitled to judgment on the pleadings.**</u>

Plaintiff's motion does not specifically target M&K in its argument for judgment on the pleadings, but because Plaintiff has made such an argument against Defendant Fleming and then, based on that argument, argued M&K is equally liable, the judgment on the pleadings is addressed here.

Judgment on the pleadings is only appropriate if, after reviewing **only** the pleadings and exhibits therewith, the court concludes that no material issue of fact remains unresolved, and the

moving party is entitled to judgment as a matter of law. *Mt. Hawley*, 2:19-2550-RMG, 2020 U.S. Dist. LEXIS 172954, at *2 (D.S.C. Aug. 2020) (emphasis added). However, Plaintiff's argument lacks the appropriate support. In examining the pleadings as they relate to M&K and Plaintiff, M&K specifically denied the allegations contained in the Breach of Agreement cause of action (ECF No. 160, ¶ 24). This Court must, according to South Carolina law, view M&K's denial of Plaintiff's allegations as true and conclude that Plaintiff's inconsistent allegations are false. *Selective Ins. Co. of Am.*, 9:23-cv-06458-RMG, 2024 U.S. Dist. LEXIS 1037556, at *3 (D.S.C. Jun. 2024).

Plaintiff has not provided any precedential support requiring this Court to consider matters outside of the pleadings. Thus, the Court should consider only the pleadings and any exhibits thereto in evaluating Plaintiff's motion. And there is just simply nothing in the pleadings which justifies a finding for Plaintiff. Therefore, this Honorable Court must deny Plaintiff's motion for judgment on the pleadings as it relates to M&K, because Plaintiff failed to demonstrate that there are no unresolved material issues of fact.

### c.  **Plaintiff failed to show that it is entitled to judgment as a matter of law.**

Plaintiff's motion (ECF No. 240, at 13-14) and Second Amended Complaint (ECF No. 154, ¶¶ 66-70), contend that M&K is vicariously liable for the Breach of Agreement cause of action. Plaintiff's argument, however, flies in the face of this Honorable Court's earlier holding that whether Defendant Fleming acted within the scope of his employment such that M&K would be vicariously liable for his actions is a decision for a jury. (ECF No. 218, at 6-7). This Court recognized, and Plaintiff acknowledges in its motion, that under South Carolina law, an employer is liable for the acts of its employees performed within the scope of the employment, and the

determination of whether an individual acted within the scope of employment is a question of fact for the jury. *Id.*; (ECF No. 240, at 13-14).

Plaintiff does not present any novel facts in the motion, but rather relies on, indeed cites, points raised in its previously unsuccessful motion for partial summary judgment. The only difference now is Plaintiff is basing its argument for Defendant Fleming on the fact that he has not provided an amended answer retracting his Fifth Amendment assertions and because certain admissions were made throughout litigation – arguments which were certainly available before the April 1, 2024. There has been no new discovery since this Court's ruling on those motions, apart from Plaintiff's inquiry into Defendants' ability to pay a potential verdict. No new facts have become known since April 1, 2024, that might justify Plaintiff's untimely motion. There is simply no reason nor authority for this Honorable Court to reverse its earlier decision that the question of M&K's vicarious liability belongs to the jury.

Furthermore, the language cited by Plaintiff offers support to M&K's position. Plaintiff emphasized in its motion that "where the deviation if slight and not unusual the Court may, and often will, as a matter of law, determine that the servant was still executing his master's business." (ECF No. 240, at 13). The contention that Defendant Fleming's alleged conduct was a "slight deviation" and "not unusual" is an insult to all those fortunate enough to practice law in this district. The insinuation here is that attorneys, and the firms that employ, them are prone to engage in unlawful or unethical conduct, and circumstances, like the ones alleged by Plaintiff, are not unusual, and because of these "facts" the Court may conclude that Defendant Fleming was acting within the scope of his employment with M&K. Absurd.

Plaintiff had the opportunity to prove there were no unresolved material issues of fact, and showing Plaintiff is entitled to judgment as a matter of law when Plaintiff filed partial summary

judgment (ECF No. 187) on April 1, 2024. But Plaintiff made no attempt at that argument despite having the same facts as those alleged in the current motion. Instead, Plaintiff belatedly filed the current motion, without this Court's consent and without showing good cause. This Honorable Court must support the position it held in the June 18, 2024, Order (ECF No. 218) – the decision as to whether Defendant Fleming acted within the scope of his employment such that M&K is vicariously liable is a decision for a jury.

## III.    CONCLUSION

For the foregoing reasons, this Respondent, Moss & Kuhn, P.A., respectfully asks that this Honorable Court deny Plaintiff's motion for judgment on the pleadings and for summary judgment.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC  29402
Ph: (843) 577-4435 / Fax: (843) 722-1630
Email: Info@hoodlaw.com

*s/ Robert H. Hood, Jr.*
Robert H. Hood, Jr. (FED #6998)
bobbyjr.hood@hoodlaw.com
Maryrose P. Williamson (FED #12802)
Maryrose.williamson@hoodlaw.com

*Attorneys for the Respondent Moss & Kuhn, P.A.*

December 6, 2024
Charleston, South Carolina