UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Richard Alexander Murdaugh, Sr., Cory Fleming, MOSS & KUHN, P.A., Chad Westendorf, and PALMETTO STATE BANK,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 2:22-cv-1307-RMG<br><br><br>**DEFENDANT CORY FLEMING'S FED. R. CIV. P. 26(a)(3) PRE-TRIAL DISCLOSURES** |

Defendant, Cory Fleming (hereafter "Mr. Fleming"), by and through its undersigned attorneys, respectfully submits the following disclosures pursuant to Fed. R. Civ. P. 26(a)(3):

**1.　The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.**

In addition to Plaintiff and those witnesses identified by Plaintiff and other Defendants, and without waiving the right to call additional witnesses, M&K expects to present the following witnesses at trial:

1) Amy Coryer Miller, c/o Jaan G. Rannik, Esq.
Ms. Miller was the Nautilus claims adjuster for the insurance claim made by Defendant Murdaugh relating to the death of Gloria Satterfield.

2) Representative of Nautilus, c/o Jaan G. Rannik, Esq.
A representative of Nautilus is expected to testify about the insurance claim made by Defendant Murdaugh relating to the death of Gloria Satterfield.

3) Chad Westendorf
Mr. Westendorf served as the personal representative for the Estate of Gloria Satterfield in relation to the wrongful death claim advanced by other Defendants.

4) John M. Grantland, Esq.

Mr. Grantland was defense counsel hired by Nautilus to defend Defendant Murdaugh in relation to the wrongful death claim advanced by other Defendants.

5) Cory H. Fleming, c/o Thomas A. Pendarvis, Esq.

6) H. Fred Kuhn, c/o Robert H. Hood, Jr., Esq.

Mr. Fleming does not waive or limit his right to object to the presentation of any witness on grounds of competency, relevance, materiality, privilege, confidentiality, admissibility, or any other ground. Mr. Fleming reserves the right to call additional witnesses not identified in these disclosures as may be necessary, including for purposes of impeachment.

**2.  The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.**

Mr. Fleming intends to offer his witnesses live at trial, barring unforeseen circumstances preventing the same. In that event, Mr. Fleming reserves the right to provide designations for that witness or those witnesses. Mr. Fleming further reserves the right to provide counter-designations to any designations from Plaintiff.

**3.  An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.**

Mr. Fleming attached a list of expected exhibits to these responses. Mr. Fleming does not waive or limit his right to offer additional exhibits or to object to any exhibit, proposed here by it or elsewhere by any party, on grounds of authenticity, competency, relevancy, materiality, privilege, confidentiality, admissibility as evidence for any purpose, or any other ground. Mr. Fleming may offer as exhibits portions or enlargements of any exhibits identified in these disclosures. Mr. Fleming further reserves the right to introduce into evidence any documents produced by either party for review during discovery, documents included as

exhibits to any deposition or attached as exhibits to memoranda of law filed in this action, correspondence between the parties or their counsel, any pleadings, affidavits, or documents either filed or served in this action, and any exhibit listed by any party.

Mr. Fleming may also introduce into evidence illustrative demonstrative exhibits. Mr. Fleming reserves the right to use additional exhibits not identified in these disclosures based on any developments that may occur during the course of the trial that were not anticipated and reserves the right to counter-designate exhibits, for completeness purposes or otherwise, based upon any other party's pretrial designations. Mr. Fleming reserves the right to offer as evidence additional documents as needed for cross-examination, impeachment, or rebuttal.

Respectfully submitted,

/s/ *Thomas A. Pendarvis*
Thomas A. Pendarvis (Fed. Id. 5785)
PENDARVIS LAW OFFICES, P.C.
710 Boundary Street, Suite 1-A
Beaufort, SC 29902
843.524.9500
Thomas@PendarvisLaw.com

Counsel for Defendant, Cory H. Fleming serving on a *pro bono* basis

December 9, 2024
Beaufort, South Carolina