# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, )<br>　　　　　　　　Plaintiff, )<br>v. )<br>RICHARD ALEXANDER MURDAUGH, )<br>Sr., CORY FLEMING, MOSS & KUHN, )<br>P.A., CHAD WESTENDORF, and )<br>PALMETTO STATE BANK, )<br>　　　　　　　　Defendants. ) | Case No. 2:22-cv-1307-RMG<br><br>**NAUTILUS INSURANCE COMPANY'S OPPOSITION TO DEFENDANT CORY FLEMING'S ORAL MOTION TO AMEND ANSWER** |

During a December 9, 2024 status conference, counsel for Defendant Fleming indicated that Mr. Fleming was considering whether to move to amend his answer, pending a discussion with Mr. Fleming's criminal counsel. To that extent statement constitutes a proper oral motion to amend his pleading, Nautilus opposes that motion as follows.

## I.　　Procedural Posture

Mr. Fleming filed his answer on August 28, 2023, pleading the protections of the Fifth Amendment to every factual allegation. A blanket assertion of the Fifth Amendment is not a proper assertion of the privilege and is a proper basis for judgment on the pleadings. *N. River Ins. Co. v. Stefanou*, 831 F.2d 484, 486–87 (4th Cir. 1987) (affirming judgment on the pleadings after blanket assertion of Fifth Amendment).

On November 27, 2024, Nautilus moved for judgment on the pleadings [ECF No. 240], in part based on Mr. Fleming's improper assertion of the Fifth Amendment.

At the December 9 status conference, counsel for Mr. Fleming represented that Mr. Fleming was considering amending his pleading and responding to the substantive allegations of Nautilus' Second Amended Complaint [ECF No. 154].

This matter is set for trial to begin January 6, 2025.

II.     **<u>Basis for Opposition</u>**

Nautilus has not been provided with a proposed amended answer and must object to the amendment on this basis alone. It does not know, for example, whether Mr. Fleming would raise new defenses that were not included in his answer and as to which Nautilus has had no opportunity to conduct discovery. Amendment under these circumstances and this close to trial would be prejudicial to Nautilus. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) ("It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." (citations omitted)); *see also Remington Arms Co. v. Mod. Muzzleloading, Inc.*, No. 2:97CV00660, 1998 WL 1040949, at *2 (M.D.N.C. Dec. 17, 1998) ("While cognizant of the fact that leave to amend ordinarily is to be liberally granted, amendments of pleadings are particularly inappropriate, absent exceptional circumstances, once discovery has closed.").

Nautilus further reserves the right to object on any other basis that becomes apparent from the proposed amended pleading.

**[signature on following page]**

2

|  | Respectfully submitted: |
|---|---|
|  | **EPTING & RANNIK, LLC** |
| This 10th day of December, 2024<br>Charleston, South Carolina | */s/ Jaan Rannik*<br>Jaan G. Rannik (Fed. Bar No. 12621)<br>46A State Street<br>Charleston, SC 29401<br>P. (843) 377-1871<br>jgr@epting-law.com<br><br>*/s/ Gregg Meyers*<br>Gregg Meyers (Fed ID No. 4183)<br>114 4th Ave NW<br>Byron, MN 55920<br>843-324-1589<br>attygm@gmail.com<br><br>*ATTORNEYS FOR NAUTILUS INSURANCE COMPANY* |