UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>                          Petitioner,<br><br>vs.<br><br>Richard Alexander Murdaugh, Sr., Cory Fleming, MOSS & KUHN, P.A., Chad Westendorf, and PALMETTO STATE BANK,<br><br>                          Respondents. | Civil Action No. 2:22-cv-1307-RMG<br><br><br>**RESPONDENT CORY FLEMING'S AMENDED ANSWER TO PETITIONER'S SECOND AMENDED COMPLAINT** |

The Respondent, Cory Fleming (hereinafter "Respondent Fleming"), hereby submits his Amended Answer to the Second Amended Complaint filed on behalf of NAUTILUS INSURANCE COMPANY ("Nautilus" or "Petitioner") subject to all affirmative defenses, motions, and any other pleadings, as follows:

1. Respondent Fleming denies each and every allegation of the Petitioner's Second Amended Complaint which he does not specifically admit.

**PARTIES AND JURISDICTION**

2. The allegations in Paragraphs 1 and 2 are admitted upon information and belief.

3. The allegations in Paragraphs 3 and 4 are admitted.

4. The allegations in Paragraphs 5 and 6 are admitted upon information and belief.

5. The allegations in Paragraphs 7 and 8 are legal conclusions requiring no response from Respondent Fleming. To the extent the Court requires a response, Respondent Fleming admits this Court has jurisdiction under 28 U.S.C. § 1332; admits this Court has jurisdiction under 28 U.S.C. §

2201; and admits this Court has jurisdiction under 28 U.S.C. § 1367 and 18 U.S.C. § 1964, provided the facts alleged in the Petitioner's jurisdictional allegations are true.

### FACTUAL ALLEGATIONS

6. Upon information and belief, Respondent Fleming admits the allegations contained in Paragraph 10.

7. Respondent Fleming is without sufficient knowledge or information upon which to form a belief as to the allegations that Ms. Gloria Satterfield fell on February 2, 2018, as stated in Paragraph 11, and therefore denies the same. Respondent Fleming admits the remaining allegations contained in Paragraph 11.

8. Respondent Fleming admits the allegations in Paragraph 12.

9. Respondent Fleming admits Chad Westendorf was appointed as successor personal representative for the Estate of Ms. Satterfield but is without sufficient knowledge or information upon which to form a belief as to the remaining allegations stated in Paragraph 13, and therefore denies the same.

10. Respondent Fleming admits Nautilus provided defense counsel for Respondent Richard Alexander Murdaugh, Sr., and ultimately paid $3,800,000 to resolve the claims asserted on behalf of Ms. Satterfield's estate. Respondent Fleming denies the remaining allegations stated in Paragraph 14.

11. Respondent Fleming is without sufficient knowledge or information upon which to form a belief as to the allegations stated in the first part of Paragraph 15 and therefore denies the same.

12. Respondent Fleming is without sufficient knowledge or information upon which to form a belief as to the allegations stated in Paragraph 15(a) and therefore denies the same.

13. Respondent Fleming admits that he agreed to represent the Personal Representative of Gloria Satterfield's estate to pursue civil claims arising from her death. Respondent Fleming denies the

remaining allegations stated in Paragraph 15(b).

14.     Respondent Fleming admits that Chad Westendorf served as successor Personal Representative to Gloria Satterfield's estate. Respondent Fleming denies the remaining allegations stated in 15(c).

15.     Respondent Fleming is without sufficient knowledge or information upon which to form a belief as to the allegations stated in Paragraph 15(d) and therefore denies the same.

16.     The allegation in Paragraph 15(e) that Respondent Murdaugh "was not a bona fide insured seeking coverage" is a legal conclusion to which no response is required from Respondent Fleming. Respondent Fleming denies the allegations in Paragraph 15(e).

17.     Respondent Fleming denies the allegations in Paragraph 15(f) as stated. After thoroughly investigating the claims asserted on behalf of the estate of Gloria Satterfield, Nautilus entered into a binding settlement agreement requiring Nautilus to pay $3,800,000 in exchange for an enforceable release of all claims available to the Estate of Gloria Satterfield against its insured, Respondent Murdaugh. Respondent Fleming admits that after Nautilus signed the settlement agreement with the Estate of Gloria Satterfield, after it received the enforceable Release, after it dispersed the settlement proceeds, and after receiving the original Order signed by a South Carolina Circuit Court judge, he breached duties he owed to the Estate of Gloria Satterfield concerning the settlement proceeds. Any allegations in Paragraph 15(f) to the contrary are denied.

18.     Respondent Fleming denies the allegations in Paragraph 15(g) as stated. Respondent Fleming admits that after Nautilus received the original Order signed by a South Carolina Circuit Court judge, he breached duties he owed to the Estate of Gloria Satterfield concerning the settlement proceeds. Any allegations in Paragraph 15(g) to the contrary are denied.

19.     Respondent Fleming denies the allegations in Paragraph 15(h) as stated.

20. Respondent Fleming admits that after Nautilus signed the settlement agreement with the Estate of Gloria Satterfield, after it received the enforceable Release, after it dispersed the settlement proceeds, and after receiving the original Order signed by a South Carolina Circuit Court judge, he breached duties he owed to the Estate of Gloria Satterfield concerning the settlement proceeds. Any allegations in Paragraph 15(i) to the contrary are denied.

21. Respondent Fleming admits that after Nautilus signed the settlement agreement with the Estate of Gloria Satterfield, after it received the enforceable Release, after it dispersed the settlement proceeds, and after receiving the original Order signed by a South Carolina Circuit Court judge, he breached duties he owed to the Estate of Gloria Satterfield concerning the settlement proceeds. Any allegations in Paragraph 15(j) to the contrary are denied.

22. Respondent Fleming denies the allegations in Paragraph 15(k) as stated. Respondent Fleming admits because he sent Nautilus the original Order signed by a South Carolina Circuit Court judge approving the wrongful death settlement, Nautilus was in control of filing the Original Order. Furthermore, there was no condition in the settlement agreement requiring the filing of any Order approving settlement before the settlement proceeds could be dispersed. Any allegations in Paragraph 15(k) to the contrary are denied.

23. Respondent Fleming admits the allegations in Paragraph 15(l).

24. Respondent Fleming is without sufficient knowledge or information upon which to form a belief as to the allegations stated in Paragraphs 15(m), 15(n), 15(o), and 15(p), and therefore denies the same.

25. Respondent Fleming admits the allegations in Paragraph 15(q) and 15(r).

26. Respondent Fleming admits he pled guilty to an Information filed in federal court alleging Respondent Fleming participated in a "Conspiracy to Commit Wire Fraud" "to defraud" the

Estate of Gloria Satterfield in violation of 18 U.S.C. § 371. A copy of the Information filed on May 23, 2023, in *United States of America vs. Cory Howerton Fleming*, Criminal No. 9:23-cr-00394-RMG is filed with this Answer is **Exhibit 1**. The Information and Respondent Fleming's plea make no references to any scheme to defraud Nautilus. Respondent Fleming denies the allegations stated in Paragraph 15(s).

27. Notwithstanding his admission of violating duties to the Estate of Gloria Satterfield, Respondent Fleming denies the allegations in Paragraph 16, alleging that he and others "intentionally, fraudulently, and illegally manipulate[d] bank accounts and/or obtain[ed] and misappropriate[d] funds for their personal benefit, causing damage to …. *Nautilus*."

28. Respondent Fleming admits that on November 30, 2023, the Supreme Court of South Carolina issued an opinion styled, *In the Matter of Cory Howerton Fleming*, 895 S.E.2d 672 (2023), which disbarred Respondent Fleming from the practice of law in South Carolina. Nowhere in the Supreme Court's opinion disbarring Respondent Fleming are there any findings that Respondent Fleming violated any duties to Nautilus. The allegations in Paragraph 17 inferring that Respondent Fleming participated in "Irregularities" that caused damages to Nautilus are denied.

29. Respondent Fleming is without sufficient knowledge or information upon which to form a belief as to the allegations stated in Paragraph 18, and therefore denies the same.

30. Respondent Fleming admits the allegations in Paragraph 19.

### FOR A FIRST CAUSE OF ACTION
(Fraud – Murdaugh)

31. In response to the allegations in Paragraph 20, Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

32. Because the allegations in Paragraphs 21 – 26, including sub-parts, are directed at other

Respondents, Respondent Fleming makes no responses to any of the allegations. To the extent this Court requires a response, Respondent Fleming denies the allegations in Paragraphs 21-26 to the extent any of those allegations support any findings adverse to Respondent Fleming.

## FOR A SECOND CAUSE OF ACTION
### (Conspiracy - All Defendants)

33. In response to the allegations in Paragraph 27, Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

34. Respondent Fleming denies the allegations in Paragraphs 28 – 34.

## FOR A THIRD CAUSE OF ACTION
### (Negligence - Palmetto)

35. In response to the allegations in Paragraph 35, Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

36. Because the allegations in Paragraphs 36 – 47, including sub-parts, are directed at other Respondents, Respondent Fleming makes no responses to any of the allegations. To the extent this Court requires a response, Respondent Fleming denies the allegations in Paragraphs 36 - 47 to the extent any of those allegations support any findings adverse to Respondent Fleming.

## FOR A FOURTH CAUSE OF ACTION
### (South Carolina Unfair Trade Practices Act – All Defendants)

37. In response to the allegations in Paragraph 48, Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

38. Respondent Fleming denies the allegations in Paragraphs 49 – 54.

## FOR A FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty – Fleming, MKF, Westendorf, and Palmetto)

39. In response to the allegations in Paragraph 55, Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

40. Respondent Fleming admits the allegations in Paragraphs 56 and 57.

41. Respondent Fleming denies the allegations in Paragraphs 58 and 59 as stated and refers to the actual cover letter for its terms and conditions.

42. The allegation in Paragraph 60 that Respondent Fleming and others owed fiduciary duties to Nautilus is a legal conclusion to which no response is required from Respondent Fleming. To the extent this Court requires a response, Respondent Fleming denies the allegations in Paragraph 60, alleging he owed fiduciary duties to Nautilus. Respondent Fleming denies the remaining allegations in Paragraph 60.

43. Respondent Fleming denies the allegations in Paragraphs 61 - 64.

**FOR A SIXTH CAUSE OF ACTION**
**(Breach of Agreement – Fleming, MKF, Westendorf, and Palmetto)**

44. In response to the allegations in Paragraph 65, Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

45. Respondent Fleming denies the allegations in Paragraphs 66 - 70.

**FOR A SEVENTH CAUSE OF ACTION**
**(Aiding and Abetting Breach of Fiduciary Duty – Murdaugh, Westendorf, and Palmetto)**

46. In response to the allegations in Paragraph 71, Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

47. Because the allegations in Paragraphs 72 - 74, including sub-parts, are directed at other Respondents, Respondent Fleming makes no responses to any of the allegations. To the extent this Court requires a response, Respondent Fleming denies the allegations in Paragraphs 72 - 74 to the extent any of those allegations support any findings adverse to Respondent Fleming.

**FOR A EIGHTH CAUSE OF ACTION**
**(Aiding and Abetting Fraud – Fleming, MKF, Westendorf, and Palmetto)**

48. In response to the allegations in Paragraph 75, Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

49. Respondent Fleming denies the allegations in Paragraphs 76 - 80.

**FOR A NINTH CAUSE OF ACTION**
**(Money Had and Received/Unjust Enrichment – Murdaugh, Fleming, MKF, Westendorf, and Palmetto)**

50. In response to the allegations in Paragraph 81, Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

51. Respondent Fleming is without sufficient knowledge or information upon which to form a belief as to the allegations stated in Paragraph 82, and therefore denies the same.

52. Respondent Fleming denies the allegations in Paragraphs 83 - 86.

**FOR A TENTH CAUSE OF ACTION**
**(Conversion – All Defendants)**

53. In response to the allegations in Paragraph 87 Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

54. Respondent Fleming admits the allegations in Paragraph 88.

55. While Respondent Fleming admits the allegations in Paragraph 89, Respondent Fleming denies the cover letter enclosing the settlement proceeds check imposed any duties on Respondent Fleming that were not stated in or otherwise arise from the settlement agreement between his client, the Estate of Gloria Satterfield, Nautilus, and Respondent Murdaugh.

56. Respondent Fleming admits the allegations in Paragraph 90.

57. Respondent Fleming admits the allegations in Paragraph 91, stating that the Order approving the settlement was signed but is without sufficient knowledge or information upon which to

form a belief as to the remaining allegations in Paragraph 91, and therefore denies the same. Because Nautilus is and was in possession of the original Order signed by Judge Mullen, Nautilus had the power and ability to file that Order.

58. Respondent Fleming admits to dispersing the settlement proceeds but is without sufficient knowledge or information upon which to form a belief as to the remaining allegations in Paragraph 92 and therefore denies the same. This is because Nautilus is and was in possession of the original Order signed by Judge Mullen and had the power and ability to file that Order at or before the time when the settlement proceeds were dispersed.

59. The allegations in Paragraph 93 that "[a]s the case in which the order would have been filed has been dismissed with prejudice, such order can never be filed" are a legal conclusions to which no response is required from Respondent Fleming. To the extent this Court would require response, Respondent Fleming denies the allegations in Paragraph 93.

60. Respondent Fleming is without sufficient knowledge or information upon which to form a belief as to the allegations stated in Paragraph 94, and therefore denies the same.

61. Respondent Fleming denies the allegations in Paragraphs 95 - 96.

**FOR A ELEVENTH CAUSE OF ACTION**
(Conversion – All Defendants)

62. In response to the allegations in Paragraph 97 Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

63. Because the allegations in Paragraphs 98 - 101, including sub-parts, are directed at other Respondents, Respondent Fleming makes no responses to any of the allegations. To the extent this Court requires a response, Respondent Fleming denies the allegations in Paragraphs 98 - 101 to the extent any of those allegations support any findings adverse to Respondent Fleming.

## FOR A TWELFTH CAUSE OF ACTION
**(Violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1962(a)–(d) – All Defendants)**

64. In response to the allegations in Paragraph 102 Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

65. Respondent Fleming denies the allegations in Paragraphs 103 - 104.

66. Respondent Fleming admits the allegations in Paragraph 105.

67. Respondent Fleming denies the allegations in Paragraphs 106 - 107.

68. In response to the allegations in Paragraph 108, while Respondent Fleming admits he pled guilty to an Information filed in federal court alleging Respondent Fleming participated in a "Conspiracy to Commit Wire Fraud" "to defraud" the Estate of Gloria Satterfield in violation of 18 U.S.C. § 371, he denies he pled guilty to the "scheme" alleged by Nautilus and denies that he pled guilty to mail and wire fraud. A copy of the Information filed on May 23, 2023, in *United States of America vs. Cory Howerton Fleming*, Criminal No. 9:23-cr-00394-RMG is filed with this Answer is Exhibit 1. The Information and Respondent Fleming's plea make no references to any scheme to defraud Nautilus.

69. Because the allegations in Paragraphs 109 - 110, including sub-parts, are directed at other Respondents, Respondent Fleming makes no responses to any of the allegations. To the extent this Court requires a response, Respondent Fleming denies the allegations in Paragraphs 109 - 110 to the extent any of those allegations support any findings adverse to Respondent Fleming.

70. Respondent Fleming denies the allegations in Paragraphs 111 - 116.

### FOR A THIRTEENTH CAUSE OF ACTION
### (Negligence – MFK)

71. In response to the allegations in Paragraph 117 Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

72. Because the allegations in Paragraphs 118 - 133, including sub-parts, are directed at other Respondents, Respondent Fleming makes no responses to any of the allegations. To the extent this Court requires a response, Respondent Fleming denies the allegations in Paragraphs 118 - 133 to the extent any of those allegations support any findings adverse to Respondent Fleming.

### FOR A FOUTEENTH CAUSE OF ACTION
### (Declaratory Judgment)

73. In response to the allegations in Paragraph 134, Respondent Fleming incorporates his response to the foregoing paragraphs as if repeated here verbatim.

74. Respondent Fleming denies Nautilus is entitled to the relief sought and alleged in Paragraph 135.

### AS AN AFFIRMATIVE DEFENSE
### (Statute of Limitations)

75. Petitioner's actions against Respondent Fleming are barred by the applicable statute of limitations.

### AS AN AFFIRMATIVE DEFENSE
### (No Damages)

76. Petitioner's actions against Respondent Fleming are barred because Nautilus suffered no damages.

### AS AN AFFIRMATIVE DEFENSE
### (No Duty)

77. Petitioner's actions against Respondent Fleming are barred because Respondent

Fleming owed no duty to Nautilus.

## AS AN AFFIRMATIVE DEFENSE
### (No Causation)

78. Petitioner's actions against Respondent Fleming are barred because Nautilus cannot show any damages causally related to any acts or omissions by Respondent Fleming, including lack of proximate cause and lack of cause-in-fact.

## AS AN AFFIRMATIVE DEFENSE
### (Failure to Allege Fraud with Particularity)

79. Petitioner's actions against Respondent Fleming for fraud are barred because the allegations in the Second Amended Complaint fail to allege the circumstances constituting fraud with particularity.

## AS AN AFFIRMATIVE DEFENSE
### (Independent Act of Third Party)

80. Petitioner's actions against Respondent Fleming are barred because claims and events in the Second Amended Complaint resulted from acts of a third party independent of Respondent Fleming and, as such, cannot be attributed to Respondent Fleming.

## AS AN AFFIRMATIVE DEFENSE
### (Civil Conspiracy Claim Defective)

81. Petitioner's actions against Respondent Fleming for civil conspiracy are barred because the Second Amended Complaint fails to allege specific acts in furtherance of the alleged conspiracy in addition to the allegations claimed to support other causes of action.

## AS AN AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, and Laches)

82. Petitioner's actions against Respondent Fleming are barred in whole or in part under the doctrines of waiver, estoppel, and laches.

### AS AN AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

83. Petitioner's actions against Respondent Fleming are barred in whole or in part because Petitioner failed to take reasonable measures or otherwise adequately mitigate its alleged damages, if any damages exist.

### AS AN AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

84. The allegations in the Amended Complaint fail to state a claim upon which relief may be granted against Respondent Fleming.

### AS AN AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

85. Any award or assessment of punitive damages as prayed for by Petitioner would violate Respondent Fleming's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution.

### AS AN AFFIRMATIVE DEFENSE
### (Statutory Punitive Damages Cap)

86. Any award or assessment of punitive damages as prayed for by Petitioner must be capped and cannot exceed the amounts set forth in S.C. CODE ANN. §15-32-530, et seq., as amended.

WHEREFORE, having fully answered the Petitioner's Second Amended Complaint, and having asserted these affirmative defenses, Respondent, Cory Fleming, prays that Petitioner's Second Amended Complaint be dismissed with prejudice and that he be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Thomas A. Pendarvis*
Thomas A. Pendarvis (Fed. Id. 5785)
PENDARVIS LAW OFFICES, P.C.
710 Boundary Street, Suite 1-A
Beaufort, SC 29902
843.524.9500 Tel.
Thomas@PendarvisLaw.com

*Counsel for Cory Fleming*

Beaufort, South Carolina

December 11, 2024