**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

NAUTILUS INSURANCE COMPANY,

                    Plaintiff,

v.

RICHARD ALEXANDER MURDAUGH, SR., *et al.*,

                    Defendants.

Case No. 2:22-cv-1307-RMG

**PLAINTIFF'S RESPONSE TO QUESTIONS OF THE COURT**

Nautilus Insurance Company ("Nautilus") responds to the questions posed in the Court's Order of December 10, 2024 [ECF No. 256] as follows.

1. Identify any entity Plaintiff alleges has successor liability for the claims against Moss and Kuhn, P.A.

The party who Nautilus is informed and believes would have liability as a successor of Defendant Moss & Kuhn, P.A. ("M&K") is Kuhn Law Firm, LLC ("KLF").

2. State the factual and legal basis for any alleged successor liability for any entity identified in response to Question No. 1.

The legal basis of successor liability in this instance is because KLF is a "mere continuation" of M&K. *See Nationwide Mut. Ins. Co. v. Eagle Windows & Doors, Inc.*, 714 S.E.2d 322 (S.C. 2011) (confirming four ways in which a successor entity may be liable for the debts of its predecessor, including if "the successor is a mere continuation of the predecessor"). A successor is a mere continuation of its predecessor when there is a continuity of the predecessor's business and a commonality of officers, directors, and shareholders between the two. *Id.*

The Fourth Circuit has upheld the imposition of successor liability in a similar context as this. *Kaiser Foundation Health Plan of the Mid-Atlantic States v. Clary & Moore, P.C.* concerned a judgment obtained in a prior action against the predecessor law firm to the defendant, Clary & Moore, P.C. 123 F.3d 201 (1997). The District Court entered judgment for the firm. The Fourth

Circuit reversed, finding that the new entity was a "mere continuation" of the prior entity, requiring payment by the successor entity of the judgment rendered against the original entity.[1] *See also Nationwide Mut. Ins. Co. v. Eagle Window & Door, Inc.*, 818 S.E.2d 447, 450 (S.C. 2018) (concerning a contribution suit initiated to obtain payment from a successor entity of an obligation of its predecessor).

With regard to Nautilus' factual basis, KLF operates out of the same premises that M&K previously operated from (1501 North Street, Beaufort, SC 29902). It has the same PO Box mailing address as that previously used by M&K (Post Office Drawer 507, Beaufort, SC 29901). It has the same phone number previously used by M&K (843-524-3373). Upon information and belief, KLF has common ownership with M&K, in that Mr. Fred Kuhn is an owner of both. No discovery has been authorized or taken into KLF, and the above represents publicly available information.

After any verdict, discovery will be necessary to determine whether, as Nautilus believes, KLF assumed M&K's business, retaining the same clients, matters, lease, and personnel.

3. <u>Explain why Plaintiff has not previously moved to join in this lawsuit the entity identified in response to Question No. 1.</u>

There are three reasons that Nautilus has not previously moved to join KLF in this action. First is that Nautilus did not know that M&K had ceased operations and rebranded as KLF until it received M&K's discovery responses on November 8, 2024 and thereafter performed research.

Second is that, upon receipt of the discovery response and research into KLF and the law, Nautilus determined based upon case law and F.R.C.P. 25 that joinder of KLF was not necessary.

---

[1]  The Fourth Circuit applied Virginia law, which has an identical test for successor liability to that of South Carolina.  Compare *Harris v. T.I., Inc.*, 413 S.E.2d 605, 609 (Va. 1992) with *Nationwide Mut. Ins. Co. v. Eagle Windows & Doors, Inc.*, 714 S.E.2d 322, 326 (S.C. 2011).

*See Kaiser*, *supra* (requiring payment by a successor entity of a judgment obtained against its predecessor);  Rule 25(c), Fed. R. Civ. P. ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.").

Third, as Plaintiff, Nautilus is master of its complaint and of who it names as parties, as this Court observed in response to Mr. Murdaugh's motion to join the Satterfields to this action as necessary parties. **Ex. 1** at 24:19-21.  Nautilus believes it would be less confusing for a jury if M&K remained as the Defendant.

However, should this Court rule that *is* necessary to join KLF in order for there to be successor liability, Nautilus would request leave to do so.

**Respectfully submitted:**

This 13th day of December, 2024
Charleston, South Carolina

*/s/ Jaan Rannik*
EPTING & RANNIK, LLC
Jaan G. Rannik (Fed. ID No. 12621)
46A State Street
Charleston, SC 29401
P: (843) 377-1871
F: (843) 377-1310
jgr@epting-law.com

*/s/ Gregg Meyers*
Gregg Meyers (Fed ID No. 4183)
114 4th Ave NW
Byron, MN 55920
843-324-1589
attygm@gmail.com

COUNSEL FOR NAUTILUS INSURANCE COMPANY