IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company,<br><br>　　　　Plaintiff,<br>　v.<br><br>Richard Alexander Murdaugh, Sr., *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-1307-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Nautilus' motion for summary judgment. (Dkt. No. 267). Defendant Cory Fleming filed a response. (Dkt. No. 270). For the reasons set forth below, the Court denies Nautilus' motion.

I.　**Introduction**

Pursuant to the Court's December 11, 2024 Order authorizing Defendant Cory Fleming to file an amended Answer (Dkt. No. 262), Plaintiff filed a motion seeking summary judgment on its breach of contract claim against Fleming. (Dkt. No. 267). Plaintiff argues that Fleming is estopped from denying certain allegations raised in Nautilus' Second Amended Complaint in light of "(i) admissions he made in pleading guilty to criminal charges, (ii) findings of fact made by the South Carolina Supreme Court in an order disbarring him from the practice of law, and (iii) prior admissions made by Mr. Fleming in this proceeding." (*Id.* at 2). Specifically, it argues that "Mr. Fleming's conduct—admitted in this action—establishes that he aided and advanced Mr. Murdaugh's scheme with regard to the Satterfield matter" by, among other things, "deposit[ing] the funds conditionally delivered by Nautilus into his firm's trust account without objecting to the conditions required by Nautilus, thereby agreeing to abide by those conditions, including holding the funds in trust until an order approving the settlement was filed." (*Id.* at 8-9). In Nautilus' view,

1

the conditions imposed by Nautilus by its April 22, 2019 letter accompanying the settlement check created a contract that was breached when Fleming disbursed the funds prior to the settlement order being filed. (*Id.* at 10).  By extension, Nautilus contends that Moss & Kuhn is vicariously liable for Fleming's breach of that agreement. (*Id.* at 12-13).

Fleming opposes Nautilus' motion, highlighting that any admissions he has made center on his conduct with regards to the Estate of Gloria Satterfield—not Nautilus. (Dkt. No. 270 at 3-5).   As a result, Fleming argues he is not estopped from denying liability to Nautilus. (*Id.* at 6). He further disputes the existence of any contract regarding the conditions attached to disbursement of the settlement funds, explaining that the settlement agreement imposed no such requirement and no contract was formed by Nautilus' unilateral imposition of such a requirement. (*Id.* at 9; *see also* Dkt. No. 187-23).

The motions are ripe for this Court's review.

## II.     Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under applicable law. *See id.*  Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am.*

*Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving part must demonstrate specific, material facts exist that give rise to a genuine issue to survive the motion for summary judgment. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.     Discussion

The Court previously addressed Nautilus' breach of contract claim in its June 18, 2024 Order addressing the Parties' cross-motions for summary judgment. The Court found that "[t]he record reflects a genuine dispute of material fact as to whether Nautilus' letter formed a binding agreement between Nautilus and Fleming regarding the disbursement of the settlement funds, as well as to whether the Parties agreed to modify the settlement terms following the April 22, 2019 letter." (Dkt. No. 218 at 21). The Court does not consider any of the purported admissions by Fleming to estop him from denying such an agreement was formed. In Nautilus' bulleted list of Fleming's "Admissions in this Action," it claims that by "deposit[ing] the funds conditionally delivered by Nautilus into his firm's trust account without objecting to the conditions required by Nautilus" Fleming "thereby agree[d] to abide by those conditions, including holding the funds in trust until an order approving the settlement was filed." (Dkt. No. 267 at 8-9) (citing Dkt. No. 187-20 at 49:5-15; Dkt. No. 187-23)). This is a wholly conclusory allegation. Nowhere in the deposition transcript cited by Nautilus in support of this statement does Fleming admit that his deposit of the funds in escrow reflected his lack of objection to the conditions in Nautilus' April

22, 2019 letter. Rather, a genuine dispute of material fact persists as to whether Fleming's conduct amounted to an acceptance of an "offer" set out in the April 22, 2019 letter, or alternatively, whether Nautilus' request amounted to a unilateral and non-binding attempt to alter the settlement agreement's conditions. This is a question of fact properly resolved by a jury at trial. *Small v. Springs Indus., Inc.*, 357 S.E.2d 452, 454 (S.C. 1987).

### IV. Conclusion

In light of the foregoing, Nautilus' motion for summary judgment is **DENIED**. (Dkt. No. 267).

**AND IT IS SO ORDERED.**

_s/ Richard M. Gergel_  
Richard Mark Gergel  
United States District Judge

December 19, 2024  
Charleston, South Carolina