UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nautilus Insurance Company, | ) | C/A No. 2:22-cv-1307-RMG |
| | ) | |
| Plaintiff, | ) | |
| Versus | ) | |
| | ) | **DEFENDANT MOSS & KUHN, P.A.'S** |
| Richard Alexander Murdaugh, Sr., Cory | ) | **NOTICE OF MOTION AND MOTION *IN*** |
| Fleming, Moss & Kuhn, P.A., Chad | ) | ***LIMINE* TO EXCLUDE ANY REFERENCE** |
| Westendorf, and Palmetto State Bank, | ) | **TO PRIMARY SETTLEMENT** |
| | ) | |
| Defendants. | ) | |

The Defendant Moss & Kuhn, P.A., by and through its undersigned attorneys, hereby respectfully moves this Court for an Order *in Limine* excluding any testimony and/or reference to the settlement between Alex Murdaugh's primary insurance carrier Lloyd's of London and the Satterfield estate. This motion is made pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

## BACKGROUND FACTS

Defendant Alex Murdaugh's former housekeeper Gloria Satterfield fell at his property in 2018 and later died. Cory Fleming, a former partner at Moss & Kuhn, P.A., represented Gloria Satterfield's estate in a personal injury claim against Mr. Murdaugh. Mr. Murdaugh's primary homeowners liability insurance was through Lloyd's of London, and he had an umbrella insurance policy through Plaintiff Nautilus Insurance Company (hereinafter, "Nautilus"). Lloyd's of London offered their full policy limits of $505,000 to settle the Satterfield estate's claim against Mr. Murdaugh. After attending mediation in March 2019, Nautilus offered their full policy limits of $3.8 million to the Satterfield estate to settle the remainder of the claim.

## LAW AND ANALYSIS

Rule 402 of the Federal Rules of Evidence provides that evidence must be relevant to be admissible. Rule 401 of the Federal Rules of Evidence states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." However, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403, FRE.

The Satterfield estate's settlement with Mr. Murdaugh's primary insurance carrier Lloyd's of London is unrelated to Nautilus's claims regarding its settlement as Mr. Murdaugh's excess insurance carrier. Any testimony or reference to the Lloyd's of London settlement would have no tendency to make any fact more or less probable than it would be without the evidence, nor is the primary settlement of consequence in determining Nautilus's claims in this case. *See* Rule 401, FRE. Moreover, testimony regarding the Satterfield estate's settlement with Mr. Murdaugh's primary insurer has little to no probative value and would tend to confuse the issues and mislead the jury. *See* Rule 403, FRE. Accordingly, evidence of the settlement with Lloyd's of London is irrelevant and should be excluded from the trial of this case.

## CONCLUSION

For the foregoing reasons, Moss & Kuhn, P.A. requests an Order *in Limine* to exclude any testimony and/or reference to the settlement between Alex Murdaugh's primary insurance carrier Lloyd's of London and the Satterfield estate.

        HOOD LAW FIRM, LLC
        172 Meeting Street
        Post Office Box 1508
        Charleston, SC  29402
        Ph: (843) 577-4435 / Fax: (843) 722-1630
        Email: Info@hoodlaw.com

**December 23, 2024**　　　　**/s/ Maryrose P. Williamson**
Charleston, South Carolina　　Robert H. Hood, Jr. (FED #6998)
　　　　　　　　　　　　　　bobbyjr.hood@hoodlaw.com
　　　　　　　　　　　　　　Maryrose P. Williamson (FED #12802)
　　　　　　　　　　　　　　Maryrose.williamson@hoodlaw.com

　　　　　　　　　　　　　　*Attorneys for the Defendant*
　　　　　　　　　　　　　　*Moss & Kuhn, P.A.*

3