UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Richard Alexander Murdaugh, Sr., Cory Fleming, Moss & Kuhn, P.A., Chad Westendorf, and Palmetto State Bank,<br><br>　　　　　　　　Defendants. | Civil Action No. 2:22-cv-1307-RMG<br><br><br>**DEFENDANT CORY H. FLEMING'S PROPOSED JURY CHARGES** |

    Defendant Cory Fleming ("Mr. Fleming") respectfully submits the revised proposed Jury Charges that are included as composite Exhibit 1 to fully comply with the Court's Special Instructions.

                                              Respectfully submitted,

                                              /s/ *Thomas A. Pendarvis*
                                              Thomas A. Pendarvis (Fed. Id. 5785)
                                              Pendarvis Law Offices, P.C.
                                              710 Boundary Street, Suite 1-A
                                              Beaufort, SC 29902
                                              843.524.9500
                                              Thomas@PendarvisLaw.com

                                              /s/ *Christopher W. Lempesis, Jr.*
                                              Christopher W. Lempesis, Jr. (Fed. Id. 11462)
                                              Lempesis Law Firm, LLC
                                              73 Sea Island Parkway, Unit 16
                                              Beaufort, SC 29907
                                              843.379.9356
                                              Chris@LempesisLaw.com

                                              *Counsel for Defendant, Cory H. Fleming*

# COMPOSITE EXHIBIT 1

# Defendant Fleming's Charge No. 1

### Civil Conspiracy

Under South Carolina law, "a plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff."[1]

"[C]ivil conspiracy is an intentional tort requiring a specific intent to accomplish the contemplated wrong."[2] "In order to establish a conspiracy, evidence, either direct or circumstantial, must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise."[3]

"Conspiracy may be inferred from the nature of the acts committed, the relationship of the parties, the interests of the alleged conspirators, and other relevant circumstances."[4]

---

[1] *Paradis v. Charleston Cnty. Sch. Dist.*, 861 S.E.2d 774, 780 (S.C. 2021).
[2] *Id.* n.9.
[3] *First Union Nat'l Bank of South Carolina v. Soden*, 511 S.E.2d 372, 383 (S.C. Ct. App. 1998).
[4] *Moore v. Weinberg*, 644 S.E.2d 740, 750 (S.C. Ct. App. 2007), *aff'd*, 681 S.E.2d 875 (S.C. 2009).

# Defendant Fleming's Charge No. 2

### South Carolina Unfair Trade Practices Act

The Unfair Trade Practices Act declares that unfair or deceptive practices in the conduct of any trade or commerce are unlawful. The terms "trade" and "commerce" include the advertising, offering for sale, or sale of any property, including land. To recover on a claim for violation of the Unfair Trade Practices Act, a party must show 1) that the other party engaged in an unfair or deceptive act in the conduct of trade or commerce, 2) the unfair or deceptive act impacted the public interest, and 3) the party making the claim suffered monetary or property loss as a result of the other party's unfair or deceptive act.

A deceptive act is any act that has any capacity to deceive, that is to mislead or create a false belief. Whether an act is unfair or deceptive depends on the surrounding facts and the impact of the transaction on the marketplace. An impact on the public interest, or a public harm, may be shown if the acts or practices have the potential for repetition. Two ways the potential for repetition may be shown are 1) by showing the same kind of actions occurred in the past or 2) by showing the company's procedures were such that they created a potential for the unfair or deceptive actions to be repeated. These two ways are not the only ways of showing the potential for repetition or impact on the public interest, and each case must be evaluated on its own merits. Nevertheless, if a party proves potential for repetition, he has proven that the unfair or deceptive acts impact the public.

*Wright v. Craft,* 640 S.E.2d 486 (S.C. App. 2006); S.C. CODE ANN. § 39-5-20 (Law Co-op 1976).

# Defendant Fleming's Charge No. 3

## Breach of Fiduciary Duty

"One standing in a fiduciary relationship with another is subject to liability to the other for harm resulting from a breach of duty imposed by the relation."[5] Under a breach of fiduciary duty claim, the plaintiff is entitled to actual damages for harm caused by the breach of a fiduciary duty owed to the plaintiff.[6] Damages in an action for breach of a fiduciary duty are those proximately resulting from the wrongful conduct of the defendant.[7]

---

[5] *Smith v. Hastie*, 626 S.E.2d 13, 17 (S.C. App. 2005) (citing *Moore v. Moore*, 599 S.E.2d 467, 473 (S.C. App. 2004)). *See also*, *Turpin v. Lowther*, 745 S.E.2d 397, 401 (S.C. App. 2013); *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 732 S.E.2d 166, 173 (S.C. 2012).

[6] *See Lowndes Products, Inc. v. Brower*, 191 S.E.2d 761 (S.C. 1972).

[7] *See Turpin,* 745 S.E.2d at 401; *Moore*, 599 S.E.2d at 473.

# Defendant Fleming's Charge No. 4

**Breach of Fiduciary Duty**

"A confidential or fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience is bound to act in good faith and with due regard to the interests of the one imposing the confidence." *Davis v. Greenwood Sch. Dist. 50*, 620 S.E.2d 65, 68 (S.C. 2005).

# Defendant Fleming's Charge No. 5

**Breach of Fiduciary Duty**

"To establish a claim for breach of fiduciary duty, the plaintiff must prove (1) the existence of a fiduciary duty, (2) a breach of that duty owed to the plaintiff by the defendant, and (3) damages proximately resulting from the wrongful conduct of the defendant." *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 732 S.E.2d 166, 173 (S.C. 2012).

# Defendant Fleming's Charge No. 6

**Breach of Fiduciary Duty**

"As a general rule, a fiduciary relationship cannot be established by the unilateral action of one party" and "[t]he other party must have actually accepted or induced the confidence placed in him." *Regions Bank v. Schmauch*, 582 S.E.2d 432, 444 (S.C. Ct. App. 2003).

# **Defendant Fleming's Charge No. 7**

**Breach of Agreement/Contract**

To recover for a breach of contract, the plaintiffs must establish three elements by the preponderance of the evidence:

(1) a binding contract entered into by the parties;

(2) breach or unjustifiable failure to perform the contract; and

(3) damage suffered by the plaintiff as a direct and proximate result of the breach.

A binding, valid contract must exist for there to be a cause of action for breach of contract. The plaintiff must prove each element of the contract sued on. The elements of a contract are offer, acceptance, and valuable consideration.

*See* Ralph King Anderson, Jr., S.C REQUESTS TO CHARGE CIVIL § 19-3 (2002).

# Defendant Fleming's Charge No. 8

**Breach of Agreement/Contract**

"The necessary elements of a contract are an offer, acceptance, and valuable consideration." *Sauner v. Pub. Serv. Auth. of S.C.*, 581 S.E.2d 161, 166 (S.C. 2003). "A valid offer 'identifies the bargained for exchange and creates a power of acceptance in the offeree.'" *Id*. (quoting *Carolina Amusement Co. v. Connecticut Nat'l Life Ins. Co*., 437 S.E.2d 122, 125 (S.C. Ct. App. 1993)). "A unilateral contract occurs when there is only one promisor and the other party accepts, not by mutual promise, but by actual performance." *Sauner*, 581 S.E.2d at 165-66. "When the existence of a contract is questioned and the evidence either conflicts or gives rise to more than one inference, the issue of the contract's existence becomes a question for the finder of fact." *Sherman v. W & B Enterprises, Inc.*, 592 S.E.2d 307, 310 (S.C. Ct. App. 2003).

# Defendant Fleming's Charge No. 9

**Breach of Agreement/Contract**

A contract is an obligation that arises from the actual agreement of the parties manifested by words, oral or written, or by conduct. A contract exists where there is an agreement between two or more persons upon sufficient consideration to do or not to do a particular act. Stated another way, there must be an offer and an acceptance accompanied by valuable consideration.

In South Carolina, a contract may be in writing, or it may be oral, that is, by word of mouth, or a combination of those types–some things in writing, some things oral.

For an agreement to be legally enforceable, the parties must manifest, by way of an offer to enter an agreement by one party and an acceptance of this offer by the other, an intention to enter a contract under terms, which each party completely understands. This is sometimes referred to as a "meeting of the minds." The "meeting of the minds" required to make a contract is not based on secret purpose or intention on the part of one of the parties, stored away in his mind and not brought to the attention of the other party, but must be based on purpose and intention which has been made known or which, from all the circumstances, should be known.

If the agreement is manifested by words, the contract is said to be express. If the agreement is manifested by conduct, it is said to be implied. In either case, the parties must manifest a mutual intent to be bound. Without the actual agreement of the parties, there is no contract. An express contract, as well as an implied contract, rests on an actual agreement of the parties to be bound to a particular undertaking.

The parties must manifest their mutual assent to all essential terms of the contract in order for an enforceable obligation to exist. If one of the parties has not agreed, then a prerequisite to formation

of the contract is lacking. To constitute a valid and binding contract, it is essential that both parties assent to the same thing in the same sense.

*See Player v. Chandler*, 382 S.E.2d 891 (S.C. 1989) (South Carolina common law requires that, in order to have a valid and enforceable contract, there must be a meeting of the minds between parties with regard to all essential and material terms of agreement); *Edens v. Laurel Hill, Inc.*, 247 S.E.2d 434 (S.C. 1978); *Gaskins v. Blue Cross Blue Shield*, 245 S.E.2d 598 (1978); *Peddler, Inc. v. Rikard*, 221 S.E.2d 115 (S.C. 1975); *Hughes v. Edwards*, 220 S.E.2d 231 (S.C. 1975); *Moore v. Palmetto State Life Ins. Co.*, 73 S.E.2d 688 (S.C. 1952); *Shealy v. Fowler*, 188 S.E. 499 (S.C. 1936); *Wallingford v. Columbia & G.R. Co.*, 2 S.E. 19 (S.C. 1887); *Roberts v. Gaskins*, 486 S.E.2d 771 (S.C. App. 1997); *Anderson Memorial Hosp., Inc. v. Hagen*, 443 S.E.2d 399 (S.C. App. 1994) (promise to "pay what I can" does not manifest meeting of minds between parties as to contract price; such promise is not sufficiently certain to bind promisor contractually; too much is left to judgment of promisor); *Carolina Amusement Co. v. Connecticut Nat'l Life Ins. Co.*, 437 S.E.2d 122 (S.C. App. 1993); *Hackler v. Earl Wiegand Real Estate, Inc.*, 368 S.E.2d 686 (S.C. App. 1988); *Rolandi v. City of Spartanburg*, 363 S.E.2d 385 (S.C. App. 1987) (express contract is obligation which arises from actual agreement of parties as manifested by words; implied-in-fact contract is a contract which arises when assent of parties to agreement is manifested by conduct); *Timmons v. McCutcheon*, 324 S.E.2d 319 (S.C. App. 1984); *Stanley Smith & Sons v. Limestone College*, 322 S.E.2d 474 (S.C. App. 1984); *Benya v. Gamble*, 321 S.E.2d 57 (S.C. App. 1984).

# Defendant Fleming's Charge No. 10

### Breach of Agreement/Contract

The word "breach," as it applies to contracts, is defined as a failure without legal excuse to perform any promise that forms a whole or a part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence. When the performance of a duty under a contract is due, any nonperformance is a breach. In other words, a party breaches a contract when he does not perform as he agreed to perform under the contract.

A party's contractual duty is found in the obligation assumed by the party to the contract. A party's failure to comply with the contractual duty constitutes the breach. Nonperformance of a valid contract is a breach thereof. A breach occurs when a party refuses or neglects to perform some duty required by the terms of the contract.

A breach of contract is any unjustified failure to perform any promise, express or implied, that is a part of the contract, or a violation or nonfulfillment of the obligations, agreements or duties imposed by the contract, or the commission or omission of some act that violates the express or implied undertakings contained in the contract.

A breach may occur when a party without legal excuse fails to perform any promise that is all or part of the contract, or knowingly prevents, hinders or makes more costly the other party's performance, or in advance of the due date of his performance, repudiates his promise to perform–that is, repudiates or renounces the contract.

The plaintiffs is entitled to recover only if you find that it has proved by the preponderance of the evidence that the defendants did, in fact, breach the contract between the parties.

*See Tillinghast v. Boston & Port Royal Lumber Co.*, 18 S.E. 120 (S.C. 1893), *overruled on other*

*grounds by Hendrix v. Hendrix*, 371 S.E.2d 528 (S.C. 1988); *Sechrest v. Forest Furniture Co.*, 141 S.E.2d 292 (N.C. 1965) (nonperformance of valid contract is breach); 17A AM. JUR. 2d *Contracts* § 716 (1991); RESTATEMENT (SECOND) OF CONTRACTS § 235 (1981).

# **Defendant Fleming's Charge No. 11**

### **Breach of Agreement/Contract**
### **(Mitigation)**

If you find by a preponderance of the evidence that a contract existed between the plaintiff and the defendants and that the defendants breached that contract, then you must decide whether the plaintiff took reasonable actions to reduce or minimize any damages they may have incurred.

The duty to mitigate losses applies to contracts. A party suffering damages has a duty to exercise reasonable care and diligence to minimize its damages. No recovery may be had for losses which the persons injured might have prevented by reasonable efforts and expenditures. The injured party is required to do only that which would be reasonable. In other words, an injured party is required to do that which an ordinary prudent person would do under similar circumstances to mitigate their damages. However, the injured party is not required to unreasonably exert themselves or incur substantial expense in an effort to mitigate damages.

Where no evidence is given that damages could reasonably have been reduced, the injured party is not required to have done more. Yet, parties will not be allowed to sit back and wait and then seek to recover damages for loss of use when reasonable attempts would have mitigated damages. There is no obligation to minimize avoidable damages where parties have a vested right to recover the full amount sought.

The burden of proving that damages could have been minimized rests on the parties claiming that damages should have been reduced or avoided.

*See Rathborne, Hair & Ridgway Co. v. Williams*, 59 F. Supp. 1 (D.S.C. 1945); *U.S. Rubber Co. v. White Tire Co.*, 97 S.E.2d 403 (S.C. 1956); *Du Bose v. Bultman*, 56 S.E.2d 95 (S.C. 1949); *Fewell v. Catawba Power Co.*, 86 S.E. 947 (S.C. 1915) (one seeking to hold another liable for damages must

use reasonable efforts to mitigate such damages); *Cobb v. Western Union Tel. Co.*, 67 S.E. 549 (S.C. 1910); *Genovese v. Bergeron*, 490 S.E.2d 608 (S.C. App. 1997); *Cisson Constr., Inc. v. Reynolds & Assocs., Inc*., 429 S.E.2d 847 (S.C. App. 1993) (reasonableness of party's actions to mitigate damages is question of fact which cannot be decided as matter of law when there is conflicting evidence); *Chastain v. Owens Carolina, Inc*., 426 S.E.2d 834 (S.C. App. 1993); *Alala v. Peachtree Plantations, Inc*., 355 S.E.2d 286 (S.C. App. 1987); *Tri-Continental Leasing Corp. v. Stevens, Stevens & Thomas, P.A.*, 338 S.E.2d 343 (S.C. App. 1985); *Hutson v. Cummins Carolinas, Inc.,* 314 S.E.2d 19 (S.C. App. 1984); 25 C.J.S. *Damages* § 33 (1966); 25 C.J.S. *Damages* § 34 (1966) (person injured by breach of contract ordinarily must use reasonable efforts to mitigate damages).