# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CORY FLEMING and MOSS & KUHN, P.A.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-1307-RMG<br><br>**AFFIDAVIT OF JAAN G. RANNIK REGARDING ATTORNEYS' FEES AND COSTS** |

PERSONALLY appeared before me Jaan G. Rannik, who states as follows:

1. My name is Jaan Rannik, and I am counsel for Plaintiff Nautilus Insurance Company ("Nautilus").

2. This affidavit is provided to detail the costs and attorneys' fees incurred by Nautilus which it seeks to recover as an additional award from Defendant Cory Fleming.

## Personnel and Rates

3. In terms of my professional standing, I graduated *magna cum laude* from the Francis King Carey School of Law at the University of Maryland and was admitted to the Maryland bar in 2014. After law school, I practiced law at Hogan Lovells US LLP in Baltimore Maryland and clerked for the Honorable Marvin J. Garbis of the United States District Court for the District of Maryland. I was admitted to the South Carolina bar in 2017, and have practiced law in Charleston, South Carolina since then. Since joining Epting & Rannik, I have drafted and argued motions in state and federal trial courts, drafted and argued appeals in the Court of Appeals and Supreme Court of this State as well as in the Fourth Circuit Court of Appeals, and tried cases before courts, juries, and arbitration panels. I became a partner of Epting & Rannik, LLC in 2020. I was recognized as a "Rising Star" by Super Lawyers in 2024, and as "One to Watch" by Best Lawyers in 2024 and 2025. My hourly rate in this case was $285.

4. Mr. Andrew Epting, Jr. performed a limited amount of work on this case. He graduated from law school in 1976, worked at Cabinet de Pisar in Paris, France in 1976–77, and practiced law in Charleston, South Carolina within several law firm iterations from 1978–2007. Since 2007, he has largely been a solo practitioner. During his career, he

1

has tried cases before juries, judges, and arbitrators. He has had a substantial out-of-state and appellate practice and argued cases before the 1st, 3rd, 4th, 5th, 6th, 9th, and 11th U.S. Circuit Courts of Appeal and before state and federal trial and appellate courts in many states other than South Carolina. His hourly rate in this case is $550.

5. Mr. Clinton Magill graduated *magna cum laude* from the Charleston School of Law and was admitted to the South Carolina bar in 2016. He worked Copeland, Stair, Valz & Lovell, LLP (then Carlock Copeland) from 2016 until 2019, Moore Van Allen from 2019 to 2022, and began working with Epting & Rannik in 2022. He has been recognized by as a "Rising Star" by Super Lawyers in 2024 and 2025, and as "One to Watch" by Best Lawyers for 2022-2025. His hourly rate in this case was $285.

6. Angela Gross, Rhonda McCraw, and Gwyn Martin are paralegals at Epting & Rannik, each with over 25 years of experience, and billed at $150, $175, and $200 per hour, respectively.

7. Jonathan Raley was a law student at the Charleston School of Law and a law clerk for Epting & Rannik from May 2023 through July 2024. He graduated *magna cum laude* in July 2024, won CALI awards in four separate subjects, served as the research assistant for Professor William Janssen for two semesters, and as Contracts Fellow for Professor Haynes Stuart in 2022 and 2023. He assisted with research relating to this case at a rate of $75 per hour.

8. My co-counsel for trial, Mr. Gregg Meyers, has prepared a separate affidavit that is being submitted contemporaneously.

## Factors & Complexity

9. Mr. Meyers' affidavit sets out the factors considered by courts in connection with the award of attorneys' fees. Rather than repeat his analysis, it is instead incorporated here by reference.

10. This was an unusually complex case to take to a verdict. Since this firm was engaged by Nautilus in 2021, over 4,000 hours of attorney and staff time was spent, *inter alia*, bringing claims against multiple parties who were ably represented by counsel, investigating, developing, and marshalling the circumstantial evidence needed to prove

a conspiracy, analyzing Fifth Amendment issues, deposing prisoners, preparing briefs relating to dispositive motions, analyzing issues of state and federal jurisdiction, and seeking and taking discovery into prior acts of certain parties.

11. A total of 8 depositions were taken in this matter, and over 14,275 documents were produced and reviewed in discovery. The trial of this matter to a jury lasted three days.

## Methodology for Amount of Fee Request

12. Nautilus has endeavored to filter its fees and costs incurred in this matter over the last thirty-six months and identify those specifically related to asserting, building, and proving its case against Mr. Fleming.

13. Nautilus does not seek time from before May 11, 2022, when Nautilus filed its First Amended Complaint naming Mr. Fleming as a Defendant.

14. Since May 11, 2022, Nautilus incurred $1,172,60.00 in fees and $27,938.03 in costs in this matter. Nautilus requests an award of $289,616.63 in fees and $7,625.72 in costs.

15. Nautilus has divided its efforts into three primary categories for purposes of this affidavit.

    a. The first category (redacted in the invoices provided for *in camera* review) consists of fees of $533,774 of fees and costs of $8,209.28 related solely to issues or Defendants *other than* Mr. Fleming. These amounts are *not* included in Nautilus' fee request.

    b. The second category (highlighted in green in the invoices provided for *in camera* review) consists of fees of $128,172.50 and costs of $4,143.90 that relate directly to developing, discovering, and proving the factual basis of Nautilus' claims against Mr. Fleming.

        i. As Nautilus sought a verdict against Moss & Kuhn P.A. ("M&K") principally on the basis of its vicarious liability for Mr. Fleming's actions as a member of that firm, Nautilus' various claims against Mr. Fleming and M&K shared the same factual basis, and so Nautilus' efforts as to M&K overlap almost exactly with its efforts as to Mr.

3

      Fleming. The exception is the negligence claim asserted against M&K only. Nautilus estimates that 10% of its effort in this second category related to the negligence claim against M&K.

    ii. Accordingly, Nautilus seeks 90% of the fees and costs in the second category, or **$115,355.25** in fees and **$3,729.51** in costs.

c. <u>The third category</u> (highlighted in yellow in the invoices provided for *in camera* review) consists of efforts that relate to Nautilus' claims against all of the Defendants, for which Nautilus incurred $510,313.50 in fees and $15,584.85 in costs. The methodology for entries in this category is explained below.

    i. In bringing its claims, Nautilus viewed Mr. Murdaugh's liability as likely given his centrality in the scheme that is the subject of this case. Nautilus' efforts involved investigating that scheme in order to determine the culpability of the various Defendants for conduct in conjunction with Mr. Murdaugh and his schemes, including for example:.

        1. researching Nautilus' causes of action under South Carolina law,

        2. preparing unified pleading, and

        3. responding to discovery requests which would be served on and utilized by all Defendants in defending Nautilus' claims.

    ii. These efforts were applicable to all Defendants, including Mr. Fleming. But because they were also applicable to the other Defendants, Nautilus does not seek the full amount of the fees or costs in this category.

    iii. The majority of Nautilus' efforts in this matter related to its claims against Palmetto State Bank, as it was the most solvent party and its counsel was the most active of all defense counsel in conducting discovery and defending against Nautilus' claims.

    iv. This disproportionality was heightened by Mr. Fleming pleading the Fifth Amendment for the majority of this action and stays resulting from the criminal proceedings against him.

      v. Given this imbalance, Nautilus seeks only 25% of the fees and costs in the third category from Mr. Fleming, or **$127,578.38** in fees and **$3,896.21** in costs.

16. Mr. Meyers fees' are in the amount of **$46,683.00**, as stated in his separate affidavit filed contemporaneously herewith.

### Request for Award

17. Accordingly, Nautilus seeks a total of **$289,616.63** in fees and **$7,625.72** in costs from Mr. Fleming.

18. Copies of Nautilus' invoices from Epting & Rannik and Mr. Meyers are provided to the Court and to counsel contemporaneously herewith, including a courtesy copy for the Court's *in camera* review. With regard to the invoices from Epting & Rannik:

    a. The entries for which Nautilus does not seek an award of fees or costs have been redacted.

    b. The second category of entries relating to Mr. Fleming and M&K are highlighted in green.

    c. The third category of entries relating to all Defendants are highlighted in yellow.

19. Further affiant sayeth naught.

_____
Jaan G. Rannik

SWORN to before me this 16th
day of January, 2025.

_____
Notary Public for South Carolina
My Commission Expires: 1/6/31

5