UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

NAUTILUS INSURANCE COMPANY,

        Plaintiff,

v.

CORY FLEMING,

        Defendant.

Case No. 2:22-cv-1307-RMG

# Attorney Fee Affidavit

1. I am one of the attorneys for the Plaintiff, Nautilus Insurance Company, in the action captioned above.

## Qualifications of Counsel

2. I am a 1979 honor graduate of Hamline University School of Law in St. Paul, Minnesota, presently Mitchell-Hamline School of Law.

3. I am a member of the South Carolina Bar, having been admitted in 1987. I have been a member in good standing since that time. I have practiced law since 1979, when I graduated from Hamline University School of Law in St. Paul, MN, and was first admitted to practice in Minnesota. I have also been in good standing in Minnesota since 1979.

4. From October, 1979 to December, 1986 I worked at the United States Department of Justice in Washington, D.C., where I did trial and appellate work. In March, 1987 I began work in private practice in South Carolina and since that time have been in private practice in South Carolina. I worked in two private law firms and in 1998 began working as a sole practitioner.

5. As noted above, I am also licensed to practice in, and have practiced in, the state of Minnesota. In addition, I am admitted to the United States District Court for

1

the District of South Carolina, the United States District Court for the District of Minnesota, the Fourth Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the United States Supreme Court. I have worked on cases in each of those jurisdictions, and have appeared in trial or arbitration in Florida, Missouri, North Carolina, Wisconsin, and Pennsylvania. I have argued appeals in the Fourth Circuit, the Ninth Circuit, Minnesota, North Carolina, and South Carolina.

6. I have an AV rating from Martindale-Hubbell.

7. My civil practice is wide-ranging, concerning personal injury and commercial matters in both state and federal court. Many such matters have been complex, often in unsettled areas of law where new law in South Carolina has been made. My practice has included class actions, multi-week trials, complex work under the federal False Claims Act, sexual abuse litigation and commercial arbitration.

8. I have handled many trials and appeals, in various states and federal Courts of Appeal. I have not previously represented Nautilus Insurance Company, as Mr. Epting has for many years, but Mr. Epting and I have tried a number of cases together, and in 2023 Mr. Epting and Mr. Rannik and I collaborated on a successful commercial arbitration involving intellectual property issues.

9. For many years I was invited to appear, and did appear, as a guest lecturer in the Trial Advocacy program at Wake Forest Law School taught by Carol Anderson. In 2003 I taught as adjunct a course in Remedies at the Charleston School of Law. I have been asked on different occasions to speak at South Carolina CLE courses about trial practice issues.

10. This affidavit supports a fee request for time involved in the trial of this action.

11. I am representing Nautilus under an hourly rate fee agreement, for which I had reduced to $285 the hourly rate of $450 that I have charged since 2018.

12. Attorney's fees are within the discretion of the trial judge, governed by the factors set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). The district court "need not recite and make express findings as to each and every factor," however, it must "analyze [the] relevant factors in detail sufficient to allow for meaningful appellate review." *In re Outside Wall Tire Litig.*, 636 Fed. Appx. 166, 170 (4th Cir. 2016).

13. I incorporate SCACR 407 and Rule 1.5 of the South Carolina Rules of Professional Conduct as to fees, and, as D.S.C. Local Rule 54.02 requires, "the requirements set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978)."

14. The *Kimbrell* factors are set forth at 577 F.2d 226 n. 28. They are:

>   (1) the time and labor expended;
>
>   (2) the novelty and difficulty of the questions raised;
>
>   (3) the skill required to properly perform the legal services rendered;
>
>   (4) the attorney's opportunity costs in pressing the instant litigation;
>
>   (5) the customary fee for like work;
>
>   (6) the attorney's expectations at the outset of the litigation;
>
>   (7) the time limitations imposed by the client or circumstances;
>
>   (8) the amount in controversy and the results obtained;
>
>   (9) the experience, reputation and ability of the attorney;
>
>   (10) the undesirability of the case within the legal community in which the suit arose;

3

    (11) the nature and length of the professional relationship between attorney and client; and

    (12) attorneys' fees awards in similar cases.

15. These factors encompass those set forth in South Carolina Rule of Professional Conduct 1.5(a), which lists the following in considering a fee award:

    (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

    (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

    (3) the fee customarily charged in the locality for similar legal services;

    (4) the amount involved and the results obtained;

    (5) the time limitations imposed by the client or by the circumstances;

    (6) the nature and length of the professional relationship with the client;

    (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

    (8) whether the fee is fixed or contingent.

16. I have incurred no reimbursable costs as to this litigation, as such costs were incurred and paid by Epting & Rannik, LLC, whose request to associate me in the case for purposes of trial was approved by Nautilus Insurance Company on October 24, 2024. Since October 24, 2024, I concentrated considerable time becoming familiar with the claims, defenses, and issues as to both defendants Fleming and Moss & Kuhn, P.A., time limitations imposed by the circumstances, *Kimbrell* factor 7.

17. None of my time was spent on unsuccessful claims, as by the time I entered the representation the case had been narrowed to claims as to Mr. Fleming and Moss & Kuhn, P.A.. All time related to Moss & Kuhn, P.A. was also pertinent to claims as to Mr. Fleming.

4

18. The time and labor expended, *Kimbrell* factor 1, is reflected in my attached time records, which total 163.8 hours. At my reduced hourly rate, that translates to a fee of $46,683.00. I reduced my hourly rate when I was asked to assist so as to match that which Nautilus had agreed to pay for Mr. Rannik's time. Before that voluntary reduction, I have charged since 2018 an hourly rate of $450 per hour for my work. My reduced rate in this litigation is more than reasonable for the Charleston market, given that I have over 40 years of experience, and have a considerable record of successful litigation in complex cases. Nor do I record or charge for travel time, or for routine office activities on a case such as organization, filing, etc.. I record and charge for only my actual attorney work. I submit that *Kimbrell* factor 5, the customary fee for like work, is amply satisfied in this instance.

19. The hours reported do not exceed those necessitated by the nature, extent, and difficulty for the services rendered. My time is a conservative record of the time actually expended. For example, I included no time I expended before October 24, 2024 to orient myself to the case so I could evaluate if I could accept the engagement and contribute to the trial.

20. The litigation was, in my experience, novel and difficult, particularly explaining to a jury the concepts of strict liability and bad faith, how those concepts related to liability, and presenting to the jury the claim for assessing damages.

21. I leave it to the court to evaluate *Kimbrell* factors 3, 9 and 12, which are, respectively, the skill required to properly perform the legal services rendered; the experience, reputation, and ability of counsel; and fee awards in similar cases. I am not

aware of similar cases, although in my experience the conception of the claim bore some resemblance to a civil claim under 42 U.S.C. § 1983 for a civil rights violation.

22. There was, for me, a pronounced opportunity cost in my assuming a role in the case, as starting work in late October for a complex civil case to be tried in January necessarily required deferring effort on other matters that I can now attend to with the trial concluded. *Kimbrell* factor 10, the undesirability of the case within the legal community, has a presence in this case, as judgment (to date) of limited collectability against Mr. Fleming and Mr. Murdaugh was always a considerable risk, which many clients and attorneys would not care to undertake.

23. I request that the Court's award to Nautilus Insurance Company of attorneys' fees and costs include full request of $46,683 in fees.

I SO STATE.

Gregg Meyers, SC Bar No. 9908
114 4th Ave NW
Byron, MN 55920
attygm@gmail.com
(843) 324-1589

Attorney for Nautilus Insurance Company

Sworn to before me this
14th day of January, 2025

Notary Public for Minnesota
My Commission Expires 12/31/2025

Camille C. Reber
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan 31, 2025

6

Nautilus Ins. Co. v. Murdaugh, et al
22-cv-1307-RMG, D.S.C.
Time record of Gregg Meyers at reduced hourly rate of $285/hour

Period covered: 10/24/24 to 11/30/24

| Date | Time | Activity |
|---|---|---|
| 10/24/24 | 0.6 | Phone call with Jaan Rannik about the case, conflicts, trial issues and potential roles |
| 10/30/24 | 3.1 | Review amended complaint and answers |
| 10/30/24 | 0.4 | Collect initial documents from Epting & Rannik |
| Total | 4.1 | No charge for this time |
| 10/31/24 | 1.7 | Review 30-b-6 deposition of Fred Kuhn. |
| 10/31/24 | 2.2 | Review Cory Fleming dep 1 |
| 11/1/24 | 1.7 | Review Cory Fleming dep 2 |
| 11/5/24 | 0.8 | Research 4th circuit law on fraud on the court and plot ideas for Fleming cross |
| 11/11/24 | 2.0 | Email from Melanie Hall transmitting documents from Hood firm, and review documents transmitted, Moss & Kuhn 356 to 507 |
| 11/12/24 | 0.9 | Call with Jaan Rannik about plan for rial prep |
| 11/12/24 | 0.9 | Review Moss and Kuhn pages 002 to 27. |
| 11/13/24 | 1.7 | Review Moss and Kuhn pages 028 to 105. |
| 11/13/24 | 2.7 | Review Westendorf 2022 deposition |
| 11/14/24 | 2.4 | Review proposed motion for summary judgment |
| 11/14/24 | 2.7 | Review claims file summary for Fleming's input |
| 11/14/24 | 0.4 | Review Fourth Circuit decision reversing Russell Lafitte's conviction. |
| 11/14/24 | 0.4 | Review Westendorf 2023 deposition |
| 11/15/24 | 0.4 | Phone conference with Jaan Rannik re summary judgment motion |
| 11/15/24 | 0.9 | Review Gergel order on summary judgment. |
| 11/15/24 | 1.1 | Review Moss & Kuhn documents to page 105 |
| 11/15/24 | 0.4 | Begin assembling notes on substance and sequence of direct examination of Cory Fleming |
| 11/15/24 | 0.4 | Review Moss and Kuhn documents pages 106 to 118. |
| 11/18/24 | 0.1 | Call to courtroom deputy to ask about Judge Gergel's preferences as to digital or paper exhibits. |
| 11/18/24 | 0.5 | Download and review the various orders applicable to Judge Gergel's trial and jury selection |
| 11/18/24 | 1.3 | Review exhibits to Westendorf deposition, pages 1 to 48, noting items of significance in chronology |
| 11/18/24 | 0.1 | Call from courtroom deputy re Judge Gergel preferences and available courtroom technology |
| 11/19/24 | 1.4 | Review exhibits to Westendorf deposition, pages 49 to 249, noting items of significance for trial |
| 11/21/24 | 1.5 | Review exhibits to Westendorf deposition, pages 248 to 331, noting items of significance for trial |
| 11/22/24 | 0.7 | Call with Jaan Rannik to discuss pre trial disclosures and trial presentation |

| Date | Hours | Description |
|---|---|---|
| 11/22/24 | 0.6 | Call to insurance source about structured settlement question |
| 11/22/24 | 0.8 | Review deposition of John Grantland to page 32 |
| 11/22/24 | 1.8 | Research implications of Murdaugh's default |
| 11/22/24 | 0.6 | Call with Jaan Rannik to discuss Murdaugh's default and Fleming's pleadings. |
| 11/22/24 | 1.1 | Research Standards for "well pleaded" facts as to entry of default |
| 11/25/24 | 3.0 | Review deposition of John Grantland starting at page 32 to 118, noting trial exhibits and areas for questioning Fleming. |
| 11/26/24 | 0.6 | Research adverse inference parameters for Fleming pleading the Fifth but giving a deposition |
| 11/26/24 | 2.8 | Review deposition of John Grantland starting at page 118 to end, noting trial exhibits and areas for questioning Fleming. |
| 11/26/24 | 0.4 | Review email from Jaan Rannik about summary judgment motion |
| 11/29/24 | 3.1 | Begin review to verify documents already listed as exhibits for trial and adding exhibits |

Hours     44.1

Total          $ 12,568.50

Nautilus v. Murdaugh, et al.
22-cv-1307-RMG, D.S.C.
Time record for Gregg Meyers at reduced hourly rate of $285/hour

| Date | Time | Activity |
|---|---|---|
| 2024 | | |
| 12/1/24 | 1.7 | Compile exhibits for trial |
| 12/2/24 | 0.1 | Call to Bland and Richter to get mobile number for attorney Eric Bland. Text Bland to invite a call about Fleming as witness. Review Bland's response agreeing to a call. |
| 12/2/24 | 0.4 | Review Palmetto Bank's motion to anticipate defense arguments. |
| 12/2/24 | 0.5 | Review Nautilus pre trial filings for filing today |
| 12/2/24 | 2.5 | Review defendant filings for expected factual defenses |
| 12/2/24 | 1.9 | Review today's filings from each of Moss & Kuhn and Fleming |
| 12/3/24 | 0.9 | Begin planning Mr Grantland's direct |
| 12/3/24 | 0.3 | Call to Eric Bland re Fleming as witness |
| 12/3/24 | 2.7 | Review Cory Fleming's arguments and plan topics for cross examination or adverse direct examination |
| 12/4/24 | 5.7 | Research evidentiary issues as to Murdaugh's entry of default, its admissions and effect on other defendants, and questions for Fleming and Grantland. |
| 12/4/24 | 0.1 | Email to John Grantland |
| 12/5/24 | 0.5 | Phone call with John Grantland |
| 12/5/24 | 0.5 | Planning call with Jaan Rannik re Murdaugh default posture and discuss scope of Grantland testimony and offsetting expected defense approach |
| 12/6/24 | 0.6 | Review ECF filing 244 from Moss & Kuhn and email Jaan Rannik my thoughts. |
| 12/6/24 | 2.1 | Research law on scope of work for Fleming exam |
| 12/9/24 | 0.1 | Conference call with Judge Gergel and counsel |
| 12/9/24 | 0.6 | Review today's orders and adjust to new deadlines from Judge Gergel |
| 12/9/24 | 0.7 | Research party status and admissions status after entry of default vs after default judgment |
| 12/9/24 | 0.2 | Download and review ECF 253, Moss & Kuhn supplemental pretrial disclosures |
| 12/10/24 | 1.9 | Review Judge Gergel's order requiring responses on successor liability. Research the issue in SC and 4th circuit and email results to JGR. |
| 12/10/24 | 0.4 | Review email from JGR about response to Fleming motion to amend Answer and propose an alternative response. |
| 12/10/24 | 0.5 | Review proposed amended Answer by Fleming |
| 12/10/24 | 2.6 | Review ECF filings 261 to 269, all filed Dec 10 |
| 12/11/24 | 2.9 | Compare Fleming amended answer with responses of other defendants and note points for cross or adverse direct of Fleming. |
| 12/11/24 | 1.6 | Review Dec 11 order from Judge Gergel and analyze Fleming's amended answer. |
| 12/11/24 | 1.6 | Research evidentiary predicate for using pleadings as evidentiary admissions and judicial admissions in trial and in closing. |
| 12/12/24 | 3.3 | Review today's federal court filings. Revise proposed draft for a Nautilus filing due Dec 13. Plan for using Grantland direct to impeach Fleming. |
| 12/13/24 | 0.9 | Review and propose revisions to today's filings |
| 12/13/24 | 0.8 | Review draft pretrial report and propose revisions |
| 12/13/24 | 1.8 | Analyze scope of testimony and recommend best sequence for Grantland and Fleming as witnesses. Resume trial prep to examine each of them. |
| 12/15/24 | 1.3 | Begin to build details for Grantland direct |
| 12/16/24 | 3.1 | Appear at video depositions of Amy Miller and John Briggs as 30-b-6 witnesses for Nautilus. |
| 12/16/24 | 0.1 | Call from Jaan Rannik about depositions and tomorrow's meeting with counsel about exhibits |
| 12/16/24 | 2.8 | Review documents for use in Grantland direct and begin process of building Grantland's direct |
| 12/16/24 | 0.4 | Review and evaluate documents identified late as exhibits by defendants and propose a position on the documents. |
| 12/17/24 | 0.8 | Meet and confer by phone with opposing counsel about exhibits. Meet by phone with Mr Rannik afterwards to discuss trial issues. |
| 12/17/24 | 0.2 | Phone call to John Geantland |
| 12/17/24 | 4.1 | Prepare for trial as to John Grantland direct, Fleming adverse exam. |
| 12/17/24 | 0.1 | Discuss opening and pretrial brief with Jaan Rannik |
| 12/19/24 | 0.2 | Review Judge Gergel's order denying summary judgment. |
| 12/19/24 | 2.9 | Review escrow cases and Judge Gergel's rulings on the escrow issues for purposes of examinations of Grantland and Fleming |
| 12/20/24 | 3.3 | Review proposed motion in limine. Research various applicable pertinent points of law and revise. |
| 12/20/24 | 3.2 | Prepare for trial: Grantland direct and exhibits to use in his examination |
| 12/21/24 | 5.2 | Work on Grantland direct, exhibits to use, and make notes for his cross. |

| | | |
|---|---|---|
| 12/23/24 | 0.7 | Review motion in limine draft and propose revisions |
| 12/23/24 | 0.1 | Communicate with John Grantland about his holiday availability |
| 12/23/24 | 0.5 | Review pre-trial brief draft and propose revisions |
| 12/23/24 | 0.7 | Propose designations from Fleming deposition |
| 12/23/24 | 0.6 | Review court filings made today, ECF numbers 274 to 280 |
| 12/23/24 | 0.7 | Review Malinowski deposition after the defense designated him as a trial witness |
| 12/23/24 | 0.6 | Check Fleming depo excerpts against time it would take to read the designations at trial |
| 12/23/24 | 0.1 | Review defendant Moss & Kuhn proposed jury verdict form |
| 12/23/24 | 0.6 | Review defendant Moss & Kuhn proposed witness list |
| 12/23/24 | 1.8 | Draft opposition to ECF 280, a defense motion in limine. |
| 12/23/24 | 0.4 | Review ECF 282, Moss & Kuhn objections to Nautilus exhibits. |
| 12/23/24 | 0.4 | Review ECF 283, Fleming objections and ECF 275, Fleming motion in limine |
| 12/24/24 | 0.9 | Review proposed jury charges. Research and propose revisions |
| 12/24/24 | 0.9 | Review new pre-trial brief draft. Research and propose revisions |
| 12/25/24 | 0.7 | Begin review of Grantland deposition designations for purposes of objection and counter designation |
| 12/26/24 | 0.8 | Review and respond to proposed voir dire and verdict form. |
| 12/26/24 | 3.4 | Continue review of Grantland deposition designations for purposes of objection and counter-designations |
| 12/27/24 | 0.2 | Review, research, and propose revisions to the memorandum in opposition to Fleming's motion in limine |
| 12/27/24 | 0.6 | Review, research, and propose modifications to the opposition to Moss & Kuhn motion in limine. |
| 12/27/24 | 0.7 | Review ECF 292 - Moss & Kuhn opposition to Nautilus motion in limine, and discuss with Mr Rannik |
| 12/27/24 | 2.7 | Continue working on Grantland direct examination |
| 12/28/24 | 0.1 | Communicate with John Grantland about a time to talk on 12/30 about his direct examination |
| 12/28/24 | 3.4 | Prepare for trial. Re-read Grantland and Fleming and Westendorf depositions. |
| 12/28/24 | 0.4 | Review JGR proposed opening and provide comments. |
| 12/28/24 | 4.5 | Plan out more of the direct examinations of Grantland and Fleming. |
| 12/28/24 | 0.9 | Various emails to JGR re trial issues and the wrongful death statute. |
| 12/29/24 | 1.6 | Review Moss and Kuhn document production for Grantland and Fleming trial examinations. |
| 12/29/24 | 3.1 | Plan out more of the direct examinations of Grantland and Fleming. |
| 12/30/24 | | Travel to Charleston. No charge |
| 12/31/24 | 0.1 | Text from John Grantland about his family energency |
| 12/31/24 | 0.4 | Phone call with Jimmy Long about John Grantland's family emergency |
| 2025 | | |
| 1/1/25 | 1.6 | Review Miller deposition to see if Grantland substance can come in through her examination. Call from counsel for John Grantland, Jimmy Long |
| 1/1/25 | 0.3 | Review additional deposition designations for Fleming made by the defense |
| 1/1/25 | 6.4 | Review Grantland deposition and exhibits for use with witness Miller |
| 1/2/25 | 0.3 | Review and revise proposed opening |
| 1/2/25 | 6.2 | Review and revise Miller direct examination to include what would otherwise have been in John Grantland's testimony |
| 1/2/25 | 1.3 | Research evidentiary issues as to status of Murdaugh admissions in light of default judgment. Revise Fleming deposition designations. |
| 1/2/25 | 2.9 | Review plaintiff's exhibits for use at trial. Call with Mr Rannik about witnesses and sequence |
| 1/2/25 | 1.2 | Review Amy Miller deposition to adjust her direct testimony in light of Grantland's unavailability |
| 1/3/25 | 0.2 | Conference call with Jaan Rannik and update for John Briggs |
| 1/3/25 | 4.2 | Pretrial conference with Judge Gergel and the parties. Conference afterwards with Mr Rannik |
| 1/3/25 | 6.3 | Resume review of Amy Miller deposition and expand her direct testimony in light of Grantland's unavailability |
| 1/3/25 | 0.9 | Research FRE 1007 for possible use for Murdaugh admissions |
| 1/4/25 | 3.1 | Review defense exhibits and prepare notes for their use at trial |
| 1/4/25 | 1.2 | Review Westendorf proposed direct examination and propose revisions. |
| 1/4/25 | 3.5 | Review additional Fleming deposition designations from Moss & Kuhn. Double check all designations |
| 1/4/25 | 0.8 | Time all designated testimony for length of trial time to evaluate whether to call Fleming or use his deposition. |
| 1/4/25 | 5.7 | Begin laying out the adverse direct (or cross) testimony of defendant Fleming |
| 1/5/25 | 1.9 | Meet with Mr. Rannik, Ms. Miller, Mr. Briggs |

| Date | Hours | Description |
|---|---|---|
| 1/5/25 | 11.3 | Prepare for trial day 1 |
| 1/6/25 | 11.8 | Prepare for trial day 1, attend trial day 1 |
| 1/6/25 | 5.8 | Prepare for trial day 2 |
| 1/7/25 | 10.1 | Prepare for trial day 2, attend trial day 2 |
| 1/7/25 | 3.1 | Prepare for trial day 3 |
| 1/8/25 | 12.1 | Prepare for trial day 3, attend trial day 3 |
| 1/8/25 | 0.6 | Conference post-trial at Epting & Rannik |
| 1/9/25 |  | Return travel - no charge |

Hours     119.7

Total     $34,114.50