**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Nautilus Insurance Company, | Case No. 2:22-1307-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Cory Fleming, | |
| Defendant. | |

Before the Court is Plaintiff's motion for attorneys' fees and costs. (Dkt. No. 329). Defendant Fleming does not oppose Plaintiff's motion. For the reasons set forth below, Plaintiff's motion is granted.

**I.   Background**

On January 8, 2025, a jury found in favor of Plaintiff Nautilus Insurance Company on its claims of civil conspiracy and violation of the South Carolina Unfair Trade Practices Act (SCUTPA) against Defendant Cory Fleming. (Dkt. No. 322). SCUTPA provides that "the court shall award . . . reasonable attorney's fees and costs" to "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by [the Act]." S.C. Code Ann. § 39-5-140(a). The Court directed Plaintiff to "provide the Court with itemized information regarding attorney fees and courts which it seeks to be awarded" on January 9, 2025. (Dkt. No. 325). Plaintiff's counsel filed affidavits and itemized cost and fee information on January 21, 2025. (Dkt. Nos. 329, 329-1 (Affidavit and records of Jaan G. Rannik and associates); Dkt. No. 329-2 (Affidavit and records of Gregg Myers)). Defendant Fleming did not file any opposition to

Plaintiff's proposed costs and fees within the seven-day window provided by the Court. (Dkt. No. 325).

II.     **Legal Standard**

Under Local Civil Rule 54.02(A) D.S.C., "[a]ny petition for attorney's fees shall comply with the requirements set out in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978)," which specifies the following factors for analysis:

(1) The time and labor expended;

(2) The novelty and difficulty of the questions raised;

(3) The skill required to properly perform the legal services rendered;

(4) The attorney's opportunity costs in pressing the instant litigation;

(5) The customary fee for like work;

(6) The attorney's expectations at the outset of the litigation;

(7) The time limitations imposed by the client or circumstances;

(8) The amount in controversy and the results obtained;

(9) The experience, reputation and ability of the attorney;

(10) The undesirability of the case within the legal community in which the suit arose;

(11) The nature and length of the professional relationship between attorney and client; and

(12) Attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226, n.28. Local Civil Rule 54.03 D.S.C. further provides that a bill of costs is subject to final approval by the court.

### III. Discussion

#### A. Jaan G. Rannik

Mr. Rannik seeks recovery of $242,933.63 in fees and $7,625.72 in costs, which he explains have been filtered to reflect only those fees and costs incurred in pursuit of his claims against Defendant Fleming. (Dkt. No. 329, ¶ 15(b), (c)(v)). Specifically, Mr. Rannik incurred $128,172.50 in fees $4,143.90 in costs "that relate directly to developing, discovering, and proving the factual basis of Nautilus' claims against Mr. Fleming," but seeks only 90% of these fees and costs (or $115,355.25 in fees and $3,729.51 in costs) to exclude work undertaken in developing Plaintiff's unsuccessful negligence claim against Moss & Kuhn. (*Id.*, ¶ 15(b)(ii)). Mr. Rannik also identifies a category of costs and fees which reflect efforts "applicable to all Defendants," but admits "[t]he majority of Nautilus' efforts in this matter related to its claims against Palmetto State Bank." (*Id.*, ¶ 15(c)). Mr. Rannik seeks to recover only 25% of the fees and costs in this category, or $127,578.38 in fees and $3,896.21 in costs. (*Id.*).

#### B. Gregg Myers

Mr. Myers seeks recovery of $46,683 in fees reflecting work conducted in pursuit of Nautilus' claims against Defendants Fleming and Moss & Kuhn, P.A. (Dkt. No. 329-2, ¶ 17). Mr. Myers explains that "[a]ll time related to Moss & Kuhn, P.A. was also pertinent to claims as to Mr. Fleming." (*Id.*).

#### C. Analysis

The Court finds that Plaintiff's proposed recovery of $289,616.63 in attorney's fees and $7,625.72 in costs from Defendant Fleming is fair and reasonable in light of the *Barber* factors. The Court considers that substantial time and labor was expended by Plaintiff in bringing its claims against Defendant Fleming over a nearly three-year period, culminating in a three-day jury trial.

The case involved complex legal questions and facts which demanded a significant level of skill and attention by the attorneys involved. Mr. Myers represents that his involvement in this case required his deferral of effort on other matters. (Dkt. No. 329-2, ¶ 22). He also agreed to match the fee agreement entered into by Mr. Rannik with Nautilus at the outset of the case despite it representing a reduction of his customary hourly rate. (Dkt. No. 329-2, ¶ 11). Plaintiff's counsel explains that the case was undesirable within the legal community because obtaining a judgment of limited collectability against Defendant Fleming and Alexander Murdaugh was a considerable risk from the outset. (*Id.*). Plaintiff ultimately obtained a favorable result following a jury trial on two of its claims, and does not seek recovery on its unsuccessful claims. The relevant factors thus weigh in favor of granting Plaintiff's request for reasonable attorney's fees and costs.

## IV.     Conclusion

In light of the foregoing, Plaintiff's request for attorney's fees and costs is **GRANTED**.

**AND IT IS SO ORDERED.**

                                                     s/ Richard M. Gergel
                                                    Richard Mark Gergel
                                                    United States District Judge

January 29, 2025
Charleston, South Carolina