UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, | C/A No. 2:22-cv-1307-RMG |
| Plaintiff, | |
| Versus | **DEFENDANT MOSS & KUHN, P.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| Richard Alexander Murdaugh, Sr., Cory Fleming, Moss & Kuhn, P.A., Chad Westendorf, and Palmetto State Bank, | |
| Defendants. | |

The Defendant Moss & Kuhn, P.A. (hereinafter, "M&K"), by its undersigned attorneys, moves the Court to deny Plaintiff's Renewed Motion for Judgment as a Matter of Law (ECF No. 337).

## LAW AND ANALYSIS

First, it was for the jury to determine whether Cory Fleming acted within the scope of his employment such that M&K is liable for his acts. *See Murphy v. Jefferson Pilot Communs. Co.*, 364 S.C. 453, 463, 613 S.E.2d 808, 813 (Ct. App. 2005) (stating the issues of agency relationship and scope of employment are generally for the jury). "If there is doubt as to whether the servant was acting within the scope of his employment, the doubt will be resolved against the master at least to the extent of requiring the question to go to the jury." *Id*. at 462, 613 S.E.2d at 812. Therefore, vicarious liability is a jury issue, and the jury correctly determined that M&K was not vicariously liable for the acts of Cory Fleming in this case.

Second, even though the jury found Cory Fleming liable for conspiracy and violation of the South Carolina Unfair Trade Practices Act (SCUTPA), vicarious liability does not extend to M&K. A corporation may be held vicariously liable for its officer's intentional tort if the officer acted within the scope of his employment. *Young v. FDIC*, 103 F.3d 1180, 1190 (4th Cir. 1997).

"A servant acts within the scope of employment if the action is reasonably necessary to accomplish the purpose of his employment and the action furthers the master's business." *Tedder v. Dixie Lawn Serv.*, 2007 S.C. App. Unpub. LEXIS 211, *3-4.

Importantly, "an act falls within the scope of employment only if the employee acted with the ***purpose*** of benefiting the employer." *Young*, 103 F.3d at 1190 (emphasis added). "If the employee acted for some independent purpose of his own, the conduct falls outside the scope of his employment." *Id.* In *Young*, a bank employee was sued for civil conspiracy and fraudulent misrepresentation, alleging that he conspired with co-defendants to steal money from one of the bank's customers. *Id.* at 1184. The Fourth Circuit affirmed the District Court of South Carolina's grant of summary judgment to the bank on the theory of vicarious liability. *Id.* at 1190. Although the bank employee could only have entered into the conspiracy due to the fact he was a bank employee, the Court concluded that even "if we accept [the customer]'s allegations as true, the evidence suggests instead that [the banker] acted to further his conspiracy with [his co-defendants] and to benefit his own independent purpose of defrauding [the customer]." *Id.* In other words, although the banker used his position as a banker to accomplish the wrongful conduct, there was no vicarious liability because his purpose was to benefit himself.

The fact pattern in *Young* is analogous to our case. Cory Fleming testified at trial that the business of M&K was to provide legal services for a fee and to provide ethical representation. He stated that illegal conduct would not accomplish the purpose of M&K nor would it be in furtherance of M&K's business. He stated his conduct was for his own independent benefit even if there was a fee associated with this conduct. Mr. Fleming's motivation, or more accurately, his "purpose" underlying everything he did was to obtain money from Nautilus for himself and Alex Murdaugh. Stated differently, he was acting for an "independent purpose of his own," i.e.,

2

financial gain for himself.  Therefore, although Cory Fleming used his position as an attorney to accomplish the theft, there is no vicarious liability because his purpose was to benefit himself, not M&K.

Further, simply because Mr. Fleming was an attorney, and could not have committed the theft but for his status as an attorney with M&K, does not trigger vicarious liability.  Multiple South Carolina cases have concluded that an employer is not liable for an intentional tort committed by an employee, even though the employee was on duty at the time of the tortious conduct and the conduct arose out of the employee's employment, if the employee's "purpose" behind the tort did not further the employer's business.  *See Kase v. Ebert*, 392 S.C. 57, 707 S.E.2d 456 (S.C. Ct. App. 2011) (finding employer of truck driver was not vicariously liable for assault on motorist following a collision); *Armstrong v. Food Lion*, 371 S.C. 271, 639 S.E.2d 50 (S.C. 2006) (holding grocery store was not vicariously liable for assault by employee on customer inside store).

Likewise, M&K is not vicariously liable for the acts of Cory Fleming under a theory of actual or apparent authority.  "To create apparent authority, the principal must speak, write, or otherwise act toward a third party."  *Gallipeau v. Renewal by Andersen LLC*, 2024 U.S. Dist. LEXIS 134910, *14; *see also* Restatement (Third) Of Agency § 3.03 cmt. b (2006) ("[A]n agent's apparent authority originates with expressive conduct by the principal toward a third party through which the principal manifests assent to action by the agent with legal consequences for the principal."); *Moore v. N. Am. Van Lines*, 310 S.C. 236, 239, 423 S.E.2d 116, 118 (S.C. 1992) ("The basis of apparent authority is representations made by the principal to the third party and reliance by the third party on those representations.").  In this case, neither actual nor apparent authority is applicable because Nautilus's belief that Cory Fleming had authority to act for M&K is not

3

traceable to any specific manifestations of M&K. The fact that Mr. Fleming was an attorney at the law firm of M&K did not create such a manifestation. *See* Restatement (Third) Of Agency § 3.03 cmt. b (2006) (stating the fact that one party performs a service that facilitates the other's business does not constitute a manifestation of the principal for apparent authority).

Accordingly, Cory Fleming's conduct was an intervening criminal act and the purpose was to benefit himself, not M&K, so he was outside the scope of his employment in regard to the conspiracy and SCUTPA claims. Further, M&K made no expressive conduct toward Nautilus through which it manifested assent to any illegal or unethical actions by Mr. Fleming. Regardless, the issue of vicarious liability was correctly submitted to the jury, which found that M&K was not liable for the acts of Mr. Fleming. *See Murphy*, 364 S.C. at 463, 613 S.E.2d at 813 (stating the issues of agency relationship and scope of employment are generally for the jury).

## **CONCLUSION**

The Defendant Moss & Kuhn, P.A. respectfully requests that the Court deny Plaintiff's Renewed Motion for Judgment as a Matter of Law.

                        HOOD LAW FIRM, LLC
                        172 Meeting Street
                        Post Office Box 1508
                        Charleston, SC  29402
                        Ph: (843) 577-4435 / Fax: (843) 722-1630
                        Email: Info@hoodlaw.com

**February 10, 2025**            *s/ Maryrose P. Williamson*
Charleston, South Carolina      Robert H. Hood, Jr. (FED #6998)
                                      bobbyjr.hood@hoodlaw.com
                                      Maryrose P. Williamson (FED #12802)
                                      Maryrose.williamson@hoodlaw.com

                                      ***Attorneys for the Defendant Moss & Kuhn, P.A.***