IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nautilus Insurance Company, | Case No. 2:22-1307-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Cory Fleming, | |
| Defendant. | |

Before the Court is Nautilus' renewed motion for judgment as a matter of law. (Dkt. No. 337). Moss & Kuhn, P.A., who was dismissed as a Defendant at the conclusion of the jury trial, opposes Plaintiff's motion. (Dkt. No. 338). Nautilus replied. (Dkt. No. 339). For the reasons set forth below, the Court denies Nautilus' motion.

### I. Background

On January 8, 2025, a ten-person jury returned a unanimous verdict finding Defendant Cory Fleming liable to Nautilus for civil conspiracy and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). (Dkt. No. 321). The jury did not find Defendant Moss & Kuhn, P.A. vicariously liable under either count. Nautilus moves this Court for judgment notwithstanding the verdict on the grounds that Moss & Kuhn, P.A. is vicariously liable for Fleming's misconduct as a matter of law. (Dkt. No. 337).

### II. Legal Standard

A movant is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) "if a reasonable jury could only reach one conclusion based on the evidence or if the verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture." *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005); *see also*

*Persinger v. Norfolk & W. Ry. Co.*, 920 F.2d 1185, 1189 (4th Cir. 1990) ("[Judgment notwithstanding the verdict] should not be granted unless the evidence is so clear that reasonable men could reach no other conclusion than the one suggested by the moving party."). This standard is satisfied "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." *Wheatley v. Wicomico Cnty., Md.*, 390 F.3d 328, 332 (4th Cir. 2004) (quoting *Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir. 1995)).

In evaluating a motion for judgment as a matter of law, "[t]he evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the non-moving party is assumed." *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 160 (4th Cir. 1988); *see also Konkel v. Bob Evans Farms, Inc.*, 165 F.3d 275, 279 (4th Cir. 1999) (stating that a Rule 50 motion should be granted "if a district court determines, without weighing the evidence or considering the credibility of the witnesses, that substantial evidence does not support the jury's findings."). If there is any evidence on which a reasonable jury could return a verdict in favor of the nonmoving party, judgment as a matter of law should not be granted. *Price*, 93 F.3d at 1249. "If reasonable minds could differ, [the court] must affirm the jury's verdict." *Pitrolo v. Cnty. of Buncombe*, 407 Fed.Appx. 657, 659 (4th Cir. 2011) (citing *Dennis v. Columbia Colleton Med. Ctr.*, 290 F.3d 639, 645 (4th Cir. 2002)).

### III.   Discussion

Plaintiff argues that "[i]n finding Mr. Fleming liable to Nautilus for violations of SCUTPA, the jury necessarily found that his misconduct occurred within the scope of his professional activities as an attorney." (Dkt. No. 337 at 3). This is not so. That Fleming's unfair or deceptive act occurred "in the conduct of trade or commerce" under SCUTPA does not inexorably lead to the conclusion that Moss & Kuhn is vicariously liable for his acts. Rather, Nautilus had the burden

at trial of proving that Fleming acted within the scope of his employment as a partner at Moss & Kuhn in participating in the scheme—a factual question reserved for the jury—in order to establish Moss & Kuhn's vicarious liability. *Murphy v. Jefferson Pilot Communs. Co.*, 613 S.E.2d 808, 813 (S.C. Ct. App. 2005) (explaining that whether an individual acts within the scope of his employment or as the agent of a principle are questions of fact for the jury). The Court instructed the jury on the applicable law in its closing jury charge prior to the jury's deliberations. Moss & Kuhn presented evidence at trial that Fleming acted outside of the scope of his employment by acting with the purpose of benefitting himself, rather than the Moss & Kuhn law firm, in conspiring with Murdaugh. (*See generally* Dkt. No. 338). Because there is evidence on which a reasonable jury could return a verdict in favor of Moss & Kuhn, the Court denies Nautilus' renewed motion for judgment as a matter of law.

## IV. Conclusion

In light of the foregoing, Nautilus' renewed motion for judgment as a matter of law is **DENIED**.

**AND IT IS SO ORDERED.**

                                                    s/ Richard M. Gergel
                                                    Richard Mark Gergel
                                                    United States District Judge

February 20, 2025
Charleston, South Carolina