IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

- - -

NAUTILUS INSURANCE COMPANY,    : 2:  22-cv-01307
                               :
              Plaintiff,   : December 9, 2024
     versus                    :
                               : (Pages 1 - 14)
                               :
COREY FLEMING, *et al*,        :
                               :
              Defendants.  :
                               :

- - -
TRANSCRIPT OF STATUS TELECONFERENCE
BEFORE THE HONORABLE RICHARD M. GERGEL
UNITED STATES DISTRICT COURT JUDGE
- - -

**A P P E A R A N C E S:**

For the Plaintiff:          JAAN GUNNAR RANNIK
                            CLINTON T. MAGILL
                            Epting and Rannik LLC
                            46-A State Street
                            Charleston, SC 29401

For the Defendants:         PHILLIP DONALD BARBER
                            Richard A. Harpootlian PA
                            1410 Laurel Street
                            Columbia, SC 29201

                            THOMAS A. PENDARVIS
                            Pendarvis Law Office
                            500 Carteret Street, Suite A
                            Beaufort, SC 29902

                            ROBERT H. HOOD, JR.
                            Hood Law Firm
                            PO Box 1508
                            Charleston, SC 29402

Court Reporter:                    LISA D. SMITH, RPR, CRR
                                   Official Court Reporter
                                   P.O. Box 835
                                   Charleston, SC 29401


     Proceedings recorded by mechanical stenography, transcript produced by computer.

3

*(The following teleconference proceedings commenced at 1:00 p.m.)*

THE COURT:  Good afternoon.  This is Judge Gergel.

MR. RANNIK:  Good afternoon, Judge Gergel.  You've got Jaan Rannik and Clinton Magill here, for Nautilus.

THE COURT:  Very good.  How about for Defendant Murdaugh?

MR. BARBER:  Phillip Barber, here for the Defendant Murdaugh.

THE COURT:  How about for Defendant Fleming?

MR. HOOD:  Thomas Pendarvis, for Mr. Fleming.

THE COURT:  This is a status conference in the matter of Nautilus vs. Murdaugh and others; that is 2:  22-1307.  I wanted to get us together because there were a number of issues -- time is sort of precious here, where trial is on January 6th, and there are some issues with needed to address rather promptly.

Let me turn the first question to you, Mr. Pendarvis. The plaintiff has moved for a judgment on the pleadings on the basis that after Defendant Fleming completed his criminal pleas and sentencings, he did not amend his answer.

Do you intend to file an amended answer?

MR. PENDARVIS:  We'd like -- actually, your Honor, I'm talking to the criminal defense counsel, Ms. Barbier, for Mr. Fleming, and the answer is likely yes, and I'll know later

today.

THE COURT:  Okay.  Mr. Pendarvis, it's important because, I mean, unless there's a reason you can indicate to me what seems to be the -- the criminal pleadings appear to be within the scope of the criminal convictions.  And I don't think he would then -- because of double jeopardy, would not be exposed to further prosecution for those.  So, I think it would no longer be a proper -- I think it was certainly proper initially, in pleading the Fifth, but I think there's a problem in continuing to do that.  And I think we need to have a response.

Can you let me know by the end of the day whether you intend to do that?

MR. PENDARVIS:  Will do so, your Honor; be happy to.  And what would be the best way, besides a simple e-mail?  Should I just file a motion to amend the complaint with the proposed amended -- excuse me, amended answer with a proposed amended answer?

THE COURT:  Let me see.  Is there any objection to Defendant Fleming amending his answer from any of the parties?

All right.  Nautilus, do you object?

MR. RANNIK:  Your Honor, I'd like to consult with my client before I take a firm position one way or the other.  But it is possible that we will object.  Yes, your Honor.

THE COURT:  On what basis?

5

MR. RANNIK:  Again, to be determined, but I really need to discuss with my client.

THE COURT:  Okay.  Defendant Murdaugh, would he oppose a motion to amend?

MR. BARBER:  Your Honor, Defendant Murdaugh has defaulted, and the Court entered a default.  And he is not defending and not putting forth any motions.

THE COURT:  Mr. Barber, actually at this point, there's an entry of default, but not a default judgment.  No one ever followed up with a default judgment.  So, he's actually technically still a party to the lawsuit.  So, at this point, would he object to an amendment of the answer by Defendant Fleming?

MR. BARBER:  No, your Honor.  And just -- I mean, to be clear, my understanding is that the entry of default signifies that he is not defending in this action, and whether there's a default judgment is basically in plaintiff's court.  They just need to file a motion for a default judgment.

THE COURT:  Or the Court could do it sua sponte, is another way to do that.  But right this moment, there's not --

MR. BARBER:  Yes, your Honor.

THE COURT:  -- a judgment.

How about for Defendant Moss & Kuhn?  Would there be any objection to amending the -- allowing Fleming to amend his answer to respond?

6

MR. HOOD: Bobby Hood, for Defendant Moss & Kuhn. And, no, there is no objection.

THE COURT: Okay. I'm going to take Mr. Pendarvis's statement as an oral motion to amend.

And, Nautilus, you have 24 hours to file an objection to that. And you need to set the -- if you're going to object -- and I need to rule promptly, because it affects the course of a litigation. So, I need to do that within 24 -- you need to do that within 24 hours.

Any question about that, Mr. Rannik?

MR. RANNIK: None. Thank you, your Honor.

THE COURT: Okay. And let me just say I think -- just so when you're consulting with your client, Mr. Rannik, I think you raise a legitimate point. But to object to me now amending the answer to address the problem you identify, I don't think has a lot of merit. But you go ahead and file your responses. If there's something persuasive, then I'll be glad to look at it.

I would say that, Mr. Pendarvis, if he didn't file it, I would probably strike the answer because it would no longer be a responsive -- it would -- assertion of the privilege *(phonetic)* would no longer would be proper. So, I do think you're making a right decision by seeking to amend it. And unless there's some basis asserted by Nautilus, I'm basically doing what they wanted you to do, which is to

subsequently respond.

Okay. The next question I have: Mr. Rannik, when we had our last telephone conference, you were to take discovery to determine whether there might be -- whether the defendants might be able to satisfy a verdict. I was wondering whether you had conducted such discovery.

MR. RANNIK: We have, your Honor.

THE COURT: And do you have a reason to believe that there may be assets beyond insurance?

MR. RANNIK: Within the entity that is Moss & Kuhn, we are informed that the answer is no. As to any successor entities, there is a possibility.

THE COURT: But they're not a party to the lawsuit, are they?

MR. RANNIK: No. That is correct.

THE COURT: So, how would a judgment be applicable to any other party who's not a party to the lawsuit?

MR. RANNIK: Judge, I have not gone in depth in order to discuss this today, I apologize. But we would seek to enforce any judgment against the successor entity, arguing that it is, for all intents and purposes, the same entity as Moss & Kuhn.

THE COURT: Okay. Okay. Well, that's assuming that you get a verdict, you would then attempt to execute against a third party or third parties?

MR. RANNIK: Something along those lines, yes, your Honor.

THE COURT: Okay. Then there's been discussion about transporting Fleming for the -- consulting with the marshals about transporting Fleming. Who wanted Fleming there?

Mr. Pendarvis, was it your desire to have him there, or was it the plaintiff or some other party? Do you remember?

MR. PENDARVIS: Well, yes, your Honor. Your Honor, we would prefer to have Mr. Fleming there to defend, to put him on the stand and let him explain his testimony on the event. So, we would prefer to have him available for trial.

THE COURT: And have you consulted with the marshals about transporting him?

MR. PENDARVIS: That's the -- no, not yet, your Honor. But that's the next step. And I wanted to consult with the Court on the logistics before presuming some things that might be involved in getting Mr. Fleming here.

THE COURT: Well, here's the problem with this: I entered an order giving you 60 days to do it, because it is involved. It's not a simple process. And I worry between now and January 6th, it could be arranged. I mean, that's why I entered the order in October, saying you had 60 days to work it out.

And you haven't consulted with the marshal service yet?

MR. PENDARVIS:  No, I've not, your Honor, candidly. But I will start on that.  We did have a mediation.  We were guardedly optimistic that the available insurance coverage would resolve the claim, and it didn't.  And that was a fairly recent event.  So, we're going to start over with --

THE COURT:  I don't want to fuss with you, Mr. Pendarvis, but it's just -- you know, there's a reason for this, because I've been on this drill before.  And it's not simple to arrange a Bureau of Prisons transport of a presently incarcerated person to this Court.  And it often takes a while to arrange it and then transfer them to the detention center here.  It's a process.  And, you know, you're welcome to promptly -- to promptly attempt to do it, but I want to warn you that it could get complicated.  And then I've got to decide whether you waive that right by, you know, not following the Court's order.  But we'll address that if that time comes.

Mr. Barber, you raised the issue about Murdaugh's status in the case.  You're seeking a default judgment; is that correct?

MR. BARBER:  Yes, your Honor.  He will not oppose a motion for default judgment or, you know, object if the Court enters on sua sponte.

THE COURT:  Okay.  Does any party object to the Court entering a default judgment?

First, Nautilus?

MR. RANNIK: Judge Gergel, the only reason Nautilus hasn't filed a motion to this point, Mr. Barber and I were discussing the possibility of a confession of judgment. And I think we're pretty close to deciding that we're going to go ahead with a motion for just a default -- or if the Court enters a default. But I would appreciate just one last run with Mr. Barber about whether there's anything else we could work out.

THE COURT: Mr. Barber, is there any reason why you wouldn't do a confession of judgment?

MR. BARBER: Yes, your Honor. Confession of judgment would be an affirmative admission of certain, you know, facts in the complaint. And while he does not deny that he stole the money, obviously, a lot of the complaint alleges that he conspired with various people in ways that he denies and says that it was his idea. And he would not, you know, confess to the -- some of the causes of action that are asserted.

THE COURT: Well, you know, he only has to do an entry of judgment. He'd only have to confess to one cause of action. And y'all could condition this, that he's admitting to the following paragraphs.

MR. BARBER: We certainly could try.

THE COURT: Yeah. I mean, would that be sufficient, Mr. Rannik?

MR. RANNIK:  I believe it would, your Honor, yes.

THE COURT:  Why don't y'all get on the phone and try to work this out?  This is going to end up being a fair amount of brain damage.  Otherwise, we're going to have to have a default damages hearing and all of that.  And it just seems to me the easier way to do it is to find a path where he assesses the judgment and he -- you missed a certain paragraph.

Mr. Rannik, I don't think you need an admission to every allegation, do you?

MR. RANNIK:  I don't believe we do either, your Honor.

THE COURT:  Yeah.  Okay.  Y'all kind of work it out and let me know.

MR. BARBER:  Your Honor, if I may --

THE COURT:  Normally, if you have a default entry of judgment, I normally would have a damages hearing myself.

MR. BARBER:  I understand, your Honor.  I was making the point that he would waive that.  And the judgment is obviously worthless.  He has no money.  That was taken care of in other proceedings.  So, you know, I just don't feel like whatever we do, there's no reason to sort of belabor entering a paper judgment.  He admits he stole the money, and I think everyone admits he doesn't have any assets that will ever be available to satisfy any judgment.

THE COURT:  Right.  If you will talk to Mr. Rannik

12

and see if y'all can work out some language, I don't think it takes a lot of detail to confess judgment.  And you can make it clear you're not admitting to certain paragraphs. Nonetheless, confession of judgment.

Mr. Pendarvis, Mr. Fleming's defense, could you explain to me sort of basically what the defense is?

MR. PENDARVIS:  There was no conspiracy until after the settlement proceeds check was cut and after Judge Mullin affirmed a time to order approving the settlement.  The bad acts took place after Nautilus made the decision.  And there was just no preliminary prior agreement to concoct this grand scheme that led to this settlement.  And that's the thrust of it.  And Nautilus investigated and adjusted the claim, paid the settlement and got a release, exactly what they were seeking.  And they got it, and, therefore, there is just no the causal link to actions by Mr. Fleming that caused any damage to Nautilus.

THE COURT:  Okay.  Well, that's why we have trials, right?

MR. PENDARVIS:  You're right.

THE COURT:  Okay.  I think y'all have answered my questions.  Are there any matters anyone needs to raise with me now?

First from Nautilus?

MR. BARBER:  Not at this time, your Honor.  Thank

13

you.

THE COURT:  For Defendant Murdaugh?

MR. BARBER:  Yes, your Honor.  One question.  Just to ask if any party has any intent to call Mr. Murdaugh, I obviously would just like to know.

THE COURT:  Well, does anyone wish to answer that question?  I don't think anyone identified him as a witness, but I might be wrong about that.

MR. RANNIK:  Your Honor is correct.  We have not identified Mr. Murdaugh as a witness.

THE COURT:  Okay.  That would be a whole other set of complication, getting him out of state court prison as well.

Any other questions, Mr. Barber, regarding Defendant Murdaugh?

MR. BARBER:  No, your Honor.

THE COURT:  How about Defendant Fleming, any further issues you need to raise with the Court?

MR. PENDARVIS:  None, your Honor.  When discussing transportation, we're going to work on that milestone today.

THE COURT:  Very good.  And for defendant, Moss & Kuhn, Mr. Hood?

MR. HOOD:  Nothing further, your Honor.  Thank you.

THE COURT:  Thank y'all very much.  This hearing is adjourned.

* * * * * *

14

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/Lisa D. Smith,                          4/2/2025
_____        _____
Lisa D. Smith, RPR, CRR                   Date